# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Consumer Financial Protection Bureau, | ) |
| *Plaintiff,* | ) Civil Action No. 3:CV-17-00101 |
| | ) (Hon. Robert D. Mariani) |
| v. | ) |
| | ) **ORAL ARGUMENT REQUESTED** |
| Navient Corporation, *et al.,* | ) |
| | ) Electronically Filed |
| *Defendants.* | ) |

### DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER RULE 12(b)(6) OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT UNDER RULE 12(e)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Navient Corporation, Navient Solutions, LLC, and Pioneer Credit Recovery, Inc. (collectively, "Defendants"), by and through undersigned counsel, hereby move to dismiss Plaintiff Consumer Financial Protection Bureau's ("CFPB") Complaint for failure to state a claim upon which relief can be granted.  In the alternative, Defendants move under Rule 12(e) to require a more definite statement of the claims underlying Count VI.  Pursuant to Local Rule 7.9, Defendants request oral argument.

Defendants' arguments are presented in detail in the accompanying memorandum.  In short, Defendants present three principal arguments for dismissing Plaintiff's claims:

1

*First*, the CFPB is prohibited by statute from bringing an enforcement action for unfair, deceptive, and abusive acts or practices without first promulgating regulations defining what practices are illegal.  12 U.S.C. § 5531.  Counts I–VIII should be dismissed because the CFPB is improperly seeking to declare practices illegal for the first time in a lawsuit.

*Second*, as a panel of the D.C. Circuit recently found, the CFPB's structure cannot be squared with the Constitution's vesting of executive authority in the President.  *See PHH Corp. v. CFPB*, 839 F.3d 1, 19–22 (D.C. Cir. 2016), *reh'g en banc granted* (D.C. Cir. Feb. 16, 2017).  The Complaint is invalid because the CFPB Director lacks authority to bring it.

*Third*, Counts I–IV and VII–X should also be dismissed because they fail to plead necessary elements of the claims.

Defendants also move, in the alternative, for a more definite statement of the allegations in Count VI, which is pled in such a vague manner that Defendants cannot meaningfully respond to it.

Dated: March 24, 2017                    Respectfully submitted,

/s/ Matthew T. Martens
Matthew T. Martens (DC 1019099) (*pro hac vice*)
Jonathan E. Paikin (DC 466445) (*pro hac vice*)
Daniel P. Kearney (DC 977148) (*pro hac vice*
  petition forthcoming)
Wilmer Cutler Pickering
  Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
matthew.martens@wilmerhale.com
jonathan.paikin@wilmerhale.com
daniel.kearney@wilmerhale.com
Tel: 202-663-6000
Fax: 202-663-6363

Daniel T. Brier (PA 52348)
Donna A. Walsh (PA 74833)
Myers Brier & Kelly, LLP
425 Spruce Street, Suite 200
Scranton, PA 18503
dbrier@mbklaw.com
dwalsh@mbklaw.com
Tel: 570-342-6100
Fax: 570-342-6147

*Counsel for Navient Corporation, Navient Solutions, LLC, and Pioneer Credit Recovery, Inc.*

## CERTIFICATE OF NON-CONCURRENCE

I hereby certify that I sought concurrence from Plaintiff's counsel, Nicholas K. Jabbour, in relation to this Motion. Plaintiff's counsel does not concur in this motion.

/s/ Jonathan E. Paikin
Jonathan E. Paikin (DC 466445) (*pro hac vice*)
Wilmer Cutler Pickering
 Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
jonathan.paikin@wilmerhale.com
Tel: 202-663-6000
Fax: 202-663-6363

**CERTIFICATE OF SERVICE**

I hereby certify that on March 24, 2017, I filed the foregoing document with the Clerk of Court via CM/ECF system, which will send notification of such filing to all counsel of record who are deemed to have consented to electronic service.

/s/ Matthew T. Martens
Matthew T. Martens (DC 1019099) (*pro hac vice*)
Wilmer Cutler Pickering
  Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
matthew.martens@wilmerhale.com
Tel: 202-663-6000
Fax: 202-663-6363