**THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Consumer Financial Protection Bureau, | ) | |
| | ) | |
| | ) | |
| *Plaintiff*, | ) | Civil Action No. 3:CV-17-00101 |
| | ) | (Hon. Robert D. Mariani) |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Navient Corporation, *et al.*, | ) | |
| | ) | Electronically Filed |
| *Defendants*. | ) | |

<u>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO**</u>
<u>**PLAINTIFF'S COMPLAINT FOR PERMANENT INJUNCTION AND**</u>
<u>**OTHER RELIEF**</u>

Defendants Navient Corporation, Navient Solutions, LLC ("Navient Solutions"), and Pioneer Credit Recovery, Inc. ("Pioneer") (collectively "Defendants") answer the allegations of the Complaint filed by the Consumer Financial Protection Bureau (the "CFPB" or "Plaintiff") on January 18, 2017. Except where otherwise indicated, each answer is identified by and responds to the Complaint's corresponding paragraph. Pursuant to Fed. R. Civ. P. 8(b)(3), Defendants generally deny all allegations of the Complaint except those specifically admitted. Defendants also demand a trial by jury of the claims asserted in the Complaint, *see* Fed. R. Civ. P. 38(b).

**INTRODUCTION**

1.      Defendants deny that the CFPB is authorized to commence this action under 12 U.S.C. §§ 5531, 5536(a), 5564, and 5565 because the CFPB did not first declare through rulemaking, as required by the Consumer Financial Protection Act of 2010 ("CFPA"), that any of the alleged practices were unlawful.  Defendants also deny that the CFPB's Director was authorized to commence this action pursuant to 15 U.S.C. §§ 1681 and 1692 because the CFPB's structure violates Article II of the Constitution.   Defendants otherwise deny the allegations in paragraph 1.

2.      Defendants admit that Navient Solutions, a wholly-owned subsidiary of Navient Corporation, services more than $300 billion in student loans for more than 12 million borrowers, including over 6 million customer accounts under a contract with the U.S. Department of Education.  Defendants otherwise deny the allegations in paragraph 2.

3.      Navient Solutions' responsibilities are set forth in Navient Corporation's contract with the U.S. Department of Education, and in regulations promulgated by the U.S. Department of Education.  The contract and regulations speak for themselves.  Defendants otherwise deny the allegations in paragraph 3.

4.      To the extent paragraph 4 calls for legal conclusions, no response is required.  To the extent paragraph 4 characterizes federal law with respect to the

rights of borrowers, the law speaks for itself.  Defendants otherwise deny the allegations in paragraph 4.

5.    Defendants deny the allegations in paragraph 5.

6.    Defendants deny the allegations in paragraph 6.

7.    Defendants deny the allegations in paragraph 7.

8.    Defendants lack information sufficient to form a belief about the truth of the allegations in paragraph 8 with respect to complaints filed with third parties, and therefore deny them.  Defendants deny the allegations of paragraph 8, as they relate to Defendants.

9.    Defendants admit that Pioneer is a debt collector that has collected defaulted federal student loan debt on behalf of the U.S. Department of Education and several state-based loan guaranty agencies.  Defendants otherwise deny the allegations in paragraph 9.

10.    Defendants admit that Pioneer has been retained by the U.S. Department of Education and several state-based loan guaranty agencies for debt collection on certain defaulted student loans.  Defendants otherwise deny the allegations in paragraph 10.

11.    To the extent paragraph 11 calls for a legal conclusion, no response is required.  Defendants further state that the regulations governing the federal loan rehabilitation program speak for themselves.  Defendants otherwise deny the

allegations in paragraph 11.

12.  Defendants deny the allegations in paragraph 12.

## JURISDICTION AND VENUE

13.  To the extent paragraph 13 calls for legal conclusions, no response is required.  Defendants otherwise deny the allegations in paragraph 13.

14.  Defendants do not contest that venue is proper for this action only.

## PLAINTIFF

15.  To the extent paragraph 15 calls for a legal conclusion, no response is required.  Defendants otherwise deny the allegations in paragraph 15.

## DEFENDANTS

16.  Defendants admit that Navient Solutions is a Delaware corporation that is a wholly-owned subsidiary of Navient Corporation with its principal place of business in Reston, Virginia.  Defendants admit that Navient Solutions engages in the servicing of federal and private student loans for more than 12 million borrowers.  Defendants also admit that Navient Solutions transacts business in this district.  To the extent paragraph 16 calls for a legal conclusion, no response is required.  Defendants otherwise deny the allegations in paragraph 16.

17.  Defendants admit that Pioneer is a Delaware corporation based in Arcade, New York, that is an indirect wholly-owned subsidiary of Navient Corporation.  Defendants admit that Pioneer engages in debt collection activities

related to outstanding and delinquent student loans on behalf of owners of those loans.  Defendants also admit that Pioneer transacts business in this district.  To the extent paragraph 17 calls for a legal conclusion, no response is required.  Defendants otherwise deny the allegations in paragraph 17.

18.     Defendants admit that Navient Corporation is a Delaware loan management, servicing, and asset recovery corporation.  Defendants also admit that Navient Corporation is the direct or indirect owner of all the membership interests and/or stock of Navient Solutions and Pioneer.  Defendants otherwise deny the allegations in paragraph 18.

19.     To the extent paragraph 19 calls for a legal conclusion, no response is required.  Defendants otherwise deny the allegations in paragraph 19.

20.     Defendants admit that as of 2014, the individuals listed in the third sentence of paragraph 20 served as officers or directors of both Navient Corporation and Navient Solutions.  Defendants otherwise deny the allegations in paragraph 20.

21.     To the extent paragraph 21 seeks to characterize the Separation and Distribution Agreement by and among SLM Corporation (Existing SLM), New BLC Corporation (SLM BankCo), and Navient Corporation, dated as of April 28, 2014, or its terms, the Agreement speaks for itself.  Defendants otherwise deny the allegations in paragraph 21.

22.     To the extent paragraph 22 seeks to characterize the servicing contract

by and among the U.S. Department of Education and SLM Corporation, dated as

of June 17, 2009, or its terms, the Agreement speaks for itself.  Defendants admit

that Navient Corporation is a successor-in-interest to that Agreement.  Defendants

otherwise deny the allegations in paragraph 22.

23.     To the extent paragraph 23 seeks to characterize Navient

Corporation's 10-K filings, the filings speak for themselves.  Defendants otherwise

deny the allegations in paragraph 23.

24.     Defendants deny the allegations in paragraph 24.

25.     Defendants deny the allegations in paragraph 25.

## FACTUAL ALLEGATIONS

26.     To the extent paragraph 26 seeks to characterize the rules, regulations,

and contract requirements regarding federal student loans, they speak for

themselves.  Defendants otherwise deny the allegations in paragraph 26.

27.     To the extent paragraph 27 seeks to characterize the rules, regulations,

and contract requirements regarding federal student loans, they speak for

themselves.  Defendants otherwise deny the allegations in paragraph 27.

28.     To the extent paragraph 28 seeks to characterize the rules, regulations,

and contract requirements regarding federal student loans, they speak for

themselves.  Defendants otherwise deny the allegations in paragraph 28.

29.     To the extent paragraph 29 seeks to characterize the rules, regulations, and contract requirements regarding income-driven repayment plans, they speak for themselves.  Defendants otherwise deny the allegations in paragraph 29.

30.     To the extent paragraph 30 seeks to characterize the rules, regulations, and contract requirements regarding income-driven repayment plans, they speak for themselves.  Defendants otherwise deny the allegations in paragraph 30.

31.     To the extent paragraph 31 seeks to characterize the rules, regulations, and contract requirements regarding income-driven repayment plans, they speak for themselves.  Defendants otherwise deny the allegations in paragraph 31.

32.     To the extent paragraph 32 seeks to characterize the rules, regulations, and contract requirements regarding income-driven repayment plans, they speak for themselves.  Defendants otherwise deny the allegations in paragraph 32.

33.     To the extent paragraph 33 seeks to characterize the rules, regulations, and contract requirements regarding forbearance, they speak for themselves. Defendants otherwise deny the allegations in paragraph 33.

34.     To the extent paragraph 34 seeks to characterize statements that may have appeared on Navient Solutions' website, the website speaks for itself. Defendants otherwise deny the allegations in paragraph 34.

35.     To the extent paragraph 35 seeks to characterize the rules, regulations, and contract requirements regarding forbearance, they speak for themselves.

Defendants otherwise deny the allegations in paragraph 35.

36.     To the extent paragraph 36 seeks to characterize the rules, regulations, and contract requirements regarding income-driven repayment plans or forbearance, they speak for themselves.  Defendants otherwise deny the allegations in paragraph 36.

37.     To the extent paragraph 37 seeks to characterize statements that may have been made on the U.S. Department of Education's website, the website speaks for itself.  Defendants otherwise deny the allegations in paragraph 37.

38.     To the extent paragraph 38 seeks to characterize statements that may have been made on Navient Solutions' website, the website speaks for itself. Defendants otherwise deny the allegations in paragraph 38.

39.     To the extent paragraph 39 seeks to characterize statements that may have been made on Navient Solutions' website, the website speaks for itself. Defendants otherwise deny the allegations in paragraph 39.

40.     Defendants deny the allegations in paragraph 40.

41.     Defendants deny the allegations in paragraph 41.

42.     Defendants deny the allegations in paragraph 42.

43.     Defendants lack information sufficient to form a response to the allegations in paragraph 43, which are vague, undefined and/or overly broad, and therefore deny them.

44.     To the extent paragraph 44 seeks to characterize the rules, regulations, and contract requirements regarding income-driven repayment plans, they speak for themselves.  Defendants lack information sufficient to form a response to the allegations in paragraph 44, which are vague, undefined and/or overly broad, and therefore deny them.

45.     To the extent paragraph 45 seeks to characterize the rules, regulations, and contract requirements regarding income-driven repayment plans, they speak for themselves.  Defendants lack information sufficient to form a response to the allegations in paragraph 45, which are vague, undefined and/or overly broad, and therefore deny them.

46.     Defendants lack information sufficient to form a belief about the truth of the allegations in paragraph 46, which are vague, undefined, and/or overly broad, and which also involve a hypothetical scenario, and therefore deny them.

47.     Defendants lack information sufficient to form a belief about the truth of the allegations in paragraph 47, which are vague, undefined, and/or overly broad, and therefore deny them.

48.     To the extent paragraph 48 seeks to characterize the rules, regulations, and contract requirements regarding forbearance, they speak for themselves. Defendants lack information sufficient to form a belief about the truth of the allegations in paragraph 48, which are vague, undefined, and/or overly broad, and

therefore deny them.

49.     Defendants deny the allegations in paragraph 49.

50.     Defendants admit that in December 2010 and December 2012, the number of borrowers enrolled in voluntary forbearance exceeded the number of borrowers enrolled in IBR plans.  Defendants lack information sufficient to form a belief about the truth of the remaining allegations in paragraph 50, which are vague, undefined, and/or overly broad, and therefore deny them.

51.     Defendants deny the allegations in the first two sentences of paragraph 51.  Defendants lack information sufficient to form a belief about the truth of the remaining allegations in paragraph 51, which are vague, undefined, and/or overly broad, and therefore deny them.

52.     Defendants lack information sufficient to form a belief about the truth of the allegations in paragraph 52, which are vague, undefined, and/or overly broad, and therefore deny them.

53.     Defendants deny the allegation in the first sentence of paragraph 53. Defendants lack information sufficient to form a belief about the truth of the remaining allegations in paragraph 53, which are vague, undefined, and/or overly broad, and therefore deny them.

54.     Defendants lack information sufficient to form a belief about the truth of the allegations in paragraph 54, which are vague, undefined, and/or overly

broad, and therefore deny them.

55.     To the extent paragraph 55 seeks to characterize the rules, regulations, and contract requirements regarding income-driven repayment plans, they speak for themselves.  Defendants otherwise deny the allegations in paragraph 55.

56.     To the extent paragraph 56 seeks to characterize the rules, regulations, and contract requirements regarding income-driven repayment plans, they speak for themselves.  Defendants otherwise deny the allegations in paragraph 56.

57.     To the extent paragraph 57 seeks to characterize the rules, regulations, and contract requirements regarding income-driven repayment plans, they speak for themselves.  Defendants otherwise deny the allegations in paragraph 57.

58.     To the extent paragraph 58 seeks to characterize Navient Solutions' notice, it speaks for itself.  Defendants otherwise deny the allegations in paragraph 58.

59.     To the extent paragraph 59 seeks to characterize Navient Solutions' notice, the notice speaks for itself.  Defendants otherwise deny the allegations in paragraph 59.

60.     To the extent paragraph 60 seeks to characterize the rules, regulations, and contract requirements regarding income-driven repayment plans, they speak for themselves.  Defendants otherwise deny the allegations in paragraph 60.

61.     To the extent paragraph 61 seeks to characterize Navient Solutions'

notices, they speak for themselves.  Defendants otherwise deny the allegations in paragraph 61.

62.     To the extent paragraph 62 seeks to characterize Navient Solutions' notices, they speak for themselves.  Defendants otherwise deny the allegations in paragraph 62.

63.     To the extent paragraph 63 seeks to characterize Navient Solutions' notices, they speak for themselves.  Defendants otherwise deny the allegations in paragraph 63.

64.     To the extent paragraph 64 seeks to characterize Navient Solutions' notices, they speak for themselves.  Defendants otherwise deny the allegations in paragraph 64.

65.     To the extent paragraph 65 seeks to characterize Navient Solutions' notices, they speak for themselves.  Defendants otherwise deny the allegations in paragraph 65.

66.     Defendants admit that certain borrowers affirmatively consented to receive electronic communications from Navient Solutions, and that Navient Solutions sent electronic renewal notices to these borrowers.  Defendants otherwise deny the allegations in paragraph 66.

67.     Defendants admit that borrowers logged into Navient Solutions' secure website with their user ID and password to view the electronic renewal

notice.  Defendants otherwise deny the allegations in paragraph 67.

68.    To the extent paragraph 68 seeks to characterize Navient Solutions'
email, the email speaks for itself.  Defendants otherwise deny the allegations in
paragraph 68.

69.    To the extent paragraph 69 seeks to characterize Navient Solutions'
email, the email speaks for itself.  Defendants otherwise deny the allegations in
paragraph 69.

70.    To the extent paragraph 70 seeks to characterize Navient Solutions'
email, the email speaks for itself.  Defendants otherwise deny the allegations in
paragraph 70.

71.    To the extent paragraph 71 seeks to characterize Navient Solutions'
emails, the emails speak for themselves.  Defendants otherwise deny the
allegations in paragraph 71.

72.    Defendants lack information sufficient to form a response to the
allegations in paragraph 72, which are vague, undefined and/or overly broad, and
therefore deny them.

73.    Defendants lack information sufficient to form a belief about the truth
of the allegations in paragraph 73, which are vague, undefined, and/or overly
broad, and therefore deny them.

74.    Defendants deny the allegations in paragraph 74.

75.     To the extent paragraph 75 seeks to characterize Navient Solutions'
email, the email speaks for itself.  Defendants otherwise deny the allegations in
paragraph 75.

76.     Defendants lack information sufficient to form a belief about the truth
of the allegations in paragraph 76, which are vague, undefined, and/or overly
broad, and therefore deny them.

77.     Defendants admit that Navient Solutions furnishes information about
its student loan accounts to consumer reporting agencies.  Defendants otherwise
deny the allegations in paragraph 77.

78.     To the extent paragraph 78 seeks to characterize the rules, regulations,
and contract requirements regarding discharge of federal loans, they speak for
themselves.  Defendants otherwise deny the allegations in paragraph 78.

79.     To the extent paragraph 79 seeks to characterize guidance from the
U.S. Department of Education, the guidance speaks for itself.  Defendants
otherwise deny the allegations in paragraph 79.

80.     To the extent paragraph 80 seeks to characterize instructions from the
U.S. Department of Education or a credit reporting guide issued by the Consumer
Data Industry Association, they speak for themselves.  Defendants otherwise deny
the allegations in paragraph 80.

81.     Defendants lack information sufficient to form a response to the

allegations in paragraph 81, which are vague, undefined and/or overly broad, and therefore deny them.

82.    Defendants deny the allegations in paragraph 82.

83.    To the extent paragraph 83 seeks to characterize Navient Solutions' website, the website speaks for itself.  Defendants otherwise deny the allegations in paragraph 83.

84.    Defendants lack information sufficient to form a response to the allegations in paragraph 84, which is vague, undefined and/or overly broad, and therefore deny it.

85.    Defendants lack information sufficient to form a response to the allegations in paragraph 85, which are vague, undefined and/or overly broad, and therefore deny them.

86.    Defendants lack information sufficient to form a response to the allegations in paragraph 86, which are vague, undefined and/or overly broad, and therefore deny them.

87.    Defendants admit that some borrowers sometimes make payments in excess of the amount due.  Defendants otherwise deny the allegations in paragraph 87.

88.    Defendants lack information sufficient to form a response to the allegations in paragraph 88, which are vague, undefined and/or overly broad, and

which involve a hypothetical scenario, and therefore deny them.

89.     Defendants lack information sufficient to form a response to the allegations in paragraph 89, which are vague, undefined and/or overly broad, and therefore deny them.

90.     Defendants lack information sufficient to form a response to the allegations in paragraph 90, which are vague, undefined and/or overly broad, and therefore deny them.

91.     Defendants lack information sufficient to form a response to the allegations in paragraph 91, which are vague, undefined and/or overly broad, and which involve a hypothetical scenario, and therefore deny them.

92.     Defendants deny the allegations in paragraph 92.

93.     Defendants lack information sufficient to form a response to the allegations in paragraph 93, which are vague, undefined and/or overly broad, and which involve a hypothetical scenario, and therefore deny them.

94.     Defendants deny that Navient Solutions misled borrowers. Defendants lack information sufficient to form a response to the remaining allegations in paragraph 94, which are vague, undefined and/or overly broad, and therefore deny them.

95.     Defendants deny the allegations in paragraph 95.

96.     Defendants lack information sufficient to form a response to the

allegations in paragraph 96, which are vague, undefined and/or overly broad, and which involve a hypothetical scenario, and therefore deny them.

97.    To the extent paragraph 97 seeks to characterize the contract governing Navient Solutions' responsibilities as a loan servicer, the contract speaks for itself.  Defendants otherwise deny the allegations in paragraph 97.

98.    Defendants deny the allegations in paragraph 98.

99.    Defendants admit that some borrowers and cosigners sometimes submit payments by mailing a check or through an external bill payment system. Defendants otherwise deny the allegations in paragraph 99.

100.   Defendants lack information sufficient to form a response to the allegations in paragraph 100, which are vague, undefined and/or overly broad, and therefore deny them.

101.   Defendants deny the allegations in paragraph 101.

102.   Defendants lack information sufficient to form a response to the allegations in paragraph 102, which are vague, undefined and/or overly broad, and therefore deny them.

103.   Defendants admit that for borrowers with multiple loans serviced by Navient Solutions, Navient Solutions sometimes places those loans in one or more billing groups.  Defendants deny the remaining allegations in paragraph 103.

104.   Defendants deny the allegations in paragraph 104.

105.   Defendants deny the allegations in paragraph 105.

106.   Defendants admit that a borrower or cosigner could submit written instructions with a paper check describing how a payment should be processed, and that Navient Solutions utilized mail reading equipment when receiving paper checks.  Defendants deny the remaining allegations in paragraph 106.

107.   Defendants admit that borrowers could call Navient Solutions if they had questions about the implementation of their payment processing instructions. Defendants lack information sufficient to form a response to the remaining allegations in paragraph 107, which are vague, undefined and/or overly broad, and therefore deny them.

108.   Defendants deny the allegations in paragraph 108.

109.   Defendants deny the allegations in paragraph 109.

110.   Defendants deny the allegations in paragraph 110.

111.   Defendants deny the allegations in paragraph 111.

112.   Defendants deny the allegations in paragraph 112.

113.   To the extent paragraph 113 seeks to characterize the rules, regulations, and contract requirements regarding the federal loan rehabilitation program, they speak for themselves.  Defendants otherwise deny the allegations in paragraph 113.

114.   To the extent paragraph 114 seeks to characterize the rules,

regulations, and contract requirements regarding the federal loan rehabilitation

program, they speak for themselves.  Defendants otherwise deny the allegations in

paragraph 114.

115.   To the extent paragraph 115 seeks to characterize the contract

between Pioneer and the U.S. Department of Education, the contract speaks for

itself.  Defendants otherwise deny the allegations in paragraph 115.

116.   To the extent paragraph 116 seeks to characterize the contract

between Pioneer and the U.S. Department of Education, the contract speaks for

itself.  Defendants otherwise deny the allegations in paragraph 116.

117.   To the extent paragraph 117 seeks to characterize the contract

between Pioneer and the U.S. Department of Education, the contract speaks for

itself.  Defendants otherwise deny the allegations in paragraph 117.

118.   Defendants lack information sufficient to form a belief about the truth

of the allegations in paragraph 118, which are vague, undefined, and/or overly

broad, and which involves a hypothetical scenario, and therefore deny them.

119.   Defendants lack information sufficient to form a belief about the truth

of the allegations in paragraph 119, which are vague, undefined, and/or overly

broad, and which involves a hypothetical scenario, and therefore deny them.

120.   To the extent paragraph 120 seeks to characterize the rules,

regulations, and contract requirements regarding the federal loan rehabilitation

program, they speak for themselves.  Defendants otherwise lack information sufficient to form a belief about the truth of the allegations in paragraph 120, which are vague, undefined, and/or overly broad, and which involve a hypothetical scenario, and therefore deny them.

121.   To the extent paragraph 121 seeks to characterize statements that may have been made by the U.S. Department of Education, the statements speak for themselves.  Defendants otherwise deny the allegations in paragraph 121.

122.   Defendants deny the allegations in paragraph 122.

123.   Defendants admit that in 2015, the Department of Education announced its intention to end its contract with Pioneer, along with several other private collection agencies.  Defendants lack information sufficient to form a belief about the truth of the remaining allegations in paragraph 123, which are vague, undefined, and/or overly broad, and therefore deny them.

124.   To the extent paragraph 124 seeks to characterize Pioneer training guides, the guides speak for themselves.  Defendants otherwise deny the allegations in paragraph 124.

125.   Defendants lack information sufficient to form a belief about the truth of the allegations in paragraph 125, which are vague, undefined, and/or overly broad, and which involves a hypothetical scenario, and therefore deny them.

126.   To the extent paragraph 126 seeks to characterize the contract

between Pioneer and the U.S. Department of Education, the contract speaks for itself.  Defendants otherwise deny the allegations in paragraph 126.

127.   To the extent paragraph 127 seeks to characterize the rules, regulations, and contract requirements regarding the federal loan rehabilitation program, they speak for themselves.  Defendants otherwise deny the allegations in paragraph 127.

128.   To the extent paragraph 128 seeks to characterize the rules, regulations, and contract requirements regarding the federal loan rehabilitation program, they speak for themselves.  Defendants otherwise deny the allegations in paragraph 128.

129.   Defendants deny the allegations in paragraph 129.

130.   Defendants deny the allegations in paragraph 130.

131.   To the extent paragraph 131 seeks to characterize the rules, regulations, and contract requirements regarding the federal loan rehabilitation program, they speak for themselves.  Defendants otherwise lack information sufficient to form a belief about the truth of the allegations in paragraph 131, which are vague, undefined, and/or overly broad, and which involves a hypothetical scenario, and therefore deny them.

132.   Defendants deny the allegations in paragraph 132.

133.   Defendants admit that in 2015, Pioneer's and other private collection

agencies' contracts with the U.S. Department of Education were not renewed. Defendants lack information sufficient to form a belief about the truth of the remaining allegations in paragraph 133, which are vague, undefined, and/or overly broad, and therefore deny them.

## [ALLEGED] VIOLATIONS OF THE
## CONSUMER FINANCIAL PROTECTION ACT

134.   To the extent paragraph 134 calls for a legal conclusion, no response is required.  Defendants otherwise deny the allegations in paragraph 134.

135.   To the extent paragraph 135 calls for a legal conclusion, no response is required.  Defendants otherwise deny the allegations in paragraph 135.

136.   To the extent paragraph 136 calls for a legal conclusion, no response is required.  Defendants otherwise deny the allegations in paragraph 136.

137.   To the extent paragraph 137 calls for a legal conclusion, no response is required.  Defendants otherwise deny the allegations in paragraph 137.

## Count I
## [Alleged] Abusive Acts or Practices Related to Steering
## (Against Navient and Navient Corporation)

138.   Defendants incorporate their answers to paragraphs 1 to 137 by reference.

139.   Defendants deny the allegations in paragraph 139.

140.   Defendants deny the allegations in paragraph 140.

141.   Defendants deny the allegations in paragraph 141.

142.   To the extent paragraph 142 calls for a legal conclusion, no response is required.  Defendants otherwise deny the allegations in paragraph 142.

**Count II**
**[Alleged] Unfair Acts or Practices Related to Steering**
**(Against Navient and Navient Corporation)**

143.   Defendants incorporate their answers to paragraphs 1 to 137 by reference.

144.   Defendants deny the allegations in paragraph 144.

145.   Defendants deny the allegations in paragraph 145.

146.   Defendants deny the allegations in paragraph 146.

147.   To the extent paragraph 147 calls for a legal conclusion, no response is required.  Defendants otherwise deny the allegations in paragraph 147.

**Count III**
**[Alleged] Unfair Acts or Practices Related to Recertification**
**(Against Navient and Navient Corporation)**

148.   Defendants incorporate their answers to paragraphs 1 to 137 by reference.

149.   Defendants deny the allegations in paragraph 149.

150.   Defendants deny the allegations in paragraph 150.

151.   Defendants deny the allegations in paragraph 151.

152.   Defendants deny the allegations in paragraph 152.

153.   To the extent paragraph 153 calls for a legal conclusion, no response

is required.  Defendants otherwise deny the allegations in paragraph 153.

## Count IV
### [Alleged] Deceptive Acts or Practices Related to Recertification
### (Against Navient and Navient Corporation)

154.   Defendants incorporate their answers to paragraphs 1 to 137 by

reference.

155.   Defendants deny the allegations in paragraph 155.

156.   Defendants deny the allegations in paragraph 156.

157.   Defendants deny the allegations in paragraph 157.

158.   Defendants deny the allegations in paragraph 158.

159.   To the extent paragraph 159 calls for a legal conclusion, no response

is required.  Defendants otherwise deny the allegations in paragraph 159.

## Count V
### [Alleged] Deceptive Acts or Practices Related to
### Cosigner Release Requirements
### (Against Navient and Navient Corporation)

160.   Defendants incorporate their answers to paragraphs 1 to 137 by

reference.

161.   Defendants deny the allegations in paragraph 161.

162.   Defendants deny the allegations in paragraph 162.

163.   Defendants deny the allegations in paragraph 163.

164.   Defendants deny the allegations in paragraph 164.

165.   To the extent paragraph 165 calls for a legal conclusion, no response

is required.  Defendants otherwise deny the allegations in paragraph 165.

## Count VI
### [Alleged] Unfair Acts or Practices Related to Payment Processing Errors
### (Against Navient and Navient Corporation)

166.   Defendants incorporate their answers to paragraphs 1 to 137 by

reference.

167.   Defendants deny the allegations in paragraph 167.

168.   Defendants deny the allegations in paragraph 168.

169.   Defendants deny the allegations in paragraph 169.

170.   Defendants deny the allegations in paragraph 170.

171.   To the extent paragraph 171 calls for a legal conclusion, no response

is required.  Defendants otherwise deny the allegations in paragraph 171.

## Count VII
### [Alleged] Deceptive Acts or Practices Related to
### Rehabilitation Credit Reporting
### (Against Pioneer and Navient Corporation)

172.   Defendants incorporate their answers to paragraphs 1 to 137 by

reference.

173.   Defendants deny the allegations in paragraph 173.

174.   Defendants deny the allegations in paragraph 174.

175.   Defendants deny the allegations in paragraph 175.

176.   Defendants deny the allegations in paragraph 176.

177.   To the extent paragraph 177 calls for a legal conclusion, no response

is required.  Defendants otherwise deny the allegations in paragraph 177.

### Count VIII
### [Alleged] Deceptive Acts or Practices Related to
### Rehabilitation Collection Costs
### (Against Pioneer and Navient Corporation)

178.   Defendants incorporate their answers to paragraphs 1 to 137 by reference.

179.   Defendants deny the allegations in paragraph 179.

180.   Defendants lack information sufficient to form a belief about the truth of the allegations in paragraph 180, which are vague, undefined, and/or overly broad, and therefore deny them.

181.   Defendants deny the allegations in paragraph 181.

182.   Defendants deny the allegations in paragraph 182.

183.   To the extent paragraph 183 calls for a legal conclusion, no response is required.  Defendants otherwise deny the allegations in paragraph 183.

### [ALLEGED] VIOLATIONS OF THE FAIR DEBT COLLECTION
### PRACTICES ACT

### Count IX
### [Alleged] Deceptive Acts or Practices Related to
### Rehabilitation Credit Reporting
### (Against Pioneer and Navient Corporation)

184.   Defendants incorporate their answers to paragraphs 1 to 133 and 179 to 182 by reference.

185.   To the extent paragraph 185 calls for a legal conclusion, no response

is required.  Defendants otherwise deny the allegations in paragraph 185.

186.   Defendants deny the allegations in paragraph 186.

187.   To the extent paragraph 187 calls for a legal conclusion, no response
is required.  Defendants otherwise deny the allegations in paragraph 187.

## Count X
## [Alleged] Deceptive Acts or Practices Related to
## Rehabilitation Collection Costs
## (Against Pioneer and Navient Corporation)

188.   Defendants incorporate their answers to paragraphs 1 to 133 and 179
to 182 by reference.

189.   To the extent paragraph 189 calls for a legal conclusion, no response
is required.  Defendants otherwise deny the allegations in paragraph 189.

190.   Defendants deny the allegations in paragraph 190.

191.   To the extent paragraph 191 calls for a legal conclusion, no response
is required.  Defendants otherwise deny the allegations in paragraph 191.

## [ALLEGED] VIOLATIONS OF REGULATION V

## Count XI
## [Alleged] Violations of Regulation V Related to Disabled Borrowers
## (Against Navient and Navient Corporation)

192.   Defendants incorporate their answers to paragraphs 1 to 133 by
reference.

193.   To the extent paragraph 193 calls for a legal conclusion, no response
is required.  Defendants otherwise deny the allegations in paragraph 193.

194.   To the extent paragraph 194 calls for a legal conclusion, no response is required.  Defendants otherwise deny the allegations in paragraph 194.

195.   To the extent paragraph 195 calls for a legal conclusion, no response is required.  Defendants otherwise deny the allegations in paragraph 195.

196.   Defendants deny the allegations in paragraph 196.

197.   To the extent paragraph 197 calls for a legal conclusion, no response is required.  Defendants otherwise deny the allegations in paragraph 197.

## THE COURT'S POWER TO GRANT RELIEF

198.   To the extent paragraph 198 calls for a legal conclusion, no response is required.  Defendants otherwise deny the allegations in paragraph 198.

## PRAYER FOR RELIEF

199.   Defendants deny that the CFPB has alleged facts showing that it is entitled to the legal and equitable relief sought in paragraph 199, or any relief whatsoever.

\* \* \*

## DEFENSES

Without assuming any burden of proof they would not otherwise bear, Defendants assert the following affirmative and other defenses.  Defendants have

28

not knowingly or intentionally waived any additional applicable defenses, and they reserve the right to assert additional defenses as discovery proceeds.  Defendants also reserve the right to amend this Answer and defenses, and to remove defenses that they later determine are not applicable.

## FIRST DEFENSE

The CFPB's structure violates Article II of the Constitution because it combines the following three characteristics: (1) it is headed by a single director who wields executive power; (2) that director is removable only for cause; and (3) the agency's funding is insulated from the checks created by the appropriations process.  As such, the CFPB's actions with respect to this action were unauthorized and void, and the Complaint should be dismissed.

## SECOND DEFENSE

The Complaint addresses conduct governed by federal regulations promulgated by and contracts with the U.S. Department of Education, which has "full oversight responsibility for federal student loans."[1]  There is no allegation that Defendants failed to comply with the applicable regulations or contract provisions. Defendants therefore lacked fair notice of what conduct the CFPB would later assert in this lawsuit are "unfair", "deceptive", or "abusive" acts or practices.

---

[1] Letter from Kathleen Smith and A. Wayne Johnson to Richard Cordray, providing notice of the Department of Education's intent to terminate the Memoranda of Understanding between the Department and the CFPB (August 31, 2017).

## THIRD DEFENSE

The contracts between Defendants and the U.S. Department of Education provide a mechanism to add requirements so long as compensation under the contract is properly adjusted to reflect the costs of those requirements.  The CFPB has alleged that Defendants failed to perform certain actions that the CFPB admits would have resulted in significant operating costs, including for additional staff and overtime.  If the United States Government wanted those services to be provided, it was required to follow the contract procedures to which it agreed and pay appropriate compensation to Defendants to offset the operating costs that would be incurred for provision of those services.  Thus, to the extent the United States Government succeeds in obtaining monetary relief in this lawsuit, it would be in material breach of the contracts, both for failing to follow the procedures set forth in the contracts and for failing to pay appropriate compensation for the requirements it is now seeking to retroactively impose.  Alternatively, to the extent monetary relief is awarded, the award constitutes costs to Defendants to which they are entitled to be compensated under the contracts, and the United States is therefore responsible for indemnifying and/or contributing to satisfy any monetary judgment.  Such amounts should serve as an offset to any monetary award.

## FOURTH DEFENSE

Defendants entered into its contracts with the United States on the

understanding that the pricing would reflect the contract requirements.  To the

extent that the United States intended to later attempt to impose additional costly

services through this lawsuit that it did not include in the contract requirements,

Defendants were fraudulently induced to enter the contract.  The United States is

therefore responsible for indemnifying and/or contributing to satisfy any monetary

judgment, and such amounts should serve as an offset to any monetary award.

## FIFTH DEFENSE

Pursuant to the terms of its contracts with Defendants, the United States

Department of Education closely and regularly audits Defendants' performance

under those contracts.  To the extent the United States Government believed that

certain practices should have been performed in a different manner, the United

States Government was on notice of those actions.  Its failure to raise these issues

with Defendants through the audit procedures of the contract constitutes a waiver,

or in the alternative, acts as an estoppel.

## SIXTH DEFENSE

With respect to the alleged conduct, Defendants were acting as agents of the

United States Government pursuant to the terms of a contract with the United

States.  No action is available against the United States or its agents under the

CFPA, Fair Debt Collection Practices Act, or Fair Credit Reporting Act.  To the

extent such an action is available against Defendants, the United States

31

Government is responsible, as principal, for the actions of its agents.

## SEVENTH DEFENSE

The CFPB failed to declare through rulemaking that the acts or practices identified in the Complaint were unlawful, as required by the CFPA.  The CFPB is not authorized under the CFPA to bring this enforcement action with respect to those acts and practices.

## EIGHTH DEFENSE

The CFPB's claims are barred, in whole or in part, for failure to state a claim upon which relief may be granted.

## NINTH DEFENSE

The CFPB cannot prove that any individual borrower suffered damages resulting from Defendants' alleged actions.

## TENTH DEFENSE

The CFPB cannot prove that Defendants proximately caused any foreseeable or actual damages, injuries, or losses to borrowers.

## ELEVENTH DEFENSE

Superseding or intervening acts, such as the actions taken by borrowers, caused or contributed to the cause of any losses and/or damages alleged in the Complaint.

## TWELFTH DEFENSE

The CFPB lacks standing to seek the relief requested in the Complaint to the extent its allegations improperly plead conduct outside the time frame over which the CFPB has jurisdiction.

## THIRTEENTH DEFENSE

The CFPB's claims are barred to the extent they improperly plead conduct outside of the relevant statutes of limitations.

## FOURTEENTH DEFENSE

The CFPB's claims are barred, in whole or in part, by the doctrine of laches, waiver, and/or estoppel.

## FIFTEENTH DEFENSE

Injunctive relief is inappropriate because there is no reasonable likelihood that Defendants will repeat any alleged violation in the Complaint.

## SIXTEENTH DEFENSE

Navient Corporation is not a proper party to the action.

WHEREFORE, Defendants respectfully request that the Court adjudge:

a)  that the Complaint be dismissed in whole or in part on the merits;

b)  that the CFPB be awarded no damages;

c)  that to the extent the Court enters a monetary award, that award should be

offset by the amount to which the United States is required to indemnify

and/or contribute;

d) that Defendants be awarded their costs, disbursements, and attorneys' fees

and expenses; and

e) that Defendants be awarded such other and further relief as the Court deems

proper.

Dated:  September 7, 2017          Respectfully submitted,

/s/ Matthew T. Martens
Matthew T. Martens (DC 1019099) (*pro hac vice*)
Jonathan E. Paikin (DC 466445) (*pro hac vice*)
Daniel P. Kearney (DC 977148) (*pro hac vice*)
Karin Dryhurst (DC 1034290) (*pro hac vice*)
Wilmer Cutler Pickering
  Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
matthew.martens@wilmerhale.com
jonathan.paikin@wilmerhale.com
daniel.kearney@wilmerhale.com
karin.dryhurst@wilmerhale.com
Tel: 202-663-6000
Fax: 202-663-6363

Daniel T. Brier (PA 52348)
Donna A. Walsh (PA 74833)
Myers Brier & Kelly, LLP
425 Spruce Street, Suite 200
Scranton, PA 18503
dbrier@mbklaw.com
dwalsh@mbklaw.com
Tel: 570-342-6100
Fax: 570-342-6147

*Counsel for Navient Corporation, Navient Solutions, LLC, and Pioneer Credit Recovery, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2017, I filed the foregoing document

with the Clerk of Court via CM/ECF system, which will send notification of such

filing to all counsel of record who are deemed to have consented to electronic

service:

/s/ Matthew T. Martens
Matthew T. Martens (DC 1019099) (*pro hac vice*)
Wilmer Cutler Pickering
  Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
matthew.martens@wilmerhale.com
Tel: 202-663-6000
Fax: 202-663-6363