WILMERHALE

January 5, 2018

Jonathan E. Paikin

+1 202 663 6703 (t)
+1 202 663 6363 (f)
jonathan.paikin@wilmerhale.com

**Via Electronic Filing**

The Honorable Robert D. Mariani
U.S. District Court, Middle District of Pennsylvania
William J. Nealon Federal Building & U.S. Courthouse
235 North Washington Avenue
Scranton, PA 18503

Re: *Consumer Financial Protection Bureau v. Navient Corp., et al.*,
Case No. 3:17-CV-00101-RDM (M.D. Pa.)

Dear Judge Mariani:

    Defendants Navient Corporation, Navient Solutions, LLC ("Navient Solutions"), and Pioneer Credit Recovery, Inc. ("Pioneer"), respectfully request a teleconference concerning a discovery dispute in the above-captioned matter.

    On June 5, 2017, Defendants served interrogatories and requests for production on the CFPB seeking (1) documents related to policies and guidance considered by the CFPB and the Department of Education, and (2) documents related to the policies and practices of the other servicers and collection agencies for the federal student loan program. The CFPB refuses to provide any information in response to both categories on the basis of relevance.

    Defendants believe these documents are manifestly relevant and, indeed, critical to the development of core defenses. The CFPB alleges that certain servicing and collection practices that were performed subject to comprehensive contract or regulatory requirements of the Department of Education and subject to the close supervision of that agency were abusive, unfair, or deceptive. The Department of Education and the CFPB's consideration of policies and guidance with respect to the servicing and collection practices at issue in the Complaint are highly probative of whether Defendants' policies and practices were reasonable. So, too, are the policies and practices of the handful of other servicers and collection agencies operating under Department of Education oversight.

    Especially in light of the CFPB's significant monetary demands from Defendants and the importance of these issues to the claims asserted in the lawsuit, the information sought is proportional to the needs of the case. It is also notable that, in response to Defendants' third-party subpoena, the Department of Education did not object to these categories of materials on the basis of relevance.

During extensive attempts to meet and confer with the CFPB to resolve this discovery dispute, Defendants cited various cases in which courts have recognized the practices of other industry participants and the considerations of regulators as relevant to whether a defendant acted reasonably.[1]  At the CFPB's request, Defendants also provided examples of specific industry practices and cited rules, regulations, and guidance pertinent to the specific allegations in the lawsuit.  Nevertheless, the CFPB remains steadfast in its refusal to produce any information.

Defendants are available at the Court's convenience for a teleconference to address this discovery dispute and to seek a ruling on the CFPB's relevance objection.

Sincerely,

Jonathan E. Paikin

Enclosures
cc: All Counsel of Record (via ECF)

---

[1] *See, e.g., United States v. Exxon Corp.*, 87 F.R.D. 624, 639 (D.D.C. 1980) (recognizing that regulatory interpretations by even lower-level agency employees can "bear on the reasonableness" of a defendant's conduct); *Fed. Trade Comm'n v. Amazon.com, Inc.*, No. C14-1038- JCC, 2016 WL 1221654, at *5 (W.D. Wash. Mar. 29, 2016) (rejecting the FTC's objection that "a comparison between the in-app practices of Amazon and other companies 'has no bearing' on whether Amazon is liable for [unfairness claim]").