### THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| Consumer Financial Protection Bureau, | ) ) ) | |
| *Plaintiff,* | ) ) | Civil Action No. 3:CV-17-00101 (Hon. Robert D. Mariani) |
| v. | ) ) | |
| Navient Corporation, *et al.,* | ) ) | Electronically Filed |
| *Defendants.* | ) | |

**Defendants' Statement Regarding Discovery of Documents Relating to Rules, Regulations, and Guidance and the Policies and Practices of Third-Party Loan Servicers and Collection Agencies**

On January 18, the Court held a one-hour teleconference regarding the CFPB's relevance objections to the production of certain documents. The Court stated that it understood the parties' respective positions, and instructed the parties to submit a short joint statement setting forth the identity of the specific documents at issue.[1] Pursuant to the Court's instructions, set forth below is a statement of the documents that the Defendants believe should be produced and which the CFPB believes it should not be required to produce. The identity of the documents at issue is not in dispute.

---

[1] Defendants' notes and recollections of the teleconference collectively reflect this understanding. The transcript from this teleconference is not yet available and will be provided to the Court upon receipt.

1

During meet and confer discussions to prepare a joint submission, the CFPB

insisted that, in addition to the information the parties were instructed to provide,

the parties include fourteen pages of argument by the CFPB.  Defendants explained

that they do not believe that additional briefing by either party was requested and

that submitting a discovery brief without permission is contrary to the Court's

instructions at the January 18 teleconference and the initial case management

conference.[2]

Defendants offered to jointly file the information requested by the Court,

and to also join the CFPB in a request for both parties to be allowed to submit

separate briefs of no more than five pages, in the event the Court believed further

briefing was needed.  The CFPB refused this proposed compromise.

Accordingly, Defendants have filed the list of documents at issue, as the

Court instructed be done by today's date.  To the extent the CFPB files its brief

without permission, Defendants ask that the Court strike it.  In the alternative, to

the extent the Court considers any brief filed by CFPB, Defendants respectfully

---

[2] At the initial case management conference, the Court told the parties that with
respect to discovery disputes "only if the issue is sufficiently complex that I think
it warrants the filing of a formal motion and a brief in support and thereafter brief
in opposition, will I ask you to do so.  So I would ask you to follow that procedure,
I've found that it works pretty well."  Doc. 53, May 12, 2017 Transcript, at 24:12-
19.  On January 5, 2018, Defendants filed a short letter seeking a teleconference
regarding the CFPB's relevance objections.  The Court ordered the CFPB to file a
"concise letter to the Court briefly outlining its position."  Doc. 69.  The CFPB
submitted a four-page response with argument.  Doc. 70.

request an opportunity to address the arguments at a teleconference or in a short

reply.[3]

## I.    Materials Relating to Rules, Regulations, and Guidance

The parties disagree as to the relevance of documents relating to proposed or

final rules, regulations, and guidance considered or issued by the CFPB or

Department of Education related to the specific policies and practices alleged in

the complaint.  Such documents would include information received from third

parties, such as borrower surveys and complaints, and internal and external

communications with stakeholders such as the Department of Education, State

Attorneys General, borrowers, members of Congress, and consumer advocacy

organizations.  It would also include communications with the media.[4]

Defendants identified fourteen publicly issued rules, regulations, or guidance

that Defendants believe are clearly relevant to the administration of the

government contracts and federal regulations governing federal student loan

servicing and collection practices at issue in the Complaint:

_____

[3] Defendants' believe the CFPB's lengthy argument rehashes positions already stated during the hour-long January 18 teleconference, and ignores the manifest relevance of these documents to a core defense that the policies and practices the CFPB seeks to declare "unfair, deceptive or abusive" were undertaken under the supervision of the Department of Education under government contracts.

[4] On October 24, 2017, Defendants provided to the CFPB with a list of publicly available rules and guidance that relate to the subject matter of the Complaint.  The Court requested a copy of that letter, which is attached as Exhibit A.

- The CFPB's Payback Playbook, which discusses student loan repayment options;

- The 2016 and 2017 CFPB Student Loan Examination Procedures;

- The "Joint Principles on Student Loan Servicing" issued by the CFPB, Department of Education, and Department of Treasury on September 29, 2015;

- "Student loan servicing: Analysis of public input and recommendations for reform" issued by the CFPB in September 2015. *See* 80 Fed. Reg. 29,302 (May 21, 2015);

- The CFPB's Mortgage Servicing Rules Under the Truth in Lending Act (Regulation Z). *See* 78 Fed. Reg. 10,963 (Feb. 14, 2013) (explaining that "notifying a consumer of a message on a secure Web site presents less of a risk than emailing the message, with potentially sensitive personal information, directly to the consumer");

- CFPB, "Ask CFPB," previously available at http://www.consumerfinance.gov/askcfpb/657/what-are-main-advantagesrehabilitation-option-when-dealing-collection-agency.html (updated Nov. 9, 2015, and since removed), regarding the benefits of loan rehabilitation;

- The 2014 and 2015 CFPB Ombudsman's reports, in particular, statements in those reports regarding student loan repayment options and communications with borrowers;

- Department of Education regulations creating the Income Contingent Repayment plan.  77 Fed. Reg. 66,088 (Nov. 1, 2012);

- Department of Education regulations issued to "strengthen and clarify provisions of the Perkins Loan, FFEL, and Direct Loan program regulations including, but not limited to, regulations governing: deferments, forbearances, loan cancellation, rehabilitation of defaulted loans, administrative wage garnishment, and satisfactory repayment arrangements."  78 Fed. Reg. 65,768 (Nov. 1, 2013);

- Department of Education regulations issued October 30, 2015, creating the REPAYE plan, amending rules governing loan collectors' communications

with borrowers regarding repayment options, and modifying the Department's treatment of borrowers who do not timely recertify the information necessary to remain enrolled in an income-driven repayment plan.  80 Fed. Reg. 67,204 (Oct. 30, 2015);

- Materials associated with the Department of Education's 2015 and 2016 Federal Student Aid ("FSA") Training Conferences for FSA Professionals;

- The Department of Education's Direct Consolidation Loan Guide for Schools;

- The July 20, 2016 Memo from Ted Mitchell to James Runcie regarding "Policy Direction on Federal Student Loan Servicing," as well as the October 17, 2016 addendum to that letter, and the April 11, 2017 letter from Department of Education Secretary Betsy DeVos to James Runcie, withdrawing that memoranda; and

- The Solicitation of a Federal Aid Servicing Solution by the Department of Education on April 4, 2016, and the August 1, 2017 withdrawal of that solicitation.

Defendants respectfully seek an order stating that:

Plaintiff shall produce non-privileged internal and external communications, and any data or other factual information in its possession, relating to each of the rules, regulations, and guidance set forth above.  To the extent Plaintiff is claiming a privilege over any responsive document, they shall produce a log pursuant to Federal Rule of Civil Procedure 26(b)(5).

We understand that the CFPB seeks an order denying Defendants' request in its entirety.

## II.    Practices of Third-Party Servicers and Collection Agencies

The parties disagree as to the relevance of documents relating to the standards of practice and course of dealing of third-party student loan servicers and collection agencies that relate to the policies and practices alleged in the

Complaint.[5]  Such documents include information the CFPB obtained from third-party servicers and collection agencies in response to Requests for Information ("RFI") to the industry, supervisory reviews and other interactions, as well as examination reports and associated materials prepared by the CFPB and any internal and external communications about the relevant practices and policies of third-party servicers and collection agencies.

Defendants identified eight specific practices that are at issue in the complaint:

- Communications with borrowers about repayment plans and policies, procedures, call scripts, and training materials related to such communications;

- Rates of enrollment in forbearance and income-driven repayment plans and rates of income-driven repayment plan recertification;

- Call center operations, including compensation plans and metrics for call center employees and average call times;

- Notices and disclosures regarding repayment options and income-driven repayment plan recertification;

- Policies and procedures for the categorization and escalation of borrower complaints and inquiries related to payment processing;

- Disclosures to borrowers regarding payment allocation and application;

---

[5] As noted during the January 18, 2017 teleconference with the Court, Defendants are primarily interested in the practices of four student loan servicers.  With respect to collection agencies, the universe of companies is larger (Defendants believe approximately fifteen to twenty), and Defendants have limited the topics for these entities to two subjects.

- Policies, procedures, and call scripts relating to communications with borrowers regarding the impact of federal loan rehabilitation on credit reporting and collection fees;

- Rates of defaulted borrowers who rehabilitated their loans, consolidated their loans, or remained in default.

Defendants respectfully seek an order stating that:

Plaintiff shall produce non-privileged internal and external communications, and any data or other factual information in its possession, related to third-party servicers and collection agencies for each of the practices set forth above.  To the extent Plaintiff is claiming a privilege over any responsive document, they shall produce a log pursuant to Federal Rule of Civil Procedure 26(b)(5).

We understand that the CFPB seeks an order denying Defendants' request in its entirety.

Dated:  February 8, 2018          Respectfully submitted,


 /s/ Jonathan E. Paikin
Matthew T. Martens (DC 1019099) (*pro hac vice*)
Jonathan E. Paikin (DC 466445) (*pro hac vice*)
Daniel P. Kearney (DC 977148) (*pro hac vice*)
Karin Dryhurst (DC 1034290) (*pro hac vice*)
Wilmer Cutler Pickering
  Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
jonathan.paikin@wilmerhale.com
matthew.martens@wilmerhale.com
daniel.kearney@wilmerhale.com
karin.dryhurst@wilmerhale.com
Tel: 202-663-6000
Fax: 202-663-6363

Daniel T. Brier (PA 52348)
Donna A. Walsh (PA 74833)
Myers Brier & Kelly, LLP

425 Spruce Street, Suite 200
Scranton, PA 18503
dbrier@mbklaw.com
dwalsh@mbklaw.com
Tel: 570-342-6100
Fax: 570-342-6147

*Counsel for Navient Corporation, Navient
Solutions, LLC, and Pioneer Credit Recovery, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2018, I filed the foregoing document

with the Clerk of Court via CM/ECF system, which will send notification of such

filing to all counsel of record who are deemed to have consented to electronic

service:

/s/ Karin Dryhurst
Karin Dryhurst (DC 1034290) (*pro hac vice*)
Wilmer Cutler Pickering
  Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Karin.Dryhurst@wilmerhale.com
Tel: 202-663-6000
Fax: 202-663-6363

1