**Appendix A**

| Bureau's Document Request | Defendants Will Produce | Defendants Are Excluding[1] |
|---|---|---|
| **Request 3 to Navient Solutions:** All documents containing, discussing, or reflecting any requirements, instructions, policies, procedures, guidance, or training provided to employees, agents, or subcontractors of Navient Solutions relating to the handling of, or communications with, borrowers who indicate that they are having difficulty paying their student loans, would like to reduce payments on their student loans (including paying zero), or would like to enroll in forbearance or an income-driven repayment plan, including all scripts, flowcharts, and decision trees relating to such interactions or communications. | • Policies and procedures, call scripts, and training materials related to communications with borrowers who indicate they are having difficulty paying their student loans, would like to reduce their payments, or would like to enroll in forbearance or an income-driven repayment plan.<br><br>• Time Period: April 2, 2014 to the present. | • Responsive documents concerning requirements, instructions, guidance, decision trees, or flow charts that are *not considered "policies and procedures, call scripts, [or] training materials"* by Navient Solutions, from January 1, 2009 to the present.<br><br>• All responsive emails, from January 1, 2009 to the present.<br><br>• For the subset of documents that Navient Solutions agreed to produce, documents from January 1, 2009 to April 1, 2014.[2] |
| **Request 4 to Navient Solutions:** All documents containing, discussing, or reflecting any requirements, instructions, | • No documents other than what Navient Solutions is producing in response | • Responsive documents concerning communications with borrowers about forbearance or IDR plans that *apply* |

[1] This column includes categories of documents that Defendants have excluded in their formal responses and for which Defendants have failed to provide written confirmation that they will conduct a reasonable search.

[2] For many requests, Defendants have excluded periods that overlap with productions made in connection with the Bureau's investigation. Because the discovery requests are broader than the civil investigative demands issued during the Bureau's investigation, Defendants have an obligation to search those periods for responsive documents that have not been previously produced.

| Bureau's Document Request | Defendants Will Produce | Defendants Are Excluding[1] |
|---|---|---|
| policies, procedures, guidance, or training provided to employees, agents, or subcontractors of Navient Solutions relating to communications with borrowers about forbearance or income-driven repayment plans, including: (a) communications about the potential or actual suitability, unsuitability, appropriateness, inappropriateness, advantages, disadvantages, benefits, or costs of forbearance or any type of income-driven repayment plan for any type, category, or group of borrowers (including borrowers with a particular characteristic such as a temporary or long-term financial hardship), and (b) communications in which Navient Solutions recommends, advises, or suggests that the borrower consider or enroll in forbearance or any type of income-driven repayment plan, including all scripts, flowcharts, and decision trees relating to such communications. | to Request 3. (Navient Solutions incorrectly asserts that Request 4 seeks no additional documents beyond what is covered by Request 3.)<br><br>• Time Period: April 2, 2014 to the present. | *regardless of whether the borrower indicates* that she is having difficulty paying her loan, would like to reduce her payments, or would like to enroll in forbearance or an IDR plan (which is a limitation in Request 3), from January 1, 2009 to the present.<br><br>• All exclusions listed for Request 3 apply to this request. |
| **Request 5 to Navient Solutions:** All documents reflecting any discussion, evaluation, or analysis of the adequacy, inadequacy, effectiveness, | • Analyses of the effectiveness of policies, procedures, guidance, call scripts, or training | • Responsive documents concerning the *inadequacy, ineffectiveness, inappropriateness* of Navient Solutions' requirements, instructions, |

| Bureau's Document Request | Defendants Will Produce | Defendants Are Excluding[1] |
|---|---|---|
| ineffectiveness, appropriateness, or inappropriateness of any requirements, instructions, policies, procedures, guidance, or training relating to the communications described in subparts (a) and (b) of Request for Documents No. 4, including: (a) all communications or analyses regarding any deficiencies or problems in such requirements, instructions, policies, procedures, guidance, or training, (b) any analysis of the impact on borrowers of such requirements, instructions, policies, procedures, guidance, or training, and (c) all communications or analyses regarding potential improvements in such requirements, instructions, policies, procedures, guidance, or training. | materials regarding forbearance or income-driven repayment plans.<br>• Time Period: July 2, 2011 to the present. | policies, procedures, guidance, or training relating to the communications described in Request for Documents No. 4 (as opposed to their *effectiveness*), from January 1, 2009 to the present.<br><br>• Responsive documents that are *not considered "analysis"* by Navient Solutions (such as an email or report that identifies, without any analysis, a deficiency in its policies), from January 1, 2009 to the present.<br><br>• Responsive documents concerning the *impact on borrowers* of such requirements, instructions, policies, procedures, guidance, or training, from January 1, 2009 to the present.<br><br>• Responsive documents concerning *potential improvements* in such requirements, instructions, policies, procedures, guidance, or training, from January 1, 2009 to the present.<br><br>• All responsive emails, from January 1, 2009 to the present.<br><br>• For the subset of documents that Navient Solutions agreed to produce, |

| Bureau's Document Request | Defendants Will Produce | Defendants Are Excluding[1] |
|---|---|---|
| | | documents from January 1, 2009 to July 1, 2011. |
| **Request 6 to Navient Solutions**: All documents relating to any evaluation, auditing, monitoring, oversight, due diligence, quality assurance, or compliance review (including those conducted by or on behalf of an investor or trustee of a loan securitization trust) relating to communications with or enrollment of borrowers in forbearance or any type of income-driven repayment plan, including any audit or compliance reports, any risk management analyses, all communications relating to any such audit or compliance reports or risk management analyses, and any action plans in response to any audit or compliance reports or risk management analyses. | • Audits, compliance reviews, or quality assurance reviews of communications with borrowers regarding forbearance or income-driven repayment plans. <br><br> • Time Period: audits or compliance reviews conducted after July 1, 2011; quality assurance reviews conducted after April 30, 2014. | • Responsive documents concerning monitoring and oversight that *do not rise to the level of a formal audit, compliance review, or quality assurance review*, from January 1, 2009 to the present. <br><br> • *Action plans* in response to any audit or compliance reports or risk management analyses, from January 1, 2009 to the present. <br><br> • All responsive emails, from January 1, 2009 to the present. <br><br> • For the subset of documents that Navient Solutions agreed to produce, (i) audits or compliance reviews, from January 1, 2009 through June 30, 2011 and (ii) quality assurance reviews, from January 1, 2009 to April 30, 2014. |
| **Request 7 to Navient Solutions**: All documents reflecting any discussion, evaluation, or analysis of the potential or actual suitability, unsuitability, appropriateness, inappropriateness, advantages, disadvantages, benefits, or | • Evaluations of the costs and benefits to borrowers of forbearance as compared to IDR plans. <br><br> • Time Period: July 2, 2011 to the present. | • Responsive documents concerning the *unsuitability or inappropriateness* of forbearance or IDR for certain categories of borrowers *for reasons that are not framed in terms of "cost"* (such as a document that says long- |

| Bureau's Document Request | Defendants Will Produce | Defendants Are Excluding[1] |
|---|---|---|
| costs of forbearance or any type of income-driven repayment plan for any type, category, or group of borrowers (including borrowers with a particular characteristic such as a temporary or long-term financial hardship), including any quantification or assessment of the costs of forbearance or any type of income-driven repayment plan for any type, category, or group of borrowers (whether on an absolute or relative basis). Communications with individual borrowers are not responsive to this Request. | | term use of forbearance is unsuitable for certain borrowers because it is correlated with higher default rates even though the document does not discuss the "costs" of forbearance per se), from January 1, 2009 to the present.<br><br>• Responsive documents in which *only* forbearance is discussed, analyzed, or evaluated or *only IDR* is discussed, analyzed, or evaluated (as opposed to documents reflecting a *comparison* of forbearance vs. IDR), from January 1, 2009 to the present.<br><br>• Responsive documents that reflect *"discussions" or "analyses" but are not considered "evaluations"* by Navient Solutions, from January 1, 2009 to the present.<br><br>• All responsive emails, from January 1, 2009 to the present.<br><br>• For the subset of documents that Navient Solutions agreed to produce, documents from January 1, 2009 to July 1, 2011. |
| **Request 13 to Navient Solutions**: For | • One example of each | • Responsive drafts of the final notices, |

| Bureau's Document Request | Defendants Will Produce | Defendants Are Excluding[1] |
|---|---|---|
| every version of every notice, disclosure, or other written communication used by Navient Solutions relating to a borrower's need to renew or recertify enrollment in any income-driven repayment plan: (a) one example of the notice, disclosure, or written communication in the format as it was sent to a consumer (including any attachments to the notice, disclosure, or written communication), (b) all drafts of the notice, disclosure, or written communication, and (c) all communications concerning the drafting of the notice, disclosure, or written communication, and (d) all documents reflecting any testing or evaluation (such as through a focus group) of the notice, disclosure, or written communication, including any drafts. For part (a) of this Request, a notice, disclosure, or written communication that is identical to another notice, disclosure, or written communication but for information that is specific to the borrower shall not be considered a separate version of the document. | notice referred to in paragraph 64 of the Complaint, created between June 1, 2010 and December 1, 2012.<br><br>• One example of each electronic communication referred to in paragraphs 66–68 of the Complaint, created between 2010 and December 31, 2015.<br><br>• Analyses of notices and/or disclosures regarding renewal and/or recertification that were conducted between January 1, 2010 and December 31, 2015. | disclosures, or written communications, from January 1, 2009 to the present.<br><br>• Responsive documents that may reflect testing or evaluation (such as through a focus group) that are *not considered "analyses"* by Navient Solutions, from January 1, 2009 to the present.<br><br>• Responsive documents reflecting *discussion or analysis of drafts* of Navient's notices or communications to borrowers regarding IDR recertification, from January 1, 2009 to the present.<br><br>• All responsive emails, from January 1, 2009 to the present.<br><br>• For the subset of documents that Navient Solutions agreed to produce, documents dated after December 31, 2015. |
| **Request 14 to Navient Solutions**: All | • No documents other than | • Responsive documents concerning the |

| Bureau's Document Request | Defendants Will Produce | Defendants Are Excluding[1] |
|---|---|---|
| documents reflecting any discussion, evaluation, or analysis of the adequacy, inadequacy, effectiveness, ineffectiveness, appropriateness, or inappropriateness of any notice, disclosure, or written communication produced in response to Request for Documents No. 13. | what Navient Solutions is producing in response to Request 13. (Navient Solutions incorrectly asserts that Request 14 seeks no additional documents beyond what is covered by Request 13.) | adequacy, inadequacy, effectiveness, ineffectiveness, appropriateness, or inappropriateness of any notice, disclosure, or written communication relating to IDR recertification *even if the document does not concern the drafting* of the notice, disclosure, or communication *or any testing or evaluation* (which are limitations in Request 13), from January 1, 2009 to the present.<br><br>• All exclusions listed for Request 13 apply to this request. |
| **Request 15 to Navient Solutions**: All documents relating to the number, percentage, or rate of borrowers with federal loans serviced by Navient Solutions who were (or were not) opening, clicking links within, or otherwise responding to any email concerning renewal or recertification of a borrower's enrollment in any income-driven repayment plan, including any analysis, discussion, explanation, or evaluation of this data. | • Analyses of the number or percentage of borrowers opening and/or clicking links within such emails.<br>• Time Period: January 1, 2010 to December 31, 2015. | • Responsive documents that are *not considered "analyses"* by Navient Solutions, such as (1) raw data or a spreadsheet with responsive information that does not include analysis or (2) discussions or explanations of such data, from January 1, 2010 to the present.<br><br>• All responsive emails, from January 1, 2010 to the present.<br><br>• For the subset of documents that Navient Solutions agreed to produce, documents dated after December 31, |

| Bureau's Document Request | Defendants Will Produce | Defendants Are Excluding[1] |
|---|---|---|
| | | 2015. |
| **Request 16 to Navient Solutions**: All documents reflecting the number, percentage, or rate of borrowers with federal loans serviced by Navient Solutions who timely renewed or recertified their enrollment in any income-driven repayment plan or who did not timely renew or recertify their enrollment in any income-driven repayment plan, including any analysis, discussion, explanation, or evaluation of this data. | • Analyses of the number or percentage of borrowers who renewed or failed to renew their enrollment in IDR plans.<br>• Time Period: January 1, 2010 to March 30, 2015. | • Responsive documents that are *not considered "analyses"* by Navient Solutions, such as (1) raw data or a spreadsheet with responsive information that does not include analysis or (2) discussions or explanations of this data, from January 1, 2010 to the present.<br>• All responsive emails, from January 1, 2010 to the present.<br>• For the subset of documents that Navient Solutions agreed to produce, documents from March 31, 2015 to the present. |
| **Request 17 to Navient Solutions**: All documents reflecting the number, percentage, or rate of borrowers with federal loans serviced by Navient Solutions enrolled in any income-driven repayment plan who submitted an application to renew or recertify their enrollment in any income-driven repayment plan that was initially deemed incomplete or inaccurate but was subsequently made complete and accurate before the renewal deadline, who | • No documents other than what Navient Solutions is producing in response to Request 16. (Navient Solutions incorrectly asserts that Request 17 seeks no additional documents beyond what is covered by Request 16.)<br>• Time Period: January 1, | • Responsive documents reflecting the requested data regarding whether and when borrowers submitted an incomplete or inaccurate IDR recertification application or a complete and accurate application, *regardless of whether those applications did or did not result in timely recertification* (which is a limitation in Request 16), from January 1, 2010 to the present.<br>• All exclusions listed for Request 16 |

| Bureau's Document Request | Defendants Will Produce | Defendants Are Excluding[1] |
|---|---|---|
| submitted an application to renew or recertify their enrollment in any income-driven repayment plan that was initially deemed incomplete or inaccurate but was not subsequently made complete and accurate before the renewal deadline, or who submitted an application to renew or recertify their enrollment in any income-driven repayment plan that was initially deemed complete and accurate, including any analysis, discussion, explanation, or evaluation of this data. | 2010 to March 30, 2015. | apply to this request. |
| **Request 18 to Navient Solutions**: All documents reflecting any discussion, evaluation, or analysis of errors or problems in the processing, application, or allocation of payments for student loans that were happening on a repeated, recurring, or non-isolated basis or that had been the subject of complaints from more than one consumer, including any discussion, evaluation, or analysis of the adequacy, inadequacy, effectiveness, ineffectiveness, appropriateness, or inappropriateness of any policies, procedures, practices of Navient Solutions to prevent or reduce such errors or | • Policies and procedures related to the categorization, escalation, and correction of consumer inquiries about payment processing errors.<br><br>• Time period: January 1, 2010 to the present. | • Responsive non-email documents covered by the request that are not policies and procedures related to the categorization, escalation, and correction of consumer inquiries about payment processing errors, such as discussions, evaluations, or analyses of the adequacy, inadequacy, effectiveness, ineffectiveness, appropriateness, or inappropriateness of any policies, procedures, or practices of Navient Solutions to prevent or reduce such errors or problems from January 1, 2009 to the present.<br><br>• All responsive emails, from January 1, |

| Bureau's Document Request | Defendants Will Produce | Defendants Are Excluding[1] |
|---|---|---|
| problems. | | 2009 to the present. |
| | | • For the subset of documents that Navient Solutions agreed to produce, documents from January 1, 2009 to December 31, 2009. |
| **Request 19 to Navient Solutions**: All documents containing, discussing, or reflecting any requirements, instructions, policies, procedures, guidance, or training provided to employees, agents, or subcontractors of Navient Solutions relating to any requirement that a borrower demonstrate a certain payment history (such as making a certain number of consecutive, on-time payments) to become eligible for cosigner release for student loans. | • Policies and procedures, call scripts, and training materials related to the payment history a borrower must demonstrate to be eligible for cosigner release. <br> • Time Period: June 1, 2014 to December 31, 2015. | • Responsive documents concerning requirements, instructions, or guidance that are *not considered "policies and procedures, call scripts, [or] training materials"* by Navient Solutions, from January 1, 2010 through December 31, 2015. <br> • All responsive emails, from January 1, 2010 to December 31, 2015. <br> • For the subset of documents that Navient Solutions agreed to produce, all responsive non-email documents dated between January 1, 2010 and May 31, 2014. |
| **Request 21 to Navient Solutions**: All documents containing any discussion or analysis of the meaning or interpretation of any requirement that a borrower make a certain number of consecutive, on-time payments to become eligible for cosigner release for student loans. | • No documents other than what Navient Solutions is producing in response to Request 19. (Navient Solutions incorrectly asserts that Request 21 seeks no additional | • Responsive documents containing any discussion or analysis of the meaning or interpretation of the described cosigner release requirement, regardless of whether those documents "contain[], discuss[], or reflect[] any requirements, instructions, policies, |

| Bureau's Document Request | Defendants Will Produce | Defendants Are Excluding[1] |
|---|---|---|
| | documents beyond what is covered by Request 19.) | procedures, guidance, or training *provided to employees, agents, or subcontractors*" (which is a limitation in Request 19), from January 1, 2010 through December 31, 2015.<br><br>• All exclusions listed for Request 19 apply to this request. |
| **Request 23 to Navient Solutions**: All documents containing, discussing, or reflecting any requirements, instructions, policies, procedures, guidance, or training provided to employees, agents, or subcontractors of Navient Solutions relating to credit reporting (i.e., the furnishing of information to credit reporting agencies) for borrowers whose federal student loans are discharged due to disability. | • Documents, including emails, regarding Navient Solutions' use of the AL Code.<br>• Time Period: January 1, 2012 to June 2014. | • Responsive documents, including emails, that discuss the *proper* reporting code to use for borrowers with total and permanent disabilities whose loans have been discharged (i.e., not the AL Code), from January 1, 2012 to June 2014. |
| **Request 24 to Navient Solutions**: All documents relating to the use of the "AL—Assigned to Government" code (or any variation thereof, including "AL" or "Assigned to Government") in furnishing information to credit reporting agencies, including (a) all documents containing, discussing, or reflecting any requirements, instructions, policies, | • No documents other than what Navient Solutions is producing in response to Request 23. (Navient Solutions incorrectly asserts that Request 24 seeks no additional documents beyond what is covered by Request | • Responsive documents described at subsections (b) and (c) of this request relating to the use of the AL code, regardless of whether those documents "contain[], discuss[], or reflect[] any requirements, instructions, policies, procedures, guidance, or training *provided to employees, agents, or subcontractors*" (which is a limitation |

| Bureau's Document Request | Defendants Will Produce | Defendants Are Excluding[1] |
|---|---|---|
| procedures, guidance, or training relating to the use of the code in furnishing information to credit reporting agencies, (b) all documents reflecting any awareness, discussion, or analysis of the circumstances in which it is appropriate or inappropriate to use the code in furnishing information to credit reporting agencies, and (c) all documents reflecting any discussion, analysis, or quantification of the impact on borrowers of the use of the code in furnishing information to credit reporting agencies. | 23.) | in Request 23).<br><br>• All exclusions listed for Request 23 apply to this request. |
| **Request 1 to Navient Corporation**: All documents reflecting or discussing any potential or actual terms, provisions, or requirements of any contract or agreement between (a) the U.S. Department of Education or any guaranty agency, and (b) Navient Corporation or any subsidiary or affiliate of Navient Corporation (including Navient Solutions or Pioneer) relating to the servicing or collection of student loans, including the contracts and agreements themselves; all amendments or modifications thereto; all documents reflecting any proposal or request to alter, | • Contracts, change requests, associated impact analyses and cost proposals, modifications, and external communications with contracting officers at the Department of Education.<br><br>• Responsive external emails between Defendants and the Department of Education. | • All responsive *internal* emails, from January 1, 2009 to the present. |

| Bureau's Document Request | Defendants Will Produce | Defendants Are Excluding[1] |
|---|---|---|
| modify, or waive the terms, provisions, or requirements of any such contract or agreement (including all change orders or requests for equitable adjustment); and all documents reflecting any response to any proposal or request to alter, modify, or waive the terms, provisions, or requirements of any such contract or agreement. | • Time Period: January 1, 2009 to the present. | |
| **Request 2 to Navient Corporation**: All documents reflecting any discussion, evaluation, analysis, or dispute relating to any party's performance or failure to perform under any contract or agreement produced in response to Request for Production No. 1, including all documents reflecting any instruction, guidance, or advice from the U.S. Department of Education relating to any party's performance; any notices of breach; any response to any notice of breach; all documents reflecting any belief that a party has violated or failed to comply with any term, provision, or requirement of any such contract or agreement; and all documents reflecting any dispute regarding payment under any such | • Communications exchanged with the Department of Education.<br>• Time Period: January 1, 2009 to the present. | • All responsive *internal* emails from January 1, 2009 to the present. |

| Bureau's Document Request | Defendants Will Produce | Defendants Are Excluding[1] |
|---|---|---|
| contract or agreement. | | |