# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CONSUMER FINANCIAL
PROTECTION BUREAU,

    Plaintiff,

v.

NAVIENT CORPORATION, et al.,

    Defendants.

3:17-CV-101
(JUDGE MARIANI)

## ORDER

AND NOW, THIS 3rd DAY OF MAY, 2018, upon consideration of the discovery disputes discussed at the April 17, 2018, conference, **IT IS HEREBY ORDERED THAT**:

1. Defendants' request to increase the per party deposition limit is **GRANTED**. Plaintiff and Defendants shall each be permitted to take up to **thirty (30) depositions**.

2. With respect to Defendants' request for documents related to proposed or final policies and guidance considered by Plaintiff and the Department of Education, (Doc. 68 at 1), Plaintiff's objection is **SUSTAINED IN PART AND OVERRULED IN PART** as follows:

    a. Plaintiff's objection is **OVERRULED** to the extent that Plaintiff shall produce all non-privileged communications it had with the Department of Education that falls within the subject matter of Defendants' requests.

b. Plaintiff's objection is **SUSTAINED** to the extent that Plaintiff will not be required to turn over any other internal or external predecisional communications related to the fourteen publicly issued rules, regulations, and guidance that Defendants identified or any other predecisional communications related to proposed rules, regulations, and guidance that were not ultimately issued.

c. Plaintiff's objection is **OVERRULED** to the extent that Plaintiff shall keep a privilege log concerning all these predecisional communications which identifies the documents Plaintiff believes fall under the attorney-client, work product, deliberative process, or other recognized privilege.

3. With respect to Defendants' request for documents related to the policies and practices of other entities that service federal student loans, (Doc. 68 at 1), Plaintiff's objection is **SUSTAINED** and Plaintiff will not be required to produce any documents responsive to this request.

4. With respect to Plaintiff's request for certain internal and external emails, (Doc. 74 at 3), Defendant's objection is **SUSTAINED IN PART** as follows: within **fourteen (14) days** from the date of this Order, the parties shall meet and decide on mutually agreeable search terms that eliminate from the universe of potentially responsive documents those emails and attachments that are unlikely to contain relevant information. If the parties are unable to reach an agreement on the search terms,

they shall notify the Court within **twenty one (21) days** from the date of this Order via a joint letter.

5. With respect to Plaintiff's request for drafts of notices and other communications that Defendants sent to borrowers regarding enrollment recertification for income-driven repayment plans, (Doc. 74 at 5), Defendants' objection is **OVERRULED** and Defendants shall produce all non-privileged documents that are responsive to Plaintiff's request.

6. With respect to Plaintiff's request for Defendants to search records beyond the time periods they have already searched, (Doc. 74 at 5-7), Defendants' objection is **OVERRULED IN PART** and as follows: The relevant time period for discover in this litigation is June 17, 2009, through January 18, 2017. With respect to the requests for production of documents that have already been served and absent an agreement between the parties to the contrary, either side may request documents from the other within this time frame.

7. No party may serve any additional interrogatories or requests for production of documents beyond those which have already been served.

Robert D. Mariani
United States District Judge

3