1700 G Street NW,
Washington, DC 20552



May 9, 2018

**Filed Via ECF**

The Honorable Robert D. Mariani
U.S. District Court, Middle District of Pennsylvania
William J. Nealon Federal Bldg. & U.S. Courthouse
235 N. Washington Avenue
Scranton, PA 18503

      Re:   *Consumer Financial Protection Bureau v. Navient Corp., et al.*,
            Case No. 3:17-CV-00101-RDM

Dear Judge Mariani:

I write on behalf of the Bureau to respond to two issues raised by the Court at the April 17, 2018 hearing.

1.     The Court inquired as to whether the Bureau consented to the appointment of a special master pursuant to FRCP 53. Because the Court resolved the pending discovery disputes and has prohibited any further requests for production and interrogatories, the Bureau believes appointment of a special master is unnecessary at this juncture.

2.     The Court inquired as to the date by which the Bureau can produce its privilege log to opposing counsel. The Bureau believes that by June 29, 2018, it can submit a privilege log relating to the documents for which the Bureau did not contest discoverability. The Bureau respectfully submits that allowing the Bureau until June 29 is reasonable and that, despite the Bureau's best efforts, an earlier date is not feasible. Indeed, Defendants are unable to meet the May 9 date that they

proposed to the Court for the submission of privilege logs.[1]

For those contested documents that were the subject of the Court's May 4 Order, the Bureau proposes that the parties meet and confer as to the date on which the parties' additional privilege logs will be produced.

Completing the privilege log is of paramount importance to the Bureau, and as explained in the attached Declaration of Thomas Kim, the Bureau is working diligently to produce a privilege log expeditiously. Thousands of documents were deemed potentially responsive during the Bureau's responsiveness review, and a large group of attorneys is performing a time-consuming review of each of those documents to determine whether any privileges apply. Kim Decl. ¶¶ 3-4.

Unlike non-government litigants, government litigants such as the Bureau have unique interests that the law protects through, among other things, the deliberative process privilege. It is possible that this privilege will apply to a large number of documents, as is often the case. *See, e.g., Nevada Partners Fund, LLC v. United States*, 2008 WL 2484198, at *8 (S.D. Miss. May 12, 2008) (Government appropriately withheld thousands of documents on the basis of privilege); *In re*

---

[1] With respect to the documents as to which Defendants did not contest discoverability prior to the April 17 hearing, Defendants have informed the Bureau that they will produce a partial privilege log for those documents on May 9. Defendants have further informed the Bureau that their production of documents as to which they did not contest discoverability will be completed in mid-May, and that therefore they will complete their privilege log as to those documents at a reasonable time after mid-May. Thus, the May 9 proposed date does not serve as an appropriate benchmark to determine a reasonable date for the submission of privilege logs.

*United States*, 321 Fed. Appx. 953, 955, 961 (Fed Cir. Mar. 5, 2009) (same). However, determining whether the privilege applies to a document often requires information not evident from the document, such as whether it was part of a broader decision-making process. Kim Decl. ¶ 5. In many cases, obtaining this necessary context requires interviewing individuals involved in the communications. *Id.*

Once documents subject to the deliberative process privilege have been identified, an appropriate official must submit a declaration asserting the privilege. *Id.* ¶ 7. Given the potentially large number of documents as to which the Bureau may assert the privilege, the Bureau estimates that it will take at least two weeks for the designated official to evaluate the reviewing team's privilege recommendations, and for a declaration to be prepared and executed. *Id.* Defendants' privilege review is not complicated by these factors.[2]

Thank you for your time and consideration.

                                          Respectfully,

                                          /s/ Nicholas Jabbour

---

[2] Courts have recognized the time associated with properly asserting the deliberative process privilege. *See*, *e.g.*, *Ford Motor Co. v. United States*, 84 Fed. Cl. 168, 171–72 (Fed. Cl. 2008) (granting 4-month extension to allow government to make formal assertions of deliberative process privilege); *Vidrine v. United States*, No. 6:07-cv-01204-RFD-KK (W.D. La.), Docs. 58, 61 (allowing 4 months for government to make assertions of deliberative process privilege).