# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Consumer Financial Protection Bureau,<br><br>  Plaintiff,<br><br>v.<br><br>Navient Corporation, *et al.*,<br><br>  Defendants. | Case No. 3:17-CV-00101-RDM<br>(Hon. Robert D. Mariani)<br><br>Electronically Filed |

## DECLARATION OF THOMAS KIM PURSUANT TO 28 U.S.C. § 1746

I, Thomas Kim, hereby declare and state as follows:

1. My name is Thomas Kim. I am an Assistant Litigation Deputy in the Office of Enforcement at the Bureau of Consumer Financial Protection (Bureau). I am submitting this declaration in connection with the Bureau's letter to the Court filed today regarding the timeframe for producing a privilege log to Defendants. I am supervising this litigation, and accordingly I am overseeing the Bureau's privilege review in this matter. I would like to provide the Court with a description of the steps the Bureau is taking to complete the privilege review and prepare a privilege log.

2. Consistent with usual practice when conducting a large-scale document review, the Bureau completed a responsiveness review prior to undertaking a privilege review. The responsiveness review team included the Bureau's six enforcement attorneys who have entered appearances in this matter, eight contract attorneys, and various other attorneys throughout the Bureau who assisted as their workload permitted. That responsiveness review has been completed.

3. The Bureau has now assembled a team consisting of twenty enforcement

attorneys and one contract attorney that is focused only on the privilege review of documents tagged as responsive. The current team of reviewers is a mix of attorneys who are devoting 100 percent of their time to the review and others who devote as much time as their existing dockets allow.

4.  Reviewing responsive documents for privilege is very time-consuming. To conduct an appropriate privilege assessment for each document, the attorney must first carefully review the entire document to obtain an understanding of its content and purpose. Then the attorney must apply law to fact with respect to each of several potentially applicable privileges.

5.  In many instances, the reviewer cannot determine if a document is privileged without additional information not contained in the document. For example, determining whether the deliberative process privilege applies requires understanding the context of the document, including whether the document was part of a deliberative process, but that information may not be apparent on the face of the document. As a result, it is often necessary to interview the individuals involved in such communications to obtain this additional context or other important details that are essential to the privilege analysis. This challenge is compounded by the fact that many individuals across the Bureau have been involved in student loan issues during the relevant time period, and many of their communications were captured by the responsiveness review because of the breadth of Defendants' requests. Consequently, the task of obtaining additional information necessary to determine whether certain documents are privileged, and which privileges apply to those documents, is labor intensive.

6.  The task of preparing the privilege log, including drafting descriptions of the documents that have been identified as privileged, will be complex given the large volume of privileged documents that the Bureau anticipates.

7. The uniqueness to the government of the deliberative process privilege further complicates and slows the Bureau's privilege review in a way that non-government litigants do not experience. As part of the assertion of the deliberative process privilege, an appropriate official at the Bureau will submit a declaration asserting the privilege. Given the large volume of documents that the Bureau anticipates will be covered by the deliberative process privilege, it will take two or more weeks for the official to review documents and assist in the preparation of a declaration.

8. The Bureau believes that it can submit its privilege log to Defendants by June 29, 2018. This privilege review underway does not include the documents as to which the Bureau contested discoverability and that were the subject of the Court's May 4, 2018 Order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed May 9, 2018.

_____
Thomas Kim