

1700 G Street NW,
Washington, DC 20552

July 11, 2018

**Filed Via ECF**

The Honorable Robert D. Mariani
U.S. District Court, Middle District of Pennsylvania
William J. Nealon Federal Bldg. & U.S. Courthouse
235 N. Washington Avenue
Scranton, PA 18503

      Re:    *CFPB v. Navient Corp., et al.*, Case No. 3:17-CV-00101-RDM

Dear Judge Mariani:

      I write on behalf of the Bureau concerning two issues on which the parties are at an impasse:

      1.    The Bureau respectfully requests that the Court order Defendants to produce all documents that they have refused to produce on the basis of purported Privacy Act concerns.

      In November 2017, Defendants informed the Bureau that they could not make any productions until they obtained permission from the Department of Education (ED) to do so. In January 2018, Defendants confirmed that ED did "not have a general objection" to the production of documents in this litigation, and informed ED that they would therefore be producing to the Bureau documents that "may include certain borrower-specific information." *See* Exhibit A. In February 2018, the Bureau served a set of requests for production on Navient Solutions seeking a broader set of borrower documents that is essential to identifying the universe of harmed consumers and quantifying damages. *See* Exhibit B. It was not until May 2018 (after the April 2018 hearing) that Navient Solutions indicated that it believed that ED's permission, pursuant to the Privacy Act, was necessary to produce the requested documents. *See* Exhibit C, at ¶ 4. Navient Solutions did not articulate why it believed that ED's permission was required given that ED had already indicated it did "not have a general objection" to the production of documents in this case.

      The Privacy Act is not a bar to the production of the information sought by the Bureau. The Act states that "[n]o agency shall disclose any record which is contained in a system of records . . . except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains [unless one of twelve exceptions applies]." 5 U.S.C. § 552a(b). One of those exceptions is that disclosure can occur "pursuant to the order of a court of competent jurisdiction." 5 U.S.C. § 552a(b)(11). The protective order in this case, which states that the "documents and records to be produced . . . contain borrowers' sensitive personal information" (Doc. 66-1, at 2), satisfies this exception. *See, e.g.*, *SEC v. Kovzan*, 2013 WL 647300, at *5 (D. Kan. Feb. 21, 2013); *Lopez v. Chula Vista Police Dep't*, 2008 WL 8178681, at *1 (S.D. Cal. Oct. 21, 2008).

      Although the Bureau did not believe ED's permission was necessary, in an attempt to resolve the issue without involving the Court, the Bureau sought ED's permission. *See* Exhibit D. After one month of considering the request, ED communicated orally that it was not prepared to grant permission. Navient Solutions is relying upon this lack of permission to refuse to produce the requested data. The Privacy Act, however, was not meant to be wielded in this manner: it is about appropriate practices to safeguard personal information housed by federal agencies, not a vehicle to

resist discovery of relevant information. *See, e.g.*, *Laxalt v. McClatchy*, 809 F.2d 885, 888-89 (D.C. Cir. 1987); *Forrest v. United States*, 1996 WL 171539, at *2 (E.D. Pa. Apr. 11, 1996). Because the protective order in this case is an "order of a court of competent jurisdiction" (5 U.S.C. § 552a(b)(11)), the Act does not pose a barrier to production of the materials that the Bureau seeks.

2.   The Bureau respectfully requests that the Court extend the fact discovery deadline in this case, so that the deadline is five months from when Defendants complete their responses to the Bureau's written discovery requests. The Bureau also requests a corresponding extension of all deadlines subsequent to the fact discovery deadline.

Defendants' pace of production has hindered the Bureau's ability to pursue its claims:
- Though the Bureau served its first sets of requests for production shortly after the commencement of discovery on May 12, 2017, Defendants began producing documents in a compliant format ten months later. Defendants also have yet to produce the vast majority of the documents they were ordered to produce in the Court's May 4, 2018 Order, and have indicated that their productions will continue through the current fact discovery deadline of August 9.
- Because Navient Solutions refused, based on the Privacy Act, to produce data in response to the Bureau's second set of requests for production, the Bureau has yet to receive that data.
- Over four months after the Bureau served a set of interrogatories on Navient Solutions, Navient Solutions still has not completed its responses to those interrogatories.

A five-month extension is warranted for the following reasons: First, as the Bureau explained at the April hearing, Defendants resisted the production of emails on the most central issues in the case. When the Bureau finally receives all of those emails (which will likely number in the tens of thousands), the Bureau should be allowed sufficient time to review them and take depositions based on them. Second, because Defendants just yesterday produced a list of former call center employees (despite having indicated that the list *was generated over three months ago*) and still have not produced a list of various categories of consumers requested by the Bureau, the Bureau has been prevented from locating additional witnesses to support its case. Third, Navient Solutions has indicated that its data systems are so difficult to navigate that: (a) its own employees required as many as three months to query those systems to produce a smaller set of data requested by the Bureau during its investigation of Navient Solutions; (b) it cannot readily produce the data that the Bureau has requested, and instead the Bureau must go to Navient Solutions's servicing headquarters to gain access to the data; and (c) its employees have been able to locate only certain call recordings for various consumers on the Bureau's initial disclosures, with some of the call recordings that were purportedly not located being for times when consumers enrolled in forbearances. Thus, when the Bureau is finally given access to data that the Bureau has requested, the Bureau will be faced with a monumental challenge just to query and extract the relevant data from Navient Solutions's systems.

The Bureau strongly believes that Defendants' delays in producing documents has precluded the Bureau from completing the fact discovery necessary for its case in the time allotted and has created the need for an extension of this length. Discovery should be a process that creates a full evidentiary record to allow the Court to resolve the issues presented on the merits. In this case, those issues affect hundreds of thousands of borrowers.

                                                Respectfully,
                                                /s/ Nicholas Jabbour