

UNITED STATES DEPARTMENT OF EDUCATION

OFFICE OF THE GENERAL COUNSEL

May 4, 2018

**Via Email**

Jennifer Levy, P.C.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, DC 20005

    Re:    Pennsylvania Attorney General's Requests for Department of Education Records in *Commonwealth of Pennsylvania v. Navient Corporation et al*, No. 3:17-cv-01814-RDM (M.D. Pa., filed October 5, 2017)

Dear Ms. Levy:

    Thank you for your letter dated April 18, 2018 regarding the Pennsylvania Attorney General's ("Pennsylvania's") discovery requests in the above-captioned matter. Navient requests the Department of Education's ("Department's") permission to produce certain documents that are the records and property of the Department and that are restricted from disclosure pursuant to the Privacy Act of 1974 ("Privacy Act") and the Department's contract with Navient. In part, Pennsylvania is asking for records received or used by Navient as a loan servicer under contract with the Department. The Department cannot grant you permission to release these Department records and requests that you direct Pennsylvania to the Department to submit its request for those particular records.

    As you indicate in your letter, a substantial component of Pennsylvania's request seeks disclosure of Department records, specifically records in a Department System of Records (SOR), including the Common Services for Borrowers (CSB) SOR (18-11-16) and, possibly, the Ombudsman SOR (18-11-11). Complying with Pennsylvania's request, specifically for Requests 3A, 3C (in part), and 3D (in part), and potentially 3E (in part) and 3F would result in the release of records that are protected by the Privacy Act.

    Neither your letter nor Pennsylvania's request identifies a reason why disclosure of these records is permitted under the Privacy Act which places significant restrictions on the disclosure of records, particularly without written consent of the individual. Moreover, the Department has instructed its loan servicers that have received third-party requests for Department records subject to the Privacy Act to inform the requesters they need to come to the Department directly with their requests. *See* Letter from Patrick A. Bradfield, Director, Federal Student Aid Acquisitions, Ownership of and Access to U.S Department of Education Records and Data Department of Education Memorandum (Dec. 27, 2017). The Department considers records requests made in the context of litigation to be covered by letter's directive and subject to the Department's Privacy Act obligations generally.

Furthermore, Navient's contract with the Department makes clear that the Department "owns the rights to all data/records produced as part of th[e] contract." Number: FSA-TitleIV-09, Attachment A-2, [https://www2.ed.gov/policy/gen/leg/foia/contract/salliemae-061709.pdf](https://www2.ed.gov/policy/gen/leg/foia/contract/salliemae-061709.pdf). The contract states Navient is to "treat all deliverables under the contract as the property of the U.S. Government for which the Government Agency shall have unlimited rights to use, dispose of, or disclose such data contained therein as it determines to be in the public interest." *Id.*

Additional provisions of the contract related to records management state that the records produced pursuant to this contract are subject to the Privacy Act. *See id.* ("All data created for Government use and delivered to, or falling under the legal control of, the Government are Federal records and shall be managed in accordance with…the Privacy Act (5 U.S.C. 552a).)"

Consistent with the Department's earlier instructions and Navient's contract with the Department, Navient should inform Pennsylvania that it should make its request directly to the Department. The Department will then evaluate the request based on the requirements of the Privacy Act and the Freedom of Information Act.

We note that Pennsylvania has also requested records relating to Navient's private loans. The directions in this letter relate only to records relating to loans serviced by Navient under its contract with the Department and do not address Navient's obligations relating to those private loans.

Sincerely,

J. Justin Riemer
Deputy General Counsel,
Postsecondary Education