WILMERHALE

August 8, 2018

Jonathan E. Paikin

+1 202 663 6703 (t)
+1 202 663 6363 (f)
jonathan.paikin@wilmerhale.com

**Via ECF**

The Honorable Robert D. Mariani
U.S. District Court, Middle District of Pennsylvania
William J. Nealon Federal Building & U.S. Courthouse
235 North Washington Avenue
Scranton, PA 18503

    Re:  *CFPB v. Navient Corp. et al.*, No. 3:17-CV-00101 (M.D. Pa.)

Dear Judge Mariani:

    We write in advance of the August 8 teleconference to provide a brief response to the issues raised in the CFPB's August 5 letter. If the court defers consideration of these issues to a later time, we ask that the Court permit Defendants to file a more complete response.

    **1. Borrower Records**

    Contrary to the CFPB's assertions, Defendants are not withholding relevant documents related to borrowers identified by the CFPB. As we have repeatedly explained to the CFPB, Defendants have conducted a reasonable search for documents relevant to the claims for which individual borrowers were identified by the CFPB. Based on that reasonable search, Defendants have produced documents that Defendants were permitted to produce consistent with the Privacy Act and Defendants' contractual obligations to the Department of Education (ED). Additional relevant documents will be produced upon resolution of the dispute between ED and the CFPB over access to ED records. There is simply nothing more to this issue.

    To the extent the CFPB is seeking borrower-related documents that are *not* relevant to their claims, the request is clearly improper and would impose needless burdens on Defendants. Communications and calls related to an individual borrower do not exist in a single "file" in Defendants' possession. Instead, a manual and time-consuming process is required to identify, locate, and compile call recordings and communications. Many borrowers have had scores of interactions with Navient Solutions over the years related to administrative tasks that have nothing to do with forbearance or the other issues in this lawsuit. Defendants have therefore relied on borrower correspondence histories to identify those communications or call recordings relevant to the issues for which the borrowers were identified by the CFPB. The CFPB already has borrower correspondence histories for many borrowers, and Defendants have repeatedly invited the CFPB to identify other specific calls or communications on those histories that the CFPB believes are relevant and have not been produced by Defendants. Yet the CFPB has never identified any such calls or communications.

August 8, 2018
Page 2

WilmerHale

**2. Employee Lists**

Defendants have already produced a list of over three-thousand former full- and part-time employees who worked in Navient Solutions' call centers during the years at issue in the litigation. Putting together this list was burdensome. The list includes each employee's name, title, division, hire date, termination date, and the reasons for the termination. Before preparing the list, Defendants told the CFPB the information that would be contained in the spreadsheet. After receiving the Defendants' response, the CFPB did not ask that last known contact information be included.

After the CFPB requested contact information, Defendants invited the CFPB to identify particular employees from the list of interest to the CFPB and stated that they would locate their last known contact information. In addition, Defendants may consider offering representation to the identified former employees. Yet the CFPB refused to identify any particular employees and demanded addresses and phone numbers for all three-thousand-plus employees. Defendants honestly do not understand why the CFPB has insisted on this all-or-nothing approach.

Respectfully submitted,

/s/ Jonathan E. Paikin