## THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CONSUMER FINANCIAL
PROTECTION BUREAU,

:
:
:
:
Plaintiff,                          :
                                    :   3:17-CV-101
v.                                  :   (JUDGE MARIANI)
                                    :
NAVIENT CORPORATION, et al.,        :
                                    :
Defendants.                         :

### MEMORANDUM OPINION

#### I. INTRODUCTION

Through this lawsuit, the Consumer Financial Protection Bureau ("Plaintiff") seeks to prove that Navient Corporation, Navient Solutions, Inc., and Pioneer Credit Recovery, Inc., (collectively "Defendants"), committed various violations of the Consumer Financial Protection Act, 12 U.S.C. §§ 5531, 5536, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e, and Regulation V of the Fair Credit Reporting Act, 12 C.F.R. §1022.42. (Doc. 1). Presently before the Court are several new disputes that have arisen during the course of discovery.

The path of discovery has not been smooth in this case. The parties have previously submitted numerous discovery-related disputes to the Court, (see Docs. 68, 70, 72, 73, 74, 79, 83, 84), and have appeared before the Court on multiple occasions, both telephonically, (Doc. 69), and in-person, (Doc. 80), to present their respective positions.

However, additional discovery disputes came to the Court's attention on July 11, 2018.[1] Per the procedure of the Court, Plaintiff, instead of filing a motion, filed a brief letter with the Court identifying the disputes. (Doc. 95). The Court ordered that "[d]efendants shall submit to the Court a concise response to Plaintiff's letter." (Doc. 96). Defendants responded in a July 13, 2018 letter, and requested "an in-person conference" to discuss the dispute. (Doc. 97). The Court issued a scheduling order setting a telephone conference for the parties on August 8, 2018. (Doc. 98).

Several days before the conference, on August 5, 2018, Plaintiff filed an additional letter with the Court identifying additional discovery disputes and providing more argument regarding certain issues raised in its July 11 letter. (Doc. 99). The morning of the scheduled telephone conference, on August 8, 2018, Defendants responded to Plaintiff's additional discovery disputes in a letter filed with the Court. (Doc. 100).

The parties appeared telephonically before the Court on August 8, 2018. For the reasons that follow, the Court will order that: 1) Defendants produce student loan borrower documents previously withheld on the basis of the Privacy Act, 5 U.S.C. § 552a; 2) Defendants produce contact information of former employees contained within their records; and 3) the fact discovery deadline be extended four months, and all subsequent litigation deadlines correspondingly extended in accordance with previous order of the Court.

---

[1] Though the disputes were initially raised by Plaintiff and responded to by counsel for Defendant Navient Solutions, Inc., prudence suggests that the Court make clear that its Order will have application to all Defendants insofar as the discovery issues addressed would have application to them. Therefore, references in this opinion and the accompanying Order are to all Defendants.

## II. ANALYSIS

In its July 11 and August 5 letters, Plaintiff collectively raises three discovery

disputes that require the Court's resolution. The Court will address each in turn.

### A. Student Loan Borrower Documents

The first and most complex dispute involves Plaintiff's requests for certain student

loan borrower documents, (Doc. 95 at 1), that Defendants' have thus far refused to provide

because they assert that the documents belong to the Department of Education and the

Privacy Act, 5 U.S.C. § 552a, prohibits their release. (Doc. 97 at 1-2; *see also* Doc. 100 at

1). Plaintiff asserts that it is entitled to receive the borrower documents, which it claims are

"essential to identifying the universe of harmed consumers and quantifying damages."[2]

(Doc. 95 at 1). Plaintiff argues that the Privacy Act "is not a bar to the information sought,"

because the Privacy Act allows for disclosure of covered records "pursuant to an order of a

court of competent jurisdiction, 5 U.S.C. § 552a(b)(11)"; that "[t]he protective order in this

case . . . satisfies this exception"; and that the Privacy Act is "not a vehicle to resist

discovery of relevant information."[3] (Doc. 95 at 1-2).

---

[2] Plaintiff did not specifically identify the documents that are at issue in its July 11 letter or at the August 8
telephone conference. Instead, Plaintiff's letter referenced a February 2018 set of requests for production,
(Doc. 95 at 1), and included some of these requests in the form of a copy of Defendants' "Objections and
Responses to Plaintiff's Second Set of Requests for Production," (Doc. 95-1 at A4-28). Regardless, as
addressed below and in the Court's separate order, and without deciding burden or scope issues that are
not before the Court, the Court will require Defendants to produce all disputed borrower documents.
[3] Plaintiffs have stated that they attempted to obtain permission from the Department of Education to obtain
the borrower documents from Defendants pursuant to the Privacy Act's exceptions on the prohibitions on
disclosure, but that the Department "was not prepared to grant permission." (Doc. 95 at 1).

3

Defendants respond that they maintain the borrower documents on behalf of the Department of Education, which owns the documents, and that Defendants are required to follow the directives of the Department of Education with respect to disclosure of the documents. (Doc. 97 at 1-2.) Defendants state that the Department of Education requires third-parties, including Plaintiff, to obtain permission to get the documents in order to comply with the Privacy Act, which otherwise prohibits their release. (*Id.* at 2.) Defendants claim that the borrower document discovery dispute is really between Plaintiff and the Department of Education and not Plaintiff and Defendants, and should be resolved by them. (*Id.*)

The Court agrees with Plaintiff that Defendants cannot assert that the records may ultimately belong to the Department of Education or use the Privacy Act to shield the requested borrower documents from production. As an initial matter, there is no dispute that the borrower documents at issue are in the possession of Defendants, even if, as Defendants assert, they are owned by the Department of Education. (Doc. 97 at 1 (letter to the Court from Defendants' counsel stating "The records exist on Navient's systems, but they are the property of the federal government and subject to ED's control.")). Under Fed. R. Civ. P. 34(a)(1), requests can be made for production of documents, electronically stored information, and things in "the responding party's possession, custody, or control." The inquiry thus shifts to available privileges that Defendants' can assert to justify its refusal to produce the documents. *See* Fed. R. Civ. P. 26(b)(1) (scope of discovery includes "any *nonprivileged* matter that is relevant to any party's claim or defense" (emphasis added)).

4

The Privacy Act, 5 U.S.C. § 552a, does not provide such a discovery privilege.

*Laxalt v. McClatchy*, 809 F.2d 885, 888-89 (D.C. Cir. 1987); *Weahkee v. Norton*, 621 F.2d

1080, 1082 (10th Cir. 1980); *Johnson v. Folino*, 528 F. Supp. 2d 548, 552 (E.D. Pa. 2007);

*Forrest v. U.S.*, No. CIV. A. 95-3889, 1996 WL 171539, at *2 (E.D. Pa. Apr. 11, 1996);

*Adelman v. Brady*, CIV. A. No. 89-4714, 1990 WL 39147, at *2 (E.D. Pa. Mar. 28, 1990).

The Privacy Act generally prohibits government agencies from disclosing "records," which

are:

> any item, collection, or grouping of information about an individual that is
> maintained by an agency, including, but not limited to, his education, financial
> transactions, medical history, and criminal or employment history and that
> contains his name, or the identifying number, symbol, or other identifying
> particular assigned to the individual, such as a finger or voice print or a
> photograph

5 U.S.C. § 552a(4); *see also* 5 U.S.C. § 552a(b) ("No agency shall disclose any

record . . . ."). The Privacy Act also requires government agencies to apply the

protections mandated by the Privacy Act to record systems operated by government

contractors.[4] 5 U.S.C. § 552a(m)(1). The parties do not appear to dispute that the

borrower documents at issue in the discovery dispute are "records" as defined in the

Privacy Act.

Despite the Privacy Act's general prohibition on disclosure of records, the

Court agrees with the rulings of numerous courts that have found that the Privacy

---

[4] Although unnecessary to determine in ruling on this discovery dispute, the Court notes that the Second
Circuit has previously ruled that one of the Defendants in this case, Pioneer Credit Recovery, Inc., is not a
government agency. *See Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 125 (2d Cir. 2008).

Act does not create a qualified discovery privilege. *See, e.g., Laxalt*, 809 F.2d at 888

("The Privacy Act, however, does not create a qualified discovery privilege as that

concept is generally understood, and we find no basis in the statute or its legislative

history for inferring one."). "Therefore, a party can invoke discovery of materials

protected by the Privacy Act through the normal discovery process and according to

the usual discovery standards, and the test of discoverability is the relevance

standard of FRCP 26(b)(1)." *Forrest,* 1996 WL 171539, at *2 (citing *Laxalt*, 809 F.2d

at 889). Indeed, the Privacy Act's inclusion of an exception for release of records

pursuant to court order, 5 U.S.C. § 552a(b)(11), "make[s] it completely clear that the

[Privacy] Act cannot be used to block the normal course of court proceedings,

including court-ordered discovery." *Adelman*, 1990 WL 39147, at *2. Thus,

Defendants cannot rely on the Privacy Act to resist Plaintiff's document requests for

borrower documents, made in the course of discovery.[5] Without deciding burden or

scope issues not squarely before the Court, the Court will order that Defendants

must produce the disputed borrower documents.[6]

---

[5] The Court appreciates concerns regarding the potentially sensitive nature of personal information in the disputed borrower records, and expects the parties to comply with the provisions of the Stipulated Confidentiality Agreement and Protective Order, (Doc. 66-1), to safeguard the information.
[6] To avoid future disputes that discovery production in this matter is somehow barred by the Privacy Act, the Court's separate order explicitly states that all discovery production in this matter is made pursuant to the order of a court of competent jurisdiction.

6

## B. Former Employee Contact Information

The second discovery dispute involves Defendants' refusal to respond to Plaintiff's interrogatory seeking the identification of certain classes of current and former employees, including providing the employees "present or last known address, telephone number, and e-mail address." (Docs. 99 at 3-4, 99-1 at A12, A16-17, A27). Defendants produced lists that did not contain addresses, telephone numbers, or e-mail addresses of former employees. (Docs. 99 at 4, 99-1 at A129-30, 100 at 2). Defendants assert that they had previously told Plaintiff what information would be included in the spreadsheet they were providing, and that the spreadsheet would not contain contact information, with no contemporaneous objection by Plaintiff. (Doc. 100 at 2). Defendants also assert that producing the lists was burdensome, (*id.*), and raised a relevance objection at the August 8 telephone conference.

The Court finds it difficult to believe that Defendants, large and sophisticated corporate entities, would not retain in their records at least some contact information of former employees. The Court also finds that a list of former employees with mere "name[s], title[s], division[s], hire date[s], termination date[s], and the reasons for the termination[s]," (*id.*), with no associated contact information, is insufficient to respond to Plaintiff's otherwise reasonable discovery request. Accordingly, the Court will order that Defendants shall be required to produce last-known contact information, including present or last-known

7

address, telephone number, and e-mail address, that is contained in Defendants' records for the list of former employees at issue in the dispute.

## C. Extension of Fact Discovery and Subsequent Deadlines

The final discovery dispute concerns Plaintiff's request to extend fact discovery. (Docs. 95 at 2, 97 at 2-3). Plaintiff asserts that Defendants have dragged their feet on responding to discovery requests, Defendants have not yet fully responded to many discovery requests, and the complexity of Defendants' systems and data means that substantial additional time will be needed to review and analyze the data once Plaintiff obtains access. (Doc. 95 at 2). Plaintiffs request an extension of the fact discovery deadline to "five months from when Defendants complete their responses to the Bureau's written discovery requests." (Id.).

Defendants respond that Plaintiff's request is "an invitation to virtually endless discovery," that Defendants have been engaged in "strenuous efforts to conclude discovery in the face of sweeping [Plaintiff] demands for internal emails and other documents of attenuated relevance," and that any delays in completing discovery are essentially Plaintiff's fault. (Doc. 97 at 2-3). At the August 8 telephone conference, Defendants' counsel also noted the immense burden Plaintiff's expansive discovery requests has placed on Defendants, and that Defendants were ready to "cry uncle."

While the Court agrees with Defendants' understandable desire to bring discovery to a close and move the litigation forward, it also agrees with Plaintiff that more time is needed

to complete fact discovery.  As these most recent discovery disputes have illustrated, there is substantial production to be completed to ensure that the parties have a sufficient evidentiary foundation for pre-trial dispositive motions and beyond.  However, the Court will not grant Plaintiff's ill-defined request for a potentially lengthy extension, and will order that fact discovery close four months from the current deadline of August 9, 2018.  All subsequent deadlines will also be extended in accordance with the Court's previously granted extension of fact discovery.  (Doc. 82).  Given the already substantial length of discovery in this case, the Court advises the parties that it will not be predisposed to grant further discovery extensions.[7]

### III. CONCLUSION

For the reasons outlined above, the Court will order Defendants to produce the disputed borrower documents, order Defendants to produce former employee contact information, and extend the fact discovery deadline and all subsequent deadlines.  A separate Order follows.

Robert D. Mariani
United States District Judge

---

[7] The Court notes that at the August 8 telephone conference in response to a question from the Court, Plaintiff's counsel stated that it had not issued any requests for production of documents since February 2018 and that no further requests for production of documents would be forthcoming.  The Court also reminds the parties that its May 3, 2018 Order prohibits the parties from serving any additional interrogatories or requests for production of documents beyond those which have already been served. (Doc. 89 ¶ 7).