


1700 G Street NW,
Washington, DC 20552

November 20, 2018

**Filed Via ECF**

The Honorable Robert D. Mariani
U.S. District Court, Middle District of Pennsylvania
William J. Nealon Federal Bldg. & U.S. Courthouse
235 N. Washington Avenue
Scranton, PA 18503

    Re:    *CFPB v. Navient Corp., et al.*, Case No. 3:17-CV-00101-RDM

Dear Judge Mariani:

    I write on behalf of the Bureau to respond to Defendants' November 14 letter concerning the November 6 deposition of Theresa Ridder. As explained below, the Bureau properly objected to questions seeking opinion work product.

    Ms. Ridder is a Bureau investigator who worked entirely at the direction of Bureau enforcement attorneys and whose function in this matter was to interview potential third-party witnesses chosen by those attorneys. *See* A28-32.[1] Her relevant knowledge consists solely of information obtained from those witnesses during this litigation. Thus, in its initial disclosures, the Bureau disclosed that Ms. Ridder likely had information about "Defendants' contacts with certain consumers" (A7) – *i.e.*, not independent knowledge, but knowledge that came from the consumers. At that early stage, the Bureau disclosed Ms. Ridder because she had such discoverable information, but as noted in the initial disclosures, it did not waive any privilege in doing so. *See* A2; Fed. R. Civ. P. 26(b)(5)(A) ("discoverable" information can be privileged). Nonetheless, four weeks prior to Ms. Ridder's deposition, the Bureau – to make clear that it did not intend to use Ms. Ridder as a witness – indicated that it would be removing her from its initial disclosures because "now that [Defendants] have deposed the third-party witnesses that she interviewed and whom we may use to support our claims, she has no independent factual information to offer." A23. Defendants chose to proceed with the deposition anyway. At the deposition, the Bureau allowed questions concerning non-privileged matters such as her work generally, her background, and her knowledge about student loans, but not about the Bureau's work product (*i.e.*, her recollections regarding interviews with third-party witnesses as part of this matter).

    In attacking the Bureau's deposition objections, Defendants take issue with longstanding tenets of the work product doctrine. It cannot be disputed that Ms. Ridder's recollections of her interviews constitute "core" or "opinion" work product because they would necessarily reflect the "mental impressions, conclusions, opinion, or legal theories" of the attorneys who directed her. *See In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 663 (3d Cir. 2003). That opinion work product receives the highest level of protection under the work-product doctrine. *Id.* For example, in *In re Appeal of Hughes*, the Third Circuit held that the government could not compel a private investigator, acting as the attorney's agent, to testify about the results of the interviews he conducted. 633 F.2d 282, 290 (3d Cir. 1980). The court explained that "[t]hough [the investigator] would presumably have been speaking from memory, examination into his recollection of the

---

[1] "A__" refers to a page of the appendix of supporting documentation filed with this letter.

interview might have indirectly revealed his, and [the attorney's], mental processes." *Id.*; *see also R.D. v. Shohola Camp Ground & Resort*, 2018 WL 2364749, at *2 (M.D. Pa. May 24, 2018) ("As a general rule, private investigator interviews conducted on behalf of counsel in preparation of litigation are encompassed by the work product privilege."). Similarly, the process leading to the execution of declarations reflects attorney mental impressions and is privileged. *See, e.g., Burlington v. News Corp.*, 2010 WL 11474545, at *1 n. 1 (E.D. Pa. June 7, 2010) ("the changes [declaration] drafts undergo before being signed by the witness may well reveal the drafting lawyer's mental impressions and strategy").

The protection for opinion work product can be overcome "only upon a showing of rare and exceptional circumstances." *Cendant*, 343 F.3d at 663. For example, discovery concerning interviews conducted by attorneys and their agents may be allowed where the witness who was interviewed cannot be deposed. *See In re Grand Jury Investigation*, 599 F.2d 1224, 1231-32 (3d Cir. 1979) (denying discovery of all interviews except as to one pertaining to a deceased witness); *see also R.D.*, 2018 WL 2364749, at *2. But here, Defendants have deposed the third-party borrowers about whom they sought facts from Ms. Ridder. And Defendants are in possession of additional facts because they serviced the borrowers' loans. It is inappropriate to gather information about borrowers' loans from Ms. Ridder, who has no independent knowledge, and whose memory of witness interviews would reflect the mental impressions of the attorneys who directed her.

In actions brought by regulators, courts have held that depositions of legal staff regarding facts gathered during interviews would breach the work product doctrine, and have disallowed such discovery. *See SEC v. Buntrock*, 2004 WL 1470278, at *3 (N.D. Ill. June 29, 2004) ("No one at the SEC has any firsthand knowledge of the facts at issue in this case."); *SEC v. Rosenfeld*, 1997 WL 576021, at *3 (S.D.N.Y. Sept. 16, 1997) (denying discovery that "seeks to explore the extent of the SEC's knowledge," rather than "taking the necessary oral discovery from the witnesses with knowledge of the facts"); *FTC v. U.S. Grant Res., LLC*, 2004 WL 1444951, at *10 (E.D. La. June 25, 2004) (denying depositions that were an attempt "to discover the FTC's theories as to the underlying facts"); Order in *CFPB v. All-American Check Cashing, Inc.*, No. 3:16-cv-356 (S.D. Miss. Nov. 8, 2016) (attached as an exhibit to this letter), at 11 (disallowing depositions of Bureau investigators regarding their "[r]ecollections of communications with third parties," which "are inevitably suffused with the Bureau's attorneys' mental impressions"). Defendants have set forth no justification for a different result here.[2]

Accordingly, the Bureau requests that the Court deny the relief that Defendants have sought.

Respectfully submitted,
/s/ Nicholas Jabbour

---

[2] The cases cited by Defendants are inapposite. This is not a situation where recollections or notes have been publicly disclosed such that waiver has occurred (*see Fox v. Lackawanna Cty.*, 2018 WL 4095854, at *4-5 (M.D. Pa. Aug. 27, 2018)), nor is it a situation where the investigator's work has independent relevance (*see McSparran v. Commonwealth of Pa.*, 2016 WL 687992, at *1 (M.D. Pa. Feb. 18, 2016) (investigator's report was used at EEOC hearing); *EEOC v. Greater Metroplex Interiors, Inc.*, 2009 WL 412934, at *2 (N.D. Tex. Feb. 17, 2009) (investigator authored report that government planned to use at trial); *Rau v. Allstate Fire & Cas. Ins. Co.*, 2015 WL 3466134, at *3 (M.D. Pa. May 29, 2015) (plaintiff alleged that claims handling was done in bad faith); *Keefer v. Erie Ins. Exch.*, 2014 WL 901123, at *4-5 (M.D. Pa. Mar 7, 2014) (same)).