# APPENDIX TO THE BUREAU'S MOTION FOR AN ENLARGEMENT OF TIME TO COMPLETE DISCOVERY

| Exhibit | Date of exhibit | Description of exhibit | Beginning page number |
|---|---|---|---|
| 1 | August 24, 2018 | Data access protocol | A1 |
| 2 | November 20, 2018 to November 27, 2018 | Correspondence between Bureau and Defendants concerning discovery extension | A9 |

# Exhibit 1

## DATA ACCESS PROTOCOL

Plaintiff Bureau of Consumer Financial Protection (the "Bureau") and Defendant Navient Solutions, LLC ("Navient Solutions") agree that the following Access Protocol shall facilitate and govern the Bureau's access to certain data materials for purposes of providing information responsive to Requests 34 through 43 of the Bureau's Second Set of Requests for Production to Navient Solutions and to Interrogatories 18 and 20 of the Bureau's First Set of Interrogatories to Navient Solutions (collectively, the "Data Requests"). The parties' agreement is without prejudice to their respective rights and objections in regard to any written discovery previously served in this action.

### A. Preliminary Review of Data Materials

1. Prior to the deadline for fact discovery, and pursuant to the Clean Room Protocol described in Section C, Navient Solutions shall make available for review the following (collectively, the "Data Materials"):

   a) Real-time access to Navient Solutions' FDR, CLASS, CARES, Jack Henry, Artiva, Eagle, and Encore data and software systems, and any interfaces related to loan servicing and collections; real-time access to call recordings; and real-time access to the complaint database (collectively, the "Data Systems") to the extent applicable and available for i) borrowers with FFEL loans, ii) borrowers with private student loans, and iii) the following borrowers with Direct Loans: Zerlina Bonner and Nathan Neal,[1] serviced by Navient Solutions or its predecessor Sallie Mae, Inc. from 2010 to the present. The Data Systems are the systems used to service federal and private student loans and contain the data requested to the extent it exists. If the Data Systems do not encompass the data or information sought by the Data Requests,

---

[1] The Bureau's understanding based on Navient Solutions' representations is that the Data Systems used to service borrowers with Direct Loans operate in functionally the same way with respect to the running of scripts and queries as the Data Systems used to service borrowers with FFEL loans.

but the data or information is otherwise available to Navient Solutions, the parties will meet and confer concerning access.

2. Even though Navient Solutions is not making the Data Materials available for review for all borrowers with Direct Loans, the loans for which Navient Solutions is making the Data Systems available for review will allow the Bureau to access all of the Data Systems.[2]

3. Navient Solutions shall make the Clean Room available to the Reviewers during normal business hours for three business days that Navient Solutions is open between the hours of 9 a.m. to 5 p.m. ET, during dates that shall be agreed upon by the parties.

4. Navient Solutions will produce available data dictionaries and system reference guides for the Data Systems to the Bureau no later than August 24, 2018. The production will be available for pickup at WilmerHale's Washington, D.C. office by 5 PM on that date.

5. Navient Solutions shall provide one or more encrypted USB drives for the purpose of enabling the Bureau to take "screen shots" and documents directly accessible from the customer service interface (each, a "Document") during its review of the Data Materials. Each Document shall be assigned a unique document ID by the Bureau. The Document shall be saved on the encrypted USB drive(s) using the unique document ID as the file name. Navient shall retain the original encrypted USB drive(s). Within two days after access is completed, Navient Solutions shall send to the Bureau a copy of the encrypted USB drive(s) with all saved Documents, which

---

[2] The provision of access to data for any borrowers does not displace any obligation that Navient Solutions has to produce certain information about those borrowers pursuant to the August 8, 2018 teleconference with the Court.

shall be designated and treated as Confidential Information under the Protective Order.

6. All Data Materials accessed or produced under this Access Protocol shall be considered "Confidential Information" pursuant to the parties' Confidentiality Agreement and Protective Order accepted by the Court on November 3, 2017 (the "Protective Order").

7. Following inspection pursuant to the Clean Room Protocol, the parties shall meet and confer regarding any further access to the Data Materials.

**B.  Next Steps Following Preliminary Review**

1. Following the preliminary review described in Section A, the parties shall meet and confer. The parties will discuss any request by the Bureau for further access to the Clean Room and/or production of data that would contain information responsive to the Data Requests. With the understanding that the three-day period in Section A was for purposes of a preliminary review, Navient Solutions shall not contend that the three-day period constituted the time period during which the Bureau was supposed to obtain all information responsive to the Data Requests.

**C.  Clean Room Protocol**

1. Navient Solutions shall make real-time access to the Data Systems available by providing two or more Navient Solutions employees to facilitate view-only access to the Data Systems via two or more computers (to be supplied by Navient Solutions) located in a room in Navient Solutions' Wilkes-Barre, Pennsylvania offices (a "Clean Room"). Other than counsel, a maximum of two Navient Solutions employees will be present in the Clean Room to answer any technical questions that may be

reasonably necessary to facilitate the Reviewers' (defined *infra*) access to the Data Systems, to run scripts and queries that exist in the ordinary course of business,[3] and to ensure no inadvertent changes are made on the Data Systems.

2. Navient Solutions will provide a separate room for Reviewers to confer outside the presence of Navient Solutions employees ("Separate Room"). The Separate Room will contain two or more computers or monitors (to be supplied by Navient Solutions) that simultaneously display the same information as the computers in the Clean Room. The Bureau will only be able to change the information displayed on the computers or monitors in the Separate Room by communicating with the Navient Solutions employees in the Clean Room, who will be reachable by the Bureau via telephone or Skype available in the Separate Room. The telephone or Skype in the Separate Room will allow for the muting of conversations occurring in the Separate Room.

3. The Bureau shall provide to Navient Solutions the following information for each of the CFPB's employees, third-party vendors, and/or experts seeking access to the Clean Room (each, a "Reviewer"):

   a) First and last name;

   b) Telephone number;

   c) E-mail address; and

   d) Relationship with the Bureau.

---

[3] The Bureau will be able to request scripts or queries involving Direct Loans for borrowers not listed in section A.1, with the understanding that the Bureau will not be permitted to see the results of those scripts and queries if doing so would involve disclosure of information about Direct Loans for borrowers not listed in section A.1.

4. Authorized Reviewers may include the CFPB's employees, third-party vendors, and/or experts working under the supervision of the CFPB. All Reviewers shall have their identities established through the verification of a state or federally issued ID prior to being granted access to the Clean Room and Separate Room or any Data Materials.

5. No Reviewer shall have access to the Clean Room and Separate Room unless and until the Bureau has provided to Navient Solutions a copy, signed by that Reviewer, of an acknowledgment and agreement to be bound by the Protective Order. It shall be the responsibility of the Bureau to supervise the Reviewers and ensure their compliance with the terms of the Protective Order.

6. The Reviewers will be allowed to communicate with the Bureau, its agents, or its contractors from within the Clean Room or the Separate Room using a landline telephone to be supplied by Navient Solutions, for purposes of seeking technical assistance and guidance in identifying Data Materials to be reviewed (an "Assistance Call"). Other than an Assistance Call, no form of external communication from within the Clean Room or the Separate Room is permitted.

7. The Reviewers may bring one laptop (to be provided by the Bureau) for the exclusive purposes of off-line viewing of documents previously produced in this proceeding and of taking or viewing notes, except that the Bureau may not take notes that contain borrower account information. The Reviewers shall also be able to bring one cell phone per person solely to view text messages and missed calls while in the Clean Room and Separate Room, but otherwise there shall be no access to the internet, no outgoing texts, no emails, no phone conversations (except via the landline described

above), or other communications or connectivity of any kind, and no audio or video recording or taking of any photographs, while in the Clean Room and the Separate Room. The Reviewers may also bring food and beverages intended for consumption that day into the Clean Room and the Separate Room.

8. No outerwear, bags, or other communication, storage, or electronic devices other than the laptop, cell phones, and food and beverages described above may be taken into or used in the Clean Room or Separate Room for any other purpose, and Navient Solutions' monitors may conduct security screenings (including of any laptop brought by the Reviewer(s)) to ensure no unauthorized materials or items are taken into or out of the Clean Room or the Separate Room.

9. With the exception of Documents saved to the encrypted USB drive(s) described in paragraph A.5, no recordings or any other reproduction of non-public information accessed in the Data Systems may be taken from the Clean Room or the Separate Room.

10. Navient Solutions may put in place appropriate measures to ensure the security of Navient Solutions' data and to limit the Reviewers' access to other portions of the Wilkes-Barre facility.

11. Navient Solutions' counsel may, but are not required to, participate in any and all interactions between the Reviewers and any employees or agents of its client in the Clean Room, via telephone, or otherwise pursuant to this Protocol.

12. No audio or video recording, or photographing, of the Clean Room or the Separate Room will be conducted while the Reviewers are in the rooms. The landline and

Skype in the Clean Room and the Separate Room will not be monitored, captured, or recorded.

Dated: August 24, 2018

| | |
|---|---|
| /s/ Nicholas Jabbour | /s/ Jonathan E. Paikin |
| Nicholas Jabbour | Jonathan E. Paikin |
| *Attorney for Plaintiff Bureau of Consumer Financial Protection* | *Attorney for Defendant Navient Solutions, LLC* |

# Exhibit 2

**Jabbour, Nicholas (CFPB)**

| | |
|---|---|
| **From:** | Kearney, Daniel P. <Daniel.Kearney@wilmerhale.com> |
| **Sent:** | Tuesday, November 27, 2018 12:43 PM |
| **To:** | Jabbour, Nicholas (CFPB); Dryhurst, Karin; Paikin, Jonathan; Martens, Matthew T.; Dan Brier; dwalsh@mbklaw.com |
| **Cc:** | Johnson, Ebony (CFPB); Matthews, Andrea (CFPB); Lee, Nicholas (CFPB); Arreaza, Manuel (CFPB); Dudley, David (CFPB); Kim, Thomas (CFPB); Wagman, Lawrence (CFPB) |
| **Subject:** | RE: CFPB v. Navient Corp. et al (M.D. Pa.) |

Nick,

Following up our call yesterday, I can confirm that Defendants oppose a general extension of the fact discovery deadline.  Our position is that fact discovery should be left open for a brief time after Dec. 7 only to allow completion of the specific discovery tasks already identified by the parties—*i.e.*, production of borrower data, completion of noticed depositions, and any specific tasks that may be ordered by the Court (such as reopening of the Ridder deposition).  We are also willing to discuss a limited extension of expert discovery deadlines.

I ask that you accurately convey our position in any filing you may submit to the Court on this issue.

Regards,
Dan

---

**From:** Jabbour, Nicholas (CFPB) <Nicholas.Jabbour@cfpb.gov>
**Sent:** Monday, November 26, 2018 10:07 AM
**To:** Kearney, Daniel P. <Daniel.Kearney@wilmerhale.com>; Dryhurst, Karin <Karin.Dryhurst@wilmerhale.com>; Paikin, Jonathan <Jonathan.Paikin@wilmerhale.com>; Martens, Matthew T. <Matthew.Martens@wilmerhale.com>; Dan Brier <dbrier@mbklaw.com>; dwalsh@mbklaw.com
**Cc:** Johnson, Ebony (CFPB) <Ebony.Johnson@cfpb.gov>; Matthews, Andrea (CFPB) <Andrea.Matthews@cfpb.gov>; Lee, Nicholas (CFPB) <Nicholas.Lee@cfpb.gov>; Arreaza, Manuel (CFPB) <Manuel.Arreaza@cfpb.gov>; Dudley, David (CFPB) <David.Dudley@cfpb.gov>; Kim, Thomas (CFPB) <Thomas.Kim@cfpb.gov>; Wagman, Lawrence (CFPB) <Lawrence.DeMille-Wagman@cfpb.gov>
**Subject:** RE: CFPB v. Navient Corp. et al (M.D. Pa.)

Dan – Let's do 3:30.  We can use the following dial-in:

Bridge: 517-876-5582
Participant Passcode:  71824013

Thanks,
Nick

_____
**Nick Jabbour**
Enforcement Attorney
Bureau of Consumer Financial Protection
Office: 202-435-7508
Cell: 202-760-5237
Email: nicholas.jabbour@cfpb.gov
consumerfinance.gov

Confidentiality Notice: If you received this email by mistake, you should notify the sender of the mistake and delete the email and any attachments. An inadvertent disclosure is not intended to waive any privileges.

---

**From:** Kearney, Daniel P. [mailto:Daniel.Kearney@wilmerhale.com]
**Sent:** Monday, November 26, 2018 8:11 AM
**To:** Jabbour, Nicholas (CFPB); Dryhurst, Karin; Paikin, Jonathan; Martens, Matthew T.; Dan Brier; dwalsh@mbklaw.com
**Cc:** Johnson, Ebony (CFPB); Matthews, Andrea (CFPB); Lee, Nicholas (CFPB); Arreaza, Manuel (CFPB); Dudley, David (CFPB); Kim, Thomas (CFPB); Wagman, Lawrence (CFPB)
**Subject:** RE: CFPB v. Navient Corp. et al (M.D. Pa.)

Nick:  We are available for a call this afternoon to discuss the issues below.  Do you have time 1-2:30 or after 3:30?

Thanks,
Dan

---

**From:** Jabbour, Nicholas (CFPB) <Nicholas.Jabbour@cfpb.gov>
**Sent:** Wednesday, November 21, 2018 12:37 PM
**To:** Dryhurst, Karin <Karin.Dryhurst@wilmerhale.com>; Paikin, Jonathan <Jonathan.Paikin@wilmerhale.com>; Martens, Matthew T. <Matthew.Martens@wilmerhale.com>; Kearney, Daniel P. <Daniel.Kearney@wilmerhale.com>; Dan Brier <dbrier@mbklaw.com>; dwalsh@mbklaw.com
**Cc:** Johnson, Ebony (CFPB) <Ebony.Johnson@cfpb.gov>; Matthews, Andrea (CFPB) <Andrea.Matthews@cfpb.gov>; Lee, Nicholas (CFPB) <Nicholas.Lee@cfpb.gov>; Arreaza, Manuel (CFPB) <Manuel.Arreaza@cfpb.gov>; Dudley, David (CFPB) <David.Dudley@cfpb.gov>; Kim, Thomas (CFPB) <Thomas.Kim@cfpb.gov>; Wagman, Lawrence (CFPB) <Lawrence.DeMille-Wagman@cfpb.gov>
**Subject:** RE: CFPB v. Navient Corp. et al (M.D. Pa.)

Karin,

Thanks for your letter.  We are available to discuss the issues you outlined on or after 3 PM today, as well as anytime Friday or Monday.

In advance of our discussion, we have the following thoughts:
- We do not object to increasing the number of depositions that Defendants are allowed.
- We believe that fact and expert discovery should be extended for a period of three months to accomplish the tasks that remain, including: (a) any remaining depositions that the parties notice, (b) production of the data that the Bureau requested, and (c) any tasks that the Court orders at the December 10 hearing.  We believe that leaving the existing deadlines in place, while allowing tasks to be accomplished after those deadlines, would prejudice the Bureau because the Bureau has not had sufficient opportunity to review Defendants' documents productions, including the 450,000 documents recently produced, and because the Bureau needs time to analyze the data productions that will be forthcoming and to request calls based on those productions.

We look forward to discussing these issues with you.

Thanks again,
Nick

_____
**Nick Jabbour**
Enforcement Attorney
Bureau of Consumer Financial Protection
Office: 202-435-7508
Cell: 202-760-5237
Email: nicholas.jabbour@cfpb.gov

**consumerfinance.gov**

Confidentiality Notice: If you received this email by mistake, you should notify the sender of the mistake and delete the email and any attachments. An inadvertent disclosure is not intended to waive any privileges.

---

**From:** Dryhurst, Karin [mailto:Karin.Dryhurst@wilmerhale.com]
**Sent:** Tuesday, November 20, 2018 9:34 AM
**To:** Jabbour, Nicholas (CFPB); Johnson, Ebony (CFPB); Matthews, Andrea (CFPB); Lee, Nicholas (CFPB); Arreaza, Manuel (CFPB); Dudley, David (CFPB); Kim, Thomas (CFPB); Wagman, Lawrence (CFPB)
**Cc:** Paikin, Jonathan; Martens, Matthew T.; Kearney, Daniel P.; Dan Brier; dwalsh@mbklaw.com
**Subject:** CFPB v. Navient Corp. et al (M.D. Pa.)

Nick,

Please see the attached correspondence.

Thanks,
Karin

**Karin Dryhurst | WilmerHale**
1875 Pennsylvania Avenue NW
Washington, DC 20006 USA
+1 202 663 6248 (t)
+1 202 663 6363 (f)
karin.dryhurst@wilmerhale.com

**Please consider the environment before printing this email.**

---

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

WILMERHALE

November 20, 2018

**Karin Dryhurst**

+1 202 663 6248 (t)
+1 202 663 6363 (f)
karin.dryhurst@wilmerhale.com

**VIA ELECTRONIC MAIL**

Counsel for the Bureau of Consumer Financial Protection

    Re: *Consumer Financial Protection Bureau v. Navient Corporation, et al.*,
        Case No. 3:17-CV-00101-RDM (M.D. Pa)

Dear Counsel:

    As you know, the Court ordered discovery to close on December 7, and we have endeavored to work cooperatively with you to comply with the Court's directive. To that end, a few weeks ago, I specifically asked you to identify whatever remaining depositions the BCFP intended to notice so that we could complete them before the cutoff, especially given the Thanksgiving holiday. You responded that you did not have anyone else in mind—except for Leanne Carson. Yet, just three weeks later, you served six new notices and added four new witnesses to your disclosures that Navient now needs to depose. Needless to say, this eleventh-hour surprise complicates the parties' ability to meet the Court's deadline.

    Given the Court's admonishments about not extending discovery (again), we think it is important that we demonstrate that the parties are working cooperatively to promptly close out discovery. To that end, we propose that we file a joint request seeking (a) to increase the number of depositions Defendants are allowed, to reflect the new people added to the BCFP's list, and (b) to permit completion of the following tasks after the close of discovery on December 7:

- The BCFP's depositions of the six employees noticed on November 9 and November 13;
- Defendants' depositions of the four witnesses disclosed by the BCFP on November 9;
- Production of customer data files in response to the BCFP's data requests;
- Reopening of the deposition of Theresa Ridder to the extent ordered by the Court; and
- Production by the BCFP to the extent ordered by the Court following the December 10 hearing.

    Please let us know when you are available to discuss as soon as possible.

Sincerely,

*/s/ Karin Dryhurst*

Karin Dryhurst

Wilmer Cutler Pickering Hale and Dorr LLP, 1875 Pennsylvania Avenue NW, Washington, DC 20006

Beijing    Berlin    Boston    Brussels    Denver    Frankfurt    London    Los Angeles    New York    Palo Alto    Washington