IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CONSUMER FINANCIAL
PROTECTION BUREAU,
            *Plaintiff*,

v.

NAVIENT CORPORATION, *et al.*,
            *Defendants*.

Case No. 3:17-CV-101-RDM
(Judge Robert D. Mariani)

### NON-PARTY SETH FROTMAN'S MOTION TO QUASH SUBPOENA, STAY DEPOSITION, AND IN THE ALTERNATIVE FOR PROTECTIVE ORDER

Seth Frotman—the former Student Loan Ombudsman of the CFPB—hereby moves to quash Navient's subpoena to depose him on a breathtakingly broad array of topics—from the obviously privileged ("communications related to the investigation") to the plainly irrelevant (the "circumstances of [his] resignation"). Navient has refused to clarify or limit its lines of inquiry or explain their alleged relevance to any claims or defenses in this case. Instead, it has insisted that it need not even stick to its own proposed topics.

For the reasons given in Mr. Frotman's forthcoming memorandum, this Court should quash the subpoena under Federal Rule of Civil Procedure 45(d)(3). *First*, Navient cannot demonstrate the sort of extraordinary circumstances that courts demand before allowing depositions of former high-level officials concerning their government service. *Second*, Navient cannot demonstrate that it needs to

depose Mr. Frotman to get information relevant to this case—let alone that it can satisfy the heightened standard of relevance applicable to non-parties. *Third*, the proposed deposition would overwhelmingly cover information protected by the work-product doctrine and deliberative-process, law-enforcement, and attorney-client privileges.

Absent intervention by this Court, Navient's subpoena puts Mr. Frotman in an untenable situation: a choice between two incompatible legal commands. On the one hand, the subpoena commands Mr. Frotman to appear for Navient's open-ended fishing expedition. On the other hand, even if he wanted to spill the beans about privileged and confidential matters arising from his government service, as things stand Mr. Frotman is legally barred from testifying. Like most federal agencies, the CFPB has issued regulations, under *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), to give the agency a first crack at assessing burdensomeness, privilege, and confidentiality concerns—including protecting its "deliberative processes" and "ongoing investigations or enforcement proceedings." 12 C.F.R. § 1070.36. Until the agency (or this Court) can make an informed assessment of Navient's demands, Mr. Frotman's obligation is unambiguous: "[N]o employee or former employee of the CFPB shall, in response to a demand or request[,] provide oral or written testimony by deposition . . . concerning any official information." *Id.* § 1070.32(a). (Here, "official information" means "all information of any kind . . .

acquired by CFPB employees or former employees as part of their official duties or because of their official status." *Id.* §1070.30(e)(3).) If the deposition is not stayed, Mr. Frotman must "decline to comply with the demand." *Id.* §1070.35. Accordingly, Mr. Frotman also respectfully requests that this Court stay the proposed deposition (currently scheduled for December 14, 2018) while this motion to quash is pending.

Respectfully submitted,

*/s/ Deepak Gupta*

|  |  |
|---|---|
| Carlo Sabatini (PA 83831) | Deepak Gupta (DC 495451) |
| SABATINI FREEMAN LLC | GUPTA WESSLER PLLC |
| 216 North Blakely Street | 1900 L Street, NW, Suite 312 |
| Dunmore, PA 18512 | Washington, DC 20036 |
| Tel.: (570) 341-9000 | Tel.: (202) 888-1741 |
| Fax: (570) 504-2769 | Fax: (202) 888-7792 |
| *carlo@bankruptcypa.com* | *deepak@guptawessler.com* |

December 4, 2018                *Attorneys for Non-Party Seth Frotman*

## STATEMENT UNDER LOCAL RULE 26.3

I conferred with Navient's counsel in a good faith effort to resolve by agreement the issues raised by this motion without court intervention. As detailed in my declaration, Navient declined to address our inquiries concerning the breadth of its subpoena, its lack of relevance to claims and defenses in this case, and the overwhelmingly confidential and privileged nature of the information sought.

*/s/ Deepak Gupta*
Deepak Gupta

**CERTIFICATE OF SERVICE**

I hereby certify that on December 4, 2018, I electronically filed this motion through this Court's CM/ECF system. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

*/s/ Deepak Gupta*
Deepak Gupta