AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Middle District of Pennsylvania

| Consumer Financial Protection Bureau | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 3:CV-17-00101 |
| Navient Corporation, et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Seth Frotman

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See Exhibit 1

| Place: WilmerHale Office<br>1875 Pennsylvania Avenue, NW<br>Washington, DC 20006 | Date and Time:<br>10/24/2018 9:00 am |
|---|---|

The deposition will be recorded by this method: Videotape

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/2/2018

CLERK OF COURT

_____   OR   _____
Signature of Clerk or Deputy Clerk                Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Navient Corporation, et al.                                  , who issues or requests this subpoena, are:
Daniel Kearney, 1875 Pennsylvania Ave. NW, Washington, DC 20006, Daniel.Kearney@wilmerhale.com, (202) 663-6285

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 3:CV-17-00101

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit 1

# EXHIBIT 1

## DEFINITIONS

1. The term "Action" refers to the above-captioned action.

2. The term "Complaint" refers to the complaint filed on January 18, 2017 by the CFPB in this Action (Docket No. 17-00101).

3. The term "Servicing Practices" refers to student loan servicing policies and practices, including Communications regarding repayment options and forbearance, Communications regarding renewal of income-driven repayment options, Communications regarding eligibility for cosigner release, payment processing, and credit reporting for disabled Borrowers.

4. The terms "and" and "or" have both conjunctive and disjunctive meanings. All use of language in the following Deposition Topics that appears in the conjunctive form specifically includes the disjunctive form, and vice versa. All words that are used in their singular form include the plural form, and vice versa. The past tense shall be construed to include the present tense, and vice versa.

5. The term "all" means all, each, any, and every.

6. The term "Borrower" means any individual borrower of student loans.

7. The term "BCFP" means the Bureau of Consumer Financial Protection, including its officers and employees.

8. The term "including" means including without limitation.

9. The term "Communication" means the transmission, sending, and/or receipt of information of any kind by and/or through any means, including, but not limited to, speech, writings, language, computer electronics of any kind, magnetic tape, video tape, photographs, graphs, symbols, signs, magnetic disks, sound, radio and/or video signal, telephone, teletype, telecommunication, telegram, microfilm, microfiche, and/or other media of any kind.

10. The term "Person" means any natural person or any business, legal or governmental entity or association.

11. The term "relating to" means discussing, identifying, describing, reflecting, containing, analyzing, studying, reporting, commenting, evidencing, constituting, comprising, showing, setting forth, considering, recommending, concerning, explaining, referring to, or pertaining to, in whole or in part.

12. The term "Investigation" means the BCFP's investigation of Navient Corporation, Navient Solutions, and Pioneer for alleged violations of the Consumer

Financial Protection Act, the Fair Debt Collection Practices Act, and the Fair Credit Reporting Act continuing until the commencement of the Action.

13. The term "Navient Corporation" means Navient Corporation, as well as its predecessors in interest and successors in interest.

14. The term "Navient Solutions" means Navient Solutions, LLC, as well as its predecessors in interest and successors in interest.

15. The term "Pioneer" means Pioneer Credit Recovery, Inc., as well as its predecessors in interest and successors in interest.

16. The term "Defendants" means Navient Corporation, Navient Solutions, and Pioneer, collectively.

17. The term "Relevant Time Period" means June 17, 2009 through January 18, 2017.

18. The term "Third Party" means any Person or entity not named in this Action.

19. The term "Federal Loan Rehabilitation Program" means any program in which a borrower with federal student loans can bring those loans out of default status by making a series of on-time payments, including the programs described at 34 C.F.R. 674.39 and 34 C.F.R. 682.405.

20. The term "U.S. Department of Education" means the U.S. Department of Education and any offices, agencies, divisions, branches, or components within the U.S. Department of Education (including the Office of Federal Student Aid and the Office of the General Counsel).

21. The present tense shall include the past tense and the past tense shall include the present tense as necessary to bring within the scope of these Deposition Topics any information that might otherwise be construed to be outside their scope.

22. The singular shall include the plural and the plural shall include the singular as necessary to bring within the scope of these Deposition Topics any information that might otherwise be construed to be outside their scope.

23. The use of any Definition for the purposes of this Deposition shall not be deemed to constitute an agreement or acknowledgement on the part of Defendants that such definition is accurate, meaningful, or appropriate for any other purpose in this Action.

## **TOPICS FOR DEPOSITION**

The deposition will cover your former role as student loan ombudsman at the BCFP, including but not limited to:

1. Your knowledge of, participation in, and Communications related to the Investigation and the Servicing Practices alleged in the Complaint.

2. Your knowledge of, participation in, and Communications related to the BCFP's decisions, actions, and/or statements in connection with the Action.

3. Your communications and interactions with Third Parties, including the U.S. Department of Education and any other federal agencies, any State Attorney General, any members or staff of the U.S. Congress, consumer advocacy organizations, any employee, agent, or officer of the BCFP, and/or the media, relating to the Investigation or Action.

4. Your knowledge of the factual basis of the allegations in the Complaint.

5. Your public statements during the Relevant Time Period relating to the Investigation or this Action.

6. Your knowledge of and involvement in Communications between the BCFP and the U.S. Department of Education relating to proposed and final rules,

regulations, and guidance the BCFP or Department of Education considered or issued relating to Servicing Practices or Communications relating to the Federal Loan Rehabilitation Program that are the subject of allegations in the BCFP's Complaint filed in this Action.

    7.    The circumstances of your resignation from the BCFP.

    8.    The steps you have taken to prepare to answer questions on the foregoing topics.

---

**For your records**

10/02/2018
Check Number: VV2629
From: Disbursement Account
Amount: 48.00
Payable to: Seth Frotman

**DELUXE | eChecks**

Are you a business? To save time, money, and resources, make payments using Deluxe eChecks. Call 877-333-6964 to get started today!

**Questions?** Visit eChecks.com or call 877-333-6964

- This check was printed from an authorized check record. It is not a Check 21 Image Replacement Document.
- The details (pay to, amount, routing/account number) and authenticity of this check can be verified by visiting: echecks.com/verify

Does your financial institution have questions about this check?

### How to use this check
**Check appears upside down intentionally**

Need help? Visit eChecks.com or call 877-333-6964

| Step 1 | Step 2 | Step 3 |
|---|---|---|
| **Print the check** | **Validate it printed correctly** | **Deposit like normal** |
| ✓ Any printer works | ✓ Correct if bank numbers are: | 1. Cut on the dotted line above |
| ✓ Black or color ink | Clearly printed in dark black ink | 2. Endorse the back |
| ✓ Basic white paper | Parallel to edge of the page | 3. Deposit like normal: |
| | Centered in white space | In-person at a bank or credit union |
| | ✗ Reprint if bank numbers are: | Using an ATM |
| | Cut off, skewed, or off-center | Via smartphone mobile deposit |
| | Smudged or wrinkled | With an office check scanner |
| | Too light to read | |

**Bank or credit union questions?** More info below.

---

Cut along this line ✂

Official eCheck

**Disbursement Account**
**VOID AFTER 6 MONTHS**
(212) 571-2151
Church Street Station - PO BOX 297
New York, NY 10008-2151

This is a Deluxe eCheck. Use the Check Verification service provided by the Deluxe Corporation if you wish to confirm that this check was issued by the account holder and remains unmodified from the original electronic document.
https://my.echecks.com/verify.

VV2629

Date | 10/02/2018
Void after 90 days

PAY TO THE ORDER OF | Seth Frotman          $ 48.00
                      Payee

Forty-eight and 00/100                              Dollars

Sterling National Bank

Memo | Consumer/WilmerHale

⑆ 082190005 ⑆ ⑉021909300⑉ 200061280 1⑈ 1⑈ 52 92 00⑈