IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CONSUMER FINANCIAL<br>PROTECTION BUREAU,<br><br>Plaintiff,<br><br>v.<br><br>NAVIENT CORPORATION, et al.,<br><br>Defendants. | :<br>:<br>:<br>:<br>:  3:17-CV-101<br>:  (JUDGE MARIANI)<br>:<br>:<br>:<br>: |

## ORDER

AND NOW, THIS 21ST DAY OF DECEMBER, 2018, upon consideration of the discovery disputes discussed at the December 10, 2018 hearing, **IT IS HEREBY ORDERED THAT**:

1. Defendants' request for the production of all non-privileged documents that mention "Navient" or "Pioneer" is **GRANTED**. Plaintiff shall produce to Defendants all non-privileged documents that mention "Navient" or "Pioneer." To the extent Plaintiff claims that a privilege applies to justify withholding documents, Plaintiff shall produce an appropriately detailed privilege log. **Within 14 days of the date of this Order,** the parties shall meet and confer to discuss and establish a reasonable schedule for production of the documents. Should the parties be unable to agree on a reasonable production schedule, they shall so inform the Court.

2. As the parties have consented to the appointment of a special master to address issues surrounding the CFPB's claims of privilege, **within 14 days of the date of this Order**, the parties shall provide recommendations to the Court as to their preferred candidates for the agreed upon appointment of a special master pursuant to Fed. R. Civ. P. 53. Should the parties be unable to agree upon the identity of a special master, the Court will make such an appointment in its discretion and without regard to the recommendations made by either party. The Court will subsequently issue a separate order appointing the special master and establishing the authority and duties of the special master.

3. Defendants' request to reopen the deposition of CFPB investigator Theresa Ridder is **GRANTED IN PART**. Defendants are only permitted to ask Ms. Ridder the following questions:

    a. "How many borrowers have you interviewed for the Navient investigation?"

    b. "For how many borrowers have you served as a point of contact?"

   Defendants may, in lieu of reopening the deposition, seek written answers to these questions.

4. Plaintiff's Motion for an Enlargement of Time to Complete Discovery (Doc. 117) is **GRANTED AS MODIFIED**. Fact discovery shall close on **June 7, 2019**. Subsequent litigation deadlines shall be modified consistent with the Court's August 10, 2018 Order extending discovery deadlines, (Doc. 104):

a. All potentially dispositive motions shall be filed no later than **November 7, 2019**. If filing a motion for summary judgment, counsel shall provide the Court with a courtesy copy of that motion, supporting brief, and all accompanying exhibits. Counsel for the non-moving party shall also provide a courtesy copy of the brief in opposition to the motion for summary judgment and all accompanying exhibits.

b. Reports from Plaintiff's experts shall be due by **July 8, 2019**.

c. Reports from Defendants' experts shall be due by **August 8, 2019**.

d. Supplementations shall be due by **September 9, 2019**.

e. All expert discovery shall be commenced in time to be completed by **October 9, 2019**.

                                                   Robert D. Mariani
                                                   United States District Judge