IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, | : |
| Plaintiff, | : |
| v. | : 3:17-CV-101 |
| | : (JUDGE MARIANI) |
| NAVIENT CORPORATION, et al., | : |
| Defendants. | : |

### ORDER

The parties have agreed to the appointment of the Honorable Thomas I. Vanaskie (Retired) as the special master ("Special Master") in this case. (Doc. 134 at 76:7-77:14, Doc. 136, Doc. 141). Pursuant to Fed. R. Civ. P. 53(b)(3)(A), Judge Vanaskie has filed an affidavit with the Court confirming that he has no grounds for disqualification under 28 U.S.C. § 455. (Doc. 157). Accordingly, the purpose of this Order is to appoint Judge Vanaskie as the Special Master, establish his duties and authority, outline the procedures to which he and the parties shall adhere, and state the basis for his compensation, in accordance with Fed. R. Civ. P. 53(b)(2).

AND NOW, THIS __16th__ DAY OF JANUARY, 2019, IT IS HEREBY ORDERED THAT:

1. The **Honorable Thomas I. Vanaskie** is hereby appointed Special Master in the above-captioned action. The Clerk of Court is directed to cause a copy of this Order

to be served on the **Honorable Thomas I. Vanaskie**, and to make the file in this case available to him at his convenience.

2. The Special Master's duties are to decide all current and future discovery disputes in this action, except for the discovery dispute regarding the deposition of non-party Seth Frotman ("Frotman") (see Doc. 123, Doc. 124, Doc. 125, Doc. 128, Doc. 131, Doc. 138, Doc. 143).[1] These discovery disputes include, but are not limited to the discovery disputes which are the subject of or have otherwise arisen from this Court's previous orders or which are the subject of correspondence from counsel to the Court, including the following:

   a. The Court's May 3, 2018 Order regarding discovery disputes. (Doc. 89).

   b. The Court's August 10, 2018 Order regarding discovery disputes. (Doc. 104).

   c. Defendants' December 17, 2018 letter to the Court regarding the relevance of withheld documents. (Doc. 139).

   d. The Court's December 21, 2018 Order regarding discovery disputes. (Doc. 141).

   e. Plaintiff's December 24, 2018 filing with the Court responding to Defendant's December 17, 2018 letter. (Doc. 144).

---

[1] The Court will issue a separate Order for Plaintiff, Defendants, and Frotman to submit a joint letter to the Court stating their positions regarding the referral of the deposition dispute to the Special Master.

    f. Plaintiff's December 27, 2018 letter to the Court asserting Defendants' refusal to provide an adequate privilege log. (Doc. 147).

    g. The Court's January 2, 2019 Order referring the discovery dispute raised in Plaintiff's December 27, 2018 letter to the Special Master to be appointed by the Court. (Doc. 150).

    h. Defendants' January 7, 2019 letter to the Court in response to Plaintiff's December 27, 2018 letter. (Doc. 153).

    i. Defendants' January 11, 2019 letter to the Court regarding Plaintiff's production. (Doc. 155).

    j. Plaintiff's January 11, 2019 letter to the Court regarding a schedule for production of documents that mention the terms "Navient" or "Pioneer." (Doc. 156).

The Special Master's authority in the execution of these duties shall be the same as those set forth in Fed. R. Civ. P. 53(c). *See* Fed. R. Civ. P. 53(b)(2)(A).

3. If necessary in executing his duties, the Special Master may communicate *ex parte* with the Court. The Special Master may not communicate *ex parte* with the parties. Fed. R. Civ. P. 53(b)(2)(B).

4. The Special Master shall submit reports to the Court as requested by the Court. Any order, report, or recommendations of the Special Master shall be filed with the clerk and served upon the parties in accordance with Fed. R. Civ. P. 53(d) and (e). The

Special Master shall preserve all materials submitted to him, whether or not filed of record or submitted under seal or in camera, as the record of the Special Master's activities. Fed. R. Civ. P. 53(b)(2)(C).

5. Any objection to or appeal from the Special Master's orders, reports, or recommendations shall be undertaken in accordance with the procedures set forth in Fed. R. Civ. P. 53(f). Fed. R. Civ. P. 53(b)(2)(D).

6. The compensation of the Special Master shall be allocated equally between Plaintiff and Defendants. The Special Master has advised the Court that the hourly rate for his services is $700. The parties shall jointly meet and confer with the Special Master to discuss the payment schedule for his compensation and such costs as he may reasonably incur in the performance of his duties as Special Master in accordance with Fed. R. Civ. P. 53(g) and shall notify the Court of any agreed upon schedule of payment.

7. In accordance with Fed. R. Civ. P. 53(b)(4), this Order "may be amended at any time after notice to the parties and an opportunity to be heard."

Robert D. Mariani
United States District Judge