# EXHIBIT 8

Exhibit 8

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Consumer Financial Protection Bureau,

    Plaintiff,

    v.

Navient Corporation, *et al.*,

    Defendants.

Case No. 3:17-CV-00101-RDM
(Hon. Robert D. Mariani)

## PLAINTIFF'S THIRD
## SUPPLEMENTAL AND AMENDED INITIAL DISCLOSURES

Pursuant to Rules 26(a)(1)(A) and 26(e)(1) of the Federal Rules of Civil Procedure, the Bureau provides the following information to supplement and amend the initial disclosures served upon Defendants Navient Corporation, Navient Solutions, LLC ("Navient" or "Navient Solutions"), and Pioneer Credit Recovery, Inc. ("Pioneer") on May 10, 2017 ("Opening Disclosures"); the first supplement served on October 20, 2017 ("First Supplement"); and the second supplement served on February 27, 2018 ("Second Supplement"). The Bureau reserves the right to clarify, revise, or correct any of its disclosures, and may provide further supplementation as appropriate under Federal Rule of Civil Procedure 26(e). No information contained in these disclosures should be construed as a waiver of any applicable privilege, including, but not limited to, the

attorney work product privilege, the attorney-client privilege, or the deliberative process privilege.

I. **Rule 26(a)(1)(A)(i): "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment"**

The individuals described below are likely to have discoverable information that the Bureau may use to support its claims. Because discovery in this action is ongoing, any description of an individual's knowledge or information should not be read to limit the subject matter(s) about which particular individuals may have discoverable information.

   A. **Current and Former Employees of Defendants**

As previously communicated to Defendants, the Bureau has removed Morgan Anderson from its Second Supplement. With respect to the three other former employees identified in the Second Supplement, the scope of their information and knowledge is supplemented to include all testimony relating to the claims in this case that they provided at their depositions.

In addition, the Bureau adds the names of the following current and former employees, who have the information and knowledge that includes

the testimony that they provided at their depositions relating to the claims in this case: Johnathan Powell, Nicole Garnett, Bob Montgomery, Jennifer Domenick, Brad Jones, Robert Sommer, Kevin Woods, Patricia Potomis, Brian Lanham, Hans Stullken, Mike Sheikh, and Holli Jeckel. These witnesses can be contacted through Defendants' counsel.

Finally, the Bureau adds the following former employees:

| Name | Contact Information** | Date of Interview | Description of Information or Knowledge |
|---|---|---|---|
| Janet Oliver | | October 2018 | Ms. Oliver, formerly a Servicing Specialist I, has information and knowledge concerning call center practices regarding communications with borrowers, including that call handle time was regularly tracked; that there was pressure to reduce call time; that she and her co-workers understood that it was often difficult to meet call time targets and give borrowers adequate information about repayment options; and that she received feedback to not overeducate borrowers about repayment options as a means of reducing call time. |
| Jamie Keenan | | October and November 2018 | Ms. Keenan, formerly a Collections Specialist II, has information and knowledge concerning call center practices regarding communications with borrowers, including that she and others placed borrowers' loans into forbearance without adequately advising them about repayment options such as IDR plans; that collectors were motivated by their bonuses to resolve as many delinquencies as possible, and using forbearance was often a fast means to do so; and that at the end of the month, when collectors knew they were short on hitting their targets, use of forbearance increased as a way to quickly resolve accounts. |
| Kyle Pattinson | | October and November 2018 | Mr. Pattinson, formerly a Collections Specialist I, has information and knowledge concerning call center practices regarding communications with borrowers, including that the training, compensation, and actual practice for resolving delinquent accounts focused on obtaining a payment and/or placing a borrower in deferment or forbearance. |

| Ana Quinones | ▮▮▮▮ ▮▮▮▮ ▮▮ | October 2018 | Ms. Quinones, formerly a Collections Specialist I, has information and knowledge concerning call center practices regarding communications with borrowers, including that the process for resolving accounts was focused more heavily on placing borrowers in forbearance than IDR, and that agents had the incentive to use forbearance versus IDR to resolve accounts. |
|---|---|---|---|

\*\* Please serve witnesses at listed addresses, and not at places of employment.

### B. Consumers

As previously communicated to Defendants, the Bureau has removed ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ from its Second Supplement. With respect to the other consumers identified in the Second Supplement, the scope of their information and knowledge is supplemented to include all testimony relating to the claims in this case that they provided at their depositions.

### C. Federal and State Government Agencies

The Bureau indicated in its Opening Disclosures that the U.S. Department of Education may have discoverable information that the Bureau may use to support its claims. The Bureau now adds the names of the following employees of the U.S. Department of Education, who have the information and knowledge that includes the testimony that they provided at their depositions relating to the claims in this case: Cynthia Battle, Mark

LaVia, Lisa Tessitore, and John Kane. These individuals can be contacted through Assistant U.S. Attorney Joshua Kolsky, who represented them in connection with their depositions.

### D. Bureau Employees

As previously communicated to Defendants, the Bureau has removed Theresa Ridder from its Opening Disclosures.

## II. Rule 26(a)(1)(A)(ii): "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment"

In addition to the categories of documents identified in the Opening Disclosures, the Bureau may use the following categories of documents, electronically stored information, and tangible things to support its claims or defenses:

- Transcripts of depositions conducted during this litigation (including the exhibits to those depositions).

- Documents (including electronically stored information) and responses to interrogatories produced by the Bureau to Defendants.

- Documents (including electronically stored information) produced to the Bureau by the i3 Group and subsequently re-produced by the Bureau to Defendants.
- Documents (including electronically stored information) obtained by Defendants from the U.S. Department of Education and subsequently re-produced by Defendants to the Bureau.
- Documents (including electronically stored information) and responses to interrogatories produced by Defendants in this litigation.
- Documents produced by borrowers to the Bureau and subsequently re-produced by Defendants, as well as documents produced by borrowers to Defendants and subsequently re-produced to the Bureau.

All of the foregoing categories of documents, as well as the categories of documents identified in the Opening Disclosures, are located at the Bureau's offices at 1990 K Street, NW, Washington DC 20006, and at 1700 G Street, NW, Washington DC 20552. The addresses listed in the Opening Disclosures are no longer valid.

Dated: November 9, 2018

Kristen Donoghue
*Enforcement Director*

David Rubenstein
*Deputy Enforcement Director*

Thomas Kim
*Assistant Deputy Enforcement Director*

__/s/ Nicholas Jabbour_____
Nicholas Jabbour, DC 500626
(Nicholas.Jabbour@cfpb.gov; 202-435-7508)
Ebony Sunala Johnson, VA 76890
(Ebony.Johnson@cfpb.gov; 202-435-7245)
Nicholas Lee, DC 1004186
(Nicholas.Lee@cfpb.gov; 202-435-7059)
Manuel Arreaza, DC 1015283
(Manuel.Arreaza@cfpb.gov; 202-435-7850)
Andrea Matthews, MA 694538
(Andrea.Matthews@cfpb.gov; 202-435-7591)
David Dudley, DC 474120
(David.Dudley@cfpb.gov; 202-435-9284)
*Enforcement Attorneys*

1700 G Street NW
Washington, DC 20552
Fax: 202-435-9346

*Attorneys for Plaintiff*

# **CERTIFICATE OF SERVICE**

I certify that on November 9, 2018, I served the foregoing document by email to the following counsel for Defendants:

    Jonathan Paikin: jonathan.paikin@wilmerhale.com
    Daniel P. Kearney, Jr.: Daniel.kearney@wilmerhale.com
    Matthew T. Martens: matthew.martens@wilmerhale.com
    Karin Dryhurst: Karin.dryhurst@wilmerhale.com
    Donna A. Walsh: dwalsh@mbklaw.com
    Daniel T. Brier: dbrier@mbklaw.com

Mr. Kearney, on behalf of Defendants, previously consented to electronic service.

        /s/ Nicholas Jabbour
        Nicholas Jabbour, DC 500626
        Nicholas.Jabbour@cfpb.gov
        1700 G Street NW
        Washington, DC 20552
        Phone: 202-435-7508
        Fax: 202-435-9346

        *Attorney for Plaintiff*