

January 25, 2019

**VIA ECF**

Judge Thomas I. Vanaskie
JAMS, Inc.
1717 Arch St., Suite 3810
Philadelphia, PA 19103

    Re:  Defendants' Discovery Status Report
           *CFPB v. Navient Corp. et al.*, No. 3:17-CV-00101 (M.D. Pa.)

Dear Judge Vanaskie:

    Pursuant to your January 17, 2019 Order, Defendants respectfully submit this concise report summarizing discovery disputes.

    **Defendants' discovery to date:** The CFPB's investigation of Defendants commenced more than five years ago, in September 2013. At that time, the CFPB served its first request for documents regarding Defendants' student loan servicing and collection practices. Defendants cooperated with that investigation, producing more than 450,000 pages of documents, answering dozens of interrogatories, preparing data reports, and providing nine witnesses for testimony. This lawsuit was filed on January 18, 2017. Fact discovery was initially set to close on May 11, 2018, but it has been extended multiple times at the CFPB's request; it is now set to close on June 7, 2019.

    The discovery completed to date has been extraordinary in scope. Defendants have responded to numerous interrogatories, completed a rolling production of almost *six million* pages of documents on October 4, 2018 (including hundreds of thousands of internal company emails), and produced multiple iterations of privilege logs, including a final detailed document-by-document privilege log produced on October 9, 2018. In addition, Defendants produced records for more than six million borrowers on January 10, 2019. Defendants have taken thirty depositions and defended twenty-four depositions. Nine additional depositions have been noticed.

    Defendants' substantial production obligations are essentially complete. The only remaining issues are: (1) Defendants are in the process of collecting a small set of additional borrower materials in response to a request sent by the CFPB on December 7, 2018; and (2) The CFPB has indicated that it wants Defendants to produce several thousand borrower call recordings, but has yet to identify the calls that it is requesting. On January 18, 2019, Defendants asked the CFPB to promptly identify the desired call recordings so that the parties

*Judge Thomas I. Vanaskie*
*January 25, 2018*
*Page 2*

can meet and confer to discuss next steps and any production can be completed ahead of the June 7 discovery deadline.

**CFPB's discovery to date:** The CFPB's discovery has been less expansive. The CFPB initially represented that it identified 478,000 documents as responsive to its search terms. Ultimately, the CFPB only produced 11,000 documents, many of which are duplicates, publicly available documents, and heavily redacted documents. The CFPB also withheld a substantial number of documents based on qualified deliberative process and law enforcement privileges.

Set forth below is a summary of the pending discovery disputes:

1. **CFPB's production of documents containing the search terms 'Navient' or 'Pioneer'.** In its December 21, 2018 Order ("December Order"), the Court "order[ed] the CFPB to turn over all non-privileged documents that mention 'Navient' or 'Pioneer.'" Ex. 1 at 7. During the December 10, 2018 Discovery Hearing ("December Hearing"), the CFPB stated that at least 55,000 documents contained one of these terms, but refused to clarify whether that number included full document "families" (*e.g.*, parent emails and their attachments), even after Defendants' counsel expressly noted this lack of clarity.[1] The Court recognized this ambiguity in its December Order, ordering the CFPB to turn over the documents "[r]egardless of the exact number of documents at issue." Ex. 1 at 5.

The CFPB asserts that the Court's December Order excluded attachments/parents and instead requires production of only documents that hit on the search term 'Navient' or 'Pioneer.' Defendants believe that the standing Discovery Order in this case requires the production of document families,[2] that nothing in the Court's December Order abrogates that requirement, and that withholding parents/attachments would deprive Defendants of critically relevant information necessary to understanding the documents. Further, Defendants' productions have included full families. The parties' respective positions are detailed in the letters attached as Exhibits 4 and 5.

2. **The CFPB's deficient log and claims of qualified privileges.** The CFPB has produced three privilege logs, each of which (Defendants assert) is vague and conclusory. Currently at issue are 35 categories of documents from the first two logs,[3] totaling roughly 800 documents, as to which the CFPB has claimed a governmental privilege without adequately

---

[1] "[P]art of what is not clear to us ... is whether that [number] includes families, which, by that, I mean, just because they will – they'll be the main document, there could be attachments to the document." Ex. 2 at 39:24 – 40:5

[2] The November 17, 2017 Discovery Order, adopted by the Court and stipulated to by the parties, is attached at Exhibit 3. The relevant portion is on page 8, paragraph (k).

[3] The third log, produced in October 2018, suffers from many of the same flaws as the first two logs. The parties agreed to table that dispute until receiving guidance from the Special Master on the first two logs, which will inform a resolution of the issues with the third log. Ex. 1 at 8, n. 3.

*Judge Thomas I. Vanaskie*
*January 25, 2018*
*Page 3*

explaining the basis for such an assertion. The Court agreed "that many of the categories listed on the privilege logs, appear, on their face, to insufficiently state a claim of privilege." Ex. 1 at 7; *see also* Ex. 2 at 48:22-49:4 (the Court listing the categories it initially determined did not present a valid claim of privilege). Accordingly, the Court "appoint[ed] a special master to sort through the CFPB's claim of privilege, most likely through *in camera* review of the purportedly privileged documents." Ex. 1 at 7.

Because the privileges asserted by the CFPB are qualified, they are subject to a balancing test weighing the interest in protecting internal deliberations from public disclosure against the relevance of the materials to the case. This lawsuit was brought by the CFPB concerning Defendants' actions under a government contract with, and subject to extensive oversight and direction by, the Department of Education. Discussions within the government about policies and requirements governing Defendants' conduct—including discussions relating to the government's knowledge or approval of that conduct—are critically relevant to defenses that will be tried before the jury in this matter. The Court has already held that communications between the CFPB and the Department of Education are relevant to this case. Ex. 6 at 11.

At the December Hearing, the Court asked Defendants to attempt to describe the potential relevance of the documents in the 35 challenged categories, but noted that "it's possible you'll come to me and tell me that you can't discern the relevance," Ex. 2 at 82:24-25, given that Defendants "can hardly be expected, it seems, to know the relevance of documents, when the very objection you have is that the assertion of privilege is insufficiently descriptive to allow you to determine whether or not the documents are relevant." Ex. 2 at 78:2-6. Defendants nonetheless made a good faith effort, based on the scant and generic information the CFPB provided, to explain the relevance of the documents in those 35 categories. Defendants' filing is attached as Exhibit 7, and the CFPB's response as Exhibit 8.

**3. Sufficiency of the CFPB's privilege log in connection with its upcoming production.** The Court's December Order directed that for the upcoming production of documents mentioning "Navient" or "Pioneer" (#1 above), "[t]he CFPB shall provide an *appropriate and detailed* log in the event it withholds any documents based on privilege." Ex. 1 at 7. (Emphasis added.) The Court also directed the parties to agree on a production schedule, and Defendants reluctantly agreed to a deadline of April 30, 2019. But given that only five weeks will remain in discovery and the conclusory nature of the CFPB's prior logs, Defendants requested that the CFPB's log provide at least as much detail as Defendants' document-by-document privilege log. The CFPB refused. The parties' filings on this issue are attached in Exhibits 4 and 5, respectively.

**4. CFPB's challenges to Defendants' privilege log.** Defendants produced a final log on October 9, 2018. The CFPB did not raise a single issue with that log until the Court appointed a Special Master to review the CFPB's insufficient privilege assertions. Without conferring, the CFPB filed a letter with the Court on December 27, 2018, attached as Exhibit 9. Defendants' response (Exhibit 10 attached) explains that Defendants' document-by-document log fully complies with the Discovery Order and provides far more detail than the CFPB's logs.

*Judge Thomas I. Vanaskie*
*January 25, 2018*
*Page 4*

Moreover, any time the CFPB has had questions about particular entries on prior versions of the log, Defendants have provided further information and remain willing to do so if reasonable and appropriate.

Defendants will attend the status conference in person on Monday, and look forward to the opportunity to discuss the history and posture of this matter as well as the particularized items (A – H) in your Order dated January 22, 2019.

Respectfully,

Daniel T. Brier

DTB:cak
Enclosures