

February 4, 2019

Honorable Thomas I. Vanaskie
JAMS, Inc.
1717 Arch Street
Philadelphia, PA 19103

    Re:    <u>Consumer Financial Protection Bureau v. Navient Corp., et al. – No. 17-101</u>

Dear Judge Vanaskie:

    The parties filed status reports on Friday, January 25, ahead of the status conference on Monday, January 28. In its status report, the CFPB for the first time re-framed the dispute regarding the parties' privilege logs as whether the Discovery Order "contains an exhaustive list of fields that should be used to adequately assert privileges." Defendants' first opportunity to respond occurred during the status conference. Defendants respectfully submit this letter to provide further context for the dispute.

    Defendants have not claimed that the Discovery Order sets forth the only information that should be provided to support the parties' privilege assertions. Instead, Defendants' position has been that the Discovery Order details the requirements for a privilege log sufficient for the receiving party to assess and challenge the producing party's privilege assertions. Rather than challenge specific privilege assertions, however, the CFPB has challenged the sufficiency of Defendants' log almost in its entirety, asking Defendants to re-review tens of thousands of documents.

    As Your Honor noted, the Federal Rules have in mind the just, speedy and inexpensive determination of every action and proceeding. Fed. R. Civ. P. 1. In particular, Rule 26(f) was amended to direct the parties to confer "as soon as is practicable" regarding the discovery of electronically stored information ("ESI"), including "any issues about claims of privilege." Fed. R. Civ. P. 26(f)(1), (f)(3)(D). Such a "discussion at the outset may avoid later difficulties or ease their resolution." Rule 26(f) Advisory Committee Note to the 2006 amendments. Experts therefore suggest that parties agree ahead of time to "make use of protocols, processes, tools, and technologies to reduce the costs and burdens" associated with making privilege assertions in cases with voluminous ESI discovery. *See* 17 Sedona Conf. J. 101, 154–72; Hon. John M. Facciola and Jonathan M. Redgrave, *Asserting and Challenging Privilege Claims in Modern Litigation: The Facciola-Redgrave Framework*, 4 Fed. Cts. L. Rev. 19, 44–50 (2009). To that end, Defendants and the CFPB conferred and agreed to a detailed discovery protocol that detailed the requirements of the privilege logs in this matter.

On April 25, 2017, Defendants sent the CFPB a draft ESI protocol that set forth the same information listed in paragraphs (a)–(h) of the Discovery Order, including that such information be "extracted in an automated fashion via available metadata." The next day, the parties held a Rule 26(f) conference and discussed the proposed protocol. Two days later, Defendants sent a revised draft incorporating comments from the discussion. Three months later, on July 28, 2017, the CFPB responded with proposed revisions, including a revision that the parties "may use a categorical log," and that if using a traditional log, the information "may be extracted in an automated fashion via available metadata." The CFPB did not propose any additions to paragraphs (a)–(h). Ultimately, the parties submitted the proposed Discovery Order to the Court, Doc. 66-2. The Court acknowledged the parties' agreement and stated that it would "enforce [it] as such." Doc. 67.

Defendants relied on the Discovery Order when drafting the review protocol provided to the attorneys conducting the privilege review and when training those attorneys. The review protocol and the coding in Defendants' review database anticipated the production of a categorical privilege log and automated reliance on metadata. Over 100 attorneys spent over 41,000 hours reviewing documents for privilege in reliance upon the Discovery Order. Defendants initially produced a categorical log as contemplated in the Discovery Protocol. When the CFPB asked for more information than provided by the categorical log, Defendants provided the log that conformed to the agreed-upon requirements for a traditional privilege log (paragraphs (a)–(h)).

The CFPB now asks the Court to disregard the Discovery Order and the CFPB's prior agreements, claiming that "the items listed for a traditional log are not sufficient to satisfy any privilege assertion." Doc. 199 at 2. The CFPB asserts that a sufficient privilege log should "meet the elements set forth in the case law." As an initial matter, Defendants' privilege log does provide information to assess the elements of the claimed privileges. For example, the elements of the attorney-client privilege are "(1) a communication (2) made between privileged persons (3) in confidence (4) for the purpose of obtaining or providing legal assistance for the client." *In re Teleglobe Comms. Corp.*, 493 F.3d 345, 359 (3d Cir. 2007). Defendants' log provides information regarding whether communications are made among privileged persons for the purpose of obtaining or providing legal assistance for Defendants and their affiliates. Where the CFPB has had questions about third parties who appear on the log, Defendants have explained why such third parties do not implicate the disclosure rule.

Moreover, the time for the CFPB to raise this issue was when the parties were discussing the privilege log requirements that they ultimately agreed to in the Discovery Order. It would be contrary to the Federal Rules to allow the CFPB to go back on its bargain after the Defendants expended vast resources in reliance on the parties' agreement. In particular, the CFPB is now expecting Defendants to re-review documents to provide sender and recipient information beyond what can "be extracted in an automated fashion via available metadata," and to identify the specific lawsuits at issue, even though that does not appear as a requirement in the stipulated Discovery Order. In response to the CFPB's demands, Defendants are providing additional sender and recipient information for threaded emails, but nothing more should be required.

*Honorable Thomas I. Vanaskie*
*February 4, 2019*
*Page 3*

    The "nearly 15,000 documents" cited by the CFPB as requiring additional information about the specific lawsuit at issue is an overstatement. Defendants also asserted the attorney-client privilege over all but about 6,600 of these documents. Even if the work product claims failed, those documents are nonetheless protected. In addition, Defendants' log already provides the specific lawsuit for the vast majority of work product claims. For example, emails sent during the CFPB's pre-lawsuit investigation have email subjects such as "CFPB Follow-Up Questions," "Navient AG/CFPB Investigation," and "CFPB Data Requests." Others involve exchanges with outside counsel who represented Defendants in this investigation, including WilmerHale. Together, around 5,550 of the 6,600 work-product-only claims (more than 80%) were clearly prepared for purposes related to this investigation. *See, e.g.*, Ex. 1. The litigation at issue is also obvious in some of the remaining entries. *See, e.g.*, Ex. 2 at entries 3592 (email with the subject "Document Preservation Notice for Ubaldi Class Action"), 5167 (email from the Education Department with the subject "FW: Please contact your servicers: Litigation Hold -- anticipated litigation on Section 504 accessibility for borrowers"), and 7759 (email with subject "Grinage v. Pioneer"). Others are clearly litigation reports and summaries prepared for presentation by in-house counsel. For the remaining 915 entries for which the litigation is not clearly identifiable, Defendants are willing to review them and provide further information.

    In sum, Defendants relied on the parties' agreement and the Discovery Order when reviewing and logging an extraordinary volume of documents in this litigation. The agreed upon requirements for the traditional privilege log detailed in the Discovery Order should not be modified at this late stage and the CFPB should be required to identify particular entries and justify its position that there is good cause to require Defendants to provide additional information to support the assertion of privilege. Defendants will continue to provide additional information for those entries.

                                                              Respectfully,

                                                              Daniel T. Brier

DTB:cak

# Exhibit 1

Exhibit 1: Excerpts of Defendants' October 9, 2018 Privilege Log

| ID | Begin Bates | End Bates | Parent/ Attach | Date/Time | From | To | CC/BCC | Custodians | Subject | File Name | Privilege Names | Privilege Type | Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 16137 | N/A | N/A | P | 2/11/2015 | Ford, Stephen <Stephen.Ford@navient.com> | Austill, Kim <Kim.Austill@navient.com> | Novrocki, Patty <Patty.Novrocki@navient.com> | Novrocki, Patty | CFPB Documents | 93ED1D25745D75EC83CEB189F4FE5DD357E6F6FE_1073873258.msg | | Work Product | Document Related to Ongoing or Anticipated Litigation |
| Note: Defendants' log identifies 3,550 attachments to this e-mail withheld under the Attorney Work-product Doctrine ||||||||||||||
| 27131 | N/A | N/A | P | 10/20/2015 | Novrocki, Patty <Patty.Novrocki@navient.com> | Kamionka, Angela <Angela.M.Kamionka@navient.com>; Mayer, Joel S. <Joel.Mayer@navient.com>; Stine, Tracy <Tracy.a.Stine@navient.com> | N/A | Kamionka, Angela; Novrocki, Patty | FW: CFPB Follow-Up Questions | A42560F220D98139C562E0C84EEAF1E9291A3291_1073873258.msg | Mayer, Joel | Work Product | Document Related to Ongoing or Anticipated Litigation |
| Note: Defendants' log identifies 655 attachments to this e-mail withheld under the Attorney Work-product Doctrine ||||||||||||||
| 26471 | N/A | N/A | P | 10/20/2015 | Ford, Stephen <Stephen.Ford@navient.com> | Novrocki, Patty <Patty.Novrocki@navient.com> | N/A | Novrocki, Patty | RE: CFPB Follow-Up Questions | DAFA3CDF38C6DD8FB630ABCB5453D9F6BCB218AA_1073873258.msg | Mayer, Joel | Attorney-Client; Work Product | Document Related to Ongoing or Anticipated Litigation |
| Note: Defendants' log identifies 634 attachments to this e-mail withheld under the Attorney Work-product Doctrine ||||||||||||||
| 29169 | NAV-05488345 | NAV-05488345 | P | 11/12/2015 | Peterson, Patty <Patty.Peterson@navient.com> | Mayer, Joel S. <Joel.Mayer@navient.com>; Milem, Anne <Anne.Milem@navient.com>; Sheldon, Matthew R <Matthew.Sheldon@navient.com> | N/A | Peterson, Patty | Fwd: AG CFPB Audit Materials | 7057BBB00EAAF5A176AF6ECC6669E8C3FD5E1D7A_1073873258.msg | Mayer, Joel; Milem, Anne; Sheldon, Matthew | Attorney-Client; Work Product | Document Related to Ongoing or Anticipated Litigation |
| Note: Defendants' log identifies 21 attachments to this e-mail withheld under the Attorney Work-product Doctrine ||||||||||||||

# Exhibit 2

Case 3:17-cv-00101-RDM Document 206 Filed 02/04/19 Page 7 of 7

Exhibit 2: Excerpts of Defendants' October 9, 2018 Privilege Log

| ID | Begin Bates | End Bates | Parent / Attach | Date/Time | From | To | CC/BCC | Custodians | Subject | File Name | Privilege Names | Privilege Type | Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3592 | N/A | N/A | P | 10/18/2012 | Jafarieh, Nicolas </O=SIEXCH/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E542971> | Standish, Troy </O=SIEXCH/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E22105> | | Standish, Troy | Reminder- Document Preservation Notice for Ubaldi Class Action | 29E9F56AA152FA4478DA21D2EA5CDA6DDB9F5B43_1073873258.msg | Jafarieh, Nicolas; Milem, Anne; Reicin, Eric | Work Product | Document Related to Ongoing or Anticipated Litigation |
| 5167 | N/A | N/A | P | 4/12/2013 | Dragoo, Janet <Janet.Dragoo@ed.gov> | Hedge, Jamie <jamie.hedge@salliemae.com>; Leary, Robert <Robert.K.Leary@salliemae.com>; Woods, Kevin <kevin.woods@salliemae.com> | | Hedge, Jamie; Leary, Robert; Woods, Kevin | FW: Please contact your servicers: Litigation Hold -- anticipated litigation on Section 504 accessibility for borrowers | 000000000B8B78AA9FB14C4187CA19F4741D7603645A2100.msg | | Work Product | Document Related to Ongoing or Anticipated Litigation |
| 7759 | N/A | N/A | P | 11/18/2013 | Rhyne, Dana <Dana.Rhyne@generalrevenue.com> | Benton, Caryn <Caryn.Benton@salliemae.com>; Dreyer, Kevin <Kevin.Dreyer@generalrevenue.com>; Frazier, Jack <Jack.Frazier@salliemae.com>; Gurrant, Wendy <Wendy.Gurrant@salliemae.com>; Hynes, Tim <Timothy.Hynes@salliemae.com>; Ludwick, Joan <Joan.Ludwick@salliemae.com>; Mersmann, Jeff <Jeff.Mersmann@salliemae.com>; Milem, Anne <Anne.Milem@salliemae.com> | | Frazier, Jack; Mersmann, Jeff; Schindler, Ken | Grinage v. Pioneer | 000000003F76CB94CB4B464ABAAD173712AC75FA84D42400.msg | Dreyer, Kevin; Milem, Anne; Rhyne, Dana | Work Product | Document Related to Ongoing or Anticipated Litigation |