# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CONSUMER FINANCIAL** | : | |
| **PROTECTION BUREAU,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| | : | 3:17-CV-101 |
| v. | : | (Judge Mariani) |
| | : | |
| | : | |
| **NAVIENT CORPORATION, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## SPECIAL MASTER ORDER #5

Now, this 5th day of February, 2019, having conferred with counsel during the regularly scheduled conference call held this date, **IT IS HEREBY ORDERED THAT:**

1. On or before **March 5, 2019**, Defendants shall provide complete sender/recipient information for the approximate 1,100 entries on Defendants' privilege log involving email threads.

2. On or before **February 11, 2019**, Plaintiff shall provide to Defendants and the Special Master a list of the entries on Defendants' privilege log for which the attorney-client privilege has been claimed and which Plaintiff asserts involve a communication with a third party. The parties shall be prepared to discuss the question of whether additional information should be provided with respect to the entries involving communications with third parties during the regularly scheduled conference call on February 12, 2019.

3. On or before **February 11, 2019**, Defendant shall send out letters to the federal agencies implicated in the assertion of the Bank Examination Privilege.

4. On or before **March 5, 2019**, Defendant shall identify the specific litigation matter implicating the work product doctrine for the 915 entries on Defendant's privilege log that do not contain such specific litigation information.

5. On or before **February 11, 2019**, the parties shall confer in good faith to reach an agreement on the sample size for the approximate 6,600 entries for which the only claim of privilege is the work product doctrine and the method for drawing the sample, and shall report to the Special Master the results of their discussions.

6. Defendants' brief addressing the assertion of attorney client privilege in the context of affiliated entities under *In re Teleglobe Communications Corporation*, 493 F.3d 345 (3d Cir. 2007), shall be filed no later than **February 11, 2019**. Plaintiff's response brief shall be filed no later than **February 25, 2019**. Defendants' reply brief shall be filed no later than **March 4, 2019**.

7. On or before **February 8, 2019**, Defendants shall file a letter brief addressing the question of production of documents involving "key custodians" as referenced in Plaintiff's letter to the Special Master dated February 4, 2019.

8. The parties shall confer in good faith to resolve issues involving production of call records and report in writing to the Special Master on the matter of call records no later than **February 11, 2019**.

9. No later than **February 15, 2019**, Defendants shall respond to Plaintiff's February 4, 2019 letter brief concerning the deliberative process privilege and the Special Master's in camera review of documents claimed to be protected by the deliberative process privilege.

10. The parties shall order the transcripts of all telephonic conferences conducted by the Special Master and split the cost of the transcripts.

11. The next telephonic conference shall be conducted at 11:00 a.m. on **February 12, 2019**. The conference call shall be placed to 570-207-5605.

        s/ Thomas I. Vanaskie
        THOMAS I. VANASKIE
        SPECIAL MASTER