

1700 G Street NW,
Washington, DC 20552

February 15, 2019

**Via ECF and Overnight Mail (to previously provided address)**

The Honorable Thomas I. Vanaskie, Special Master
U.S. District Court, Middle District of Pennsylvania
William J. Nealon Federal Bldg. & U.S. Courthouse
235 N. Washington Avenue
Scranton, PA 18503

   Re: *CFPB v. Navient Corp., et al.*, Case No. 3:17-CV-00101-RDM

Dear Judge Vanaskie:

  In accordance with Your Honor's instruction at the January 28, 2019 status conference, I am writing on behalf of Plaintiff Consumer Financial Protection Bureau ("Bureau") regarding the *in camera* review of documents in 35 disputed privilege categories. The Bureau encloses with this letter: (i) the Bureau's third distribution of documents for *in camera* review, which consists of redacted and unredacted versions of 289 privileged documents in Categories 35, 42, 43, 48, 71, 73, 74, 75, and 81 from the Bureau's July 6, 2018 and August 31, 2018 privilege logs (Bates numbered CFPB-NAV-0057143.0001 through CFPB-NAV-0057478.0001);[1] and (ii) the Bureau's supplemental privilege log for the 289 documents. The Bureau will transmit the password for the enclosed documents via email. The Bureau is also producing the enclosed materials to Defendants, excluding the unredacted versions of the 289 privileged documents.[2]

  The descriptions for the foregoing categories from the Bureau's July 6, 2018 and August 31, 2018 privilege logs are included in Appendix A of this letter. The Bureau has revised its description for Categories 35 and 48.

  The Bureau also provides the following additional information regarding certain documents or categories of documents in this third distribution:

- Categories 75 and 81: In addition to the deliberative process privilege, the Bureau also previously asserted an attorney-client privilege claim with respect to certain of the documents in Categories 75 and 81, and thus the supplemental privilege log for those documents contains a second category number corresponding to an attorney-client privilege

---

  [1] In addition to the 289 privileged documents, the enclosed media includes a number of non-privileged cover emails. The Bureau has included the cover email for each privileged attachment to provide additional information that may be useful to Your Honor's evaluation of the Bureau's privilege assertions. The non-privileged cover emails are denoted as such.

  [2] As noted in the Bureau's February 4, 2019 letter (Doc. 207, at 1), the Bureau is conducting an extensive re-review of all of the documents in the 35 disputed categories and waiving the deliberative process privilege over certain documents by producing documents that were previously withheld in their entirety, or by removing some or all of the redactions on previously redacted documents. As a result, certain documents that were listed on a previous privilege log are not listed on the enclosed supplemental privilege log and are being produced in full to Defendants.

claim (Categories 76, 77, 78, or 82). The descriptions for Categories 76, 77, 78, and 82 were originally contained within the Bureau's August 31, 2018 privilege log and are reproduced in Appendix B to this letter.[3]

- CFPB-NAV-0057310.0001 (previously Category 35): The Bureau is withdrawing its deliberative process privilege claim over this email chain, which was previously in Category 35.[4] However, this email chain is protected by the attorney-client privilege. The Bureau has not previously asserted attorney-client privilege over this document. The claim is described in Appendix B to this letter.

- CFPB-NAV-0057311.0001 & CFPB-NAV-0057239.0001 (Category 35): The Bureau continues to assert the deliberative process privilege over these documents, and the Bureau is also asserting attorney client privilege over these documents. The Bureau has not previously asserted attorney-client privilege over these documents. The claim is described in Appendix B to this letter.

- CFPB-NAV-0057428.0001 (Categories 74 and 75): This document falls under both Categories 74 and 75 because it involves two separate deliberative processes. Therefore, it is listed twice in the enclosed supplemental privilege log.

- Category 85: The Bureau is withdrawing the deliberative process privilege claim described in Category 85 of its August 31, 2018 Privilege Log. However, all of the documents previously listed under Category 85 remain protected by the deliberative process privilege claims described under either Category 74 or Category 75.

Finally, to assist in Your Honor's evaluation of the Bureau's privilege assertions over the documents in this third distribution, the Bureau describes or refers to applicable case law below.

Category 35 contains internal Bureau communications whose purpose was to develop the recommendations and technical assistance that the Bureau provided to the Department of Education ("ED"), in connection with ED's consideration of potential strategies to address problems relating to credit reporting for student loans, including whether to issue guidance regarding credit reporting for student loans. The cases discussed in the Bureau's February 4, 2018 letter (Doc. 207) in relation to Category 37 support the Bureau's privilege assertions over these documents.

Categories 42 and 43 contain briefing materials for former Director Cordray in preparation for a meeting and a call with Navient's CEO. The Bureau refers to the cases cited in its February 4 letter (Doc. 207) with respect to Categories 40 & 44, and in its February 11 letter (Doc. 219) with respect to Category 41, to support its privilege claim over these briefing materials.

---

[3] Defendants did not challenge the Bureau's attorney-client privilege assertions.

[4] Because the Bureau is withdrawing its deliberative process privilege claim over this email chain, it is not listed on the enclosed supplemental privilege log, which provides additional information relating to the Bureau's deliberative process privilege claims. However, the Bureau has included this email chain among the 289 privileged documents submitted to Your Honor with this letter.

Category 48 contains a draft of a memorandum to former Director Cordray recommending publication of a report titled "Midyear Update on Student Loan Complaints." Upon Mr. Cordray's approval, the Bureau published this report on August 18, 2016. Recommendations for official action made to the leader of a federal agency are clearly pre-decisional and deliberative. *See*, *e.g.*, *Com. of Pa., Dept. of Pub. Welfare v. U.S. Dept. of Health and Human Servs.*, 623 F. Supp. 301, 306 (M.D. Pa. 1985) ("The coverage of the exemption thus extends to "recommendations, draft documents, proposals …") (quoting *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980)).

Categories 71, 74, and 75 contain inter-agency communications between representatives of ED and the Bureau regarding the development, drafting, or publication of three of the fourteen published "rules, regulations, and guidance" documents that Defendants claim are relevant to this case: (1) the Bureau's Payback Playbook, versions of which were published on April 28, 2016 and January 13, 2017; (2) the Bureau's report titled "Student Loan Servicing: Analysis of Public Input and Recommendations for Reform" published on September 2015; and (3) an inter-agency document titled "Joint Statement of Principles on Student Loan Servicing" published by the Bureau, the Department of Education, and the Department of Treasury on September 29, 2015. *See* Doc. 72, at 3-5. The cases supporting the Bureau's privilege assertions over the documents in these categories are described in the Bureau's February 11, 2018 letter (Doc. 207) in relation to Categories 72 and 79.

Category 73 contains documents that relate to the drafting of an official document published by the Bureau. The cases supporting the Bureau's privilege assertions over the documents in this category are described in the Bureau's February 11, 2018 letter in relation to Categories 72 and 79.

Category 81 contains communications and documents relating to the drafting of various public relations materials associated with the release of ED's July 20, 2016 policy memorandum titled "Policy Direction on Federal Student Loan Servicing" including draft Q&As to assist former Director Cordray and the former Student Loan Ombudsman in responding to questions from the media regarding the policy memorandum during a press event and drafts of remarks for former Director Cordray to use at a roundtable event regarding the policy memorandum. Drafts of public relations materials, and related communications, are properly withheld under the deliberative process privilege. As the U.S. District Court for the District of Columbia has explained: "A draft of a public relations document and e-mails regarding its content are clearly predecisional and deliberative" because "internal deliberations on how best to present the issues to be discussed to the public" are "matters of public-relations policy within the privilege." *ICM Registry, LLC v. U.S. Dep't of Commerce*, 538 F. Supp. 2d 130, 137 (D.D.C. 2008).

In many other cases, courts have reached the same conclusion. *See*, *e.g.*, *Judicial Watch, Inc. v. U.S. Dep't of Homeland Sec.*, 880 F. Supp. 2d 105, 112 (D.D.C. 2012) ("[C]ourts have routinely found that drafts and discussions relating to how to respond to press inquiries are covered by the deliberative process privilege … The documents at issue here, including drafts and communications relating to press inquiries, are predecisional to the agency's determination of how to present its policy in the press."); *Ford Motor Co. v. United States*, 94 Fed. Cl. 211, 223-24 (2010) (denying motion to compel production of draft press releases and related correspondence because "deliberations regarding public relations policy are deliberations about policy") (quotation omitted); *Gen. Motors Corp. v. United States*, 2009 WL 5171806, at *8-9 (E.D. Mich. Dec. 23, 2009) (holding that "drafts of or communications regarding [a] press release" were protected by the

privilege); *Sierra Club v. Dep't of Interior*, 384 F. Supp. 2d 1, 22 (D.D.C. 2004) ("DOI asserts that this document 'shows the development of the Department's policy regarding how to present its positions on ANWR,' and, as a draft, is predecisional to the Department's final positions. The Court agrees."); *Judicial Watch, Inc. v. Dep't of Justice*, 800 F. Supp. 2d 202 (D.D.C. 2011) ("records prepared to brief DOJ senior leadership in response to … media inquiries" are protected by the privilege); *Am. Ctr. for Law and Justice v. Dep't of Justice*, 325 F. Supp. 3d 162, 174 (D.D.C. 2018) ("[T]alking points remain protected … regardless of whether the official ultimately sticks to the script or decides to extemporize").

\* \* \*

If Your Honor has any questions regarding any of the enclosed materials, the Bureau would welcome the opportunity to address those questions at a forthcoming teleconference or in writing.

                                                      Respectfully submitted,
                                                      /s/ Nicholas Jabbour

# APPENDIX A

**Category 35**

Description: Confidential pre-decisional and deliberative communications and documents relating to an inter-agency collaborative process between the Bureau and the Department of Education to consider, develop, and potentially pursue policies or strategies to address problems and other issues relating to student loan credit reporting; communications reflect Bureau staff's reactions and impressions of a particular consumer complaint as part of the Bureau's effort to identify and analyze issues, problems, or failures in the student loan credit reporting market to assist the Department of Education in developing or pursuing potential courses of action to address such issues, problems, or failures, including the provision of technical assistance and other recommendations by the Bureau's Office for Students to the Department of Education in connection with the Department of Education's consideration of whether to develop and issue public guidance regarding student loan credit reporting; communications and documents preceded any final decisions by the Department of Education regarding what, if any, policies and strategies to adopt or pursue regarding student loan credit reporting.

Privileges: Deliberative Process Privilege

**Category 42**

Description: Confidential pre-decisional and deliberative communications and documents relating to the drafting and submission of briefing materials to former Director Richard Cordray regarding a July 30, 2014 meeting between the former Director and Navient's CEO, including draft and final versions of a memorandum presented to the former Director and related communications containing selections or summaries of facts and issues deemed pertinent to the meeting and recommended discussion points for the meeting in connection with the process of preparing the former Director for the meeting; purpose of communications and documents was to bring former Director Cordray up to speed on Bureau and other state and federal government activity relevant to the meetings, to select and distill the facts deemed most relevant to the Director's participation in the meetings, and to suggest key discussion points for the Director to raise during the meetings; briefing materials formed part of an analysis or discussion that was considered as part of Director Cordray's anticipated participation in the meetings but did not result in a specific decision, were advisory only, and were prepared by subordinates who lacked authority to make final decisions on these topics or direct Director Cordray's actions.

Privileges: Deliberative Process Privilege

**Category 43**

Description: Confidential pre-decisional and deliberative communications and documents relating to the drafting and submission of briefing materials to former Director Richard Cordray regarding a September 12, 2014 call between the former Director and Navient's CEO, including draft and final versions of a memorandum presented to the former Director and related communications containing selections or summaries of facts and issues deemed pertinent to the call and recommendations

regarding potential topics for the call in connection with the process of preparing the former Director for the call; purpose of communications and documents was to bring former Director Cordray up to speed on Bureau and other state and federal government activity relevant to the meetings, to select and distill the facts deemed most relevant to the Director's participation in the meetings, and to suggest key discussion points for the Director to raise during the meetings; briefing materials formed part of an analysis or discussion that was considered as part of Director Cordray's anticipated participation in the meetings but did not result in a specific decision, were advisory only, and were prepared by subordinates who lacked authority to make final decisions on these topics or direct Director Cordray's actions.

Privileges: Deliberative Process Privilege

**Category 48**

Description: Confidential pre-decisional and deliberative communications and documents relating to the drafting and submission of a recommendation memorandum to former Director Richard Cordray regarding the Bureau's report titled "2016 Midyear Complaint Update" (published on August 18, 2016), including draft and final versions of a memorandum presented to the former Director regarding the report and related communications; purpose of communications and documents was to make recommendations to the Director and assist him in deciding whether and how to present to the public the Bureau's analyses, policies, and recommendations regarding the student loan market; communications and documents preceded decisions by the Director about the finalization and publication of the report.

Privileges: Deliberative Process Privilege

**Category 71**

Description: Confidential pre-decisional and deliberative communications and documents prepared by or shared among personnel in the Bureau's Office for Students, personnel in the Department of Education, personnel in the Department of Treasury, and/or personnel in the Executive Office of the President relating to the development and drafting of the Bureau's "Payback Playbook," including drafts of the Payback Playbook, drafts of documents related to the Payback Playbook that were released with the Payback Playbook on April 28, 2016 or January 13, 2017, and related communications; purpose of communications and documents was to obtain, provide, or discuss feedback, comments, recommendations, or suggestions from personnel in the Department of Education regarding the content of the Payback Playbook or related documents in connection with the process of developing recommendations to former Director Richard Cordray regarding the content and publication of the Payback Playbook; drafts of the Payback Playbook and drafts of related documents contain or reflect non-final recommendations, suggestions, or views of Bureau personnel regarding the content of such documents in connection with the aforementioned process; communications and documents preceded final decisions regarding the content or publication of the Payback Playbook.

Privileges: Deliberative Process Privilege

**Category 73**

Description: Confidential pre-decisional and deliberative drafts of the Bureau's May 14, 2015 Request for Information concerning student loan servicing prepared by personnel in the Bureau's Office for Students ("RFI"); drafts were sent to personnel in the Department of Education for the purpose of obtaining feedback or comments from personnel in the Department of Education regarding the content of the RFI in connection with the process of developing recommendations to former Director Richard Cordray regarding the content of the RFI; drafts preceded final decisions regarding the content of the RFI.

Privileges: Deliberative Process Privilege

**Category 74**

Description: Confidential pre-decisional and deliberative communications and documents prepared by or shared among personnel in the Bureau's Office for Students, personnel in the Department of Education, personnel in the Department of Treasury, and/or personnel in the Executive Office of the President relating to the development, drafting, or publication of the September 2015 report titled "Student Loan Servicing: Analysis of Public Input and Recommendations for Reform," including drafts of the report and related communications; purpose of communications and documents was to obtain, provide, or discuss feedback, comments, recommendations, or suggestions from personnel in the aforementioned federal agencies or offices regarding the content of the report in connection with the process of developing recommendations to former Director Richard Cordray regarding the content and publication of the report; drafts of the report reflect non-final recommendations, suggestions, or views of Bureau personnel regarding the content of the report; communications and documents preceded final decisions regarding the content or publication of the report.

Privileges: Deliberative Process Privilege

**Category 75**

Description: Confidential pre-decisional and deliberative communications and documents prepared by or shared among personnel in the Bureau's Office for Students, personnel in other divisions of the Bureau, personnel in the Department of Education, personnel in the Department of Treasury, and/or personnel in the Executive Office of the President relating to the drafting, development, or publication of the "Joint Statement of Principles on Student Loan Servicing" issued by the Bureau, the Department of Education, and the Department of Treasury on September 29, 2015, including drafts of the Joint Statement of Principles and related communications and documents; purpose of communications and documents was to obtain, provide, or discuss feedback, comments, reactions, recommendations, or suggestions from personnel in the aforementioned federal agencies or offices regarding the content of the Joint Statement of Principles in connection with the process of developing recommendations to former Director Cordray and leadership at other federal agencies regarding the content and publication of the Joint Statement of Principles; communications and

documents contain or reflect non-final analyses, reactions, recommendations, suggestions, or views of personnel in the aforementioned federal agencies or offices in connection with the aforementioned process; communications and documents preceded final decisions regarding the content and publication of the Joint Statement of Principles.

Privileges: Deliberative Process Privilege

**Category 81**

Description: Confidential pre-decisional and deliberative communications and documents prepared by or shared among personnel in the Bureau, personnel in the Department of Education, and/or personnel in the Department of Treasury relating to the drafting of public relations materials relating to the release of the July 20, 2016 Memorandum from Ted Mitchell to James Runcie regarding "Policy Direction on Federal Student Loan Servicing," including drafts of Q&As for press, a draft of remarks from former Director Richard Cordray, and related communications; purpose of the communications and documents was to develop, obtain, provide, or discuss opinions, recommendations, suggestions, or views of personnel in the Bureau and other federal agencies or offices regarding the content of the press materials in connection with the process of determining how to present the agencies' policies or positions regarding student loan servicing to the public; communications and documents contain or reflect non-final analyses, reactions, recommendations, suggestions, or views of personnel in the aforementioned federal agencies or offices in connection with the aforementioned process; communications and documents preceded final decisions regarding the content and release of the press materials.

Privileges: Deliberative Process Privilege

# APPENDIX B

**NEW CATEGORIES:**

**Category 110**

Description: Confidential communications and attached document sent to or from an attorney in the Bureau's Office of Supervision for the purpose of obtaining or providing legal advice to Bureau examiners regarding the issues to be covered in a supervisory examination of an entity unrelated to Defendants and the drafting of information requests to be issued to that entity.

Privileges: Attorney-Client Privilege

Documents Withheld or Redacted: CFPB-NAV-0057310.0001; CFPB-NAV-0057311.0001

**Category 111**

Description: Confidential communications involving attorneys in the Bureau's Office of Enforcement for the purpose of developing and providing legal advice regarding the drafting and publication of a proposed communication to representatives of the Department of Education.

Privileges: Attorney-Client Privilege

Documents Withheld or Redacted: CFPB-NAV-0057239.0001

**PREVIOUS CATEGORIES:**

**Category 76**

Description: Confidential communications and document exchanged for the purpose of obtaining or providing legal advice from attorney in the Department of Education relating to the drafting of the "Joint Statement of Principles on Student Loan Servicing" issued by the Bureau, the Department of Education, and the Department of Treasury on September 29, 2015; communications reflect sharing of information relating to and in furtherance of common interests relating to student loan servicing.

Privileges: Attorney-Client Privilege, Common Interest Privilege

**Category 77**

Description: Confidential communications and document reflecting legal advice by attorney in the Department of Treasury regarding the content of the "Joint Statement of Principles on Student Loan Servicing" issued by the Bureau, the Department of Education, and the Department of Treasury on September 29, 2015; purpose of communications and document was to provide legal advice to personnel in the aforementioned federal agencies relating to the drafting of the Joint Statement;

communications reflect sharing of information relating to and in furtherance of common interests relating to student loan servicing.

Privileges: Attorney-Client Privilege, Common Interest Privilege

**Category 78**

Description: Confidential communications reflecting legal advice by attorney in the Bureau's Legal Division regarding the publication of the "Joint Statement of Principles on Student Loan Servicing" issued by the Bureau, the Department of Education, and the Department of Treasury on September 29, 2015; purpose of communication was to provide legal advice to personnel in the aforementioned federal agencies relating to the drafting of the Joint Statement of Principles; communications reflect sharing of information relating to and in furtherance of common interests relating to student loan servicing.

Privileges: Attorney-Client Privilege, Common Interest Privilege

**Category 82**

Description: Confidential communications involving attorneys in the Bureau's Legal Division and/or the Bureau's Office of Supervision Policy for the purpose of obtaining or providing legal advice regarding the drafting of public relations materials relating to the July 20, 2016 Memorandum from Ted Mitchell to James Runcie regarding "Policy Direction on Federal Student Loan Servicing."

Privileges: Attorney-Client Privilege