IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CONSUMER FINANCIAL** <br> **PROTECTION BUREAU,** | : <br> : <br> : |
| **Plaintiff,** | : <br> : |
| v. | : **3:17-CV-101** <br> : **(JUDGE MARIANI)** |
| **NAVIENT CORPORATION, et al.,** | : <br> : |
| **Defendants.** | : |

## ORDER

The background of this Order is as follows:

On January 17, 2019, Defendants filed a Motion for Partial Summary Judgment on Counts I and II of Plaintiff's Complaint (the "Motion for Partial Summary Judgment") (Doc. 160), with supporting brief (Doc. 161). On February 6, 2019, Plaintiff filed a Motion to Defer the Deadline for its Response to Defendants' Motion for Partial Summary Judgment and to Prohibit Further Motions for Summary Judgment Before the Close of Discovery (the "Motion to Defer Deadlines") (Doc. 212), filing its supporting brief a day later (Doc. 213). Plaintiff's main contention in support of its Motion to Defer Deadlines is that the Motion for Partial Summary Judgment "is premature because discovery is not complete," and that given the numerous discovery disputes in the case, it would be most efficient for the parties to "focus

their efforts on bringing fact discovery to a close" rather than filing or responding to summary judgment motions.[1] (Doc. 213 at 17).

Without taking any position on the merits of Defendants' Motion for Partial Summary Judgment, the Court agrees with Plaintiff that it is premature. From a more fundamental perspective, the Court previously expressed skepticism to the parties at the December 10, 2018 hearing that, "recognizing the intense factual disputes that pervade every issue in this case," the matter is one that can be decided on summary judgment. (Doc. 134 at 97:2-4). However, if the parties do seek resolution of the matter through motions for summary judgment, they must do so upon a well-developed factual record. Given the complexity of this matter, the large size and scope of discovery already propounded, and the sheer number and wide variety of discovery disputes before the Special Master, it is plain to the Court that the factual record is far from well-developed. The parties' attention and resources should be focused on resolving their discovery disputes and completing discovery before they consider filing motions for summary judgment that will require the Court to analyze an immense factual record. Accordingly, the Court will deny Defendants' Motion for Partial Summary Judgment without prejudice to permit Defendants to file it or a revised summary judgment motion after the close of all discovery on October 9, 2019. (See Doc.

---

[1] Defendants do not concur in Plaintiff's Motion to Defer Deadlines. (Doc. 212 at 4). The Court acknowledges that it issues this Order before the expiration of the fourteen (14) day deadline for Defendants to file an opposition to the Motion to Defer Deadlines. See M.D. Pa. LR 7.6. However, for the reasons discussed herein, the Court finds it clear that it is premature for the parties to file, and for the Court to consider, any motions for summary judgment prior to the close of discovery.

141). The parties shall be prohibited from filing any additional motions for summary judgment with the Court until after that date.

**AND NOW, THIS** \_\_20th\_\_ **DAY OF FEBRUARY, 2019, IT IS HEREBY ORDERED THAT:**

1. Defendants' Motion for Partial Summary Judgment (Doc. 160) is **DENIED WITHOUT PREJUDICE**.

2. The parties are to refrain from filing motions for summary judgment until after the close of all discovery on October 9, 2019. (See Doc. 141).

3. Plaintiff's Motion to Defer Deadlines (Doc. 212) is **DENIED AS MOOT**.

Robert D. Mariani
United States District Judge