

1700 G Street NW,
Washington, DC 20552

February 26, 2019

**Via ECF**

The Honorable Thomas I. Vanaskie, Special Master
U.S. District Court, Middle District of Pennsylvania
William J. Nealon Federal Bldg. & U.S. Courthouse
235 N. Washington Avenue
Scranton, PA 18503

      Re:    *CFPB v. Navient Corp., et al.*, Case No. 3:17-CV-00101-RDM

Dear Judge Vanaskie:

      The Bureau writes regarding Defendants' refusal to produce a privilege log in connection with 11,394 documents that Defendants redacted with the stamp "Redacted – Privileged." *See* Exhibit 1 (listing the 11,394 documents). Defendants did not notify the Bureau (through their existing log or by any other means) that they had not logged 11,394 redacted documents. Rather, as the Bureau mentioned during the January 28, 2019 hearing, this issue was one that the Bureau discovered the preceding weekend. *See* 1/28/2019 Hr'g Tr. at 137:6-19. The Bureau subsequently confirmed the existence and scope of the issue, and sent Defendants a letter outlining the issue on February 12. *See* Exhibit 2. A week later, the parties conferred telephonically but reached an impasse when Defendants indicated that they would not produce a privilege log for the documents.

      The Stipulation and Order Regarding Technical Specifications for Discovery ("Discovery Protocol") (Doc. 66-2), as approved by the Court (Doc. 67), requires production of a privilege log to assert privilege over any document "withheld, in whole or in part[.]" Doc. 66-2, ¶ 7. A party can satisfy this requirement via production of a categorical or document-by-document log. *Id.* "[T]he Discovery Protocol lists the information that must be provided to adequately claim protection by a privilege, and thereby avoid waiver of the protection." Special Master Report #1 (Doc. 221), at 3.

      At present, Defendants have refused to satisfy the requirements to claim privilege despite withholding portions of thousands of responsive documents. Without the required privilege log, the Bureau cannot begin to assess whether the redactions are appropriate. For example, Defendants have provided no information about what privilege purportedly applies. The "Redacted – Privileged" stamp applied to the 11,394 documents does not specify whether it relates to the attorney-client privilege, common interest privilege, joint-client privilege, attorney work product protection, or some other privilege. Because the varied privileges only apply when certain prerequisites are satisfied, the lack of information about which privilege is claimed is one reason that the Bureau cannot assess the validity of the redactions.

      Similarly, the lack of information about the general subject matter of the redacted portion of the documents deprives the Bureau of information necessary to assess whether a privilege attaches. Because the varied privileges apply in different circumstances, this information is crucial to understanding the privilege claims, including the purpose of the communications. The unredacted content surrounding the withheld content does not remedy this shortcoming because there is no way to determine anything definitive about the subject matter of the redacted content based on the unredacted content.

The Bureau understands from conferring with Defendants that Defendants are likely to argue that providing a privilege log for redacted documents is simply a "make-work exercise" or is too burdensome. But far from being make-work, logging withheld documents is a critical first step to preserving the privilege (and avoiding waiver). Providing a log also helps reduce the information asymmetry that limits a party's ability to assess the privilege claims. *See, e.g.*, FRCP 26(b)(5) (requiring a log so that the opposing party can "assess the [privilege] claim"). The Discovery Protocol has always required production of a privilege log to assert privilege whenever documents are "withheld, in whole or in part[.]" Doc. 66-2, ¶ 7. And Defendants can opt to produce a categorical log, which would "avoid the labor-intensive effort" of asserting privilege on a document-by-document basis. *See* Special Master Report #1 (Doc. 221), at 5. If Defendants wanted to discuss further ways to simplify the task of doing privilege logs, the time for doing so was long ago, when both parties could have benefitted from such arrangements. But Defendants should not be allowed to unilaterally (and without conferring in advance with the Bureau) decide to act contrary to the Discovery Protocol.

Defendants also suggested to the Bureau that it identify the specific, substantive information that the Bureau believes is improperly redacted so that the parties may engage in further discussion. Such an approach inappropriately tasks the Bureau to make blind judgments about redactions for which the Bureau has not even been provided basic information (such as the subject matter or the privilege being asserted), and would improperly apply a presumption of privilege to documents over which Defendants have not adequately claimed privilege.

The Bureau seeks an order directing Defendants to either: (1) provide a privilege log consistent with the requirements of the Discovery Protocol for these 11,394 documents or (2) produce the documents in unredacted form. At this time, the Bureau does not seek *in camera* review of any documents associated with this issue. Once Defendants properly assert privilege over the redacted portions of the documents by producing a privilege log, the Bureau can then assess the privilege assertions in the first instance, as contemplated under the Discovery Protocol. It would be inappropriate to burden Your Honor with *in camera* review of these documents when Defendants have not adequately claimed the privilege in the first instance.

                    Respectfully submitted,

                    /s/ Nicholas Lee