WILMERHALE

March 8, 2019

**Karin Dryhurst**

+1 202 663 6248 (t)
+1 202 663 6363 (f)
karin.dryhurst@wilmerhale.com

**Via ECF**

Judge Thomas I. Vanaskie
JAMS, Inc.
1717 Arch Street, Suite 3810
Philadelphia, PA 19103

     Re:   CFPB's February 26 Letter Regarding Redacted Documents

Dear Judge Vanaskie:

          This letter responds to the CFPB's February 26 letter regarding a log for documents that were produced, but which contain clearly marked redactions.

     1.   The CFPB claims that "Defendants did not notify the Bureau (through their existing log or by any other means) that they had not logged" redacted documents.  The CFPB further asserts that "this issue was one that the Bureau discovered the [] weekend [of January 26-27, 2019.]" Neither of these statements is correct.  The CFPB has known, since at least May 9, 2018, that Defendants were preparing a log for withheld documents, but not for documents produced with partial redactions.

- The first log produced ten months ago, on May 9, 2018, stated that it described "documents that Defendants have withheld from production."  Every log submitted by Defendants after that date contained the same language.

- The CFPB has had redacted documents in its possession for months and has used them at depositions.  *See, e.g.*, Ex. 1, NAV-00139024.

- There have been a number of conversations with the CFPB about this issue, including during a meet and confer on September 27, 2018 during which Defendants explained that they logged withheld documents and produced redacted documents.

     2.   Defendants followed the practice for production of redacted documents set forth in the Discovery Order.  "If a claim of privilege applie[d] to only a portion of a document, the document [was] produced, and the portion claimed to be privileged obscured and stamped 'redacted.'"  Doc. 66-2, at ¶ 7.  Because the CFPB has the documents, the CFPB has for each document the date, author, sender, addressee, recipient, custodian, Bates number, and general subject matter of the document.  The CFPB therefore is not missing any substantive information

WilmerHale

March 8, 2019
Page 2

regarding Defendants' privilege and work product assertions for these documents.  For example, the redacted exhibit that the CFPB used at a deposition (Ex. 1, discussed above) is a 108-page Power Point Presentation that contains five partially redacted pages.[1]  The following is evident from the face of the document:  the date of the presentation, the title/subject is "Litigation Update," the presenter was Navient's Deputy General Counsel, and it says at the bottom of the page "Confidential – Attorney Client Privilege."  The CFPB's assertion that, without a log, it "cannot begin to assess whether the redactions are appropriate" (Doc. 236) is therefore incorrect.

3.      Creating a log from the information already produced would serve no purpose, which is why it is standard practice to produce partially redacted documents rather than log them, and why the CFPB's decision not to object to this approach when this issue was previously discussed seemed unremarkable.

4.      After nearly two years of discovery, Defendants believe that the parties should be focused on resolving disputes that are material, not seeking to impose make-work or re-litigating issues discussed months ago.[2]  In any event, to resolve the issue, Defendants will incur the time and expense associated with providing in log form the privilege claimed, type of document, and date, author, senders, addresses, recipients, custodians, and Bates number of the documents identified by the CFPB.  The general subject matter is apparent from the face of the document.  And as we told the CFPB, if there are questions about specific redacted documents, Defendants are willing to meet and confer regarding those documents.

Respectfully submitted,

/s/Karin Dryhurst
Karin Dryhurst

---

[1] Defendants have attached additional examples to show their general approach to redactions. *See* Exs. 2–8.

[2] Although the CFPB's log for attorney-client and work product claims is deficient in many ways, Defendants have not challenged it.  The CFPB generally produced documents and redacted all substantive text, leaving visible only items such as senders, recipients, and date— frequently redacting even the subject line or file name.  It then grouped all documents by subject on a categorical log.  As with the deliberative process entries, the descriptions supporting the asserted privileges are exceedingly vague.  *See* Doc. 134, at 48:22–49:4 (describing Categories 4, 5, 6, 10, and 34 as vague).

# EXHIBIT 1

# EXHIBIT FILED UNDER SEAL

# EXHIBIT 2

# EXHIBIT FILED UNDER SEAL

# EXHIBIT 3

# EXHIBIT FILED UNDER SEAL

# EXHIBIT 4

# EXHIBIT FILED UNDER SEAL

# EXHIBIT 5

# EXHIBIT FILED UNDER SEAL

# EXHIBIT 6

EXHIBIT FILED
UNDER SEAL

# EXHIBIT 7

# EXHIBIT FILED UNDER SEAL

# EXHIBIT 8

# EXHIBIT FILED
# UNDER SEAL