

1700 G Street NW,
Washington, DC 20552

March 15, 2019

**Via ECF**

The Honorable Thomas I. Vanaskie, Special Master
U.S. District Court, Middle District of Pennsylvania
William J. Nealon Federal Bldg. & U.S. Courthouse
235 N. Washington Avenue
Scranton, PA 18503

      Re:    *CFPB v. Navient Corp., et al.*, Case No. 3:17-CV-00101-RDM

Dear Judge Vanaskie:

As discussed at the March 12, 2019 hearing, the Bureau writes to provide an update regarding the status of the parties' efforts regarding the search protocol for custodians Matthew Bailer, Wendy Zorick, and Mark Rein. The Bureau provides the following summary:

1. **Scope of production:** Defendants expressed to the Bureau that they should be required to review and produce only the hits for the agreed-upon search terms, and not any family members, with the parties to meet and confer if the Bureau believes that production of specific family members should be made. The Bureau agreed to that proposal, which significantly reduces the scope of the review and production that Defendants will have to do.

2. **Matthew Bailer:** The Bureau proposed search terms for Mr. Bailer, and agreed to revisions of those search terms proposed by Defendants. However, Defendants indicated that they would agree to the search terms only as part of a "global compromise," which would result in no search of Mr. Bailer's documents from Email Xtender. To make that commitment, the Bureau made a simple request: the Bureau asked for the total number of documents for which Mr. Bailer is the custodian that are on SourceOne and Office 365. This would inform the Bureau's understanding of the extent to which Mr. Bailer's emails were migrated from Email Xtender to SourceOne and Office 365. Defendants repeatedly indicated that they had that total number of documents for which Mr. Bailer is the custodian that are on SourceOne and Office 365, but they refused to disclose it.

Instead of the information that the Bureau requested, Defendants offered two pieces of information, neither of which were probative of the Bureau's inquiry. First, they indicated that Mr. Bailer is the custodian of more than zero documents on SourceOne and Office 365. However, it is not clear to us why the exact number, which Defendants admitted they know, could not be provided, as opposed to this much less useful data point, especially because the migration of Mr. Bailer's emails could have been extremely limited. Second, Defendants provided to the Bureau the number of documents already produced in which Mr. Bailer's name appears as a sender or recipient (a number which the Bureau has been unable to replicate and which appears to be many orders of magnitude greater than is actually the case). That number is irrelevant to the current discussion, because being a custodian means that an individual's email and other documents were gathered from their network folder, email files, and other sources, and Defendants have acknowledged that Mr. Bailer was not a custodian whose files they gathered in this case. (Of course, to the extent the documents for which Mr. Bailer was a custodian contain duplicates of documents already reviewed, that will reduce the scope of the review that Defendants now have to undertake.)

Thus, despite being in agreement on the search terms to be run on SourceOne and Office

365, the parties are at an impasse merely because Defendants have refused to do a straightforward task: tell the Bureau the total number of documents for which Mr. Bailer is the custodian that are on SourceOne and Office 365.

    3.    **Wendy Zorick and Mark Rein**: The Bureau proposed search terms for these custodians, and made revisions of those terms in response to concerns expressed by Defendants. After a conferral today, and in response to Defendants' concerns, the Bureau further revised the proposed search terms and sent to Defendants the following list:

    A. ("income based" OR "income driven" OR "income-driven" OR "income-based" OR IBR OR IDR) AND (forbear* OR FORA OR FORV OR FORB OR Moody's OR Moodys OR Fitch OR evaluat* OR method* OR ABS OR FFELP OR securit* OR invest* OR trust OR cash OR cashflow OR prepay* OR repay* OR default OR downgrad* OR rating OR Blackrock OR Metlife OR "final maturity" OR "final maturities" OR "legal maturity" OR "legal maturities" OR "legal final")
    B. (forbear* OR FORA OR FORV OR FORB) AND (Moody's OR Moodys OR Fitch OR evaluat* OR method* OR ABS OR FFELP OR securit* OR invest* OR trust OR cash OR cashflow OR prepay* OR repay* OR default OR downgrad* OR rating OR Blackrock OR Metlife OR "final maturity" OR "final maturities" OR "legal maturity" OR "legal maturities" OR "legal final")
    C. (Moody's OR Moodys OR Fitch) W/50 (downgrad* OR method* OR comment)
    D. exten* W/50 ("final maturity" OR "final maturities" OR "legal maturity" OR "legal maturities" OR "legal final" OR risk)

These search terms are highly targeted. The Bureau has already reviewed the very limited documents in Defendants' productions related to securitization and the publicly available documents that the Bureau was able to find, and based on that information, believes these terms are appropriate. Defendants expressed that the terms income-driven/IDR or income-based/IBR (or some variation) must be included in each search query, but the Bureau provided responsive documents which do not contain those terms or any variation of them.

Defendants have indicated that they are unwilling to provide the numbers of documents containing hits for these terms (excluding family members, in accordance with the agreement set forth in paragraph 1 above, and also excluding duplicates of documents previously produced or logged as privileged in this litigation). Yet despite this unwillingness to provide hit counts for each term, Defendants continue to insist that terms should be narrowed or stricken.

Thus, the parties are at an impasse merely because Defendants have refused to do something simple to advance the discussion: provide the number of documents containing hits for each of the proposed search terms (excluding family members and duplicates of documents previously produced or logged).

    4.    **The Bureau is open to additional conferrals**: The Bureau has stated to Defendants that the Bureau is available anytime on Monday, March 18, 2019 to continue discussions in the hope that additional progress can be made before the March 19 hearing.

    Respectfully submitted,
    /s/ Nicholas Jabbour