**WILMERHALE**

March 15, 2019

**Karin Dryhurst**

+1 202 663 6248 (t)
+1 202 663 6363 (f)
karin.dryhurst@wilmerhale.com

**Via ECF**

Judge Thomas I. Vanaskie
JAMS, Inc.
1717 Arch Street, Suite 3810
Philadelphia, Pennsylvania 19103

Re:   Proposed search terms for Matt Bailer, Wendy Zorick and Mark Rein

Dear Judge Vanaskie:

Pursuant to your instructions during the March 12, 2019 status conference, Defendants respectfully submit this letter addressing the status of discussions with the CFPB regarding search terms to be run against the files of the three new custodians in order to identify the universe of documents for a responsiveness and privilege review.

**Matthew Bailer**

As directed, Defendants uploaded to their review platform all of Mr. Bailer's custodial documents from SourceOne and Office 365. After several communications between the parties, the CFPB proposed the following search terms:

- ("repayment matrix" OR "root cause of financial difficulty" OR "last option" OR "secondary option" OR "preferred option" OR "can the borrower pay some portion" OR "cannot pay" OR "can pay")
- (zero OR no OR $0 OR 0$ OR 0) /10 (MPA OR payment OR dollar)
- "Lab Consulting" OR "thelabconsulting" OR "the lab"
- Forbearance* OR forbear* OR FORA OR FORV OR FORB
- "income based" or "income driven" OR "income-driven" OR "income-based" OR IBR OR IDR

Although Defendants believe the CFPB's proposed search terms are overbroad, Defendants have agreed to use them in an effort to reach a compromise. Our analysis indicates that this search will yield 1,176 documents with "hits" (not including families).[1] We note that, based on our review of our prior productions, the CFPB already has in its possession over 16,000 documents for Mr. Bailer from Defendants' searches of other custodians.

---

[1] On December 21, 2018, the Court ordered the CFPB to conduct an additional review of documents containing the words "Navient" or "Pioneer." The Special Master directed that this review should include only the documents with "hits," and not family members (*i.e.* attachments or parents). The CFPB today agreed that this same approach should apply to Defendants.

WILMERHALE

Judge Vanaskie
March 15, 2019
Page 2

**Document Request No. 6 – Wendy Zorick and Mark Rein**

Despite the parties' global compromise on email custodians, the CFPB identified Ms. Zorick and Mr. Rein as additional custodians to be searched because it believes they were "responsible for reviews and risk analyses relating to enrollment of borrowers in forbearance and income-driven repayment ("IDR") plans, which were done for investors or trustees of student loan asset-backed securitization trusts."[2] The CFPB seeks documents from Ms. Zorick and Mr. Rein responsive to Document Request No. 6 to Navient Solutions. That request sought:

> All documents relating to any evaluation, auditing, monitoring, oversight, due diligence, quality assurance, or compliance review (including those conducted by or on behalf of an investor or trustee of a loan securitization trust) relating to communications with or enrollment of borrowers in forbearance or any type of income-driven repayment plan.[3]

Defendants have reviewed their prior productions and confirmed that the CFPB already has in its possession over 12,000 documents for Ms. Zorick or Mr. Rein that were produced from the files of other document custodians. Nevertheless, as directed, Defendants have uploaded to their review platform all of Ms. Zorick and Mr. Rein's custodial documents from SourceOne and Office 365. There are 334,726 documents.

Defendants have attempted to approach the search terms in two steps. First, Request No. 6 specifically seeks evaluations or audits of IDR, so any such document would have to include a reference to IDR at minimum. Put differently, it is extremely unlikely that there would be a document relating to evaluating or auditing IDR that does not contain some permutation of the word IDR. Defendants accordingly ran a search for "income-driven" and its permutations, and it resulted in 11,273 documents with "hits" (not including families).

Second, even this set of documents is likely overinclusive because it would not be unusual for IDR to appear in a document that has nothing to do with an "evaluation, auditing, monitoring, oversight, due diligence, quality assurance, or compliance review," which is what Document Request No. 6 seeks. Defendants therefore proposed using language from the CFPB's Document Request No. 6 to locate documents likely to be potentially responsive to the Request. Specifically, Defendants proposed searching for any permutation of IDR within fifty words of:

> evaluat* OR audit* OR monitor* OR oversight OR oversee OR "due diligence"
> OR "compliance review"

---

[2] Doc. 227 at 1.
[3] Doc. 227-1 at 129.

WILMERHALE

Judge Vanaskie
March 15, 2019
Page 3

In the alternative, Defendants asked the CFPB to propose additional search terms to be run against the universe of documents containing a permutation of the word "IDR."

  The CFPB has instead insisted on several search terms that are untethered to Document Request No. 6 or even the allegations in the Complaint. The CFPB's initial proposal included, for example, the term "exten*" standing alone, which would hit on every email including a word like "extend," "extent," "extension," or "extending." Similarly, the CFPB requested that we search for the term "Moody's" or "Fitch" standing alone. As a result, the CFPB's initial proposed terms resulted in almost 90,000 documents with "hits" (not including families), even after accounting for the overlapping results between the various search terms and excluding family. Notably, two months ago, the CFPB stated that it was "not feasible" to review 110,000 documents by the close of discovery." Doc. 199 at 12. And they described the review of even 55,000 documents before the close of discovery as a "Herculean task" requiring "monumental effort."[4]

  Although the CFPB proposed some changes to these terms at 5 p.m. today—and Defendants have not had time to ask their vendor to run those searches—Defendants do not expect the modifications would result in a meaningful decrease. The CFPB's proposal that Defendants review tens of thousands of documents that are clearly unrelated to Document Request 6 and the allegations in the Complaint makes no sense at this stage in discovery. Defendants believe that the search terms suggested above, which are taken directly from the language of Document Request 6, provide a reasonable approach to this review. Again, those terms are: any permutation of IDR within fifty words of evaluat* OR audit* OR monitor* OR oversight OR oversee OR "due diligence" OR "compliance review."

            Respectfully submitted,

            /s/ Karin Dryhurst

---

[4] Jan. 28, 2019 Hearing Tr. at 115:12–23.