## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Consumer Financial Protection Bureau, | : | |
| Plaintiff, | : | Civil Action No. 3:CV-17-101 |
| | : | |
| v. | : | |
| | : | Hon. Robert D. Mariani |
| Navient Corporation; Navient Solutions, Inc.; and Pioneer Credit Recovery, Inc., | : | Special Master Thomas I. Vanaskie |
| | : | |
| Defendants. | : | |
| | : | |

## Special Master Report #2: The Assertion of Attorney-Client Privilege for Communications Involving Affiliated Entities

### I.   Introduction

By Order dated January 16, 2019, I was appointed to serve as Special Master
in this matter pursuant to Federal Rule of Civil Procedure 53. (Doc. 158). The
Order of appointment specified that, as Special Master, my "duties are to decide all
current and future discovery disputes in this action. . . ." (*Id.* at 2). One of those
discovery disputes concerns the assertion of the attorney-client privilege when
affiliated entities are represented by a common lawyer. Plaintiff Consumer
Financial Protection Bureau (the "Bureau"), relying upon *In re Teleglobe
Communications Corporation*, 493 F.3d 345 (3d Cir. 2007), contends:

> In the specific context of the "co-client privilege" (also
> known as the "joint client privilege" or "joint
> representation"), if communications concerning legal
> advice between corporate affiliates and common counsel
> are to be protected by the attorney-client privilege, the
> party asserting the privilege must identify a common
> legal interest between those corporate affiliates for which
> the legal advice was sought. Defendants cannot withhold
> documents without demonstrating compliance with this
> facet of the attorney-client privilege.

(Plaintiff's Brief Concerning the Assertion of the Attorney Client Privilege in the

Context of Affiliated Entities (Doc. 234) at 1). The theory underlying the Bureau's

argument is that, absent a common legal interest, the confidentiality essential to the

attorney-client privilege is destroyed when common counsel is in communication

with more than one affiliated entity. Defendants respond that where affiliated

entities intend to be represented by common counsel, communications involving

more than one affiliated entity and common counsel are deemed to be "'in

confidence' for privilege purposes," so that the "privilege protects those

communications from compelled disclosure to persons outside the joint

representation." *Teleglobe*, 493 F.3d at 363. (Defendants' Feb. 11, 2019 Letter

Brief (Doc. 218) at 1-2).

Following submission of written briefs on this question, I held telephonic

oral argument on March 19, 2019. For the following reasons, I conclude that, as to

parties outside the circle of joint representation, Defendants need not show a

common legal interest in order to claim attorney-client privilege protection for communications between affiliated entities and common counsel.

## II.   Background

Defendant Navient Corporation is a Delaware loan management, servicing, and asset recovery corporation.  Defendant Navient Solutions, Inc., a wholly-owned subsidiary of Navient Corporation and formerly known as Sallie Mae, Inc., services federal and private student loans for more than 12 million borrowers. Defendant Pioneer Credit Recovery, Inc., an indirect wholly-owned subsidiary of Navient Corporation, is a debt collector that has collected defaulted federal student loan debt on behalf of the United States Department of Education and several state-based loan guaranty agencies.  Pursuant to Business Services Agreements, Navient Solutions provides legal representation to Navient and its subsidiaries and affiliates, including Pioneer and General Revenue Corporation ("GRC").  (*See* Declaration of Nicole M. Stolba (Doc. 218-1) at 1).

The Bureau, an independent agency of the United States charged with regulating the offering and provision of consumer financial products and services under Federal consumer financial laws, brought suit against Defendants under the Consumer Financial Protection Act of 2010, 12 U.S.C. §§ 5531, 5536(a), 5564, 5565, the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.*, and the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*, for alleged unlawful acts and

practices in connection with Defendants' servicing and collection of student loans. Defendants have denied the claims.

At present, the Bureau is seeking to compel Defendants to identify the common legal interest among affiliated corporate entities with respect to communications relating to legal advice that involved common counsel and business persons from two or more of the corporate entities affiliated with Navient. The Bureau relies on *Teleglobe* to argue that Defendants are required to show a common legal interest among the Navient subsidiaries and affiliates in the documents it seeks to withhold. Otherwise, according to the Bureau, the privilege has been destroyed because there has been a "disclosure" of the documents to persons outside the privilege's "circle of confidentiality."[1] Defendants argue the Bureau has misconstrued *Teleglobe* and that no further information is necessary to assert the privilege in the context of communications involving common counsel and employees of corporate affiliates who intend and expect to be represented by common counsel. Defendants have submitted their Business Services Agreement and Amended and Restated Business Services Agreement, as well as the Declarations of Nicole Stolba ("Ms. Stolba"), Counsel at Navient Solutions, and Jack Frazier ("Mr. Frazier"), a director/officer at Pioneer, GRC, and Navient

---

[1] For a discussion of the ever-expanding "circle of confidentiality" attendant to the attorney-client privilege, see Paul R. Rice, *Electronic Evidence: Law and Practice* 198-201 (2d ed. 2008).

Solutions as evidence of their expectations and intentions regarding joint representation by Navient Solutions' counsel.

### III.   Discussion

The attorney-client privilege protects communications between clients and attorneys from compelled disclosure. For the privilege to apply, it must be "(1) a communication (2) made between privileged persons (3) in confidence (4) for the purpose of obtaining or providing legal assistance for the client." *Teleglobe*, 493 F.3d at 359 (quoting RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 68 (2000)). Both Plaintiff and Defendants rely on *Teleglobe* to support their positions regarding attorney-client privilege. In *Teleglobe*, Teleglobe's subsidiaries sued Teleglobe's parent ("BCE") claiming that BCE had improperly ceased funding Teleglobe, causing its bankruptcy. *Id.* at 354. In discovery, BCE withheld documents regarding its decision to stop funding, claiming that the documents contained privileged advice given to it alone. *Id.* at 355. The trial court found that Teleglobe and BCE were joint clients represented by BCE's in-house counsel and compelled the production of all otherwise privileged documents from the joint representation. *Id.* at 357.

The Third Circuit reversed. First, it explained that the joint-client privilege protects communications among joint clients and their common attorneys "from compelled disclosure to persons outside the joint representation." *Id.* at 363. As

Judge Ambro writing for the Court observed, "[e]veryone *agrees that the attorney-client privilege protects these [corporate] documents against third parties.*" *Id.* at 352. Only if all joint clients consent to waiving the privilege may parties outside the joint representation obtain privileged communications. *Id.* at 363. Therefore, a joint client cannot compel disclosure of the privileged documents unless (1) one client unilaterally waives the privilege as to communications that concern that joint client alone, or (2) the former joint clients sue each other, in which case all communications made in the course of the joint representation are discoverable.[2] *Id.* at 354, 366. That was the unique "wrinkle" presented in *Teleglobe. Id.* at 352. Because the trial court had made no factual finding regarding whether Teleglobe's subsidiaries were a part of the representation to which the challenged documents related, the Third Circuit reversed and remanded for the trial court to make that determination.[3]

Unlike the circumstances in *Teleglobe*, in which one alleged joint client was seeking communications from another alleged joint client, here an outside party,

---

[2] "When the joint clients or participants turn on one another and become adversaries, . . . each participant can use the privileged communications against the other." Paul R. Rice, *Attorney-Client Privilege in the United States* § 9:3 (2017-2018 ed.).

[3] On remand, the Bankruptcy Court concluded that the former affiliated entities had failed to present any evidence that they "conveyed their desire for, or consent to, representation by any counsel for [their former corporate parent]." *In re Teleglobe Communications Corp.*, 392 B.R. 561, 590 (Bankr. D. Del. 2008).

the Bureau, is seeking documents that were shared among Navient affiliates while
jointly represented by Navient Solutions' counsel. As the Third Circuit stated in
*Teleglobe*, "[e]veryone agrees that the attorney-client privilege protects these
documents from third parties." *Teleglobe*, 493 F.3d at 352; *see also Newsome v.
Lawson*, 286 F.Supp.3d 657, 663 (D. Del. 2017) (noting that joint clients "can
reasonably expect to withhold privileged communications from [] third parties or
strangers to the joint representation"). There is no need in the circumstances
presented here, where Navient is effectively the parent of all its affiliated entities,
to show a common interest in the withheld documents. As a leading commentator
explained, "[n]ormally, the interests of a parent corporation and its subsidiary are
so closely aligned an inquiry into the nature of the common interests is
unnecessary." Rice, *supra*, at § 4:24; *see also Duplan Corp. v. Deering Milliken,
Inc.*, 397 F. Supp. 1146, 1184 (D.S.C. 1974) ("Although an interest of a third party
corporation from a commercial standpoint would not establish a sufficient
community of interest, the fact that the communications are among formally
different corporate entities which are under common ownership or control leads
this court to treat such inter-related-corporate communications in the same manner
as intra-corporate communications."). Only where "the interests of the parent and
subsidiary conspicuously diverge" does this "bright line rule make[] little sense."
Rice, *supra*, at § 4:24.

In this case, there has been no showing that the interests of Navient and its affiliated entities have diverged at all, let alone conspicuously so.  On the contrary, defendants provided Business Services Agreements and declarations from Counsel at Navient Solutions and a director/officer at Pioneer, GRC, and Navient Solutions as evidence of Defendants' intentions and expectations to be joint clients represented by a common counsel on all matters.  "The keys to deciding the scope of an alleged join representation are the parties' intentions and expectations." Rice, *supra*, at § 4:30.  Here, the undisputed evidence is that "with respect to any matter about which employees of Pioneer, GRC, and Navient Solutions communicate[d] jointly with Navient Solutions in-house counsel, Navient Solutions in-house counsel jointly represent[ed] Pioneer, GRC, and Navient Solutions." (Frazier Declaration at 2).  Therefore, the communications among the Defendants and their joint counsel are deemed to have been made "in confidence" for purposes of maintaining the attorney-client privilege.  "Hence the privilege protects those communications from compelled disclosure to persons outside the joint representation." *Teleglobe,* 493 F.3d at 363.  Although the Bureau can attack the privilege assertions individually, as they can with other privileged or withheld documents, Defendants need not show a common interest among affiliated entities in order to assert the attorney-client privilege with respect to the documents in question.

## IV.   Conclusion

Based upon the foregoing reasons, no further information or justification as to the common legal interest between Navient and its affiliated entities is required to assert the attorney-client privilege for documents and communications relating to legal advice that involved common counsel and business persons from two or more of the affiliated corporate entities.  The Bureau's request that Defendants either supplement their privilege logs with information as to the common interests in the withheld documents or have the privilege waived will be denied.

## V.   Order

IT IS ORDERED THAT:

1.   The request of Plaintiff Consumer Financial Protection Bureau to compel Defendants to show a common legal interest to assert the attorney-client privilege with respect to communications sought by the Bureau from Defendants relating to legal advice that involved common counsel and business persons from two or more affiliated corporate entities, or to deem the privilege waived, is denied.

2.   Objections to this Report and Order must be submitted to no later than twenty-one (21) days after service of the Report and Order.

DATE:  March 21, 2019                         s/ Thomas I. Vanaskie
                                              Thomas I. Vanaskie
                                              Special Master