1700 G Street NW,
Washington, DC 20552



March 22, 2019

<u>Via ECF</u>

The Honorable Thomas I. Vanaskie, Special Master
U.S. District Court, Middle District of Pennsylvania
William J. Nealon Federal Bldg. & U.S. Courthouse
235 N. Washington Avenue
Scranton, PA 18503

    Re:    *CFPB v. Navient Corp., et al.*, Case No. 3:17-CV-00101-RDM

Dear Judge Vanaskie:

    I write on behalf of Plaintiff Consumer Financial Protection Bureau ("Bureau") regarding two issues relating to Your Honor's *in camera* review of documents in the 35 disputed privilege categories.

    First, for eleven of the documents listed in the Bureau's supplemental privilege log provided to Your Honor on February 25, 2019, the Bureau inadvertently omitted from column B an additional category number associated with its assertions of the attorney-client privilege and the attorney work product doctrine over those documents – specifically, Category 3 or Category 4 from the Bureau's July 6, 2018 privilege log. The table below includes the missing category number for each such document.

| Bates Number[1] | Category |
|---|---|
| CFPB-NAV-0057645 | 1-G; 3 |
| CFPB-NAV-0057654 | 1-G; 3 |
| CFPB-NAV-0057559 | 1-G; 3 |
| CFPB-NAV-0057568 | 1-G; 3 |
| CFPB-NAV-0057572 | 1-H; 4 |
| CFPB-NAV-0057577 | 1-H; 3 |
| CFPB-NAV-0057587 | 1-H; 3 |
| CFPB-NAV-0057513 | 1-G; 3 |
| CFPB-NAV-0057522[2] | 1-G; 3 |
| CFPB-NAV-0057534 | 1-G; 3 |
| CFPB-NAV-0057543 | 1-G; 3 |

---

    [1] These Bates numbers do not appear on the July 6, 2018 privilege log because the documents were previously produced under a different Bates number.

    [2] This document is addressed in the Bureau's letter to Your Honor dated March 20, 2019 (Doc. 254).

Second, the Bureau's August 31, 2018 privilege log and the supplemental privilege logs provided to Your Honor inadvertently omitted attorney-client privilege and attorney work product claims over portions of certain documents to which those privileges apply. The documents listed in the table below are versions of email chains that contain the paragraph described on page 4 of the Bureau's March 20, 2019 letter (Doc. 254), in the discussion of the document bearing Bates number CFPB-NAV-0057082. As explained in the letter, that document is an email that relates to the drafting of the July 20, 2016 memorandum regarding "Policy Direction on Federal Student Loan Servicing." The Bureau is asserting the attorney-client privilege and attorney work product doctrine over that paragraph in each of these documents, as indicated in the description for Category 113.

| Bates Number | Category |
|---|---|
| CFPB-NAV-0056916 | 79; 113 |
| CFPB-NAV-0056918 | 79; 113 |
| CFPB-NAV-0057017 | 79; 113 |
| CFPB-NAV-0057019 | 79; 113 |
| CFPB-NAV-0057021 | 79; 113 |
| CFPB-NAV-0057024 | 79; 113 |
| CFPB-NAV-0057027 | 79; 113 |
| CFPB-NAV-0057030 | 79; 113 |
| CFPB-NAV-0057032 | 79; 113 |
| CFPB-NAV-0057035 | 79; 113 |
| CFPB-NAV-0057037 | 79; 113 |
| CFPB-NAV-0057039 | 79; 113 |
| CFPB-NAV-0057041 | 79; 113 |
| CFPB-NAV-0057044 | 79; 113 |
| CFPB-NAV-0057046 | 79; 113 |
| CFPB-NAV-0057049 | 79; 113 |
| CFPB-NAV-0057082 | 79; 113 |
| CFPB-NAV-0057085 | 79; 113 |
| CFPB-NAV-0057088 | 79; 113 |
| CFPB-NAV-0057090 | 79; 113 |
| CFPB-NAV-0057092 | 79; 113 |
| CFPB-NAV-0057094 | 79; 113 |
| CFPB-NAV-0057097 | 79; 113 |

| CFPB-NAV-0057099 | 79; 113 |
| CFPB-NAV-0057101 | 79; 113 |

The Bureau is also asserting the attorney-client privilege and the attorney work product doctrine, as indicated in the description for Category 113, over a portion of certain drafts of the July 20, 2016 policy memorandum. Each such draft was attached to one of the emails described in the preceding paragraph. Specifically, the Bureau is asserting the attorney-client privilege and attorney work product doctrine over the comment from Mike Pierce that appears on either page 7 or page 8, which starts with "Per my cover note ...", and the three full paragraphs of the draft on the same page corresponding to that comment. These documents are listed in the table below:

| Bates Number | Category |
|---|---|
| CFPB-NAV-0056917 | 79; 113 |
| CFPB-NAV-0056920 | 79; 113 |
| CFPB-NAV-0057018 | 79; 113 |
| CFPB-NAV-0057020 | 79; 113 |
| CFPB-NAV-0057023 | 79; 113 |
| CFPB-NAV-0057026 | 79; 113 |
| CFPB-NAV-0057029 | 79; 113 |
| CFPB-NAV-0057084 | 79; 113 |
| CFPB-NAV-0057087 | 79; 113 |
| CFPB-NAV-0057089 | 79; 113 |

The descriptions for Categories 3, 4, and 113 are included in Appendix A to this letter.

\*   \*   \*

If Your Honor has any questions regarding the foregoing, the Bureau would welcome the opportunity to address those questions at a forthcoming teleconference or in writing.

Respectfully submitted,
/s/ Manuel Arreaza

# APPENDIX A

**Category 3**

Description: Confidential pre-decisional and deliberative communications and documents, or portions of documents, relating to the drafting and submission of briefing and recommendation documents addressed to former Director Richard Cordray and Assistant Directors Peggy Twohig and Paul Sanford concerning setting Office of Supervision strategy; email discussions and drafts of recommendation memoranda were generated to develop the content of the memoranda through a collaborative drafting and input process; final recommendation memoranda reflect the opinions of staff and present suggestions about how to shape and steer Supervision strategy; documents contain the authors' opinions, recommendations, and contemporaneous thoughts about Bureau activities and strategies, prior exams and investigations, risks presented by entities or industries, market trends in student loan servicing and origination, and the Bureau's resources; documents preceded decisions as to Supervision strategy or formed part of an analysis or discussion that was considered as part of an overall strategy formulation but did not result in a specific decision; communications were made for the purpose of formulating or providing legal advice to the Bureau regarding potential violations of federal consumer financial protection law that may be identified in Bureau exams or investigations.

Privileges: Deliberative Process Privilege, Attorney-Client Privilege

**Category 4**

Description: Confidential pre-decisional and deliberative communications and documents, or portions of documents, relating to evaluating strategic options for the Office of Supervision Policy and the Office of Supervision Examinations in carrying out supervision and examination of entities in the area of student loan servicing; purpose of communications and documents was to assist in the crafting of the Bureau's supervision strategy by generating the general and specific analyses that would form the basis of the options and recommendations eventually presented to senior leadership; communications and documents contain the authors' opinions, recommendations, and contemporaneous thoughts concerning various factors as they relate to strategic focuses for and decisions relating to examinations, including determining Supervision strategy, selecting examinees, scheduling and planning exams, assigning risk ratings to entities, and prioritization; communications and documents preceded decisions as to Supervision strategy or formed part of an analysis or discussion that was considered as part of an overall strategy formulation but did not result in a specific decision.

Privileges: Deliberative Process Privilege, Attorney-Client Privilege

**Category 113**

Description: Confidential communication by personnel in the Bureau's Office for Students to personnel in the Bureau, the Department of Treasury, the Department of Education, and the Executive Office of the President for the purpose of conveying legal advice provided by Bureau

enforcement attorneys regarding potential claims against an entity and potential defenses; communication was made in anticipation of potential litigation and reflects mental impressions, legal theories, and opinions of the Bureau's enforcement attorneys in anticipation of potential litigation.

<u>Privileges</u>: Attorney-Client Privilege; Attorney Work Product