# WILMERHALE

April 22, 2019

**Karin Dryhurst**

**Via ECF**

+1 202 663 6248 (t)
+1 202 663 6363 (f)
karin.dryhurst@wilmerhale.com

Honorable Thomas I. Vanaskie
JAMS, Inc.
1717 Arch Street, Suite 3810
Philadelphia, Pennsylvania 19103

Re:   Defendants' Withholding of Select Sample Nos. 794 through 4320

Dear Judge Vanaskie:

Pursuant to Special Master Order 23, Defendants respectfully submit this letter in response to the Court's question regarding the work product assertions on a compilation of 232 sample documents collected for outside counsel.

By way of background, in December 2014, Navient retained outside counsel Hudson Cook, LLP to review and provide legal advice on certain servicing practices. Hudson Cook was retained in the midst of the CFPB's investigation and in anticipation of litigation; indeed, the review included many of the topics ultimately at issue in this litigation, including payment processing and communications about repayment options. On February 11, 2015, Navient employee Stephen Ford sent Navient employee Kim Austill a zip file of documents for transmittal to Hudson Cook to assist in its review. Notably, because the Hudson Cook review included topics that are not at issue in this lawsuit, some of the documents in the compilation would not be responsive to the CFPB's document requests.

The compilation reflects the thoughts and impressions of Navient's counsel and falls within settled work product protections. *See Sporck v. Peil*, 759 F.2d 312, 316 (3d Cir. 1985) (counsel's selection and compilation of non-privileged documents was given "an almost absolute protection from discovery"); *Petersen v. Douglas County Bank & Trust Co.*, 967 F.2d 1186, 1189 (8th Cir. 1992) (holding that compilations of business records prepared in preparation for litigation can be protected by the work product doctrine if "their selection would reveal mental impressions concerning the potential litigation"); *United States v. American Telephone & Telegraph Co.*, 642 F.2d 1285, 1288–89 (D.C. Cir. 1980) (holding database was covered by work product protection because the organization and categorization of 1.5 million pages out of 7 million pages "might well enable [the defendant] to determine which documents a plaintiff's counsel would consider important"); *Rhone-Poulenc Rorer, Inc. v. Home Indemnity Co.*, 1991 WL 211223, at *8 (E.D. Pa. Oct. 9, 1991) (holding that a lawyer's selection of certain public documents represented work product because picking those documents that "would best aid in preparing and proving the case" reflected the lawyer's "thoughts and opinions").

WILMERHALE

April 22, 2019
Page 2

      The Court asked whether documents contained in the compilation were otherwise produced. 214 of the documents in the compilation are policies and procedures contained on Navient's internal repository called KnowledgeShare.[1] As part of its document productions, Navient searched for responsive documents housed on KnowledgeShare and produced all versions from the discovery time period. In total, Navient produced over 25,000 documents from KnowledgeShare. Accordingly, to the extent there are responsive KnowledgeShare documents contained in the work product compilation, they would have been produced as part of Defendants' normal search and review process.[2]

      Respectfully submitted,

*Karin Dryhurst*/NB
Karin Dryhurst

---

[1] The remainder contain limited substantive content and are not responsive to the CFPB's Requests for Production. They consist of image files (sample numbers 902, 907, 924, 1914, 2002, 2024, 2591, 3095, 3445, 3824, 3830, 3905, 3938, 3959, 4138, and 4246), a blank document collection cover sheet (1307), and an Excel document similar to a version already produced (2281).

[2] As a further check, Defendants manually searched for the 214 compiled documents among the nearly one million documents they produced to the CFPB and specifically located versions of 158 of the documents. Defendants believe the difference is attributable to two things: (1) as noted, the Hudson Cook review was broader than the issues in the lawsuit, so some of the documents in the compilation would not be responsive to a document request; and (2) the metadata for documents produced from KnowledgeShare differs from the metadata of KnowledgeShare documents attached to emails, so documents could not be matched with perfect accuracy.