IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CONSUMER FINANCIAL
PROTECTION BUREAU,

    Plaintiff

    v.

NAVIENT CORPORATION, et al.,

    Defendants.

3:17-CV-101
(Judge Mariani)

**SPECIAL MASTER ORDER #25**

Now, this 23rd day of April, 2019, having concluded my *in camera* review of a sample set of more than 400 documents withheld by Defendants on the basis of the attorney work product doctrine; and having raised with the parties in Special Master Order #23 (Doc. 271) the question of work product protection for 232 documents that were part of a much larger compilation of documents selected for review by outside counsel in anticipation of litigation, *see Sporck v. Peil,* 759 F.2d 312, 315–16 (3d Cir. 1985) (selection and compilation of documents by counsel in connection with litigation falls within the work product doctrine); and having conferred with counsel on this matter during our April 23, 2019 conference call; and Defendants having agreed to produce those documents identified in rows 42 through 273 of Defendants' Supplemental Spreadsheet sent by email dated March 13, 2019 which came from an internal repository called "KnowledgeShare" (Doc. 272

at 2); and Defendants having also agreed to determine whether they can produce from KnowledgeShare the documents identified on the Supplemental Spreadsheet in rows 292 through 382, 386 through 392, and 397 through 400 (all of which were withheld on the ground that they were part of a compilation of documents selected for review by outside counsel), **IT IS HEREBY ORDERED THAT**:

1. Defendants shall produce those documents found in the KnowledgeShare repository that are identified in rows 42 through 273 of Defendants' Supplemental Spreadsheet no later than **May 3, 2019.**

2. Defendants shall indicate in writing whether they will produce the documents identified in rows 292 through 382, 386 through 392, and 397 through 400 no later than **April 29, 2019.**

3. No later than **April 29, 2019,** Defendants shall elaborate in writing the reasons why they contend that the documents identified by Log Nos. 4012, 4136, 6465, 23721, 33645, 33710, and 33729 on Defendants' Supplemental Privilege Log are protected from disclosure by the attorney work product doctrine.

4. No later than **April 29, 2019,** Defendants shall indicate in writing whether a final copy of the draft identified in Log No. 5824 and the reports identified in Log Nos. 6359 and 6360 have been produced.

s/ Thomas I. Vanaskie  
THOMAS I. VANASKIE  
SPECIAL MASTER