1700 G Street NW,
Washington, DC 20552



April 26, 2019

**Via ECF**

The Honorable Thomas I. Vanaskie, Special Master
U.S. District Court, Middle District of Pennsylvania
William J. Nealon Federal Bldg. & U.S. Courthouse
235 N. Washington Avenue
Scranton, PA 18503

  Re: *CFPB v. Navient Corp., et al.*, Case No. 3:17-CV-00101-RDM

Dear Judge Vanaskie:

  The Bureau submits this letter regarding Special Master Report #3 (Doc. 266) pursuant to Your Honor's instruction at the April 16, 2019 teleconference. The Bureau appreciates Your Honor's careful analysis of the issues. Although the Report does not agree with all of the Bureau's arguments concerning its assertions of the deliberative process privilege, in the interest of judicial economy, the Bureau is not objecting to production of the documents specified in the Report.

  However, the Bureau respectfully submits two points of law for consideration in evaluating the Bureau's deliberative process privilege assertions, including with respect to the remaining documents submitted for *in camera* review. *First*, the Report's conclusion that documents relating to the drafting of the Fact Sheets in Category 80 are covered by the deliberative process privilege appears to be based, in part, on the fact that "Defendants have the operative documents" because the "end product[s] of the deliberative process" are "publicly-released documents." Report at 35. The Bureau notes that the end product of a deliberative process need not be publicly-released for both the end product and documents relating to the drafting of the end product to be covered by the deliberative process privilege. Indeed, courts have consistently held that non-public government reports, drafts of such reports, and communications relating to the drafting of such reports, are protected by the deliberative process privilege, to the extent they are pre-decisional and deliberative. *See*, *e.g.*, *Pfeiffer v. CIA*, 721 F. Supp. 337, 339-41 (D.D.C. 1989) (holding that an internal investigation report was protected by the privilege because disclosing it would reveal the agency's deliberative process in developing an official agency history); *Odland v. FERC*, 34 F. Supp. 3d 3, 18 (D.D.C. 2014) (holding that "internal . . . reports, and related drafts" containing recommendations and analyses used to develop subsequently published environmental assessments were protected by the deliberative process privilege); *Myers v. Uniroyal Chem. Co., Inc.*, CIV.A. 916716, 1992 WL 97822, at *4 (E.D. Pa. May 5, 1992) (explaining that the deliberative process "privilege is frequently invoked by government agencies seeking to protect from discovery their internal reports and materials").

  Moreover, protection for non-public government reports under the deliberative process privilege does not turn on whether the report is a final version or a draft. Final versions of non-public government reports are protected by the deliberative process privilege if they are pre-decisional and deliberative. *See*, *e.g.*, *100Reporters LLC v. Department of Justice*, 316 F. Supp. 3d 124, 158 (D.D.C. 2018) (holding that the deliberative process privilege protected "both drafts and final versions" of internal government reports that "played a key role in facilitating" certain decisions); *Pfeiffer*, 721 F. Supp. at 340 (holding that deliberative process applied to the internal report even though it was a "final" version). As the United States District Court for the District of

New Jersey explained in *Qatanani v. Department of Justice*: "The issue is not whether a document is a final or rough draft, but whether the document is recommendatory . . . and whether the document is deliberative in nature . . . or is instead an interpretation of agency policy." 2015 WL 1472227, at *8 (D.N.J. 2015) (quoting *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980)). The court further explained that "the concern is not whether a document constitutes a finished product . . . but whether it is part of the agency's body of 'working law.'" *Id.*

*Second*, the Report states that certain documents in Category 28 should be produced because the Bureau has already produced one set of documents in Category 28. Report at 22-23. While the Bureau agrees to produce the additional documents in Category 28 specified in the Report, the Bureau does not believe that its decision to waive the deliberative process privilege over certain documents is a basis to require production of other documents covered by that privilege. Courts have repeatedly held that there is no subject matter waiver for the deliberative process privilege. *See, e.g.*, *Gen. Elec. Co. v. Johnson*, 2006 WL 2616187, at *17 (D.D.C. Sept. 12, 2006) ("There is no authority for applying the waiver rule to the deliberative process privilege."); *United States v. Wells Fargo Bank, N.A.*, 2015 WL 6395917, at *2 (S.D.N.Y. Oct. 22, 2015) ("Wells Fargo gives the Court no reason to depart from this general rule, which is designed to ensure that agencies do not forego voluntarily disclosing some privileged material out of the fear that by doing so they are exposing other, more sensitive documents.") (quotation omitted).

Finally, the Bureau has identified certain non-substantive clerical issues associated with the identification of certain documents in the report. A table listing those issues and proposed changes is attached as Appendix A to this letter.

If Your Honor has any questions regarding the foregoing, the Bureau would welcome the opportunity to address those questions at the April 30, 2019 teleconference or in writing.

        Respectfully submitted,

        /s/ Manuel Arreaza

## APPENDIX A

| Clerical issue[1] | Proposed change |
|---|---|
| Document 28 is not listed in the Conclusion, even though production is ordered in the body of the Report | Add Document 28 to the list of documents in Category 28 on page 37 |
| Document 30 is not listed in the Conclusion, even though production is ordered in the body of the Report | Add Document 30 to the list of documents in Category 28 on page 37 |
| The Document number associated with CFPB-NAV-0056872 is 64, not 65 | Change Document 65 to 64 on pages 23 and 37 |
| The Document number associated with CFPB-NAV-0056883 is 74, not 75 | Change Document 75 to 74 on pages 24 and 37 |
| The Document number associated with CFPB-NAV-0056885 is 75, not 76 | Change Document 76 to 75 on page 24 |
| The Bates number associated with Document 57 is missing from footnote 14 on page 21 | Add corresponding Bates number CFPB-NAV-0056863 in footnote 14 on page 21[2] |
| The Bates number associated with Document 111 is CFPB-NAV-0056758, not CFPB-NAV-0056756 | Change Bates number CFPB-NAV-0056756 to CFPB-NAV-0056758 on page 30 |

---

[1] The document number appears in the left column of the Bureau's February 4, 2019 supplemental privilege log (the Excel row number when viewed in electronic format) and the Bates number appears in the second column. As explained in footnote 5 of the Report, the Bates number in the second column is associated with the document number listed just above the Bates number (*i.e.*, in the row above it) in the left column.

[2] Footnote 14 lists Bates numbers of seven drafts of the Fors Marsh Group report identified in the March 5, 2019 teleconference and subsequently produced by the Bureau to Defendants. However, it also lists eight document numbers, including the additional document number 57 that was not identified in the March 5, 2019 teleconference, and has not been previously produced by the Bureau. Accordingly, the Bureau proposes adding the corresponding Bates number CFPB-NAV-0056863 for Document 57 and making conforming changes in footnote 14 to reflect the foregoing. The Bureau will produce Document 57 to Defendants.