WILMERHALE

April 29, 2019

**Via ECF**

Karin Dryhurst
+1 202 663 6248 (t)
+1 202 663 6363 (f)
karin.dryhurst@wilmerhale.com

Honorable Thomas I. Vanaskie
JAMS, Inc.
1717 Arch Street, Suite 3810
Philadelphia, Pennsylvania 19103

Re: Defendants' Response Regarding Documents Identified in Special Master Order 25

Dear Judge Vanaskie:

Pursuant to Special Master Order 25, Defendants respectfully submit this letter in response to the Court's questions regarding certain sample documents provided for *in camera* review.

Supplement Rows 292 through 382

In the April 22, 2019 status conference, Defendants reiterated their position that the sample documents identified in rows 42 through 273 of Defendants' Supplemental Spreadsheet ("Supplement") are part of a single compilation protected by the attorney work product doctrine. Nonetheless, Defendants agreed to produce the KnowledgeShare documents from the compilation in order to close out the issue. The documents identified in rows 292 through 382 of the Supplement are part of similar compilations of KnowledgeShare documents. For the same reasons previously stated, Defendants will produce the KnowledgeShare documents from these two families.[1]

Supplement Rows 386 through 392

The documents identified in rows 386 through 392 of the Supplement are part of a set of documents compiled to assist counsel in the rendering of legal advice relating to the CFPB's investigation and in anticipation of the present litigation. All seven sample documents are procedural documents, but they are not from the KnowledgeShare repository and some of the procedures are specific to entities that are not parties to this litigation. Defendants have already produced the documents that relate to Defendants. Because their selection reflects the thoughts and impressions of Navient's counsel and the CFPB is not prejudiced by Defendants' withholding of this family, Defendants continue to withhold these documents.

---

[1] The remainder of the sample documents are loose image files similar to those the Court found "have no relevance here and would not be subject to collection." Apr. 23 Tr. at 15:3-10; *see also id.* at 24:13-17.

WILMERHALE

April 29, 2019
Page 2

Supplement Rows 397 through 400

The documents identified in rows 397 through 400 of the Supplement are part of a set of documents compiled to assist counsel in the rendering of legal advice relating to the CFPB's investigation and in anticipation of the present litigation. All four sample documents are records from the CFPB's online portal through which borrowers submit complaints and Navient submits responses. The CFPB has independent access to these documents; additionally, Navient has produced all four documents in this litigation. Because their selection reflects the thoughts and impressions of Navient's counsel and the CFPB is not prejudiced by Defendants' withholding of this family, Defendants continue to withhold these documents.

Log No. 4012

This document is comprised of litigation materials from wage garnishment proceedings compiled for in-house counsel to assist in responding to a regulatory request. The subject of the transmitting email notes that the communications were considered at that time to be privileged. Although some portions of the document appear to be public filings, the document also includes an account record cover sheet that appears to have been compiled for counsel and some of the documents contain handwritten notes.

Log No. 4136

Defendants will produce this document.

Log No. 6465

Defendants are withholding this document on the basis of attorney-client privilege. The document is a PowerPoint presentation with an attorney-client privilege header that describes legal compliance issues and ongoing litigation matters. The slides were presented in a meeting, which included in-house counsel as attendees, and particular slides reflect the provision of legal advice.

Log No. 23721

This document is a *draft* spreadsheet of borrower data that was created at the direction of outside counsel Jonice Gray Tucker of Buckley Sandler LLP. Ms. Tucker, in consultation with in-house counsel Tom Broadhead and Joel Mayer, requested this information to assist in responding to a Civil Investigative Demand from the CFPB. This data, which was compiled in anticipation of the present litigation, reflects the thoughts and impressions of legal counsel.

Log No. 33645

WILMERHALE

April 29, 2019
Page 3

      This document contains data embedded in a *draft* PowerPoint presentation created in collaboration with in-house counsel Mark Heleen and circulated to in-house counsel and outside counsel WilmerHale and Kirkland & Ellis for additional legal advice. The slide deck was created for use in a meeting with the CFPB during the CFPB's civil investigation and in anticipation of the present litigation. Defendants withheld this presentation because it contains the legal advice of counsel and was created in anticipation of litigation. Defendants have produced the final version of the presentation.

Log No. 33729

      This document is related to the document at Log No. 33645. This document contains talking points, marked "Privileged & Confidential, Attorney Work Product, Attorney-Client Communication," that were drafted to guide discussions during a meeting with the CFPB to discuss the investigation and in anticipation of the present litigation. While the discussion that occurred during the meeting is not confidential (and the CFPB is aware of what was said during that meeting), this document served as a confidential guide for Navient counsel and reflects in-house and outside counsel's legal advice and strategy.

Log No. 33710

      This email chain discusses strategy relating to the identification of and analysis of borrower phone calls performed at the direction of in-house and outside counsel. This analysis was done to provide data, which was incorporated into a white paper drafted by WilmerHale in anticipation of the present litigation. The document is protected by the work product doctrine because it reflects the data counsel believed was important to the anticipated litigation and the methods used to compile that information.

Log Nos. 6359, 6360, and 5824

      Defendants can confirm that a final copy of the reports identified in log numbers 6359 and 6360 have been produced. The document at log number 5824 is draft document marked as attorney-client privileged. Although we did not produce this privileged version to the CFPB, we produced a subsequent version of the document that did not include the attorney-client privilege legend.

                                                  Respectfully submitted,

                                                  Karin Dryhurst /NB

                                                  Karin Dryhurst