# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CONSUMER FINANCIAL           :
PROTECTION BUREAU,           :
                             :
    Plaintiff            :
                             :
                             :    **3:17-CV-101**
    v.                   :    **(Judge Mariani)**
                             :
                             :
NAVIENT CORPORATION, et al., :
                             :
    Defendants.          :

## SPECIAL MASTER REPORT #10 – *IN CAMERA* REVIEW OF DOCUMENTS WITHHELD IN WHOLE OR IN PART ON THE BASIS OF THE DELIBERATIVE PROCESS PRIVILEGE – FEBRUARY 25, 2019 PRODUCTION

### I.    INTRODUCTION

This Special Master Reports #10 is the final accounting of my *in camera* review of Documents that Plaintiff Consumer Financial Protection Bureau (the "Bureau") contends are not discoverable based on the deliberative process privilege. Seventy-four documents comprised the Bureau's last production of deliberative process privilege documents, made by letter dated February 25, 2019. (Doc. 233.) Those Documents were grouped under 12 Categories on the Bureau's Categorical Privilege Log. The Bureau's February 25, 2019 letter was

accompanied by a supplemental privilege log in the form of an electronic

spreadsheet that listed the Documents in numerical order from 1 to 74.[1]  The

spreadsheet provided for each Document its Bates Number, Category number from

the Bureau's Categorical Privilege Log under which the Document was produced,

the date(s) of the communication(s), the custodian(s), the author(s), the sender(s),

the recipient(s), the subject if the document was an email thread, the file name if

the document was not an email thread, the decision that was under consideration,

the decision-maker, and the date of the decision, if one was made.  The spreadsheet

will be referred to herein as the Bureau's February 25, 2019 Supplemental

Privilege Log.  As have the prior Reports in this matter, this Report #10 will

address the question of whether Documents are subject to production by

Categorical Privilege Log number.  The same naming conventions used in prior

Reports will be applied here.  Additionally, this Report incorporates by reference

the discussion of the background of this case, the governing legal principles, and

---

[1]  The Bureau's February 25th letter states that it was producing 75
Documents.  The error is understandable as the electronic spreadsheet
accompanying the production places the number for each Document in the column
to the left of and above the number assigned to each Document.  Thus, while the
number 75 appears in the same row as the last Document in the production, the
actual Document number, 74, appears in the column to the left and just above the
last row.

the review process I followed that is set forth in the first 15 pages of Special

Master Report #3.  (Doc. 266.)[2]

## II.   DISCUSSION

The Bureau's February 25, 2019 letter (Doc. 233) explains that it has

subdivided Category 1 into nine subcategories, 1-A through 1-J.  The Bureau also

stated that it was replacing the original description for Category 1 with the

descriptions for the nine subcategories contained in Appendix A to the Bureau's

February 25, 2019 letter.  Accordingly, I will address each of these subcategories

separately.

### A.  Category 1-A – "Payback Playbook" Related Documents

There is only one Document withheld in part under Category 1-A, CFPB-

NAV-0057629.[3]  It is a 27-page slide deck concerning student loan disclosures.

---

[2] Although I am not providing an opportunity for parties to object to the
conclusions expressed in this Report before they become final (I had done so with
respect to Special Master Reports #3 and #5), the parties are free to seek
reconsideration of any aspect of this Report in lieu of or in addition to filing
objections with Judge Mariani.

[3] Category 1-A is described as follows:

> Confidential pre-decisional and deliberative portions of drafts of a
> presentation made by the personnel in the Bureau's Office for
> Students to the Bureau's Policy Committee to provide proposals to
> the Policy Committee and obtain preliminary feedback from the
> Policy Committee regarding the potential content of a "Payback
> Playbook," a set of prototype written disclosures regarding
> repayment options, and a proposed Request for Information
> regarding the Payback Playbook; redacted slides contain proposals

Redacted from this Document are slides 16 through 27.  Except for the last two

slides, the redacted slides concerned the possible content of the "Payback

Playbook" (later published by the Bureau on April 28, 2016) and proposed areas of

inquiry in a Request for Information ("RFI") (also released publicly on April 28,

2016).  The last two slides are provided as an Appendix to the presentation and are

titled, "Current Disclosures."  While slides 16 through 25 are plainly predecisional

and deliberative in nature, Slides 26 and 27 are factual depictions of the disclosures

of information then being provided to student borrowers.  Accordingly, the Bureau

will be directed to produce Slides 26 and 27.  As for the redacted content, there is

no indication that ED had any involvement in that content, which does not in any

event reveal ED's expectations of student loan servicers.  Thus, Defendants'

interests in obtaining the redacted slides does not outweigh the Bureau's interest in

protecting the deliberative process.  Accordingly, the Bureau will not be required

to produce slides 16 through 25.

### B. Category 1-B – "Student Finance Issue Team Training"

---

> regarding the content of the Payback Playbook and the process of
> issuing the RFI; recommendations preceded Mr. Cordray's decision
> regarding the content and publication of the "Payback Playbook"
> and RFI, both published on April 28, 2016, including what policies,
> priorities, and issues to reflect or emphasize in the final published
> versions of those materials, how to develop and present those
> policies, priorities, and issues in the final published versions of
> those materials, and whether to publish those materials.

Doc. 233 at 6.

There are eight Documents withheld in part under Category 1-B, which carries the following description:

> Confidential pre-decisional and deliberative portions of drafts of a presentation to attorneys in the Bureau's Office of Enforcement regarding the student finance market; redacted slides describe and recount recommendations made by members of a student finance working group (consisting of Bureau staff in various Bureau divisions who were involved in student finance issues) to the leaders of the various Bureau divisions (Steven Antonakes, Meredith Fuchs, Gail Hillebrand, Zixta Martinez, David Silberman, and Sartaj Alaj) regarding what policies, priorities, strategies, and goals the Bureau should adopt and pursue in the student finance market in FY 2016-17 as part of the Bureau's "One Bureau" process; recommendations made to these division leaders informed and influenced their own, subsequent recommendations to Mr. Cordray regarding these decisions; recommendations preceded decisions made by Mr. Cordray as part of the "One Bureau" process, including what policies, priorities, strategies, and goals the Bureau should adopt and pursue in the student finance market in FY 2016-17.

Doc. 233 at 6.

The eight Documents (Documents 2 through 9 on the February 25, 2019 Supplemental Privilege Log) are various iterations of a Bureau slide deck titled "Student Finance Issue Team Training." One iteration of the slide deck is dated March 2015 (Document 2 (CFPB-NAV-0057596)), and the other seven iterations are dated September 2016 (Documents 3 through 9 on the February 25 Supplemental Privilege Log). Redacted from each iteration of the slide deck is one slide dealing with the Bureau's strategic priorities for the next five years, information that is predecisional and deliberative in nature. Also redacted is information on some other slides dealing with enforcement matters involving

entities other than Defendants.  This information is not relevant.  None of the

redacted content concerns Defendants or ED expectations of student loan servicers.

Under these circumstances, the Bureau will not be required to produce unredacted

copies of Documents 2 through 9 on the February 25, 2019 Supplemental Privilege

Log.

### C.  Category 1-C – Goals and Strategies for the Bureau's Division of Supervision, Enforcement & Fair Lending

Category 1-C concerns "communications between members of the

'Waterfront Working Group,' a group consisting primarily of personnel in the

Bureau's Division of Supervision, Enforcement & Fair Lending (SEFL) whose

primary purpose was to develop recommendations to former Director Richard

Cordray regarding what specific policies, priorities, strategies, and goals the SEFL

division should adopt and pursue after the conclusion of the 'One Bureau'

process." (Doc. 233 at 6.)[4]  Only one Document (10 on the February 25, 2019

---

[4] The full description for Category 1-C is as follows:

> Confidential pre-decisional and deliberative communications
> between members of the "Waterfront Working Group," a group
> consisting primarily of personnel in the Bureau's Division of
> Supervision, Enforcement & Fair Lending (SEFL) whose primary
> purpose was to develop recommendations to former Director
> Richard Cordray regarding what specific policies, priorities,
> strategies, and goals the SEFL division should adopt and pursue
> after the conclusion of the "One Bureau" process; communications
> facilitated discussion among members of the "Waterfront

Supplemental Privilege Log (CFPB-NAV-0057636)) appears under this Category.

It is a three page email thread.  The Bureau's February 25, 2019 letter claims that

this Document is also protected from discovery by the attorney-client privilege.

(Doc. 233 at 2.)  Appendix B to the letter adds the following new Category to the

Categorical Privilege Log, Category 112:

> Confidential communications among attorneys in the Bureau's
> Office of Enforcement, Legal Division, Office of Supervision
> Policy, and Division of Consumer Education & Engagement, for
> the purpose of developing and providing legal advice regarding the
> prohibition against unfair, deceptive, and abusive conduct in the
> Consumer Financial Protection Act of 2010.

(*Id.* at 11.)  Defendants have not challenged the Bureau's invocation of the

attorney-client privilege.  Because this Document is thus not otherwise

discoverable, I have not considered whether it is also protected from discovery

under the deliberative process privilege.

### D.  Category 1-D – Office of Enforcement Strategic Plan

---

> Working Group" regarding how to allocate and deploy resources
> across the SEFL Division, tool choice decisions for the SEFL
> Division, and strategic priorities for the SEFL Division within
> various markets, for the purpose of developing potential
> recommendations to Mr. Cordray regarding such decisions;
> communications preceded decisions by Mr. Cordray regarding how
> to allocate and deploy resources across the SEFL Division, tool
> choice decisions for the SEFL Division, and strategic priorities for
> the SEFL Division within various markets.

Doc. 233 at 6-7.

Twelve Documents were withheld under Category 1-D, described by the

Bureau as follows:

> Confidential pre-decisional and deliberative draft of a presentation
> discussing a  proposed Strategic Plan for the Bureau's Office of
> Enforcement; presentation was circulated to members of the
> "Waterfront Working Group" to assist in developing potential
> recommendations to former Director Richard Cordray regarding
> what specific policies, priorities, strategies, and goals the SEFL
> division should adopt and pursue after the conclusion of the "One
> Bureau" process; presentation preceded decision by Mr. Cordray to
> approve the Office of Enforcement's Strategic Plan.

Doc. 233 at 7.  The withheld documents consist of three iterations of a slide deck

titled, "Discussion of Enforcement Strategic Plan 2015-2016" (Documents 11, 15

and 19 on the February 25, 2019 Supplemental Privilege Log), and three electronic

spreadsheets for each of the slide decks (Documents 12, 13, 14, 16, 17, 18, 20, 21,

and 22).  Clearly predecisional and deliberative in nature, the Documents need not

be produced as they do not reflect any input at all from ED and have no bearing on

the issues presented in this litigation.

### E.  Category 1-E – Students Cross-Bureau Working Group Meetings

Nineteen documents were withheld under Category 1-E, described by the

Bureau as follows:

> Confidential pre-decisional and deliberative documents and
> communications generated by or exchanged between members of
> the Student Finance Cross Bureau Working Group, a group
> consisting of personnel from across various divisions of the Bureau
> involved in student finance issues; purpose of documents and
> communications was to develop recommendations to Bureau

decision-makers regarding how to coordinate the activities of and allocate resources across the Bureau's various divisions to most effectively address issues in the student finance market, including what policies, priorities, strategies, and goals the Bureau's Office of Supervision Policy and the Bureau's Office of Enforcement should adopt and pursue and what issues those offices should address or focus on, as later reflected in the Supervision Examination Calendar for FY 2017-18 and the Enforcement Strategic Plan for Student Finance for 2017-2018; documents and communications preceded Mr. Cordray's decision to approve the Supervision Examination Calendar for FY 2017-18 and Christopher D'Angelo's decision to approve the Enforcement Strategic Plan for Student Finance for 2017-18.

Doc. 233 at 7.

In response to Special Master Order #15 (Doc. 249), the Bureau, by letter dated March 20, 2019 (Doc. 254) agreed to produce 13 of the 19 Documents withheld under this category. (Documents 25 through 29, 31 through 34, and 36 through 39 on the February 25, 2019 Supplemental Privilege Log.)[5] The remaining six documents were withheld in part. Three of the partially withheld documents are three iterations of redacted slide decks bearing the date June 29, 2016 and the title, "Students Cross-Bureau Group Meeting." (Documents 24 (CFPB-NAV-0057484), 30 (CFPB-NAV-0057492) and 35 (CFPB-NAV-

---

[5] The thirteen documents are electronic spreadsheets containing various charts and tables. Special Master Order #15 (Doc. 249) directed the Bureau to show cause why it should not be required to produce those spreadsheets as they contain factual information not protected by the deliberative process privilege. By way of contrast, the information in the spreadsheets withheld under Category 1-D concern matters of strategy and are not factual in nature.

0057498.)  The other three redacted Documents consist of two instances of the

minutes from the Students Cross-Bureau Working Group meetings held on June

29, 2016 (Documents 23 (CFPB-NAV-0057481) and 40 (CFPB-NAV-0057504),

and one copy of the minutes from the same group's meeting held on September 13,

2016 (Document 41 (CFPB-NAV-0057589).  The information redacted from the

slide decks and the minutes generally concerns enforcement actions by the Bureau,

including the enforcement action against Defendants.  The redacted information is

generic in nature, predecisional and deliberative.  None of the redacted information

concerns ED expectations of student loan servicers or could be considered

exculpatory.  Therefore, the Bureau will not be required to produce unredacted

copies of any of these six documents.

### F.  Category 1-F –Briefing Memorandum re: Priorities and Strategies

Withheld under Category 1-F is a briefing memorandum and associated

slide deck.[6]  (Document 42 (CFPB-NAV-0057633) on the February 25, 2019

---

[6] Category 1-F carries the following description:

> Confidential pre-decisional and deliberative briefing memorandum
> submitted to former Director Richard Cordray to brief Mr. Cordray
> regarding a proposed approach to validating cross-Bureau policies,
> priorities, strategies, and goals that Mr. Cordray previously
> approved as part of the Bureau's "One Bureau" process and to seek
> Mr. Cordray's approval to proceed with the proposed "One
> Bureau" validation approach; purpose of recommendations
> contained in the briefing memorandum was to help Mr. Cordray
> make decisions regarding allocation and deployment of resources

Privilege Log.)  The January 4, 2017 briefing memorandum and related slide deck were intended to prepare former Director Richard Cordray for a meeting with Bureau staff to address Bureau priorities, strategies and goals.  Briefing memoranda, such as this one, are clearly protected by the deliberative process privilege.  *See Elec. Frontier Found. v. US. Dep't of Justice*, 890 F. Supp. 2d 35, 53 (D.D.C. 2012).  The information in the Briefing memorandum has little to do with student loan servicing, and the information that does address that subject does not reveal ED expectations of student loan servicers or otherwise have any relationship to this litigation.  Accordingly, the Bureau will not be required to produce this briefing memo and related slide deck.

### G. Category 1-G – The Examination Schedule for FY 2016 and FY 2017

Eighteen documents were withheld under Category 1-G, which concerns the establishment of the Bureau's examination schedule for 2016 and 2017.[7]  There are

---

> across various components of the Bureau, tool choice decisions, and strategic priorities within multiple, specific markets; briefing memorandum preceded Mr. Cordray's decisions regarding allocation and deployment of resources across various components of the Bureau, tool choice decisions, and strategic priorities within multiple, specific markets as part of the "One Bureau" validation process.

Doc. 233 at 7-8.

[7] The Bureau's description of Category 1-G is as follows:

> Confidential pre-decisional and deliberative documents and communications relating to the setting of the Office of

four unique documents withheld under this Category: a September 2, 2015 briefing

memorandum to Former Director Cordray pertaining to the proposed examination

schedule;[8] a 42-page slide deck for prioritization and exam scheduling;[9] a May 14,

2015 memorandum (updated August 26, 2015) from a Bureau attorney advisor to

---

> Supervision's strategies for FY 2016 and FY 2017, including the
> order, priority, and focus of examinations as reflected in the Office
> of Supervision's Examination Calendar for FY 2016 and FY 2017;
> purpose of documents and communications was to develop or
> present recommendations and proposals regarding the order,
> priority, and focus of supervisory examinations for FY 2016 and
> FY 2017; documents and communications preceded Mr. Cordray's
> decision to approve the Office of Supervision's Examination
> Calendar for FY 2016 and FY 2017, including the order, priority,
> and focus of supervisory examinations reflected in the Examination
> Calendar.

Doc. 233 at 8.

[8] Duplicates of the redacted briefing memo appear as Documents 43 (CFPB-NAV-0057511);  47 (CFPB-NAV-0057532); 51 (CFPB-NAV-0057557); 55 (CFPB-NAV-0057612); and 57 ((CFPB-NAV-0057643) on the February 25, 2015 Supplemental Privilege Log.

[9] Duplicates of the slide deck appear as Documents 44 (CFPB-NAV-0057512); 48 (CFPB-NAV-0057533); 52 (CFPB-NAV-0057558); 56 (CFPB-NAV-0057513); and 58 (CFPB-NAV-0057644).  In some instances, the Bureau withheld the slide deck in its entirety, but in other instances provided a redacted copy that included only the title slides.  For example, Document 44 (CFPB-NAV-0057512) was withheld completely, but Document 52 (CFPB-NAV-0057558) was produced in a redacted format, with the title slides remaining.

the Bureau's Assistant Director;[10] and an August 26, 2015 memorandum to the

Assistant Director.[11]

Only the deliberative process privilege is asserted with respect to the

briefing memorandum and slide deck.  They are clearly predecisional and

deliberative documents.  Moreover, neither Document reveals anything concerning

ED's expectations of loan servicers or otherwise provide information bearing on

the issues in this litigation.  Accordingly, the Bureau need not produce any

documents withheld in whole or in part under Category 1-G.

### H.  Category 1-H – Examination Schedule for FY 2017 and FY 2018

Documents 61 through 67 on the Bureau's February 25, 2019 Privilege Log

have been withheld under Category 1-H, which concerns the establishment of the

Bureau's Office of Supervision Examination calendar for fiscal years 2017 and

--------------------------------

[10]  Duplicates of the attorney memorandum appear on the February 25, 2019 Supplemental Privilege Log as Documents 45 (CFPB-NAV-0057513); 49 (CFPB-NAV-0057534); 53 (CFPB-NAV-0057559); and 59 (CFPB-NAV-0057645).  By letter dated March 22, 2019 (Doc. 258), the Bureau asserted that this memorandum was also protected from discovery by the attorney-client privilege.  Because Defendants have not challenged the Bureau's invocation of the attorney-client privilege, I have not considered whether this memorandum is also protected from disclosure by the deliberative process privilege.

[11]  Duplicates of the memorandum appear on the February 25, 2019 Supplemental Privilege as Documents 46 (CFPB-NAV-0057522); 50 (CFPB-NAV-0057543); 54 (CFPB-NAV-0057568); and 60 (CFPB-NAV-0057654).  The Bureau's March 22, 2019 letter (Doc. 258) also claimed the attorney-client privilege for this memorandum.  Consequently, I have not considered whether it is covered by the deliberative process privilege.

2018.[12]  The Bureau's March 22, 2019 letter (Doc. 258) asserted that three of the

Documents under this Category were also protected from disclosure by the

attorney-client privilege: Documents 61 (CFPB-NAV-0057572), 63 (CFPB-NAV-

0057577),  and 65 (CFPB-NAV-0057587).  The applicability of the deliberative

process privilege will thus not be considered with respect to these three documents.

Document 62 (CFPB-NAV-0057573) is the template used by the Bureau for

the preparation of memoranda setting forth Office of Supervision strategies.

Document 64  (CFPB-NAV-0057586) is an Office of Supervision Slide Deck

setting forth priorities and strategy for 2017 and the first quarter of 2018.

Documents 66 (CFPB-NAV-0057590) and 67 (CFPB-NAV-0057630) contain

emails dated May 24 and June 3, 2016.  These Documents are plainly predecisional

---

[12] The Bureau's description for Category 1-H is as follows:

> Confidential pre-decisional and deliberative documents and
> communications relating to the setting of the Office of
> Supervision's strategies for FY 2017 and FY 2018, including the
> order, priority, and focus of examinations as reflected in the Office
> of Supervision's Examination Calendar for FY 2017 and FY 2018;
> purpose of documents and communications was to develop or
> present recommendations and proposals regarding the order,
> priority, and focus of supervisory examinations for FY 2017 and
> FY 2018; documents and communications preceded Mr. Cordray's
> decision to approve the Office of Supervision's Examination
> Calendar for FY 2017 and FY 2018, including the order, priority,
> and focus of supervisory examinations reflected in the Examination
> Calendar.

Doc. 233 at 8.

and deliberative.  The redacted content does not reveal ED expectations of student

loan servicers or otherwise concern the issues in this litigation.  Accordingly, the

Bureau will not be required to produce any of the Documents under Category 1-H.

## I.   Category 1-I – The Bureau's "Supervisory Highlights" Publication

Two documents are withheld under Category 1-I.[13]  Both Document 68

(CFPB-NAV-0057610) and 69 (CFPB-NAV-0057659) are slide decks dated

January 22, 2015 that concern the possible content of a Bureau publication,

"Supervisory Highlights."  The documents are predecisional and deliberative in

nature.  The redacted content is generic and does not concern the issues in this

---

[13] Category 1-I is described by the Bureau as follows:

> Confidential pre-decisional and deliberative portions of a
> presentation made by the personnel in the Bureau's Office for
> Supervision Policy to the Bureau's Policy Committee to provide
> proposals to the Policy Committee and obtain preliminary feedback
> from the Policy Committee regarding the potential content of the
> seventh edition of the Bureau's "Supervisory Highlights," a
> document published by the Bureau that summarizes key findings in
> the Bureau's supervisory examinations; redacted slides contain
> proposals regarding the content of the Supervisory Highlights;
> recommendations preceded Mr. Cordray's decision regarding the
> content and publication of the seventh edition of the Supervisory
> Highlights, published in March 2015, including what policies,
> priorities, and issues regarding student loans to reflect or emphasize
> in the final published version of the document, how to present such
> policies, priorities, and issues in the final published version of the
> document, and whether to publish the document.

Doc. 233 at 8-9.

litigation.  Defendants are not entitled to production of the Documents withheld under Category 1-I.

## J.  Category 11 – Office of Enforcement's Strategic Plan

Two Documents (70 (CFPB-NAV-0057593) and 71 (CFPB-NAV-0057594) on the February 25, 2015 Supplemental Privilege Log) were withheld under Category 11.[14]  Document 70 is an October 14, 2016 email transmitting within the Bureau a draft of the 2017 Student Finance Strategic Plan.  Redacted from this email is information concerning the potential content of the Strategic Plan.  The email is predecisional and deliberative.  The redacted content does not concern the substance of this litigation.  There is no need to produce it.

---

[14] Category 11 is described by the Bureau as follows:

> Confidential pre-decisional and deliberative draft of the Office of Enforcement's Strategic Plan for Student Finance for 2017-18 and portions of a cover email between attorneys in the Bureau's Office of Enforcement discussing the draft; email and attached draft of the Strategic Plan for Student Finance were used to develop recommendations to Christopher D'Angelo regarding what policies, priorities, strategies, and goals the Office of Enforcement should adopt and pursue in the student finance market in 2017-2018, including how to allocate and deploy the office's resources to address various problems in the student finance market; email and attached draft of the Strategic Plan for Student Finance preceded decision by Christopher D'Angelo (former Associate Director of the Bureau's Division of Supervision, Enforcement & Fair Lending) to approve the Strategic Plan for Student Finance for 2017-18.

Doc. 233 at 9.

Document 71 is a draft of the Office of Enforcement Strategic Plan dated October 14, 2016. It is obviously predecisional and deliberative. Some of the content of this draft has been produced by the Bureau. The bulk of the redacted content pertains to Bureau strategy and does not concern ED's expectations of student loan servicers. Some redacted content, however, does pertain to ED and its role in enforcement activities. Other potential regulators are also mentioned. As to the last full paragraph on page 1 of the draft and the carryover of that paragraph to page 2 as well as the next two paragraphs on page 2, the factors that make the deliberative process privilege a qualified one tip in favor of making that information available to Defendants. The redacted information is relevant, it is not otherwise available to Defendants, the issues presented in this litigation are of utmost importance to both the Bureau and Defendants, and the Bureau has initiated this litigation. Moreover, there would not appear to be any prejudice to the Bureau from providing this information. Accordingly, the Bureau will be directed to un-redact those paragraphs.

**K.  Category 30 – Division of Consumer Education and Engagement**

Documents 72 (CFPB-NAV-0057506) and 73 (CFPB-NAV-0057508) were withheld under Category 30.[15]  Document 72 is a November 9, 2011 draft of the

---

[15] Category 30 is described as follows:

Bureau's Office of Consumer Education and Engagement Research needs and

Document 73 is a marked up copy of that draft.  The Documents are predecisional

and deliberative in nature.  Being generic in nature, the two Documents have little

to do with the issues in this litigation.  They do not concern ED's expectations of

student loan servicers.  The Bureau will not be required to produce either of these

Documents.

**L.  Category 39 – Office of Research Student Loan Credit Reporting**

---

Confidential pre-decisional and deliberative drafts of a document
prepared by personnel in the Bureau's Division of Consumer
Education & Engagement describing proposed tasks, projects, and
research issues to be handled by various offices within the Division
of Consumer Education & Engagement; drafts reflect
recommendations, preliminary feedback, and input from personnel
in the Division of Consumer Education & Engagement regarding
those proposed tasks, projects, and research items and the potential
policy priorities reflected therein; drafts were used to develop the
Division of Consumer Education & Engagement's policies,
priorities, strategies, and goals for FY 2012, which were reflected
in a subsequent document titled "FY 2012 Objectives and Strategic
Initiatives," including how to allocate and deploy the Division's
resources to address issues in various consumer finance markets;
drafts preceded the decision by Gail Hillebrand (Associate Director
of the Division of Consumer Education & Engagement) to approve
the document titled "FY 2012 Objectives and Strategic Initiatives"
and the policies, priorities, strategies, and goals set forth in that
document.

Doc. 233 at 9.

One Document (Document 74 (CFPB-NAV-0057547) is withheld under

Category 39.[16]  It consists of an email exchange within the Bureau on August 15

and 17, 2016.  The email exchange relates to "a preliminary list of issues relating

to student loan credit reporting for the Office of Research to research and analyze

for potential use in drafting reports published by the Bureau."  (Doc. 233 at 4.)

The redacted information is predecisional and deliberative.   The redacted content

does not concern ED's expectations of student loan servicers.  Defendants' desire

for the Document does not outweigh the strong interest in protecting the

deliberative process.  The Bureau will not be required to produce Document 74 on

the February 25, 2019 Supplemental Privilege Log.

---

[16]  Category 39 is described as follows:

> Confidential communications between personnel in the Bureau's
> Office of Research to develop a preliminary list of issues relating to
> student loan credit reporting for the Office of Research to research
> and analyze for potential use in the drafting of reports to be
> published by the Office of Research; communications resulted in
> research and analysis that contributed to the drafting of the
> following reports prepared by Office of Research and published by
> the Bureau: (1) an August 2017 report titled "CFPB Data Point:
> Student Loan Repayment" and (2) a June 2018 report titled "Data
> Point: Final Student Loan Payments and Broader Household
> Borrowing"; communications preceded final decisions by former
> Director Richard Cordray and former Acting Director Mick
> Mulvaney regarding the content of those reports.

Doc. 233 at 10.

## III.   CONCLUSION

All Documents that comprise the Bureau's fourth and final production for *in camera* review are pre-decisional and deliberative in nature.  The Defendants' interest in obtaining parts of two Documents, however, exceeds the Bureau's interest in protecting its deliberative process.  The accompanying Order directs the Bureau to take actions consistent with the preceding discussion.

<u>s/ Thomas I. Vanaskie</u>
THOMAS I. VANASKIE
SPECIAL MASTER

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CONSUMER FINANCIAL PROTECTION BUREAU,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| | : | **3:17-CV-101** |
| **v.** | : | **(Judge Mariani)** |
| | : | |
| | : | |
| **NAVIENT CORPORATION, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## ORDER

**NOW,** this 21st Day of May 2019, in accordance with the foregoing Special Master Report #10, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff Consumer Financial Protection Bureau shall provide in unredacted form slides 26 and 27 from Document 1 on the Bureaus' February 25, 2019 Supplemental Privilege Log (CFPB-NAV-0057629).

2. The Bureau shall un-redact the content starting with the last full paragraph on page 1 of Supplemental Privilege Log Document 71 through the second full paragraph on page 2 that Document (CFPB-NAV-0057594).

3. Objections to this Special Master Report #10 and Order must be submitted no later than twenty-one (21) days after service of this Order.

s/ Thomas I. Vanaskie
THOMAS I. VANASKIE
SPECIAL MASTER