

May 22, 2019

<u>**VIA Email and ECF**</u>

Judge Thomas I. Vanaskie
JAMS, Inc.
1717 Arch Street, Suite 3810
Philadelphia, Pennsylvania 19103

   Re: *CFPB v. Navient Corp., et al.,* Case No. 3:17-cv-00101-RDM

Dear Judge Vanaskie:

  The parties, with the intensive assistance of the Special Master, have worked diligently to meet the June 7 Court-ordered deadline for the close of fact discovery. The weekly status conferences have served to keep the parties on track and ensure that there are no surprises. During last week's May 14 status conference, in response to Your Honor's inquiry, Defendants explained: "[W]e're largely on the same page with the CFPB here. We have got two depositions remaining, they're going to be doing a 30(b)(6) of a Navient corporation witness, and we have, of course, the deposition of Seth Frotman. Otherwise, we have been able to work through the deposition[s] of the witnesses on their disclosure list, and I think we're essentially, at the end there."[1] For its part, CFPB's lead counsel had already represented, "from our perspective, there are – it's just, really, the issues that have already been placed on the table ... We don't have anything new."[2]

  Nevertheless, six days later, around 9 p.m. on Monday, May 20, the CFPB served Defendants with Plaintiff's Fifth Supplemental and Amended Initial Disclosures ("Fifth Supplemental Disclosures"), adding four new witnesses with just 14 business days remaining in discovery. Ex. A. This is not the first time that the CFPB deployed this tactic. In December 2018, the CFPB waited until two days before the then-scheduled close of discovery to update its disclosures with five new witnesses. Ex. B. The CFPB concedes that it is impossible for Defendants to gather the relevant documents regarding these four new witnesses, produce those documents to the CFPB, subpoena the witnesses, schedule their depositions, prepare for their depositions, and then take their depositions—within 14 days.[3] *See Semi-Tech Litig. LLC v. Bankers Trust Co.*, 219 F.R.D. 324, 325 (S.D.N.Y. 2004) (explaining that parties must make required Rule 26 disclosures not just before court-imposed discovery deadlines but in time for the other side to comply with such deadlines).

---

[1] May 14, 2019 Hearing Tr. 10:13-19.

[2] May 14, 2019 Hearing Tr. 9:19-29; 10:7-8.

[3] *See* May 21, 2019 Hearing Tr. 15:11-17

*Judge Thomas I. Vanaskie*
*May 22, 2019*
*Page 2*

Federal Rule of Civil Procedure 26(e)(1)(A) requires a party to update its initial disclosures "in a *timely* manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." (emphasis added). A party that fails to follow these requirements is "not allowed to use that information or witness to supply evidence ... unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The CFPB has the burden to show that its untimely Fifth Supplemental Disclosures are either substantially justified or harmless. *See Robins v. Nationwide Mut. Ins. Co.*, 2013 WL 6191953, at *4 (M.D. Pa. Nov. 26, 2013). Here it can show neither. Its Fifth Supplemental Disclosures should be stricken.

The CFPB's only explanation for why it waited more than two years to identify four new witnesses is that it "did not secure these witnesses' cooperation until the past week," and it is only required to update its disclosures "when the [B]ureau secures a witness' cooperation."[4] The CFPB offers no support for this subjective and self-serving standard, which appears nowhere in the Federal Rules. Nor has the CFPB used that standard throughout this litigation. In fact, there are repeated examples of the CFPB disclosing witnesses and later withdrawing those same witnesses because the witnesses were not willing to be deposed or even able to be located. As just one example, in the CFPB's Third Supplemental and Amended Initial Disclosures, served less than a month before the last discovery deadline on November 9, 2018, the CFPB disclosed former Navient employee ██████. Yet it apparently did so without "securing her cooperation," because for months Defendants tried to schedule her deposition to no avail. As late as March 26, 2019 (over four months after the CFPB disclosed her), the CFPB told Defendants, "We are continuing to try to reach ██████ and left another voice message in the past few days. We would like to continue our efforts and will keep you updated as to whether we have any success in getting in touch with her." Ex. C. Finally, on April 17, 2019, the CFPB told Defendants that it was withdrawing ██████.

"[T]he timeliness question is driven largely by the question of when the Plaintiffs came into possession of the documents that would lead them to identify the particular individuals they would make use of in proving their claims." *Jama v. City & Cty. Of Denver*, 304 F.R.D. 289, 300 (D. Colo. 2014). Each of the four new witnesses should have been disclosed months ago.

(1) ██████. The CFPB now claims that it first learned of former Navient employee ██████ when it interviewed her at some point in May 2019. But on September 4, 2018, Navient produced to the CFPB a list of all former Navient call center employees, along with their contact information.[5] The CFPB demanded this information because "we would like to call certain of these people and talk with them."[6] At any point since September 2018, the CFPB could have called ██████ As recently as last Wednesday, May 15—*after* the CFPB assured the Court that "we don't have anything new in discovery"— the CFPB was still trying to contact new witnesses from the list provided by Navient, sending cold emails with the subject line, "██████, the federal government is suing your former employers

---

[4] May 21, 2019 Hearing Tr. 14:8-9; 15:2-3.

[5] NAV-02968150.

[6] Aug 8, 2018 Hearing Tr. 30:21-24.

*Judge Thomas I. Vanaskie*
*May 22, 2019*
*Page 3*

Navient/Sallie Mae," and asking if they "might be willing to speak about [their] experiences." Ex. D. The CFPB's delay in identifying ▮▮▮▮▮ is neither "substantially justified" as required by Rule 37(c)(1) nor timely under Rule 26(e)(1)(A).

(2) ▮▮▮▮▮▮▮▮ The CFPB now claims that it first learned of ▮▮ ▮▮▮▮▮▮ when it interviewed him at some point this month. ▮▮▮▮▮▮ is disclosed as a witness related to the allegation that Navient reported an inaccurate code (the AL code) to the credit bureaus for borrowers whose loans were discharged due to disability. But on November 2, 2018, Navient produced to the CFPB a list of all borrowers for whom Navient reported the AL code.[7] Like the list of former employees, this list also included contact information for each borrower. The CFPB's delay in identifying ▮▮▮▮▮▮ is neither "substantially justified" as required by Rule 37(c)(1) nor timely under Rule 26(e)(1)(A).

(3) ▮▮▮▮▮▮ **and (4)** ▮▮▮▮▮▮ The CFPB disclosed ▮▮▮▮▮ as someone with "knowledge of Navient's payment processing errors with respect to her son ▮▮▮▮▮▮ student loans," and ▮▮▮▮▮▮ as someone with "knowledge of Navient's communications with her regarding repayment options for her federal student loans. Ex. A. The CFPB proffered that it did not previously disclose ▮▮▮▮▮ and ▮▮▮▮▮ because "we did not know they were going to have information that we would use to support our claims and defenses until the past week."[8] But the CFPB acknowledges that it spoke with ▮▮▮▮▮ *over a year ago*, in May 2018, and three times after that in February, March, and May of 2019. And it spoke with ▮▮▮▮▮ *over five months ago*, in January 2019, and three times after that in February, April, and May of 2019. Over the course of this litigation the CFPB has disclosed over 60 consumers, but ▮▮▮▮▮ and ▮▮▮▮▮ are the only two that (according to its disclosures) the CFPB has interviewed four different times before disclosing them. The CFPB was obligated to disclose these witnesses months ago and this court should not condone the CFPB's gamesmanship.

Fact discovery in this case is now in its 24th month. The last extension gave the parties an additional six months to close out fact discovery. The CFPB was at all times aware of the Court's repeated admonitions that it intended to hold the June 7 deadline. There is simply no good-faith excuse for the CFPB's dilatory, unfair, and prejudicial tactics.

---

[7] NAV-05855534.

[8] *Id.* at 18:9-11.

*Judge Thomas I. Vanaskie*
*May 22, 2019*
*Page 4*

    The CFPB's latest untimely Supplemental Disclosures are neither substantially justified nor harmless.  They should be stricken.  *See, e.g.*, Fed. R. Civ. P. 37(c)(1); *Estate of McDermed v. Ford Motor Co.*, 2016 WL 1298096, at *6-7 (D. Kans. April 1, 2016) (striking supplemental disclosures made 21 days before discovery deadline); *Nathan v. Ohio State Univ.*, 2012 WL 12985801, at *1, 3 (S.D. Ohio April 17, 2012) (finding untimely second amended disclosures submitted nine days before discovery deadline and excluding late-disclosed witnesses).

                         Respectfully,

                         Daniel T. Brier

Enclosures

# EXHIBIT A

SENSITIVE – CONTAINS PERSONALLY IDENTIFIABLE INFORMATION (PII)
DO NOT DISTRIBUTE OR FILE PUBLICLY WITHOUT REDACTING PII

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Consumer Financial Protection Bureau,

    Plaintiff,

    v.

Navient Corporation, *et al.*,

    Defendants.

Case No. 3:17-CV-00101-RDM
(Hon. Robert D. Mariani)

## PLAINTIFF'S FIFTH
## SUPPLEMENTAL AND AMENDED INITIAL DISCLOSURES

Pursuant to Rules 26(a)(1)(A) and 26(e)(1) of the Federal Rules of Civil Procedure, the Bureau provides the following information to supplement and amend the initial disclosures served upon Defendants Navient Corporation, Navient Solutions, LLC ("Navient" or "Navient Solutions"), and Pioneer Credit Recovery, Inc. ("Pioneer") on May 10, 2017; the first supplement served on October 20, 2017; the second supplement served on February 27, 2018; the third supplement served on November 9, 2018; and the fourth supplement served on December 5, 2018. The Bureau reserves the right to clarify, revise, or correct any of its disclosures, and may provide further supplementation as appropriate under Federal Rule of Civil Procedure 26(e). No information contained in these disclosures should be construed as a waiver of any applicable privilege, including, but not limited

SENSITIVE – CONTAINS PERSONALLY IDENTIFIABLE INFORMATION (PII)
DO NOT DISTRIBUTE OR FILE PUBLICLY WITHOUT REDACTING PII

to, the attorney work product privilege, the attorney-client privilege, or the

deliberative process privilege.

**I.  Rule 26(a)(1)(A)(i): "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment"**

The individuals described below are likely to have discoverable

information that the Bureau may use to support its claims. Because

discovery in this action is ongoing, any description of an individual's

knowledge or information should not be read to limit the subject matter(s)

about which particular individuals may have discoverable information.

**A.  Current and Former Employees of Defendants**

As previously communicated to Defendants, the Bureau has removed

█████████████, a former employee, from its third supplement.

In addition, the Bureau adds the names of the following current and

former employees, who have information and knowledge that includes the

testimony that they provided at their depositions relating to the claims in

this case: ███████████████████████████████

█████████████████. These witnesses can be contacted through

2

SENSITIVE – CONTAINS PERSONALLY IDENTIFIABLE INFORMATION (PII)
DO NOT DISTRIBUTE OR FILE PUBLICLY WITHOUT REDACTING PII

Defendants' counsel.

Finally, the Bureau adds the following former employee:

| Name | Contact Information | Date of Interview | Description of Information or Knowledge |
|---|---|---|---|
| ███**  | ███ | May 2019 | Ms. ███, formerly a Collections Specialist I, has information and knowledge concerning collections call center practices, including communications with borrowers, employee compensation and incentives, and Navient's expectations regarding call duration. |

## B.   Consumers

The Bureau adds the following consumers:

| Name | Contact Information | Date of Interview | Description of Information or Knowledge |
|---|---|---|---|
| ███**  | ███ | May 2019 | Mr. ███ has knowledge concerning the discharge of his federal loans due to his disabilities and his difficulties obtaining credit. |
| ███**  | ███ | May 2018; February, March, and May 2019 | Ms. ███ has knowledge of Navient's payment processing errors with respect to her son ███ student loans. |
| ███**  | ███ | January, February, April, and May 2019 | Ms. ███ has knowledge of Navient's communications with her regarding repayment options for her federal student loans. |

** Please serve witness at listed addresses, and not at place of employment.

SENSITIVE – CONTAINS PERSONALLY IDENTIFIABLE INFORMATION (PII)
DO NOT DISTRIBUTE OR FILE PUBLICLY WITHOUT REDACTING PII

Dated: May 20, 2019

Kristen Donoghue
*Enforcement Director*

David Rubenstein
*Deputy Enforcement Director*

Thomas Kim
*Assistant Deputy Enforcement Director*

   /s/ Nicholas Jabbour
Nicholas Jabbour, DC 500626
(Nicholas.Jabbour@cfpb.gov; 202-435-7508)
Ebony Sunala Johnson, VA 76890
(Ebony.Johnson@cfpb.gov; 202-435-7245)
Nicholas Lee, DC 1004186
(Nicholas.Lee@cfpb.gov; 202-435-7059)
Manuel Arreaza, DC 1015283
(Manuel.Arreaza@cfpb.gov; 202-435-7850)
Andrea Matthews, MA 694538
(Andrea.Matthews@cfpb.gov; 202-435-7591)
Jonathan Reischl, IL 6305260
(Jonathan.Reischl@cfpb.gov; 202-435-9202)
*Enforcement Attorneys*

1700 G Street NW
Washington, DC 20552
Fax: 202-435-9346

*Attorneys for Plaintiff*

4

SENSITIVE – CONTAINS PERSONALLY IDENTIFIABLE INFORMATION (PII)
DO NOT DISTRIBUTE OR FILE PUBLICLY WITHOUT REDACTING PII

## CERTIFICATE OF SERVICE

I certify that on May 20, 2019, I served the foregoing document by email to all counsel for Defendants. Daniel Kearney, on behalf of Defendants, previously consented to electronic service.

/s/ Nicholas Jabbour
Nicholas Jabbour, DC 500626
Nicholas.Jabbour@cfpb.gov
1700 G Street NW
Washington, DC 20552
Phone: 202-435-7508
Fax: 202-435-9346

*Attorney for Plaintiff*

# EXHIBIT B

SENSITIVE – CONTAINS PERSONALLY IDENTIFIABLE INFORMATION (PII)
DO NOT DISTRIBUTE OR FILE PUBLICLY WITHOUT REDACTING PII

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Consumer Financial Protection Bureau,

    Plaintiff,

    v.

Navient Corporation, *et al.*,

    Defendants.

Case No. 3:17-CV-00101-RDM
(Hon. Robert D. Mariani)

## PLAINTIFF'S FOURTH
## SUPPLEMENTAL AND AMENDED INITIAL DISCLOSURES

Pursuant to Rules 26(a)(1)(A) and 26(e)(1) of the Federal Rules of Civil Procedure, the Bureau provides the following information to supplement and amend the initial disclosures served upon Defendants Navient Corporation, Navient Solutions, LLC ("Navient" or "Navient Solutions"), and Pioneer Credit Recovery, Inc. ("Pioneer") on May 10, 2017 ("Opening Disclosures"); the first supplement served on October 20, 2017 ("First Supplement"); the second supplement served on February 27, 2018 ("Second Supplement"); and the third supplement served on November 9, 2018 ("Third Supplement"). The Bureau reserves the right to clarify, revise, or correct any of its disclosures, and may provide further supplementation as appropriate under Federal Rule of Civil Procedure 26(e). No information

SENSITIVE – CONTAINS PERSONALLY IDENTIFIABLE INFORMATION (PII)
DO NOT DISTRIBUTE OR FILE PUBLICLY WITHOUT REDACTING PII

contained in these disclosures should be construed as a waiver of any applicable privilege, including, but not limited to, the attorney work product privilege, the attorney-client privilege, or the deliberative process privilege.

**I.     Rule 26(a)(1)(A)(i): "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment"**

The individuals described below are likely to have discoverable information that the Bureau may use to support its claims. Because discovery in this action is ongoing, any description of an individual's knowledge or information should not be read to limit the subject matter(s) about which particular individuals may have discoverable information.

**A.     Current and Former Employees of Defendants**

As previously communicated to Defendants, the Bureau has removed ███████████ from its Third Supplement. With respect to ███████████, a former employees identified in the Third Supplement, the scope of her information and knowledge is supplemented to include all testimony relating to the claims in this case that she provided at her deposition.

SENSITIVE – CONTAINS PERSONALLY IDENTIFIABLE INFORMATION (PII)
DO NOT DISTRIBUTE OR FILE PUBLICLY WITHOUT REDACTING PII

In addition, the Bureau adds the names of the following current and former employees, who have the information and knowledge that includes the testimony that they provided at their depositions relating to the claims in this case: ███████████, ███████████, ██████████, ████████████, and ██████████. These witnesses can be contacted through Defendants' counsel.

Finally, the Bureau adds the following former employees:

| Name | Contact Information** | Date of Interview | Description of Information or Knowledge |
|------|----------------------|-------------------|----------------------------------------|
| ████ | ███████ | November 2018 | Ms. ████, formerly a Collections Specialist I, has information and knowledge concerning collections call center practices, including communications with borrowers, metrics used to evaluate collections employees, employee incentives, techniques commonly used by employees to collect payments from consumers, Navient's policies regarding call duration, presentation of repayment options to consumers, and employee representations to consumers regarding the attributes of income driven repayment plans. |
| ████ | ███████ | November 2018 | Ms. ████, formerly a Collections Specialist, has information and knowledge concerning collections call center practices, including communications with borrowers, metrics used to evaluate collections employees, employee incentives, Navient's policies regarding call duration, presentation of repayment options to consumers, and practices utilized by employees to meet metrics and attain incentives. |

** Please serve witnesses at listed addresses, and not at places of employment.

## B.   Consumers

The Bureau adds the following consumers:

SENSITIVE – CONTAINS PERSONALLY IDENTIFIABLE INFORMATION (PII)
DO NOT DISTRIBUTE OR FILE PUBLICLY WITHOUT REDACTING PII

| Name | Contact Information | Date of Interview | Description of Information or Knowledge |
|---|---|---|---|
| ███ † | ███ | November 2018 | Ms. ███ has knowledge of the statements made to her by a Pioneer Credit Recovery representative regarding the purported benefits of completing the Federal Loan Rehabilitation Program. Those statements included representations regarding purported waiver of fees off of her outstanding loan balance and changes to the information that would appear on Ms. ███ credit report. Ms. ███ has knowledge of the effect of Pioneer's representations on her perception of the benefits of the Federal Loan Rehabilitation Program, and her evaluation of the options available to her regarding her defaulted student loans. |
| ███ | ███ | November 2018 | Mr. ███ has knowledge of his and his wife's efforts to recertify her participation in the Income-Based Repayment program, including the effects and limitations of Navient's communications regarding recertification on his understanding of the recertification process. He also has knowledge of the effects on his household finances of reversion of his wife's monthly payment amount to the Permanent-Standard Payment. |
| ███ ** | ███ | October and November 2018 | Ms. ███ has knowledge of Navient's communications with consumers regarding repayment options, including at least one communication in which she expressed that she was having difficulty making her monthly payments and Navient only offered the forbearance option for her federal loans. |

† This consumer has authorized the Bureau to accept service on his or her behalf.
** Please serve witness at listed addresses, and not at place of employment.

SENSITIVE – CONTAINS PERSONALLY IDENTIFIABLE INFORMATION (PII)
DO NOT DISTRIBUTE OR FILE PUBLICLY WITHOUT REDACTING PII

Dated: December 5, 2018

Kristen Donoghue
*Enforcement Director*

David Rubenstein
*Deputy Enforcement Director*

Thomas Kim
*Assistant Deputy Enforcement Director*

   /s/ Nicholas Jabbour
Nicholas Jabbour, DC 500626
(Nicholas.Jabbour@cfpb.gov; 202-435-7508)
Ebony Sunala Johnson, VA 76890
(Ebony.Johnson@cfpb.gov; 202-435-7245)
Nicholas Lee, DC 1004186
(Nicholas.Lee@cfpb.gov; 202-435-7059)
Manuel Arreaza, DC 1015283
(Manuel.Arreaza@cfpb.gov; 202-435-7850)
Andrea Matthews, MA 694538
(Andrea.Matthews@cfpb.gov; 202-435-7591)
David Dudley, DC 474120
(David.Dudley@cfpb.gov; 202-435-9284)
*Enforcement Attorneys*

1700 G Street NW
Washington, DC 20552
Fax: 202-435-9346

*Attorneys for Plaintiff*

SENSITIVE – CONTAINS PERSONALLY IDENTIFIABLE INFORMATION (PII)
DO NOT DISTRIBUTE OR FILE PUBLICLY WITHOUT REDACTING PII

## CERTIFICATE OF SERVICE

I certify that on December 5, 2018, I served the foregoing document

by email to the following counsel for Defendants:

Jonathan Paikin: jonathan.paikin@wilmerhale.com
Daniel P. Kearney, Jr.: Daniel.kearney@wilmerhale.com
Matthew T. Martens: matthew.martens@wilmerhale.com
Karin Dryhurst: Karin.dryhurst@wilmerhale.com
Donna A. Walsh: dwalsh@mbklaw.com
Daniel T. Brier: dbrier@mbklaw.com

Mr. Kearney, on behalf of Defendants, previously consented to electronic

service.

　　　　　　　　　　　　　　　　/s/ Nicholas Jabbour
　　　　　　　　　　　　　　　　Nicholas Jabbour, DC 500626
　　　　　　　　　　　　　　　　Nicholas.Jabbour@cfpb.gov
　　　　　　　　　　　　　　　　1700 G Street NW
　　　　　　　　　　　　　　　　Washington, DC 20552
　　　　　　　　　　　　　　　　Phone: 202-435-7508
　　　　　　　　　　　　　　　　Fax: 202-435-9346

　　　　　　　　　　　　　　　　*Attorney for Plaintiff*

# EXHIBIT C

**Schultz, Allison**

| | |
|---|---|
| **From:** | Dryhurst, Karin |
| **Sent:** | Tuesday, March 26, 2019 8:51 PM |
| **To:** | WH Navient-CFPB Litigation |
| **Subject:** | FW: CFPB v. Navient Corp. et al (M.D. Pa.) |

**From:** Jabbour, Nicholas (CFPB)
**Sent:** Tuesday, March 26, 2019 8:50:15 PM (UTC-05:00) Eastern Time (US & Canada)
**To:** Dryhurst, Karin; Bilbrough, Natalie; Dan Brier; Donna Walsh; Kearney, Daniel P.; Lyons, Webb; Martens, Matthew T.; Paikin, Jonathan; Smith, Arin
**Cc:** Arreaza, Manuel (CFPB); Johnson, Ebony (CFPB); Kim, Thomas (CFPB); Lee, Nicholas (CFPB); Matthews, Andrea (CFPB); Reischl, Jonathan (CFPB); Wagman, Lawrence (CFPB)
**Subject:** RE: CFPB v. Navient Corp. et al (M.D. Pa.)

**EXTERNAL SENDER**

Karin,

We are continuing to try to reach Ms. ▮▮▮▮▮, and left another voice message in the past few days.  We would like to continue our efforts and will keep you updated as to whether we have any success in getting in touch with her.

Thanks,
Nick

**Nick Jabbour**
Enforcement Attorney
Consumer Financial Protection Bureau
Office: 202-435-7508
Cell: 202-760-5237
Email: nicholas.jabbour@cfpb.gov
consumerfinance.gov

Confidentiality Notice: If you received this email by mistake, you should notify the sender of the mistake and delete the email and any attachments. An inadvertent disclosure is not intended to waive any privileges.

**From:** Dryhurst, Karin <Karin.Dryhurst@wilmerhale.com>
**Sent:** Monday, March 25, 2019 9:53 AM
**To:** Jabbour, Nicholas (CFPB) <Nicholas.Jabbour@cfpb.gov>; Arreaza, Manuel (CFPB) <Manuel.Arreaza@cfpb.gov>; Dudley, David (CFPB) <David.Dudley@cfpb.gov>; Johnson, Ebony (CFPB) <Ebony.Johnson@cfpb.gov>; Kim, Thomas (CFPB) <Thomas.Kim@cfpb.gov>; Lee, Nicholas (CFPB) <Nicholas.Lee@cfpb.gov>; Matthews, Andrea (CFPB) <Andrea.Matthews@cfpb.gov>; Reischl, Jonathan (CFPB) <Jonathan.Reischl@cfpb.gov>; Wagman, Lawrence (CFPB) <Lawrence.DeMille-Wagman@cfpb.gov>
**Cc:** Bilbrough, Natalie <Natalie.Bilbrough@wilmerhale.com>; Dan Brier <dbrier@mbklaw.com>; Donna Walsh <dwalsh@mbklaw.com>; Kearney, Daniel P. <Daniel.Kearney@wilmerhale.com>; Lyons, Webb <Webb.Lyons@wilmerhale.com>; Martens, Matthew T. <Matthew.Martens@wilmerhale.com>; Paikin, Jonathan

<Jonathan.Paikin@wilmerhale.com>; Smith, Arin <Arin.Smith@wilmerhale.com>
**Subject:** RE: CFPB v. Navient Corp. et al (M.D. Pa.)

Just following up.  Please let us know if you would prefer that we try to contact Ms. ████ .

**From:** Dryhurst, Karin
**Sent:** Friday, March 15, 2019 12:49 PM
**To:** Jabbour, Nicholas (CFPB) <Nicholas.Jabbour@cfpb.gov>; Arreaza, Manuel (CFPB) <Manuel.Arreaza@cfpb.gov>;
Dudley, David (CFPB) <David.Dudley@cfpb.gov>; Johnson, Ebony (CFPB) <Ebony.Johnson@cfpb.gov>; Kim, Thomas
(CFPB) <Thomas.Kim@cfpb.gov>; Lee, Nicholas (CFPB) <Nicholas.Lee@cfpb.gov>; Matthews, Andrea (CFPB)
<Andrea.Matthews@cfpb.gov>; Reischl, Jonathan (CFPB) (Jonathan.Reischl@cfpb.gov) <Jonathan.Reischl@cfpb.gov>;
Wagman, Lawrence (CFPB) <Lawrence.DeMille-Wagman@cfpb.gov>
**Cc:** Bilbrough, Natalie <Natalie.Bilbrough@wilmerhale.com>; Dan Brier <dbrier@mbklaw.com>; Donna Walsh
<dwalsh@mbklaw.com>; Kearney, Daniel P. <Daniel.Kearney@wilmerhale.com>; Lyons, Webb
<Webb.Lyons@wilmerhale.com>; Martens, Matthew T. <Matthew.Martens@wilmerhale.com>; Paikin, Jonathan
<Jonathan.Paikin@wilmerhale.com>; Smith, Arin <Arin.Smith@wilmerhale.com>
**Subject:** CFPB v. Navient Corp. et al (M.D. Pa.)

Nick,

A couple months ago, you mentioned some trouble reaching Ms. ████ .  Have you had any luck?  We would like to
go ahead and schedule her deposition if possible.

Thanks,
Karin

**Karin Dryhurst | WilmerHale**
1875 Pennsylvania Avenue NW
Washington, DC 20006 USA
+1 202 663 6248 (t)
+1 202 663 6363 (f)
karin.dryhurst@wilmerhale.com

**Please consider the environment before printing this email.**

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not
the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all
copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

# EXHIBIT D

**Schultz, Allison**

| | |
|---|---|
| **From:** | Matthew.Sheldon@navient.com |
| **Sent:** | Thursday, May 16, 2019 9:32 AM |
| **To:** | Kearney, Daniel P.; Dryhurst, Karin |
| **Cc:** | Slawson, Kurt T |
| **Subject:** | FW: ███████, the federal government is suing your former employer Navient / Sallie Mae |
| **Attachments:** | 20170118 [1] CFPBs Complaint.pdf |

**EXTERNAL SENDER**



# NAVIΞNT.

**Matthew R. Sheldon**
Vice President & Associate General Counsel
Navient Solutions, LLC
2001 Edmund Halley Drive, Reston, Virginia 20191
703.984.6732 (t) | 703.984.6500 (f)
matthew.sheldon@navient.com

This message is intended for the use of the addressee and may contain information that is PRIVILEGED AND CONFIDENTIAL, AND/OR ATTORNEY WORK PRODUCT.  If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited.  If you have received this communication in error, please delete all electronic copies of the message and its attachments, destroy any hard copies, and notify me immediately.

**From:** Stine, Jeffrey
**Sent:** Thursday, May 16, 2019 9:29 AM
**To:** Sheldon, Matthew R <Matthew.Sheldon@navient.com>
**Subject:** FW: ███████, the federal government is suing your former employer Navient / Sallie Mae

**Privileged & Confidential**
**Attorney-Client Communication**

**From:** ███████████
**Sent:** Wednesday, May 15, 2019 5:00 PM
**To:** Stine, Jeffrey <Jeffrey.A.Stine@navient.com>; Harman, Stacey <Stacey.A.Harman@navient.com>
**Subject:** FW: ██████, the federal government is suing your former employer Navient / Sallie Mae

Thought I would pass this along.

**From:** ████████████████████████████
**Sent:** Wednesday, May 15, 2019 4:56 PM
**To:** ██████████████████████████
**Subject:** Fwd: ██████, the federal government is suing your former employer Navient / Sallie Mae

--- External Email ---

---------- Forwarded message ----------
**From: Lee, Nicholas (CFPB)** <Nicholas.Lee@cfpb.gov>
Date: Wed, May 15, 2019 at 4:19 PM
Subject: ██████, the federal government is suing your former employer Navient / Sallie Mae
To: ███████████████████████████████

Hi, ████████,


I'm an attorney for the Consumer Financial Protection Bureau (CFPB), a federal agency.  At the CFPB, I am working on a lawsuit against your former employer Navient (previously known as Sallie Mae) relating to various practices that we believe harmed borrowers. A copy of the complaint in the lawsuit is attached.


As part of the lawsuit, I received a list of former employees that included your name, and am reaching out to see if you might be willing to speak about your experiences.  If you are willing to speak with me, I would appreciate it if you could reply to this email or call me directly at 202.435.7059.


Thank you for your attention to this matter.


Nick



**Nicholas Lee**
Senior Litigation Counsel
Division of Supervision, Enforcement & Fair Lending

Consumer Financial Protection Bureau
nicholas.lee@cfpb.gov
Tel: 202 435 7059
Fax: 202 435 7314

**www.consumerfinance.gov**

Confidentiality Notice: If you received this email by mistake, you should notify the sender of the mistake and delete the email and any attachments. An inadvertent disclosure is not intended to waive any privileges.

This E-Mail has been scanned for viruses.