IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, : | |
| Plaintiff : | |
| : | 3:17-CV-101 |
| v. : | (Judge Mariani) |
| : | |
| NAVIENT CORPORATION, et al., : | |
| Defendants. : | |

**SPECIAL MASTER REPORT #12**

In Special Master Report #7, I determined that Plaintiff should produce comments from the United States Department of Education ("ED") on six drafts of what has been referred to as the "Runcie Memorandum."[1] The six drafts, along with the redacted pages to be produced, were identified by their document number and Bates Number on the Bureau's February 11, 2019 Privilege Log as follows:

Document 30 (CFPB-NAV-0056912): pages 20, 22, 27, 28, and 30

---

[1] The 50-page Memorandum to Federal Student Aid Chief Operating Officer James Runcie, titled, "Policy Direction on Federal Student Loan Servicing," was released publicly on July 20, 2016. There were 72 drafts of the Runcie Memorandum withheld from discovery based on the deliberative process privilege. In Special Master Report #7, I concluded that Defendants' interest in having access to ED comments on drafts of the Runcie Memorandum outweighed Plaintiff's interests in protecting the deliberative process that culminated with the issuance of that document. Because there were multiple duplicate copies of drafts of the Runcie Memorandum, I directed that Plaintiff produce the unique ED comments and the sections of the drafts to which the comments related on six separate drafts.

>Document 32 (CFPB-NAV-0056917): page 23
>Document 39 (CFPB-NAV-0057073): pages 14, 17, 19, 20 through 22, 24, 28, 29, and 33
>Document 43 (CFPB-NAV-0057081): pages 24 and 25
>Document 108 (CFPB-NAV-0056990): page 19
>Document 122 (CFPB-NAV-0057010): page 8.

(Doc. 295 at 6.)

Footnote 3 of Special Master Report #7 directed Plaintiff to "produce the redacted pages to me so that I [could] ensure that the Bureau has produced the ED comments and the sections of the drafts to which the comments relate." (*Id.* at 6 n.3.) By letter dated May 22, 2019 (Doc. 305), Plaintiff sent to me in electronic format the redacted drafts identified in Special Master Report #7. Although the Bates numbering on the redacted drafts produced by letter dated May 22, 2019 differ from the Bates numbering above, I have confirmed that redacted versions of the above identified documents have been provided and that Plaintiff has produced the ED comments and the sections to which those comments related.[2] Thus, there is nothing remaining outstanding with respect to the Runcie Memorandum.

>s/ Thomas I. Vanaskie
>THOMAS I. VANASKIE
>SPECIAL MASTER

---

[2] Plaintiff's letter notes that one ED comment on page 19 of CFPB-NAV-0056990 and one ED comment on page 25 of CFPB-NAV-0057081 had been redacted at the insistence of ED based on the attorney-client privilege. The Bureau, however, did produce the section to which the redacted comment related.