# EXHIBIT 2

**WILMERHALE**

January 16, 2019

**Karin Dryhurst**

+1 202 663 6248 (t)
+1 202 663 6363 (f)
karin.dryhurst@wilmerhale.com

**By E-mail**

Nicholas Jabbour:  Nicholas.Jabbour@cfpb.gov
Ebony Sunala Johnson:  Ebony.Johnson@cfpb.gov
Lawrence DeMille-Wagman:  Lawrence.DeMille-Wagman@cfpb.gov
Andrea Matthews:  Andrea.Matthews@cfpb.gov
Thomas Kim:  Thomas.Kim@cfpb.gov
Manuel Arreaza:  Manuel.Arreaza@cfpb.gov
Nicholas Lee:  Nicholas.Lee@cfpb.gov
David Dudley:  David.Dudley@cfpb.gov

Re: *Consumer Financial Protection Bureau v. Navient Corp. et al.*,
Case No. 3:17-CV-00101 (M.D. Pa.)

Dear Counsel:

We write in response to your belated requests for borrower records.  The Court considered your concern about records involving deposed borrowers in a teleconference on August 8, 2018.  During that teleconference, the parties agreed to a process where (1) Navient would produce the correspondence histories for the borrowers who had previously been deposed, (2) the CFPB would "identify the [records] that relate to the specific activities at issue," and (3) Navient would work "to locate those calls and correspondence."  We produced borrower materials as early as February 2018, and completed production of the correspondence histories in September 2018.[1]  Yet, you waited until December 7, 2018, the previous deadline for fact discovery, to identify a single record.  The CFPB's delay imposed needless costs because it required Navient to recreate and duplicate the process for pulling these records, in some cases a year after a borrower's records were initially pulled.  In any event, the responses to your requests fall into four categories.

*First*, the CFPB is in possession of a large number of the records you requested on December 7—and has been for months.  For example, we previously produced purportedly missing records for .  *See, e.g.*, NAV-01574479.  Please review our prior productions before making requests that have already been satisfied.

*Second*, as we have told you many times and as you observed during your site visit, call recordings may be unavailable, and this is especially true for calls prior to 2013.  Most of the

---

[1] To the extent you believe you are missing correspondence histories, please specifically identify them so that we can collect them and produce them to you.

WILMERHALE

January 16, 2019
Page 2

recordings you have requested on December 7 are from 2009 through 2012, so it is unsurprising that when Navient searched for them last year, the recordings were unavailable. We will confirm once again whether certain recordings are unavailable and will produce any we are able to locate in Navient's possession that relate to the claims identified for particular borrowers.

*Third*, as we also told you last year, there are no separate records for form texts and emails other than the templates and the 151 screen. There are other requests for which there are no records independent from the notations on the 151 screen. For example, you requested an entry from October 8, 2013 with the comment code GG00 for ███████. We previously produced the H595 sent to Mr. ███ on that date showing that he was approved for IDR. The GG00 notation (like other comment codes) simply provides an additional notation on the account. We are undertaking a review of specific entries, but we expect that there is nothing left to produce for such requests. Relatedly, you previously told us that you would not be seeking form letters (e.g. F045, H050, H204, F435, F018, K119, and H003) because we produced the templates and the 151 screen shows that the letter was sent. Nonetheless, we will produce the specifically identified correspondence that we are able to locate.

*Finally*, as envisioned by the parties' agreement with the Court, we previously searched for records that appeared relevant to the claims for which you identified particular borrowers (e.g. payment instructions for payment processing borrowers). You have now requested records that do not relate to the claims you identified. For example, you have requested forbearance and deferment records for borrowers you previously identified as relating to your payment processing claim, or vice versa. Similarly, you have requested call recordings discussing private loans for borrowers you identified in connection with claims that involve federal loans. We have already deposed these borrowers based on your representations about the relevant topics for them. Navient will produce the available records in its possession that relate to the issues identified for each borrower.

Please let us know if you would like to discuss.

Sincerely,

*/s/ Karin Dryhurst*

Karin Dryhurst