

1700 G Street NW,
Washington, DC 20552

June 14, 2019

**Via ECF**

The Honorable Thomas I. Vanaskie, Special Master
U.S. District Court, Middle District of Pennsylvania
William J. Nealon Federal Bldg. & U.S. Courthouse
235 N. Washington Avenue
Scranton, PA 18503

      Re:    *CFPB v. Navient Corp., et al.*, Case No. 3:17-CV-00101-RDM

Dear Judge Vanaskie:

      I am writing on behalf of the Bureau regarding the 602 documents that the Bureau submitted for *in camera* review on June 12, 2019, as directed in Special Master Report #35 (Doc. 323). The Bureau is writing this letter to (1) identify the subset of the submitted documents that includes at least one instance of every unique individual email and one copy of every unique non-email document; and (2) explain why there is no basis to order production of any part of the 602 documents that the Bureau continues to withhold in whole or in part.

**I.    The Bureau's identification of the subset of documents containing at least one instance of every unique individual email and one copy of every unique non-email document**

      To reduce the volume of documents to be reviewed, the Bureau has identified, for each group of documents listed in Defendants' May 17, 2019 letter, the subset of documents that includes at least one instance of every unique individual email and one copy of every unique non-email document (such as Word or pdf attachments). These documents are identified in Appendix A. In this letter, the Bureau refers to these documents as the "inclusive subset."[1] The inclusive subset excludes the 27 documents that the Bureau produced to Defendants on June 12, 2019.

**II.    Defendants' lack of any basis to obtain the documents submitted for *in camera* review**

      A.    <u>Internal Bureau documents related to potential student loan credit reporting guidance</u>

      The inclusive subset for this group consists of 128 documents.[2] All of these documents are entirely internal pre-decisional deliberations relating to a February 8, 2016 letter sent by the Bureau to the Department of Education ("ED"), in which the Bureau provided recommendations to ED on

---

[1] For the reasons similar to those explained in the Bureau's May 21, 2019 letter (Doc. 302), in many instances, there is no single document that contains all of the individual emails in a particular thread. For such email threads, the inclusive subset consists of multiple documents in order to capture each unique pathway in the thread. Further, many individual emails appear in multiple documents within the inclusive set, because unique pathways often share earlier emails in common, even though they later diverge.

[2] This does not include the four emails concerning the same credit reporting blog post that was at issue with respect to communications that the Bureau elected not to recall, as described in the Bureau's May 10, 2019 letter. The Bureau has produced those four documents to Defendants.

various issues relating to credit reporting for student loans. These documents include internal Bureau emails relating to (1) the development of those recommendations, (2) the drafting of the letter, including decisions about the content of the letter, and (3) decisions about the potential publication or transmission of the letter. Your Honor's previous orders in connection with the *in camera* review of drafts of other documents depended in large part on whether a final version of those documents was available to Defendants.[3] The February 8, 2016 letter to ED is the final document relevant to this group of documents, and the Bureau has produced that letter to Defendants. Accordingly, there is no basis to order the production of any document in this group.

To maintain consistency with Your Honor's prior rulings regarding documents in Category 37, the Bureau reviewed the documents in this group "for the purpose of seeing whether they dealt with the AL Code or the treatment of loans discharged due to disability" – the topics that Your Honor looked for in reviewing the documents previously withheld under Category 37. Special Master Report No. 6 (Doc. 290), at 4.[4] The Bureau identified two documents that contain discussion of the AL Code (Nos. 20108 and 20188), and the Bureau has produced those documents to Defendants in redacted form, with the portion relating to the AL Code unredacted.

The Bureau notes that the originating email for all of the documents in this group – the email sent by "RC" (Richard Cordray) on December 14, 2015 at 4:24 pm – was previously submitted to and reviewed by Your Honor during the recently concluded *in camera* review. That email is part of Document No. 96 on the Bureau's February 5, 2019 Supplemental Privilege Log (CFPB-NAV-0056672). Your Honor held that that Mr. Cordray's email, as well as the other emails in the chain, did not have to be produced. Special Master Report No. 6 (Doc. 290), at 5 ("None of the email strings under Category 37 (Documents 84, 87, 90, 93, 96, 97, 100, 103), withheld in part through redactions, mentions the AL Code or reports to credit reporting agencies for student loans discharged due to the disability of the borrower. Accordingly, the Bureau will not be required to produce any parts of these redacted email messages.").

In addition, the Bureau is now asserting the attorney-client privilege and/or the attorney work product doctrine over certain documents or portions of documents in this group, as described in Appendix B. The Bureau inadvertently omitted these privilege assertions from its April 30, 2019 privilege log but is now asserting these additional privileges based upon its re-review of these challenged documents prior to their submission to Your Honor.

B.  Documents related to the Payback Playbook

The inclusive subset for this group consists of 14 documents. One of these documents (Doc. No. 22441) is an exact duplicate of a document that the Bureau previously withheld under Category

---

[3] *See*, *e.g.*, Special Master Report No. 3 (Doc. 266), at 35 (holding that documents relating to the development or drafting of publicly-available "Fact Sheets" did not have to be produced because "Defendants have the operative documents – the Fact Sheets"); Special Master Report No. 6 (Doc. 290), at 4 (ordering the Bureau to produce portions of draft credit reporting "Strawman" documents withheld under Category 37 because "it does not appear that [the document] was ever finalized," such that "there is no other available evidence on this issue").

[4] When Your Honor made these prior rulings, the Bureau had not produced the February 8, 2016 letter to Defendants.

71 and which Your Honor has already reviewed and held did not have to be produced. Special Master Report No. 9 (Doc. 299), at 9 (allowing the Bureau to withhold document #53 on the Bureau's February 15, 2019 Supplemental Privilege Log).[5] That ruling should also apply to Document No. 22441 on the Bureau's April 30, 2019 Privilege Log, which is the only communication with ED in this group of documents.

All of the other documents in this group are entirely internal pre-decisional and deliberative documents relating to the drafting and development of the Payback Playbook. The Bureau's internal deliberations about the Payback Playbook are not relevant to any issue in this action.

      C.     <u>Internal Bureau documents related to technical assistance provided to ED</u>

The inclusive subset for this group consists of 52 documents, all of which are entirely internal Bureau documents. Five of these documents are internal pre-decisional and deliberative documents relating to the development of technical assistance provided to ED in connection with the preparation of the document titled "Fact Sheet: Protecting Student Loan Borrowers."[6] Your Honor has already held that communications relating to the drafting of the April 28, 2016 Fact Sheet do not have to be produced. Special Master Report No. 6 (Doc. 290), at 5-10.

The other 47 documents are internal pre-decisional and deliberative documents relating to the development and drafting of the technical assistance document provided to ED in connection with the July 20, 2016 Memorandum from Ted Mitchell to James Runcie ("Runcie Memorandum").[7] Your Honor previously ordered the Bureau to produce the *final version* of the technical assistance document that was *transmitted to ED* in connection with the Runcie Memorandum. Special Master Report No. 5 (Doc. 279), at 16. However, the 47 documents relating to the development and drafting of that technical assistance document should not be produced because they are exclusively internal pre-decisional and deliberative documents, and therefore are not relevant to any issue in this action. Moreover, because Defendants have the final version of the technical assistance document transmitted to ED, there is no need for them to obtain the Bureau's internal drafts.

In addition, the Bureau is now asserting the attorney-client privilege and/or attorney work product doctrine over certain documents or portions of documents in this group, as described in Appendix B. The Bureau inadvertently omitted these privilege assertions from its April 30, 2019 privilege log but is now asserting these additional privileges based upon its re-review of these challenged documents prior to their submission to Your Honor.

---

[5] This document is identified on that log by its beginning Bates number CFPB-NAV-0057327.

[6] The 5 documents relating to the development of the Fact Sheet have the following Document Numbers: 2647, 4286, 4287, 9989, and 14653.

[7] One of the documents identified in Defendants' May 17, 2019 letter as pertaining to "Communications with the Department of Education" – Document No. 16543 – is an internal email relating to the development of this technical assistance document. Therefore, the Bureau has included that document in this subset.

D. <u>Documents related to communications with ED</u>

The inclusive subset for this group consists of 29 documents.[8] In Appendix C, the Bureau provides a further breakdown of these 29 documents by grouping the documents by the subject line of the email thread or filename of the document. Appendix C also provides additional information regarding the deliberative process reflected in the withheld materials.

As shown in Appendix C, none of these withheld materials are relevant to any issue in this action. Moreover, many of these documents are not communications with ED, so there is no potential relevance even under the Court's May 4, 2018 Order (Doc. 89).

E. <u>Internal Bureau documents with the filename "Draft Sallie Mae memo to the file"</u>

The inclusive subset for this group consists of 17 documents. These documents are drafts of a memorandum prepared by personnel in the Bureau's Office of Supervision for the purpose of identifying and describing facts and issues that would assist senior leadership in the Office of Supervision in determining priorities, strategies, and resource allocation for that office. These documents contain no information relevant to any issue in this action. Additionally, as described in Appendix B, upon re-reviewing these documents, the Bureau is now asserting the attorney-client privilege over portions of these documents.

F. <u>Internal Bureau documents with a subject line "Start Review: Federal Student Loan Rehabilitation Data"</u>

The inclusive subset for this group consists of 5 documents. These documents relate to the process of drafting a letter that the Bureau sent or considered sending to various student loan servicers, including Navient, regarding federal student loan rehabilitation data. The deliberations regarding the content of the letters is not relevant to any issue in this action.

\*         \*         \*         \*         \*

To summarize the foregoing, the Bureau has produced to Defendants 27 documents from the original universe of 629 documents. The remaining 602 documents – which the Bureau submitted to Your Honor for *in camera* review – are entirely pre-decisional and deliberative, and contain no information relevant to any issue in this action.

                                                          Respectfully submitted,
                                                          /s/ Nick Jabbour

---

[8] Eight of the documents identified by Defendants as pertaining to "Communications with the Department of Education" are part of the same email thread reflected in the inclusive set of 128 documents relating to credit reporting that the Bureau withheld under Category 37. Those eight documents (Nos. 33, 236, 635, 6853, 6854, 6857, 9935, 16882) are entirely subsumed within the set of 128 documents, such that every individual email in those eight documents appears at least once within the set of 128 documents. Accordingly, the Bureau has not included those eight documents within the 29 documents referenced in this section.

## Appendix A: The inclusive subset

| Group Listed in Defendants' May 17, 2019 Letter | Inclusive Subset |
|---|---|
| Documents related to student loan credit reporting | *128 documents*: 18115, 18120, 18172, 18173, 18174, 18176, 18177, 18178, 18180, 18184, 18185, 18186, 18187, 18294, 18295, 18304, 18311, 18477, 18482, 18483, 18488, 18489, 18492, 18506, 18512, 18516, 18521, 18524, 18535, 18540, 18542, 18546, 18549, 19036, 19045, 19046, 19049, 19051, 19052, 19055, 19959, 19966, 19971, 19976, 19979, 19984, 19986, 19988, 19991, 19993, 19994, 19995, 19997, 20000, 20089, 20090, 20091, 20094, 20097, 20098, 20102, 20105, 20112, 20119, 20126, 20130, 20132, 20134, 20137, 20140, 20142, 20144, 20147, 20150, 20153, 20157, 20159, 20164, 20165, 20167, 20168, 20170, 20171, 20175, 20177, 20184, 20187, 20188, 20189, 20191, 20192, 20196, 20197, 20199, 20282, 20284, 20285, 20286, 20288, 20713, 20718, 20735, 21103, 21265, 21268, 21289, 21291, 21294, 21336, 21339, 21341, 21556, 21564, 21565, 21566, 21569, 21570, 21571, 21611, 21651, 21688, 21710, 21712, 21986, 21988, 22389, 22391, 22426 |
| Documents related to the Payback Playbook | *14 documents*: 288, 3649, 12105, 12106, 15282, 15492, 15966, 15967, 15970, 16023, 16024, 21361, 21362, 22441 |
| Documents related to technical assistance provided to ED | *52 documents:* 812, 2647, 2751, 2800, 2805, 2808, 2810, 2813, 2821, 2823, 2848, 2849, 4286, 4287, 4363, 7479, 7480, 8046, 8453, 9087, 9099, 9104, 9264, 9989, 12098, 14653, 14756, 14757, 14774, 14825, 14826, 14838, 16380, 16543, 16544, 16546, 16550, 16566, 17042, 17628, 17855, 18718, 18722, 18882, 21174, 21175, 21178, 21664, 22452, 22453, 22480, 22481 |
| Documents related to communications with ED | *29 documents*: 492, 539, 4404, 4407, 4412, 4416, 4417, 4418, 5605, 5806, 6157, 6161, 6202, 6204, 8529, 8579, 8703, 8705, 8798, 11096, 13621, 14223, 14224, 14226, 14227, 14233, 16503, 18242, 18762 |
| Documents with the filename "Draft Sallie Mae memo to the file" | *17 documents*: 4599, 4722, 4723, 4724, 4725, 4726, 4727, 4728, 4729, 4730, 4737, 4738, 4739, 4809, 8501, 8502, 12300 |
| Documents with a subject line "Start Review: Federal Student Loan Rehabilitation Data" | *5 documents*: 8128, 8132, 8135, 8136, 8139 |

**Appendix B:**
**Attorney-client and attorney work product privilege assertions for the inclusive subset**

| Document Nos.[9] | Description of Privileged Materials and Basis for Withholding |
|---|---|
| All 128 documents in the inclusive subset for the group of documents relating to student loan credit reporting | The Bureau asserts the attorney work product doctrine over the last paragraph of Mr. Cordray's email sent on December 14, 2015. The email reflects the Bureau's strategies in anticipation of potential litigation against Navient, including its settlement strategies and potential injunctive relief being pursued against Navient in the pre-suit investigation. |
| 18172, 18482, 18483, 18488, 18489, 18492, 21336, 22426 (these documents are all in the inclusive subset for the group of documents relating to student loan credit reporting) | The Bureau asserts the attorney work product doctrine over the email sent by Jeffrey Langer on December 14, 2015 and the email sent by Thomas Conkling on December 15, 2015. These emails reflect the Bureau's strategies in anticipation of potential litigation against Navient, including its settlement strategies and potential injunctive relief being pursued against Navient in the pre-suit investigation. |
| 18115, 18120, 18172, 18177, 18178, 18180, 18184, 18185, 18186, 18187, 18304, 18311, 18477, 18482, 18483, 18488, 18489, 18492, 18540, 18546, 18549, 19036, 19049, 19052, 19055, 19959, 19997, 20000, 20094, 20097, 20102, 20105, 20112, 20119, 20126, 20130, 20132, 20134, 20137, 20140, 20142, 20144, 20147, 20150, 20153, 20157, 20159, 20164, 20165, 20167, 20168, 20170, 20171, 20175, 20177, 20184, 20187, 20188, 20189, 20191, 20192, 20196, 20197, 20199, 20282, 20285, 20286, 20288, 20713, 20718, 20735, 21103, 21268, 21336, 21570, 21571, 21611, 21986, 22389, 22391, 22426 (these documents are all in the inclusive subset for the group of | The Bureau asserts the attorney-client privilege over the emails sent by any of the following Bureau attorneys: Brandis Anderson, Veronica Spicer, Veronica Spicer, Kristen Donoghue, Martha Fulford, Lisa Cole, Susan Torzilli, David Wake, Brian Shearer, Susan Stocks, Elizabeth Boison, Thomas Pahl, Pavneet Singh, and Charles Honig. These emails were sent for the purpose of developing or providing legal advice regarding student loan credit reporting issues. |

---

[9] The Bureau has only listed documents in the inclusive subset, but its attorney-client privilege and work product assertions apply to the same content in other documents in the original group of documents identified by Defendants, including duplicates and other versions of emails entirely subsumed in the inclusive set.

| | |
|---|---|
| documents relating to student loan credit reporting) | |
| 19036, 20130, 20134, 20137, 20144, 20150, 20157, 20159, 20164, 20165, 20175, 20177, 20189, 20197, 20199 (these documents are all in the inclusive subset for the group of documents relating to student loan credit reporting) | The Bureau asserts the attorney-client privilege over the emails sent by Mike Pierce to Bureau attorneys Susan Torzilli and/or Brian Shearer. These emails were sent for the purpose of seeking legal advice regarding student loan credit reporting issues. |
| 2808, 2810, 2813, 2848, 2849, 8453, 9087, 9099, 9104, 9264, 12098, 14756, 14774, 14825, 14826, 14838, 16544, 16546, 16550, 16566, 17042, 17628, 17855, 18718, 18722, 21174, 21175, 21178, 22452, 22453, 22480 (these documents are all in the inclusive subset for the group of documents relating to technical assistance provided to ED) | The Bureau asserts the attorney-client privilege over all comments and redline edits on these drafts of the technical assistance document provided by the following Bureau attorneys: Nicholas Jabbour, Thomas Kim, Brandis Anderson, Leanne Hartmann, Veronica Spicer, Brian Shearer, Lisa Cole, and Brent Lattin. These comments and edits provide or reflect legal advice provided by Bureau attorneys regarding the drafting of the technical assistance document. |
| 812, 2751, 2800, 2805, 2821, 2823, 4363, 7479, 7480, 8046, 16380, 14757 (these documents are all in the inclusive subset for the group of documents relating to technical assistance provided to ED) | The Bureau asserts the attorney-client privilege over all emails regarding the development of technical assistance to ED that were sent to or from the following Bureau attorneys: Nicholas Jabbour, Thomas Kim, Brandis Anderson, Leanne Hartmann, Cynthia Lesser, Veronica Spicer, Kristen Donoghue, Karen Meyers, Brian Shearer, and Susan Torzilli. These emails were sent for the purpose of seeking or providing legal advice regarding the drafting of the technical assistance document. |
| 21664, 22480, 22481 (these documents are all in the inclusive subset for the group of documents relating to technical assistance provided to ED) | The Bureau asserts the attorney-client privilege and attorney work product doctrine over the paragraph on page 4 of the draft or final versions of the Recommendation Memorandum to the Bureau's former Director that begins with "The Office of Enforcement," including the header of that paragraph. This paragraph reflects legal advice provided by Enforcement attorneys regarding the investigation of Navient and their mental impressions and opinions in anticipation of potential litigation against Navient. |
| All 17 documents in the inclusive subset for the group of documents with the filename "Draft Sallie Mae memo to the file" | The Bureau is asserting the attorney-client privilege over all sentences in these documents relating to potential larger participant rules for student loan servicers and debt collectors. These sentences reflect legal advice regarding those potential larger participant rules. |

7

**Appendix C: Additional information
about documents purportedly relating to communications with ED**

| Subject Line or Filename and Document Nos. | Comm. with ED? | Reasons the Documents Should Not Be Produced |
|---|---|---|
| *"ED Press Release -- happy to give details by phone next week"* <br><br> Nos. 5605, 8703, 8705 | No | The redacted line is a portion of an internal Bureau email that reflects a deliberation relating to prioritization of examinations for the Bureau's Office of Supervision, which is not relevant to any issue in this action. |
| *"New Department of ED guidance on SCRA/student loans"* <br><br> Nos. 492, 539 | No | These are internal Bureau emails to brief the Bureau's former Director and his executive leadership team regarding issues relating to the Servicemembers Civil Relief Act, which are not relevant to any issue in this action. |
| *"On deadline: Ed referral inquiry"* <br><br> Nos. 4404, 4407, 4412, 4416, 4417, 4418, 11096 | No | These are internal Bureau emails reflecting deliberations about how to respond to a press inquiry. Neither the question from the press nor the Bureau's deliberation about how to respond is relevant to any issue in this action. |
| *"Dept of Ed Quote"* <br><br> No. 8798 | No | These internal Bureau emails reflect a deliberation regarding the drafting of press materials that are not relevant to any issue in this action. |
| *"Follow up on industry comments"* <br><br> No. 18242 | No | These internal Bureau emails reflects a deliberation regarding the selection of particular information to provide to Treasury to support the ongoing collaboration between Treasury and the Bureau regarding the development of policies and guidance relating to student loan servicing. The information selected is publicly available, but the Bureau's internal deliberation reflecting what particular information to select from the universe of all potentially relevant information is not relevant to any issue in this action. |
| *"Department of Education Contractor Resources"* <br><br> No. 5806 | No | These internal Bureau emails were used to identify and track information relevant to the deliberative process of determining priorities and strategies for the Bureau's Office of Supervision. The Office of Supervision's deliberations regarding its priorities and strategies, including what information personnel in the Office of Supervision deemed relevant to those deliberations, are not relevant to any issue in this action. |
| *"Pioneer - Department of Education"* | No | These internal Bureau emails reflect a discussion of information in connection with the deliberative process of determining strategies for the Bureau's Office of |

| | | |
|---|---|---|
| Nos. 6157, 6161 | | Supervision and the preparation of press materials, neither of which is not relevant to any issue in this action. |
| "FW: ED OIG Report on PCAs"<br><br>No. 16503 | No | This internal Bureau email was used to convey information that personnel in the Bureau's Office of Supervision deemed relevant to determining priorities and strategies for the Office of Supervision. The Office of Supervision's deliberations regarding its priorities and strategies, including what information personnel in the Office of Supervision deemed relevant to those deliberations, are not relevant to any issue in this action. |
| "MASTER recompete memo 7.14.16 120pm" (filename)<br><br>No. 18762 | No | This is a draft of the Runcie memorandum attached to an internal Bureau email. Because it contains no comments from ED, no portion of it should be produced. *See* Special Master Report No. 7 (Doc. 295), at 5-6. |
| "Omnibus Appropriations Bill Provisions and Potential for Coordination Between Education and CFPB"<br><br>Nos. 14223, 14224, 14226, 14227, 14233 | Yes | These emails reflect an ongoing joint deliberative process between ED and the Bureau regarding the development of policies or guidance relating to student loan servicing, including policies or guidance consistent with the joint statement of principles. As with documents relating to the joint statement of principles that were previously withheld under Category 75 and that Your Honor held did not have to be produced, these documents are not relevant because they "do not reflect disagreement on the core principles of consistency in servicing requirements, the need to provide borrowers with accurate and actionable information, accountability for student loan servicers, and transparency." Special Master Report No. 9 (Doc. 303), at 19. |
| "CFPB Clearance"<br><br>No. 8529 | Yes | These emails reflect a deliberation regarding the potential sharing of information in connection with the examination of Pioneer. These deliberations are not relevant to any issue in this action. |
| "inquiry referred to ED from CFPB"<br><br>Nos. 8579, 13621 | Yes | These emails reflect a deliberation relating to the handling of a consumer complaint that is not relevant to any issue in this action. |
| "Supervisory Highlights"<br><br>Nos. 6202, 6204 | Yes | These emails reflect deliberations regarding the drafting of "Supervisory Highlights," a publicly-available document issued by the Office of Supervision. These emails contain no information relevant to any issue in this action. |