# WILMERHALE

June 25, 2019

**Karin Dryhurst**

<u>Via ECF</u>

+1 202 663 6248 (t)
+1 202 663 6363 (f)
karin.dryhurst@wilmerhale.com

Honorable Thomas I. Vanaskie
JAMS, Inc.
1717 Arch Street, Suite 3810
Philadelphia, Pennsylvania 19103

Re: Documents Submitted By the CFPB for *In Camera* Review

Dear Judge Vanaskie:

Defendants respectfully submit this response to the CFPB's June 14, 2019 letter, Doc. 325. In that letter, the CFPB identified 245 documents comprising an "inclusive subset" of the documents submitted for *in camera* review. The CFPB also asserted for the first time the attorney-client privilege or work product protection over 190 of the 245 emails (78%) in the inclusive subset. Although the CFPB only identified emails from the inclusive subset, it asserts the new bases for withholding over many of the remaining documents, as well. *See* Doc. 325 at 6 n.9.

The process of reviewing the CFPB's documents *in camera* should be the same process used to review Defendants' documents *in camera*. On March 4, 2019, Defendants submitted 409 documents withheld on the basis of the work product protection for *in camera* review. At that time, Defendants asserted that some of the documents were also, or alternatively, protected by the attorney-client privilege. The Court reviewed all 409 documents to determine whether they were properly withheld, notwithstanding that the CFPB had not challenged the additional bases for withholding. *See* Doc. 310 at 15-30. Defendants did not challenge this approach because, as the Court previously noted: "[T]he question is, Was a privilege properly asserted? Were the documents properly withheld or properly redacted?" Feb. 5 Tr. at 20:2-8. This approach would also prevent the CFPB from essentially insulating from review 78% of the documents submitted.

Defendants' understanding is that reviewing all the documents should not significantly burden the Court. In light of the new privilege descriptions and Defendants' lack of access to these documents, it is difficult to determine the extent to which the new assertions cover all or portions of the documents identified. However, it appears that in most instances the new assertions cover only portions of the documents at issue, so most of the documents would be reviewed in any event. And it is still Defendants' position that a detailed report explaining the bases for the Court's conclusions is unnecessary, so it would not be necessary to parse the specific basis for withholding portions of the documents.

WILMERHALE

June 25, 2019
Page 2

    Defendants respectfully request that the Court review all documents in the CFPB's inclusive subset in their entirety to determine whether they were properly withheld.

                                      Respectfully submitted,

                                      Karin Dryhurst