IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CONSUMER FINANCIAL
PROTECTION BUREAU,

    Plaintiff

v.

3:17-CV-101
(Judge Mariani)

NAVIENT CORPORATION, et al.,

    Defendants.

## SPECIAL MASTER ORDER #38

Now, this 8th day of July, 2019, having completed *in camera* review of the fifth set of documents claimed by Plaintiff Consumer Financial Protection Bureau to be protected from discovery by the deliberative process privilege, and finding that there are concerns whether some documents are either (a) predecisional, (b) deliberative, or (c) of such relevance to the defense of this matter so as to overcome the qualified privilege, **IT IS HEREBY ORDERED THAT, ON OR BEFORE JULY 15, 2019, PLAINTIFF SHALL SHOW CAUSE WHY THE FOLLOWING DOCUMENTS[1] SHOULD NOT BE PRODUCED:**

---

[1] Unless otherwise indicated, the documents are identified by the row number on the spreadsheet privilege log that Plaintiff submitted as part of the *in camera* review process and the file number used by Plaintiff.

1. Row 3/doc. 33.[2]
2. Row 5/doc. 237; row 7/doc. 239; row 8/doc. 240; row 9/doc. 241; the Fors Marsh document that is part of row 11/doc. 288; row 12/doc. 491.
3. Row 13/doc. 492.[3]
4. Row 17/doc. 539.[4]
5. Row 21/doc. 1375.[5]
6. Row 85/doc. 5806.[6]
7. Row 86/doc. 6155;[7] row 87/doc. 6157; row 91/doc. 6853; the documents in rows 99 through 111/docs. 8127 through 8139.
8. Row 116/doc. 8579.[8]
9. Row 170/doc. 15377; row 171/doc. 15378; row 172/doc. 15492; row 175/doc. 15966; row 180/doc. 16022; row 182/doc. 16024; row 184/doc. 16503.[9]
10. Row 226/doc. 18242.[10]

---

[2] To the extent that Plaintiff has asserted that the attorney-client privilege covers the final paragraph of this document, Plaintiff need not show cause why that document should not be produced.

[3] Plaintiff asserts that this document is not relevant. *See* App. C to Doc. 325, Plaintiff's letter of June 14, 2019 to the Special Master. I, however, cannot make that determination based upon Plaintiff's mere assertion.

[4] Plaintiff also claims that this document is irrelevant, *id.*, but I cannot make that determination on the basis of the record before me.

[5] Plaintiff has asserted the attorney client privilege over "all sentences in th[is] document[] relating to potential larger participant rules for student loan servicers and debt collectors." App. B to Doc. 325. To the extent that this document concerns such "larger participant rules," Plaintiff need not show cause why such parts should not be produced.

[6] Plaintiff asserts that this document is not relevant, *see* App. C to Doc. 325, but I cannot make that determination based upon Plaintiff's mere assertion.

[7] Plaintiff asserts that this document is not relevant, *see* App. C to Doc. 325, but I cannot make that determination based upon Plaintiff's mere assertion.

[8] Plaintiff asserts that this document is not relevant, *see* App. C to Doc. 325, but I cannot make that determination based upon Plaintiff's mere assertion.

[9] As to this document, Plaintiff asserts that "[t]his internal Bureau email was used to convey information that personnel in the Bureau's Office of Supervision deemed relevant to determining priorities and strategies for the Office of Supervision," App. C to Doc. 325, but that this information is not relevant. Once again, I cannot make that determination based upon the record presented.

[10] Although acknowledging that this document contains publicly available information, Plaintiff claims that the selection of what material to bring to the attention of the Department of the Treasury is part of the deliberative process. *See* App. C to Doc. 325.

11. Row 592/doc. 22441;[11] row 593/doc. 22394.

s/ Thomas I. Vanaskie<br>
THOMAS I. VANASKIE<br>
SPECIAL MASTER

---

[11] Although, as Plaintiff points out, I previously found this communication with the Department of Education to be not discoverable, see Doc. 325 at 2-3, I would like to get a full explanation from Plaintiff as to why Defendants are not entitled to receive this document.