1700 G Street NW,
Washington, DC 20552



July 15, 2019

**Via ECF**

The Honorable Thomas I. Vanaskie, Special Master
U.S. District Court, Middle District of Pennsylvania
William J. Nealon Federal Bldg. & U.S. Courthouse
235 N. Washington Avenue
Scranton, PA 18503

  Re: *CFPB v. Navient Corp., et al.*, Case No. 3:17-CV-00101-RDM

Dear Judge Vanaskie:

  I am writing on behalf of the Bureau in response to Special Master Order #38 (Doc. 330), which directs the Bureau to show cause why the 38 documents specified in that Order should not be produced. The Bureau appreciates Your Honor's careful review of the documents the Bureau submitted for *in camera* review on June 12, 2019. While the Bureau believes that the 38 documents specified in the order are protected by the deliberative process privilege and are not relevant to any issue in this action, the Bureau will produce all of those documents to Defendants, with the exception of the limited redactions to four of the documents identified below, which are consistent with the material that Special Master Order #38 indicated need not be produced. The Bureau is doing so in the interest of avoiding further dispute and to conserve resources to allow the Bureau to focus on completing fact discovery by August 7, 2019 and submitting its expert reports by August 8, 2019.

  By producing these documents, the Bureau is not waiving the deliberative process privilege with respect to any other document. *See, e.g.*, *Gen. Elec. Co. v. Johnson*, 2006 WL 2616187, at *17 (D.D.C. Sept. 12, 2006) ("There is no authority for applying the waiver rule to the deliberative process privilege."); *United States v. Wells Fargo Bank, N.A.*, 2015 WL 6395917, at *2 (S.D.N.Y. Oct. 22, 2015) ("Wells Fargo gives the Court no reason to depart from this general rule, which is designed to ensure that agencies do not forego voluntarily disclosing some privileged material out of the fear that by doing so they are exposing other, more sensitive documents.") (quotation omitted).

<u>Row 3/doc. 33, Row 91/doc. 6853, and Row 593/doc. 22394</u>

  The Bureau will produce these three documents with only the last paragraph of each document redacted. These redactions are consistent with footnote 2 of Special Master Order #38. Though footnote 2 addresses only document no. 33, the final paragraphs of documents no. 6853 and no. 22394 are identical to the final paragraph of document no. 33.[1]

---

[1] In footnote 10 of the Bureau's June 14, 2019 letter, the Bureau indicated: "The Bureau has only listed documents in the inclusive subset, but its attorney-client privilege and work product assertions apply to the same content in other documents in the original group of documents identified by Defendants, including duplicates and other versions of emails entirely subsumed in the inclusive set." (Doc. 325.)

<u>Row 21/doc. 1375</u>

      The Bureau will produce this document with redactions only to the following sentences relating to potential larger participant rules for student loan servicers and debt collectors:

- On page 1, the second sentence of the first paragraph
- On page 1, all sentences in the third paragraph
- On page 5, all sentences in the second full paragraph (beginning with the word "We")
- On page 6, the first sentence of the last paragraph

These redactions are consistent with footnote 5 of Special Master Order #38.

                                          Respectfully submitted,
                                          /s/ Nick Jabbour