# WILMERHALE

August 21, 2019

**Daniel P. Kearney**

+1 202 663 6285 (t)
+1 202 663 6363 (f)
daniel.kearney@wilmerhale.com

**VIA EMAIL AND ECF**

Judge Thomas I. Vanaskie
JAMS, Inc.
1717 Arch Street, Suite 3810
Philadelphia, PA 19103

    Re:    *CFPB v. Navient Corp., et al.*, Case No. 3:17-cv-00101-RDM

Dear Judge Vanaskie:

    Because the Court is familiar with this dispute, Defendants provide only a brief summary for context. In advance of borrower depositions, Defendants conducted a reasonable search for records related to the topics disclosed by the CFPB and produced those records. When the CFPB asked questions about records that were not produced, Defendants offered to provide the borrowers' loan histories—documented on a screen called a "151"—so that the CFPB could identify for Defendants any records that it wanted produced. Judge Mariani agreed with this approach, and the parties followed this process.

    On December 7, 2018, the CFPB sent Defendants a list of records that it claimed had not been produced. Defendants informed the CFPB that many of the records had in fact already been produced. Defendants then conducted an additional search for the remaining records and produced the results of that search on February 15, 2019.

    Defendants heard nothing further until May 24, 2019, when the CFPB raised the issue of borrower records in a letter to the Court. The Court stated that the CFPB should identify to the Defendants any additional records that the CFPB wanted produced. On July 12, 2019, the CFPB emailed Defendants a list identifying more than 180 entries from the borrowers' loan histories. Many of the entries corresponded to records of calls from Navient's legacy systems. As Defendants have explained (and as the CFPB itself observed during its site visit), calls on Navient's legacy systems are difficult to locate.

    On August 5, 2019, after reviewing the CFPB's list and comparing it to prior productions, Defendants informed the CFPB that call recordings for 38 of the 180 entries had been previously produced; Defendants also provided the Bates numbers for those recordings.[1] In addition, Defendants conducted an exhaustive, manual search for the remaining records and located and produced one requested piece of correspondence and thirteen call recordings. As expected, Defendants were not able to locate most of the requested call recordings, and informed

---

[1] At any point, the CFPB could have asked Defendants for the dates of the previously produced calls—and, indeed, whenever the CFPB previously requested this information, Defendants provided it.

WilmerHale

Judge Thomas I. Vanaskie
August 21, 2019
Page 2

the CFPB that they had conducted yet another search and that the additional call recordings could not be located.

In its July 12 email seeking additional records, the CFPB also made the following demand: "In the event that you do not produce records that we have requested, please provide an affidavit from any appropriate person regarding the search and its result." Although Defendants have repeatedly described their searches to the CFPB, the Defendants met and conferred with the CFPB regarding its request for an affidavit. The CFPB could not articulate a purpose for the affidavit, and Defendants remain in the dark as to the reason for the CFPB's demand. Nevertheless, in an effort to resolve the issue, Defendants provided the CFPB an affidavit on August 14, 2019. The affidavit, attached as Exhibit 1, included a list of all outstanding requests, described the search process and systems searched, and stated that Navient employees:

- Searched for each of the outstanding requests on at least two prior occasions;
- Conducted an additional search for the same requests;
- Located thirteen call recordings that prior searches had not located; and
- Did not locate the remaining requests.

Defendants have conducted a good-faith and exhaustive search for the call recordings in question multiple times and been unable to locate them. Defendants have now provided an affidavit confirming those efforts. We believe this issue is resolved.

Respectfully submitted,

/s/ Daniel P. Kearney