IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CONSUMER FINANCIAL :
PROTECTION BUREAU, :
 :
      Plaintiff :
 :
 : 3:17-CV-101
v. : (Judge Mariani)
 :
 :
NAVIENT CORPORATION, et al., :
 :
      Defendants. :

## SPECIAL MASTER ORDER #46

Now, this 10th day of September, 2019, based upon consideration of Defendants' letter of August 27, 2019 to the Special Master (Doc. 346), the letter dated September 3, 2019 from the Plaintiff to the Special Master (Doc. 349), Defendants' letter to the Special Master of September 10, 2019 (Doc. 352), and the discussion occurring during a telephonic conference conducted this day, **IT IS HEREBY ORDERED THAT:**

1. The TransUnion data received by Dr. Michael Turner, an expert retained by the Bureau in connection with this litigation, is authorized to be released to the parties in this case, their experts, and the Court for purposes of using the data in connection with this litigation only, subject to the following conditions:

a. The data is to be marked "CONFIDENTIAL" and treated as "Confidential Protected Material" per the parties' Confidentiality Agreement and Protective Order (see Docs. 66-1, 67);

b. The data will not be shared with individuals or entities outside this litigation without notice to TransUnion with sufficient time for TransUnion to raise any concerns;

c. If the data is shared with outside experts, consultants, or other individuals in connection with this litigation, the sharing party will provide notice to TransUnion with sufficient time for TransUnion to raise any concerns;

d. Any individual or entity that receives the data will be subject to the terms of these conditions and the protections in the parties' Confidentiality Agreement and Protective Order (Docs. 66-1, 67);

e. The data may not be used for purposes outside this litigation, including but not limited to business or competitive interests;

f. The data may not be re-engineered or manipulated to discern the identity of any one consumer; and

g. The data will be produced in the same format that Dr. Turner received it from TransUnion.

2. Plaintiff shall also produce all communications between Dr. Turner and TransUnion relating to this litigation, with the exception of the contract entered into between

Dr. Turner and TransUnion relating to this litigation. Defendants shall confer with TransUnion to determine whether it will produce its contract with Dr. Turner relating to this litigation.[1] Defendants shall inform the Court in writing as to the status of their discussions concerning production of the contract between Dr. Turner and TransUnion relating to this litigation no later than September 13, 2019.

    3. Production of the TransUnion data and the communications between Dr. Turner and TransUnion relating to this litigation shall occur no later than September 13, 2019.

s/ Thomas I. Vanaskie<br>
THOMAS I. VANASKIE<br>
SPECIAL MASTER

---

[1] It would appear that the agreement between TransUnion and Dr. Turner relating to this litigation is relevant and any proprietary concerns of TransUnion can be alleviated by designating the contract as "Confidential" under the terms of the existing Protective Order.