# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CONSUMER FINANCIAL** | : | |
| **PROTECTION BUREAU,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| | : | 3:17-CV-101 |
| **v.** | : | (Judge Mariani) |
| | : | |
| | : | |
| **NAVIENT CORPORATION, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## SPECIAL MASTER ORDER #47

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

By letter dated September 6, 2019, Defendants requested that Plaintiff Consumer Financial Protection Bureau (the "Bureau") be ordered to "produce all information within its possession regarding its 'steering' analysis—including the definition for 'steering' that was developed and used by the CFPB, the criteria that were applied to determine which calls 'exhibited steering,' the method by which the determination of whether a call 'exhibited steering' was made for each call reviewed, and any documents or records created during the review. . . ."[1] Defendants made this request in relation to an expert witness report served by the Bureau that opined on the purported prevalence of steering that had occurred

---

[1] One of the principal claims in this case is that Defendants wrongfully "steered" student loan borrowers into temporary "forbearance" of loan payments rather than potentially more favorable income driven repayment plans.

during telephone calls between student loan borrowers and Defendants' call representatives.[2] In arriving at his opinion, the expert deferred to the Bureau's determination of which of the hundreds of recorded calls produced by Defendants exhibited steering. Thus, implicit in the expert's conclusion is the assumption that the Bureau's categorization of calls as exhibiting steering is accurate.

The premise for the request articulated in Defendants' September 6, 2019 letter was Fed. R. Civ. P. 26(a)(2)(B)(i) & (ii), which provides that an expert report "must contain . . . the basis and reasons for" the expert's opinions and "the facts or data considered by the witness in forming them." The expert's report in this case does include a list of the calls that the Bureau claims demonstrated steering, but the report does not explain why the listed calls were believed to exhibit steering. Thus, the report does disclose the facts and data upon which the expert relied, but affords no basis for determining whether that reliance was reasonable.

During a telephone conference conducted in this matter today, defense counsel represented that it had previously served an interrogatory that requested information concerning the determination of what calls exhibited steering. Rule 26(e)(1)(B) of the Federal Rules of Civil Procedure requires a party "who has responded to an interrogatory, request for production, or request for admission" to supplement its response "as ordered by

---

[2] Defendants requested in the alternative that a briefing schedule be established to address the question of whether that part of the expert's report that relied upon the undisclosed steering analysis be stricken.

2

the court." Because the Bureau's determination of what calls exhibited steering is an essential premise of the expert's opinion on the prevalence of steering, I believe that Defendants have a compelling need to understand why and how the Bureau determined when steering into forbearance had occurred.  Thus, I believe that supplementation of the Bureau's response to Defendants' interrogatory on this matter is warranted pursuant to Rule 26(e)(1)(B).

I also believe that in order to determine whether the expert's reliance upon the Bureau's determination of steering was reasonable, it is imperative that such information be provided.  *See ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 293 (3d Cir. 2012) ("An expert's lack of familiarity with the methods and the reasons underlying [someone else's] projections virtually preclude[s] any assessment of the validity of the projections through cross-examination.") (Citations and internal quotation marks omitted).  Thus, I believe that requiring the requested information is appropriate pursuant to 26(a)(2)(B)(i) & (ii).

During the conference call, the Bureau represented that it could produce the requested information by September 27, 2019.  The Bureau also preserved its right to object to production of information and documents based on the attorney-work product and attorney-client privilege.

**NOW, THEREFORE, THIS 16th DAY OF SEPTEMBER, 2019, IT IS HEREBY ORDERED THAT:**

1. On or before September 27, 2019, the Bureau shall provide to Defendants the information necessary to assess the determination of which of the recorded calls produced by Defendants exhibited "steering" of student loan borrowers into forbearance, including the definition for "steering" that was used, the criteria that were applied to determine which calls exhibited steering, the method by which the determination of whether a call exhibited steering was made for each call reviewed, and any documents or records created during the review.  Any objection to production of information and/or documents must be sufficiently specific to test the adequacy of the objection.

2. On or before October 2, 2019, Defendants shall inform the Court in writing whether the information produced by the Bureau is incomplete.

                    s/ Thomas I. Vanaskie
                    THOMAS I. VANASKIE
                    SPECIAL MASTER