IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, | : |
| Plaintiff | : |
| v. | : 3:17-CV-101 <br> : (Judge Mariani) |
| NAVIENT CORPORATION, et al., | : |
| Defendants. | : |

SPECIAL MASTER ORDER #48

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

By letter dated March 22, 2019 (Doc. 274), Plaintiff Consumer Financial Protection Bureau sought to have the Court unseal ten exhibits that accompanied its Brief in Support of its motion to defer the deadline for its response to Defendants' motion for partial summary judgment and to prohibit Defendants from filing any additional summary judgment motion prior to the close of discovery.[1] The sealed brief and accompanying exhibits appear on the

---

[1] There are more than ten exhibits that accompanied the Brief in Support of the Motion to Defer. The ten exhibits at issue on the Bureau's request to unseal, attached collectively as Exhibit C to the Bureau's March 22, 2019 letter to the Special Master (Doc. 274-3), are: (1) a 2010 memorandum that describes some of Navient's student loan servicing practices; (2) an excerpt from Navient's training materials intended to give guidance to Navient representatives dealing with delinquent borrowers; (3) excerpts from the deposition of Matthew Bailer, the former head of Navient 's call centers; ( 4) excerpts from the deposition of Suzanne Croft, a Navient call center supervisor; (5-9) summaries of telephone communications with student borrowers and related "coaching" advice; and ( 10)

electronic docket in this matter as Doc. 213. In a letter dated July 3, 2019 (filed under seal as Doc. 332), the Bureau made clear that its primary objective was to have the Brief in Support of the Motion to Defer unsealed, asserting that the ten exhibits could remain sealed if the seal on the Brief was lifted.

Special Master Report #14, filed on August 27, 2019 (Doc. 345), concluded that the Brief in Support of the Motion to Defer should be unsealed, but denied without prejudice the Bureau's request to unseal the ten exhibits. In denying, without prejudice, the request to unseal the ten exhibits, the Report observed:

> It may be that parts of the sealed exhibits may be made public. Indeed, Navient has suggested unsealing parts of the deposition transcripts attached as exhibits to the Bureau's Brief in support of the Motion to Defer. But the more nuanced consideration of each of the discovery documents has been rendered moot by the Bureau's alternative request that the Brief be unsealed and 'the ten exhibits ... remain sealed, comparable to Navient's public filing of its summary judgment brief and statement of facts.'

(Id. at 20.) The Order accompanying Special Master Report #14 directed the Clerk of Court to unseal the Brief in Support of the Motion to Defer if "no party objects . . . within twenty-one days of the date of [the] Order." (Id. at 21.)

By letter dated September 13, 2019 (Doc. 355), Defendants asserted that they would be unduly prejudiced if the ten exhibits remained sealed but the Brief in Support of the Motion to Defer was made publicly available. Accordingly, Defendants, while maintaining

---

excerpts from the deposition of Johnathan Powell concerning how Navient monitored and coached its representative in their dealings with student borrowers.

2

that the exhibits were properly designated as confidential, asked that the ten "exhibits be contemporaneously unsealed to provide the public with a more complete and fair understanding of the facts." (*Id.* at 3.) During a telephone conference conducted in this matter on September 16, 2019, Defendants confirmed that "both the brief in support of the motion to defer decision or to defer action on the partial Summary Judgment Motion, as well as the 10 exhibits referenced in that brief that were the subject of the Bureau's request to unseal . . . all be unsealed." (Tr. of September 16, 2019 Conference Call at 2.) The Bureau, for its part, stated that it had no objection to unsealing the exhibits along with the Brief in Support of the Motion to Defer.

Accordingly, both the Brief in Support of the Motion to Defer (Doc. 213) and the ten exhibits in question will be unsealed. To avoid having the seal lifted on other exhibits that accompanied the Brief in Support of the Motion to Defer, the Clerk of Court will be directed to unseal Exhibit "C" to the Bureau's March 22, 2019 letter to the Special Master (Doc. 274-3), which consists of the ten exhibits.[2]

**NOW, THEREFORE, THIS 18th DAY OF SEPTEMBER, 2019, IT IS HEREBY ORDERED THAT:**

1. The Clerk of Court shall unseal the Brief in Support of the Motion to Defer Deadlines (Doc. 213).

---

[2] Defendants retain the prerogative to make available any of the other sealed exhibits that accompanied the Bureau's Brief in Support of the Motion to Defer.

3

2. The Clerk of Court is further directed to unseal Exhibit "C" to the Bureau's March 22, 2019 letter to the Special Master (Doc. 274-3).

s/ Thomas I. Vanaskie
THOMAS I. VANASKIE
SPECIAL MASTER
