1700 G Street NW,
Washington, DC 20552



January 23, 2020

**Via ECF**

The Honorable Thomas I. Vanaskie, Special Master
U.S. District Court, Middle District of Pennsylvania
William J. Nealon Federal Bldg. & U.S. Courthouse
235 N. Washington Avenue
Scranton, PA 18503

      Re:     *CFPB v. Navient Corp., et al.*, Case No. 3:17-CV-00101-RDM

Dear Judge Vanaskie:

      In accordance with paragraph 3 of Special Master Order #63, the Bureau is transmitting, by email to you, a declaration identifying the matters protected by the attorney-client privilege and/or the attorney work product privilege in Exhibits 1-20 filed in support of the request to disqualify Dr. Ang, along with an explanation as to why those matters should not be disclosed to Navient's counsel and/or Dr. Ang and her counsel.

      As the Bureau previously indicated, courts have recognized that a party should not have to jeopardize its privileged information in the context of a motion arising exclusively from the conduct of opposing counsel in choosing to hire an individual with a conflict of interest. *See* Bureau's 12/27/19 Letter, at 7 (citing cases). The Bureau continues to have concerns about Navient obtaining the Bureau's privileged documents in a matter brought about by Navient's decision to hire Dr. Ang. Accordingly, while the Bureau understands Your Honor's desire to provide some versions of the exhibits to Navient in an effort to facilitate resolution of this issue, we believe that it is important to keep in mind that these documents are not being sought pursuant to normal fact discovery, but are instead being sought in connection with a disqualification issue in which Navient retained a former employee of the Bureau who was exposed to privileged information from Bureau enforcement attorneys.

      In light of this unusual posture in which production is being considered, to the extent Your Honor has any questions concerning why certain information should remain redacted, the Bureau respectfully requests an opportunity to address those questions before any additional material is ordered to be produced. While the Bureau has endeavored to be as fulsome as possible in explaining the reasons for maintaining certain information as redacted, if any lack of clarity exists, the Bureau is happy to answer any questions or provide any further explanation.

      Finally, before the Bureau is ordered to provide any documents to Navient in connection with the Bureau's request to disqualify Dr. Ang, the Bureau respectfully requests that Navient and Dr. Ang should have to agree not to use any portion of those documents for any purpose in this case other than the Bureau's request to disqualify Dr. Ang. The retention of a former Bureau employee as an expert witness should not be a backdoor method by which Navient gains additional fact discovery.

                                  Respectfully submitted,

                                    /s/ Nick Jabbour