WILMERHALE

January 24, 2020

**Daniel P. Kearney**

**VIA ECF**

+1 202 663 6285 (t)
+1 202 663 6363 (f)
daniel.kearney@wilmerhale.com

Hon. Thomas I. Vanaskie
Stevens & Lee
425 Spruce Street, Suite 300
Scranton, PA 18503

      Re:    *CFPB v. Navient Corp., et al.*, Case No. 3:17-cv-00101-RDM (M.D. Pa.)

Dear Judge Vanaskie:

      I write to briefly respond to the CFPB's January 23, 2020 letter (Doc. 404) regarding the 20 exhibits it submitted for *in camera* review.

      *First*, documents related to the Navient investigation were plainly responsive to prior document requests and a Court order. The CFPB did not log or otherwise produce these documents, presumably because Dr. Ang was not identified as a relevant custodian. Yet the CFPB now claims that the documents are so critical that Dr. Ang's mere "exposure" to the information in them subjects her to disqualification. These positions are hard to reconcile.

      *Second*, any use of the documents in connection with an evidentiary hearing must satisfy the rules of evidence. The CFPB's vague descriptions raise significant evidentiary concerns. For example, the CFPB appears to be relying on emails from enforcement attorneys or other CFPB employees discussing conversations that included Dr. Ang, which is classic inadmissible hearsay. Particularly here, where the content of those conversations is at the heart of the issue and no one has been deposed about them, Defendants should be provided sufficient information to allow for evidentiary objections.

      *Third*, the CFPB has sought a draconian remedy for which it must meet a high standard, and there is nothing "unusual" about making documents or other information available to a defendant to allow the adversary process to function. The CFPB spent weeks to locate the 20 exhibits submitted in support of its narrative. Defendants—or at least Dr. Ang and her counsel—should be permitted to review them and understand their context. Instead, the CFPB asks the Special Master to assume the truth of its assertions. As set forth in our January 13 letter (Doc. 393), the specific information disclosed to Dr. Ang and its relationship to the issues in this case must be carefully examined, especially in light of the fact that Defendants retained Dr. Ang on the understanding (based on her recollection then and now) that she did not work on the Navient investigation. At a minimum, Defendants should be provided with redacted copies and Dr. Ang's counsel should be provided with unredacted versions for "attorneys' eyes only." In addition, to the extent the CFPB intends to call witnesses to support its characterization of the documents, Defendants should be provided (at a minimum) with declarations setting forth the witnesses' affirmative testimony.

WilmerHale

Judge Thomas Vanaskie
January 24, 2020
Page 2

      In order to address these procedural issues, Defendants request a teleconference in connection with the scheduling of an in-person hearing on the disqualification issue.

      Sincerely,

      /s/ Daniel P. Kearney