THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Consumer Financial Protection Bureau, | ) | |
| | ) | |
| *Plaintiff*, | ) | Civil Action No. 3:17-cv-00101 |
| | ) | (Hon. Robert D. Mariani) |
| v. | ) | |
| | ) | |
| Navient Corporation, *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO STRIKE EXHIBITS ADMITTED
AT THE FEBRUARY 20, 2020 HEARING REGARDING
THE REQUEST TO DISQUALIFY DR. XIAOLING ANG**

At the February 20, 2020 hearing regarding the request of the Consumer Financial Protection Bureau ("CFPB") to disqualify Defendants' expert witness Dr. Xiaoling Ang, the CFPB admitted into evidence, over Defendants' objections, twenty-one e-mails, some containing discussions of data requests sent by the CFPB to Navient between 2013 and 2015.  In response to Special Master Order #69, Doc. 434, and in order to preserve Defendants' objections to the admission of those e-mails, Defendants move to strike CFPB Exhibits 1-4, 6-11, 13-18, 20, and 42-45 for the reasons stated on the record at the February 20, 2020 hearing.  *See* Feb. 20, 2020 Hr'g Tr. 21:24-22:2; 131:2-134:4, 142:5-18, 143:13-23, 186:16-19.  The e-mails are hearsay and do not fall within the exception for records of a regularly conducted activity set forth in Federal Rule of Evidence 803(6).  *See Roberts Tech. Grp. v. Curwood, Inc.*, No. 14-cv-5677, 2016 WL 2889166, at *2 (E.D. Pa. May 17, 2016) (stating that there is no "absolute right to admission of emails under the business records exception"); *Morisseau v. DLA Piper*, 532 F. Supp. 2d 595,

621 n.163 (S.D.N.Y. 2008) ("An e-mail created within a business entity does not, for that reason alone, satisfy the business records exception of the hearsay rule, Fed. R. Evid. 803(6)."). It is "insufficient to survive a hearsay challenge simply to say," as did the CFPB, "that since a business keeps and receives e-mails, then *ergo* all those e-mails are business records falling within the ambit of Rule 803(6)(B)." *United States v. Cone*, 714 F.3d 197, 220 (4th Cir. 2013); *see also* Feb. 20, 2020 Hr'g Tr. 21:16-18. Moreover, the CFPB has not established that sending these e-mails was the kind of "automatic, discretionless task[]" that can qualify hearsay as a business record under Rule 803(6). *In re Processed Egg Prods. Antitrust Litig.*, No. 08-md-2002, 2018 WL 1725802, at *3 (E.D. Pa. April 9, 2018). The emails should all be struck pursuant to Federal Rule of Evidence 802.

      To the extent that the emails are not struck, the weight afforded to them should be minimal. The rule against hearsay is intended to ensure the reliability and trustworthiness of evidence. *See Albrecht v. Horn*, 485 F.3d 103, 134 (3d Cir. 2007). Here, those purposes require that if the e-mails are admitted, they be given little weight in assessing the nature and extent of Dr. Ang's involvement in the Navient investigation during her tenure at the CFPB because they are lacking in critical indicia of reliability. In particular, many of the emails were written by former CFPB enforcement attorney Brandis Anderson, who did not testify at the hearing, has not been deposed, and therefore has not been subject to cross-examination regarding the contents of her e-mails or the circumstances surrounding their creation. Moreover, those witnesses who did testify at the hearing were unable to fill in much of the context surrounding the e-mails, as they had only minimal recollections of the events discussed, *see, e.g.*, Feb. 20, 2020 Hr'g Tr. 34:12-15, 54:25-55:15, 66:23-67:3, 124:16-125:5, 175:2-9, 193:23-194:4, 234:11-235:24, 289:12-20—

an unsurprising fact given that the e-mails were written between five to six-and-a-half years ago. And the CFPB seeks to rely on these twenty-one emails without producing any other related communications that might provide relevant context and shed light on their meaning. For these reasons, the e-mails are unreliable evidence of the nature and extent of Dr. Ang's involvement in the Navient investigation and should be given little weight.

## CONCLUSION

For the foregoing reasons and those stated on the record at the February 20, 2020 hearing, exhibits 1-4, 6-11, 13-18, 20, and 42-45 admitted in support of the CFPB's request to disqualify Dr. Xiaoling Ang should be struck.

Dated:  February 25, 2020                              Respectfully submitted,

/s/ Jonathan E. Paikin
Jonathan E. Paikin (DC 466445) (*pro hac vice*)
Daniel P. Kearney (DC 977148) (*pro hac vice*)
Karin Dryhurst (DC 1034290) (*pro hac vice*)
Wilmer Cutler Pickering
  Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
jonathan.paikin@wilmerhale.com
daniel.kearney@wilmerhale.com
karin.dryhurst@wilmerhale.com
Tel: 202-663-6000
Fax: 202-663-6363

Daniel T. Brier (PA 52348)
Myers Brier & Kelly, LLP
425 Spruce Street, Suite 200
Scranton, PA 18503
dbrier@mbklaw.com
Tel: 570-342-6100
Fax: 570-342-6147

*Counsel for Navient Corporation, Navient Solutions, LLC, and Pioneer Credit Recovery, Inc*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 25, 2020, I filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record who are deemed to have consented to electronic service:

/s/ Karin Dryhurst
Karin Dryhurst (DC 1034290) (*pro hac vice*)
Wilmer Cutler Pickering
  Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
karin.dryhurst@wilmerhale.com
Tel: 202-663-6000
Fax: 202-663-6363