THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Consumer Financial Protection Bureau, | ) | |
| | ) | |
| *Plaintiff*, | ) | Civil Action No. 3:17-cv-00101 |
| | ) | (Hon. Robert D. Mariani) |
| v. | ) | |
| | ) | |
| Navient Corporation, *et al.,* | ) | |
| | ) | |
| *Defendants*. | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE
EXHIBITS ADMITTED AT THE FEBRUARY 20, 2020 HEARING**

In its opposition, Plaintiff raises new arguments regarding the admissibility of Exhibits 1-4, 6-11, 13-18, 20, and 42-45 that were not raised at the February 20, 2020 Hearing. Pursuant to Local Rule 7.7, Defendants respectfully submit this brief reply to succinctly address those arguments.

*First*, the Court expressly provided the process and manner in which these exhibits, and challenges to their admissibility, would be treated at the Hearing. *See, e.g.*, Feb. 20, 2020 Hr'g Tr. 139:8-140:15, 145:9-146:9, 411:7-23. Defendants followed the agreed upon process, and Plaintiff's argument that Defendants somehow failed to assert, preserve, or otherwise waived their specific hearsay objections to the exhibits enumerated above is not accurate.

*Second*, it is Plaintiff who has waived and abandoned its argument that these exhibits are admissible under the business records exception to the hearsay rule. One of the purposes of this briefing was to afford Plaintiff the opportunity to submit a declaration substantiating the

elements for application of that exception. *Id.* at 139:8-140:15. Plaintiff failed to take advantage of that opportunity, and nowhere in its opposition does Plaintiff assert that exception applies. Accordingly, none of the exhibits can be admitted on the basis of Federal Rule of Evidence 803(6). *See Arconic Inc. v. Novelis Inc.*, No. 17-cv-1434, 2019 WL 5802365, at *5 (W.D. Pa. Sept. 6, 2019) (citing cases and holding that "a party's failure to dispute an argument in its opposition brief constitutes waiver of the right to relief").

*Third*, Plaintiff argues that Exhibits 1, 8, 17, 44 and 45 should be admitted under Federal Rule of Evidence 801(d)(1)(C), because they "identif[y] a person as someone the declarant perceived earlier." Doc. 439 at 5. Defendants have no objection to admitting these five exhibits for the limited purpose of identifying Dr. Ang or anyone else. However, as the Rule pertains to statements of identification only, it offers no basis to admit the contents of the communications.

*Fourth*, Plaintiff argues Exhibits 1, 4, 8, 11, 14, 42, 44 and 45 should be admitted under Federal Rule of Evidence 801(d)(1)(B)(i), which would allow for admission "to rebut an express or implied charge that the declarant recently fabricated [testimony] or acted from a recent improper influence or motive in so testifying." *Id*. Defendants have not asserted that the witnesses fabricated their testimony or were improperly influenced, so this Rule has no application here.

*Fifth*, Plaintiff argues Exhibits 2, 3, 6-11, 13-16, 20, 42, 43 and 45 should be admitted as an exception to hearsay under 803(3), which allows for admission to establish the declarant's "then-existing state of mind (such as motive, intent, or plan) … but not including a statement of memory or belief to prove the fact remembered or believed." *Id*. at 7 (alteration in original).

Plaintiff argues that these exhibits are being admitted for the sole purpose of establishing that a person *intended* to meet with Dr. Ang.  That, of course, says nothing about whether any of the listed invitees actually attended the meeting or the substance of any communication at or regarding the meeting.  Defendants have no objection to the admission of these exhibits for the sole and limited purpose of showing that the parties listed on an invite were intended attendees.

*Sixth*, Plaintiff argues that all of the challenged exhibits should be admitted under the residual hearsay exception set forth in Rule 807.  *Id.* at 8-9.  But the residual exception is "to be used only rarely, and in exceptional circumstances," *United States v. Turner*, 718 F.3d 226, 233 (3d Cir. 2013), and it is Plaintiff's burden to establish such circumstances under both prongs of the exception.  *See AAMCO Transmissions, Inc. v. Baker*, 591 F. Supp. 2d 788, 799 (E.D. Pa. 2008) (party invoking Rule 807 "bears a heavy burden" (quoting *United States v. Washington*, 106 F.3d 983, 1001-02 (D.C. Cir. 1997))); *see also Trs. of Univ. of Pa. v. Lexington Ins. Co.*, 815 F.2d 890, 906 (3d Cir. 1987) (requiring "rigor" in invocation of residual exception).  With respect to the first prong, Plaintiff fails to submit proof that each statement it seeks to admit "is supported by sufficient guarantees of trustworthiness" because it has not provided record cites to "evidence, if any, corroborating the statement."  Fed. R. Evid. 807(a)(1); *see also Ponzini v. Monroe Cty.*, No. 3:11-cv-00413, 2016 WL 4494173, at *4 (M.D. Pa. Aug. 24, 2016) (rejecting invocation of Rule 807 where there was no evidence to establish that enumerated indicia of trustworthiness were satisfied).  Plaintiff cannot do so because its witnesses lacked specific recollections of the communications and were thus unable to corroborate them.  With respect to the second prong, Plaintiff failed to establish that the hearsay communications are "more

3

probative . . . than any other evidence that the proponent can obtain through reasonable efforts." Fed. R. Evid. 807(a)(2).  Most obviously, Plaintiff failed to call to the stand or even produce a declaration from the key participant (and oftentimes author) of these communications, Ms. Brandis Anderson.

*Finally*, Plaintiff argues that the hearsay exhibits should be admitted for limited purposes other than the truth of the matters asserted.  Specifically, Plaintiff argues that Exhibits 4, 11, 14, and 20 should be admitted to show that there was discussion about editing a document, but not for the truth of the contents of any edit.  *See* Doc. 439 at 9-10. Plaintiff also argues that Exhibits 1, 3, 8, 10, 13, 14, 15, 17, 18, 42, 44, and 45 should be admitted to show that "the past event involving certain participants prompted that action, not for the truth of whatever is described about the substantive content of those triggering events." *Id.* at 10.  While it is not clear what any of this means, Defendants ultimately have no objection to the admission of these exhibits for limited purposes other than their substantive content.  Plaintiff must, however, be held to its representation and cannot then make improper use of these documents (or of the verbatim reading out loud of these documents during the Hearing).  Simply put, the Court cannot consider the substantive content of these hearsay exhibits.

* * *

Before turning to its role as the finder of fact, the Court must first serve as gatekeeper to determine what can be considered under the Rules of Evidence, *see* Fed. R. Evid. 101, 102, 103. The hearsay rule exists for good reason, and its purposes are particularly magnified here where Plaintiff's witnesses had virtually no independent recollections of the substance of the hearsay

4

communication being offered.  Plaintiff's Opposition demonstrates that, at best, it can do no more than establish that its exhibits should be admitted for limited purposes other than their truth.

To be clear, as shown in Defendants' post-trial brief, even if the exhibits are admitted for their truth, Plaintiff comes nowhere close to meeting its burden to disqualify Dr. Ang.  But the Rules of Evidence speak both to the admissibility and weight to be afforded to the exhibits.  Although Plaintiff all but acknowledges that its hearsay exhibits cannot be admitted for their truth, its motion to disqualify rests almost exclusively on their content and, in fact, asks the Court to go even further to make a series of unwarranted inferential leaps based on this hearsay.  While Defendants have rebutted those assertions on the merits, it is important to note that they are built on a house of hearsay cards.

Plaintiff has failed to meet its burden with respect to the admissibility of the contents of the exhibits proffered.   Exhibits 1-4, 6-11, 13-18, 20, and 42-45 should be struck as hearsay or, if admitted, admitted only for limited purposes other than their truth.

Dated:  March 3, 2020                                    Respectfully submitted,

/s/ Jonathan E. Paikin
Jonathan E. Paikin (DC 466445) (*pro hac vice*)
Daniel P. Kearney (DC 977148) (*pro hac vice*)
Karin Dryhurst (DC 1034290) (*pro hac vice*)
Wilmer Cutler Pickering
  Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006

jonathan.paikin@wilmerhale.com
daniel.kearney@wilmerhale.com
karin.dryhurst@wilmerhale.com
Tel: 202-663-6000
Fax: 202-663-6363

Daniel T. Brier (PA 52348)
Myers Brier & Kelly, LLP
425 Spruce Street, Suite 200
Scranton, PA 18503
dbrier@mbklaw.com
Tel: 570-342-6100
Fax: 570-342-6147

*Counsel for Navient Corporation, Navient Solutions, LLC, and Pioneer Credit Recovery, Inc*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 3, 2020, I filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record who are deemed to have consented to electronic service:

/s/ Karin Dryhurst
Karin Dryhurst (DC 1034290) (*pro hac vice*)
Wilmer Cutler Pickering
  Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
karin.dryhurst@wilmerhale.com
Tel: 202-663-6000
Fax: 202-663-6363