

1700 G Street NW,
Washington, DC 20552

March 26, 2020

**Via ECF**

The Honorable Thomas I. Vanaskie, Special Master
Stevens & Lee
425 Spruce Street, Suite 300
Scranton, PA 18503

  Re: *CFPB v. Navient Corp., et al.*, Case No. 3:17-CV-00101-RDM

Dear Judge Vanaskie:

  The Bureau writes pursuant to paragraph 3 of the Order accompanying Special Master Report #18 (Doc. 453). The parties have not been able to reach an agreement regarding the date by which the Bureau must submit an expert report in response to the report of Dr. Ang, and thus the Bureau is filing this letter setting forth its position, along with a proposed order.

  The Bureau intends to file objections to Special Master Report #18, and the issue of whether Dr. Ang should be disqualified will not be decided for purposes of this litigation until the Court rules upon those objections. If, as a result of those objections, Dr. Ang is disqualified, then the Bureau need not submit a report rebutting Dr. Ang's report because Dr. Ang's report will not be valid. If, however, the Court overrules the Bureau's objections, then the Bureau respectfully requests that the deadline for a response to Dr. Ang's report be set two weeks after the Court's decision. This is the same timing that the Bureau had set forth in its December 27, 2019 motion. *See* Doc. 387, at 1 n.3.

  Federal Rule of Civil Procedure 53(f)(2) and paragraph 5 of the Court's January 16, 2019 Order (Doc. 158) provide any party the right to object to a report from the Special Master. Review of Special Master Report #18 will be under a *de novo* standard in accordance with Federal Rule of Civil Procedure 53(f)(3). Accordingly, there remains a distinct possibility that the Bureau's objections will lead to the disqualification of Dr. Ang, along with the striking of her report. Thus, the Bureau should not have to submit a response to Dr. Ang's reports until the objections are ruled upon by the Court. Otherwise, the Bureau will be put in the position of rebutting a report that may not be part of the record in this case, and it essentially will be as though the Bureau's right to file objections to Special Master Order #18 is a nullity. And in the event that the Court disqualifies Dr. Ang but permits Navient to retain a substitute expert, providing the Bureau's rebuttal report will give that expert a substantial unfair advantage.

  Navient has suggested to the Bureau that the response to Dr. Ang's report must be filed imminently because all expert discovery must be completed before summary judgment motions are filed on May 19, 2020. Navient is creating a false sense of urgency. As the Bureau previously articulated, there is no reason that all aspects of expert discovery must be completed by the date that summary judgment motions are filed. *See* Doc. 440, at ¶ 6. Indeed, it is not uncommon in this Court for the deadline for summary judgment motions to occur *before* the deadline for the completion of expert discovery. *See, e.g.*, *Marks v. Civitas Media, LLC*, 3:17-cv-00689-RDM (M.D. Pa.), ECF #12 (setting expert discovery deadline six months after deadline for summary judgment motions); *Ahmeti v. Barclay*, No. 3:17-cv-01731-RDM (M.D. Pa.), ECF #19 (setting expert discovery deadline four months after deadline for summary judgment motions); *Sopinski v. Lackawanna County*, 3:16-cv-00466-RDM (M.D. Pa.), ECF #36 (setting expert discovery deadline three months

after deadline for summary judgment motions); *Mercavitch v. Borough of Wyoming*, No. 16-cv-00032-RDM (M.D. Pa.), ECF #17 (same); *Daniels v. Kappa Graphics, LP*, 3:17-cv-01129-RDM (M.D. Pa.), ECF #15 (setting expert discovery deadline one month after deadline for summary judgment motions); *Ruddy v. Polaris Industries, Inc.*, No. 3:17-cv-00423-RDM (M.D. Pa.), ECF #151 (same).

It is also important to keep in mind the context in which this dispute has arisen. Dr. Ang was retained by Navient's lawyers in February 2018, but the Bureau was not aware that she would be an expert for Navient until the Bureau received her report on November 9, 2019. Navient's decision not to provide any notification to the Bureau prior to November 9, 2019 has put the parties in the situation that is now being presented – in which a motion to disqualify the expert due to a conflict of interest is being adjudicated after Dr. Ang already authored an expert report and while summary judgment motions are being drafted. As discussed above, it is not uncommon for expert reports to be submitted after summary judgment motions are due, but in any event, the situation was avoidable. *See, e.g.*, *In re C.R. Bard, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, 2014 WL 6960396, at *12 (S.D.W. Va. Dec. 8, 2014) ("Plaintiffs' counsel could easily have avoided their current predicament by notifying Bard's counsel of plaintiffs' intent to retain Dr. Kohli as an expert witness. Consequently, the issue could have been addressed and resolved before any time or money was invested in Dr. Kohli."). Dr. Ang's identity could have been disclosed earlier in the case to allow the disqualification issue to be presented well before she had authored a report and the parties were close to submitting summary judgment motions. *See, e.g.*, *Alien Tech. Corp. v. Intermec, Inc.*, 2007 WL 4261972, at *1 (D.N.D. Nov. 30, 2007) (disqualification issue arose before expert had been formally retained). While Navient was within its rights to wait until November 9, 2019 to disclose its experts, the process for adjudicating whether Dr. Ang should be disqualified must be allowed to fully occur, regardless of the timing implications. It would be inappropriate for Navient to receive a response to Dr. Ang's report before the Court has had the opportunity to decide whether Dr. Ang will even be allowed to participate as an expert witness. The Bureau is aware of no case in which, while a motion for disqualification was pending, a party was required to submit a report responding to the report of the expert for whom disqualification was being sought.

In summary, any response to Dr. Ang's report should await the Court's resolution of the Bureau's forthcoming objections to Special Master Report #18. The Bureau respectfully requests that, if those objections are overruled, the deadline for the response be set two weeks after the Court's order to that effect. The deadline for summary judgment motions should not be affected by the timing of the Court's decision on the Bureau's objections to Special Master Report #18 or by the timing of any response to Dr. Ang's report (in the event that Dr. Ang is not disqualified).

Respectfully submitted,

/s/ Nicholas Jabbour