1700 G Street NW,
Washington, DC 20552



April 10, 2020

<u>Via ECF</u>

The Honorable Robert D. Mariani
U.S. District Court for the Middle District of Pennsylvania
William J. Nealon Federal Bldg. & U.S. Courthouse
235 N. Washington Avenue
Scranton, PA 18503

      Re:    *CFPB v. Navient Corp., et al.*, Case No. 3:17-CV-00101-RDM

Dear Judge Mariani:

    I am writing on behalf of Plaintiff Consumer Financial Protection Bureau ("Bureau") in response to the Court's March 18 Order. That Order directed the parties to confer regarding the maximum number of factual statements which may be set forth in each side's statement of material facts, and to file either a joint letter setting forth an agreed-upon position or separate letters in the absence of an agreement. *See* ECF Dkt. 452, at ¶ 5. The parties have been unable to reach an agreement and therefore are filing separate letters. The parties' correspondence concerning this issue is attached as Exhibit A to this letter.

    As the Court is aware, the Local Rules for this Court indicate that briefs (including those filed in support of motions for summary judgment) must be limited to 5000 words. Local Rule 7.8(b)(2). However, the Local Rules do not set a word limit for the statement of material facts in support of summary judgment, instead indicating that such statements must be "short and concise." Local Rule 56.1. When negotiating the appropriate word limit for briefs, the Bureau advocated for a limit of 10,000 words, while Defendants desired 20,000 words. In the end, the Bureau, in the interest of compromise, agreed to a limit of 17,500 words – much closer to Defendants' initial proposal than the Bureau's initial proposal. The agreed-upon limit of 17,500 words – which was adopted by the Court (ECF Dkt. 452, at ¶ 3) – is 3.5 times what is normally permitted.

    When negotiating the maximum number of factual assertions in each side's statement of material facts, the Bureau initially proposed 1250, while Defendants proposed 400. The Bureau came down to 1000 in the spirit of compromise, while Defendants did not change their position. The Bureau did clarify that its figure is premised on the fact that the Bureau will be moving for summary judgment on all claims in the case, and Defendants have likewise indicated that their figure is based on them moving for summary judgment on all claims. *See* Exhibit A.

    The Bureau believes that its compromise figure of 1000 material facts should be the number allowed by the Court. While the Bureau is mindful that Rule 56.1 statements should be "short and concise," this case contains eleven claims with largely distinct elements. With so many claims, large-scale fact discovery has been necessary, including over sixty fact depositions and large document productions. A limit of 1000 factual statements amounts to an average of fewer than 100 per claim, and 100 factual statements is reasonable for even a factually

straightforward claim. Indeed, the fact that briefs can be 3.5 times longer than usual underscores that the number of claims in this case requires more content than would be needed if there were fewer claims. In addition, it is important to recognize that the Bureau, as the plaintiff, may well need substantially more facts than Defendants, because the Bureau has the burden of proof and needs to prove all elements of its claims. Thus, even if the Bureau is as concise as possible, it makes sense that the Bureau would need more facts than Defendants.

Alternatively, the Bureau proposes a different path forward, which is that a combined word limit for each side's brief and statement of material facts should be imposed. The Bureau suggests that 50,000 words is an appropriate combined word limit. A combined word limit makes sense for two principal reasons. *First*, it appears that the parties have differing views as to the appropriate lengths of the briefs and the statement of material facts. The Bureau prefers a shorter brief and longer statement of material facts, while Defendants prefer the opposite. A combined word limit allows for maximum flexibility for each side: if a side wants a longer brief, it can file a shorter statement of material facts, and vice versa. And indeed, as the parties work to draft and revise their filings, it may well be the case that their respective views as to how much content they want in the brief versus the statement of material facts evolve from their views at this juncture. *Second*, a word limit avoids potential disputes as to whether any individual factual statement is impermissibly compound. As the Court may recall, earlier in this case, Defendants initially refused to respond to certain of the Bureau's requests for production on the ground that the requests were compound and exceeded the allowable limit. *See* ECF Dkt. 84 at 1-3. In response, the Bureau noted that Defendants had propounded far more requests for production than the Bureau if the counting methodology that Defendants had advocated were applied to their own requests. *Id.* A word limit avoids this type of unnecessary fight. While parties may disagree about what constitutes a single factual statement, a word limit does not leave any such gray areas; either a document exceeds the allowable word count, or it does not.

In summary, while the Bureau believes that a limit of 1000 factual statements is appropriate in this case, as an alternative to imposing a maximum number of factual statements, the Bureau respectfully suggests that the Court impose a combined word limit of 50,000 words for each side's brief and statement of material facts. The Bureau also respectfully requests that the Court specify that any limit is premised on each side moving for summary judgment on all claims, which is consistent with the parties' correspondence. *See* Exhibit A.

                                          Respectfully submitted,

                                          /s/ Nicholas Jabbour