IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, | : : : |
| Plaintiff, | : |
| v. | : 3:17-CV-101 : (JUDGE MARIANI) : |
| NAVIENT CORPORATION, et al., | : : |
| Defendants. | : |

## ORDER

The background of this Order is as follows:

On March 18, 2020, this Court issued an Order directing the parties to file all motions for summary judgment, supporting briefs, and statements of material facts on or before May 19, 2020. (Doc. 452). The Order also directed that the parties' supporting briefs must not exceed 17,500 words, and, in addition to the filing of the parties' respective statements of material facts, ordered the parties to confer in good faith and file a joint statement of material facts as to which all parties agree there is no dispute. (*Id.*). Finally, the Court ordered the parties to confer and agree upon a maximum number of factual assertions which may be set forth in each party's respective statement of material facts. In the absence of agreement, the parties were directed to file separate letters to the Court setting forth their respective positions as to how many factual statements they should be allowed to assert and the basis for this belief.

On April 10, 2020, counsel for Plaintiff and Defendants filed separate letters of record informing the Court of a disagreement as to the maximum number of factual

assertions which may be set forth in each party's statement of facts and setting forth vastly different proposals for the number of factual statements which they should be allowed to assert. (*See* Docs. 460, 461). Defendants request that the Court "set a limit of no more than 400 factual assertions per side" (Doc. 460) while Plaintiff, after initially proposing a figure of 1,250 factual statements, suggests that a "compromise figure of 1000 material facts should be the number allowed by the Court" (Doc. 461, at 1). In the alternative, Plaintiff proposes that the Court impose "a combined word limit [of 50,000 words] for each side's brief and statement of material facts." (Doc. 461, at 2).

ACCORDINGLY, THIS 22ND DAY OF APRIL, 2020, upon consideration of the parties' positions set forth in their respective letters to the Court (Docs. 460, 461), **IT IS HEREBY ORDERED THAT:**

1. Each party may file a Statement of Material Facts **which shall not exceed 400 numbered statements of fact**, each consisting of a single paragraph which requires a single response by the opposing party. No numbered statement of material fact may include subparts or subdivisions. A Statement of Material Facts that exceeds the limit of 400 numbered statements will not be accepted by the Court.

2. No response by the non-moving party which purports to be a denial of an asserted statement of material fact that uses the term "denied as stated" is permitted. The only permitted responses to a party's statement of material fact are: "admitted", "denied", or "admitted in part and denied in part." A party may, however, state that a statement of material fact is admitted, but deny that the fact or facts admitted are material. Further, to the extent that a party believes that a statement of material

fact contains only conclusions of law, it may so state and deny the statement. In the circumstance where a party responds to a statement of material fact by stating that the statement is "admitted in part and denied in part", the party shall specifically state the portion of the statement which is admitted and the portion of the statement which is denied. Additionally, the party responding to any statement of material fact is prohibited from adding additional language to its admission or denial which is preceded by terms such as "by way of further answer" and is intended to add assertions of fact or argument extraneous to the party's admission or denial.

3. In accordance with M.D.Pa. Local Rule 56.1, every statement of material fact and every denial or partial denial thereof shall be accompanied by a specific "reference[] to the parts of the record that support the statements."

4. Any statement of material fact which is unaccompanied by a reference in the record which supports the statement of fact is subject to being stricken.

5. Any denial or partial denial of a statement of material fact which fails to comply with this Order shall result in the statement of material fact being deemed admitted.

6. The Joint Statement of Undisputed Material Facts, containing material facts as to which the parties agree there is no dispute and which this Court has ordered be filed in this case (*see* Doc. 452, at ¶ 6), may contain an **unlimited number of agreed upon statements**.

                                           _s/ *Robert D. Mariani*_____
                                           Robert D. Mariani
                                             United States District Judge