# EXHIBIT 133

| AMENDMENT OF SOLICITATION/MODIFICATION OF CONTRACT | | 1. Contract ID Code | | Page of Pages | |
|---|---|---|---|---|---|
| | | | | 1 | 3 |

| 2. AMENDMENT MODIFICATION NO. 0054 | 3. EFFECTIVE DATE SEP 27, 2012 | 4. REQUISITION/PURCHASE REQ. NO EDOFSA-12-000987 | 5. PROJECT NO. (if applicable) |
|---|---|---|---|

| 6. ISSUED BY                CODE   FSA-FS2 | 7. ADMINISTERED BY (If other than item 6)   CODE |
|---|---|
| United States Department of Education Federal Student Aid/Mission Support Group 830 First St NE - Suite 91F3 Washington DC 20202 | See Block 6 |

| 8. NAME AND ADDRESS OF CONTRACTOR (NO., Street, Country, State and ZIP Code) | (x) | 9A. AMENDMENT OF SOLICITATION NO. |
|---|---|---|
| SLM CORPORATION                          DUNS: 160002218 C/O MONETARY PROCESSING           Cage Code: 3GKW7 P.O. BOX 9533 WILKES BARRE PA 187739533 | | |
| | | 9B. DATED (SEE ITEM 11) |
| | X | 10A. MODIFICATION OF CONTRACT/ORDER NO. ED-FSA-09-D-0015 |
| MARK VERBRUGGE 317-598-4633 | | 10B. DATED (SEE ITEM 13) JUN 17, 2009 |
| CODE 00018575          FACILITY CODE | | |

| 11. THIS ITEM ONLY APPLIES TO AMENDMENTS OF SOLICITATIONS |
|---|
| ☐ The above numbered solicitation is amended as set forth in item 14. The hour and date specified for receipt of offers ☐ is extended. ☐ is not extended. Offers must acknowledge receipt of this amendment prior to the hour and date specified in the solicitation or as amended, by one of the following methods: (a) By completing items 8 and 15, and returning _____ copies of amendment; (b) By acknowledging receipt of this amendment on each copy of the offer submitted; or (c) By separate letter or telegram which includes a reference to the solicitation and amendment numbers. FAILURE OF YOUR ACKNOWLEDGMENT TO BE RECEIVED AT THE PLACE DESIGNATED FOR THE RECEIPT OR OFFERS PRIOR TO THE HOUR AND DATE SPECIFIED MAY RESULT IN REJECTION OF YOUR OFFER. If by virtue of this amendment your desire to change an offer already submitted, such change may be made by telegram or letter, provided each telegram or letter makes reference to the solicitation and this amendment, and is received prior to the opening hour and date specified. |

| 12. ACCOUNTING AND APPROPRIATION DATA (if required) | Modification Amount: $515,800.00 |
|---|---|
| See Schedule | Modification Obligated Amount: $515,800.00 |

| 13. THIS ITEM ONLY APPLIES TO MODIFICATION OF CONTRACTS/ORDERS. IT MODIFIES THE CONTRACT/ORDER NO. AS DESCRIBED IN ITEM 14. | |
|---|---|
| Check One | A.   THIS CHANGE ORDER IS ISSUED PURSUANT TO: (Specify authority) THE CHANGES SET FORTH IN ITEM 14 ARE MADE IN THE CONTRACT ORDER NO. IN ITEM 10A. 52.212-4 Contract Terms And Conditions - Commercial Items (Mar 2009) - TAILORED |
| X | B.   THE ABOVE NUMBERED CONTRACT/ORDER IS MODIFIED TO REFLECT THE ADMINISTRATIVE CHANGES (such as changes in paying office, appropriation date, etc) SET FORTH IN ITEM 14, PURSUANT TO THE AUTHORITY OF FAR 43.103(b). |
| | C.   THIS SUPPLEMENTAL AGREEMENT IS ENTERED INTO PURSUANT TO AUTHORITY OF: |
| | D.   OTHER (Specify type of modification and authority) |
| E. IMPORTANT:   Contractor ☒ is not, ☐ is required to sign this document and return _____ copies to the issuing office. | |

| 14   DESCRIPTION OF AMENDMENT/MODIFICATION (Organized by UCF section headings, including solicitation/contract subject matter where feasible) |
|---|
| SEE PAGE 2 OF 3 FOR DESCRIPTION OF MODIFICATION. |
| ...See Continuation Page |
| Except as provided herein, all terms and conditions of the document referenced in item 9A or 10A, as heretofore changed, remains unchanged and in full force and effect. |

| 15A. NAME AND TITLE OF SIGNER (Type or print) | 16A. NAME AND TITLE OF CONTRACTING OFFICER (Type or print) |
|---|---|
| Daniel L. Yost, Vice President Title IV Servicing | Soo Kang 202-377-3798   soo.kang@ed.gov |
| 15B. CONTRACTOR/OFFEROR | 15C. DATE SIGNED | 16B. UNITED STATES OF AMERICA | 16C. DATE SIGNED |
| *(signature)* (Signature of person authorized to sign) | 9/27/12 | *(signature)* (Signature of Contracting Officer) | SEP 27, 2012 |

NSN 7540-01-152-8070
Previous Edition unusable

STANDARD FORM 30, (Rev. 10-83)
Prescribed by GSA FAR (48 CFR) 53.243

Confidential Pursuant to Protective Order                                    NAV-00041987

| AMENDMENT OF SOLICITATION/MODIFICATION OF CONTRACT | 1. Contract ID Code | | Page of Pages | |
|---|---|---|---|---|
| | | | 1 | 3 |

| 2. AMENDMENT MODIFICATION NO. | 3. EFFECTIVE DATE | 4. REQUISITION/PURCHASE REQ. NO. | 5. PROJECT NO. (if applicable) |
|---|---|---|---|
| 0054 | SEP 27, 2012 | EDOFSA-12-000987 | |

| 6. ISSUED BY | CODE | FSA-FS2 | 7. ADMINISTERED BY (If other than item 6) | CODE |
|---|---|---|---|---|
| United States Department of Education<br>Federal Student Aid/Mission Support Group<br>830 First St NE - Suite 91F3<br>Washington DC 20202 | | | See Block 6 | |

| 8. NAME AND ADDRESS OF CONTRACTOR (NO., Street, Country, State and ZIP Code) | (x) | 9A. AMENDMENT OF SOLICITATION NO. |
|---|---|---|
| SLM CORPORATION   DUNS: 160002218<br>C/O MONETARY PROCESSING<br>P.O. BOX 9533   Cage Code: 3GKW7<br>WILKES BARRE PA 187739533 | (x) | |
| | | 9B. DATED (SEE ITEM 11) |
| | | |
| | × | 10A. MODIFICATION OF CONTRACT/ORDER NO.<br>ED-FSA-09-D-0015 |
| MARK VERBRUGGE 317-598-4633 | | 10B. DATED (SEE ITEM 13) |
| CODE 00018575 | FACILITY CODE | JUN 17, 2009 |

**11. THIS ITEM ONLY APPLIES TO AMENDMENTS OF SOLICITATIONS**

☐ The above numbered solicitation is amended as set forth in item 14. The hour and date specified for receipt of offers ☐ is extended, ☐ is not extended.
Offers must acknowledge receipt of this amendment prior to the hour and date specified in the solicitation or as amended, by one of the following methods:
(a) By completing items 8 and 15, and returning _____ copies of amendment; (b) By acknowledging receipt of this amendment on each copy of the offer submitted; or (c) By separate letter or telegram which includes a reference to the solicitation and amendment numbers. FAILURE OF YOUR ACKNOWLEDGEMENT TO BE RECEIVED AT THE PLACE DESIGNATED FOR THE RECEIPT OR OFFERS PRIOR TO THE HOUR AND DATE SPECIFIED MAY RESULT IN REJECTION OF YOUR OFFER. If by virtue of this amendment your desire to change an offer already submitted, such change may be made by telegram or letter, provided each telegram or letter makes reference to the solicitation and this amendment, and is received prior to the opening hour and date specified.

| 12. ACCOUNTING AND APPROPRIATION DATA (If required) | Modification Amount: $515,800.00 |
|---|---|
| See Schedule | Modification Obligated Amount: $515,800.00 |

**13. THIS ITEM ONLY APPLIES TO MODIFICATION OF CONTRACTS/ORDERS. IT MODIFIES THE CONTRACT/ORDER NO. AS DESCRIBED IN ITEM 14.**

| Check One | | |
|---|---|---|
| × | A. | THIS CHANGE ORDER IS ISSUED PURSUANT TO: (Specify authority) THE CHANGES SET FORTH IN ITEM 14 ARE MADE IN THE CONTRACT ORDER NO. IN ITEM 10A.<br>52.212-4 Contract Terms And Conditions - Commercial Items (Mar 2009) - TAILORED |
| | B. | THE ABOVE NUMBERED CONTRACT/ORDER IS MODIFIED TO REFLECT THE ADMINISTRATIVE CHANGES (such as changes in paying office, appropriation date, etc) SET FORTH IN ITEM 14, PURSUANT TO THE AUTHORITY OF FAR 43.103(b). |
| | C. | THIS SUPPLEMENTAL AGREEMENT IS ENTERED INTO PURSUANT TO AUTHORITY OF: |
| | D. | OTHER (Specify type of modification and authority) |

E. IMPORTANT:   Contractor ☒ is not, ☐ is required to sign this document and return _____ copies to the issuing office.

14. DESCRIPTION OF AMENDMENT/MODIFICATION (Organized by UCF section headings, including solicitation/contract subject matter where feasible)
SEE PAGE 2 OF 3 FOR DESCRIPTION OF MODIFICATION.


...See Continuation Page

Except as provided herein, all terms and conditions of the document referenced in item 9A or 10A, as heretofore changed, remains unchanged and in full force and effect.

| 15A. NAME AND TITLE OF SIGNER (Type or print) | 16A. NAME AND TITLE OF CONTRACTING OFFICER (Type or print) |
|---|---|
| | Soo Kang<br>202-377-3798 soo.kang@ed.gov |

| 15B. CONTRACTOR/OFFEROR | 15C. DATE SIGNED | 16B. UNITED STATES OF AMERICA | 16C. DATE SIGNED |
|---|---|---|---|
| | | | SEP 27, 2012 |
| (Signature of person authorized to sign) | | (Signature of Contracting Officer) | |

| NSN 7540-01-152-8070 | **STANDARD FORM 30. (Rev. 10-83)** |
|---|---|
| Previous Edition unusable | Prescribed by GSA FAR (48 CFR) 53.243 |

Confidential Pursuant to Protective Order

NAV-00041988

**Continued from Block 14...**

The purpose of Modification 0054 to Contract Number ED-FSA-09-D-0015 is to incorporate the requirements for Change Request Number 1827, Income-Driven Repayment Plans, in accordance with the following attachments:

1. Attachment A - Business Operations Change Request Form [1 Page]
2. Attachment B - Income-Driven Repayment Plans - 2012 Requirements [33 Pages]

The requirements shall be implemented by the following dates:

1. IBR Requirement - December 31, 2012
2. PAYE/ICR-A Requirement - December 17, 2012
3. ICR3/ICR-B Requirement - December 17, 2012

The total contract value is increased by $515,800 from $205,442,296 to $205,958,096.

All other terms and conditions remain unchanged.

Confidential Pursuant to Protective Order

NAV-00041989

| | SCHEDULE Continued | | | | |
|---|---|---|---|---|---|
| ITEM NO. | SUPPLIES/SERVICES | QUANTITY | UNIT | UNIT PRICE $ | AMOUNT $ |
| 0036 | Contracting Officer: Soo Kang, 202-377-3798, soo.kang@ed.gov<br><br>Primary Contracting Officer Representative: Patrice Washington, (202) 377-3845, Patrice.Washington@ed.gov<br><br>Alternate Contracting Officer Representative(s): Tammy Connelly, 202.377.3298, tammy.connelly@ed.gov<br><br>Primary Technical Point of Contact: None<br><br>Alternate Technical Point of Contact(s): None<br><br>(New Line Item)<br>Requirements for CR #1827 - Income-Driven Repayment Plans<br>Sallie Mae To implement Legislative changes to their servicing system for Income-Driven Repayment Plans.<br><br>Accounting and Appropriation Data: 0202M2012.A.2012.ENB00000.6N5.2521A.AAJ.000. 0000.000000<br>$515,800.00 | 1.00 | SE | 515,800.00 | 515,800.00 |

Confidential Pursuant to Protective Order

NAV-00041990

**Attachment A**

Business Operations Change Request Form

Send all Change Request Forms to POCChangeRequest@ed.gov

| Administrative Information | | |
|---|---|---|
| Service Area Validation for Submission Completed: ☒  Defer: ☐ | | ID:  1827 REVISED 9/12/2012 |
| Requestor:  Cynthia Battle | | Date Drafted: 7/23/2012 |
| CR Title: Income-Driven Repayment Plans | | Date Submitted:  8/8/12 |
| Business Analyst:  La Teata Jackson | | Anticipated Implementation Date: 11/1/12 |

| FSA Service/System/Area Impacted | | |
|---|---|---|
| ☒ ACES Nelnet Platform | ☐ NSLDS | ☐ EAI |
| ☒ Not-for-Profits (NFPs) | ☐ FPDM | ☐ PEPS/IPM |
| ☒ Title IV Servicers (TIVAS) | ☐ CPS | ☐ FMS |
| ☐ TPD | ☐ Participation Management | ☐ Security Architecture |
| ☐ DMCS/DMCS2 | ☐ EDExpress | ☐ SAIG |
| ☐ DLCS | ☐ eCampus-Based | ☐ AIMS |
| ☐ COD | ☐ Ancillary Services | ☐ Other: _____ |

☐ Notification Only:_____

**Description of Change Requested:**
Implement attached requirements for income-driven repayment plans, including **(revised requirements version 2.5 based on clarification meetings and Q&As received.  Negotiated Rulemaking_2012 Requirements 082812 QandAv2.5.xlsx):**

1. Income-Based Repayment (IBR)
2. Pay-As-You-Earn/Income-Contingent Repayment-A (PAYE/ICR-A)
3. Income-Contingent Repayment 3/Income Contingent Repayment-B (ICR3/ICR-B)

Validate compliance with regulatory requirements for IBR.
Note:  The IBR requirements as listed are based on current and proposed regulations.  FSA expects servicers to be compliant with current regulations. As indicated in the attached spreadsheet, if the servicer is compliant, the servicer will provide procedures and/or business rules demonstrating compliance with the requirement. If the servicer is not compliant, the servicer will provide statement of commitment confirming the date when the servicer will become compliant with the requirement. Any "new" requirements based on proposed regulations are indicated by "n/a." in the spreadsheet.

The possible contract requirements discussed in this document are based on proposed rules included in a Notice of Proposed Rulemaking published by the Department of Education on July 17, 2012.   The Department has invited public comment on these proposed rules and will consider changes to the proposed rules based on any comments it receives.

Therefore these requirements are preliminary and may be modified to be consistent with the final regulations that the Department will publish after consideration of the public comments.   The contractor will be required to comply with the terms of the final regulations issued by the Department and with the terms of the contract.

**Reason for Change:**
FSA anticipates the previously reference proposed regulations to become final in November 2012.

**Additional Information (ALL OPERATIONAL IMPACTS MUST BE ASSESSED):**

*Does this change require a new network connection (Secure File Transfer Protocol is mandatory for all new connections)?*

No
**IST Anticipation:**
None

Revised: 3/21/2012

Confidential Pursuant to Protective Order

NAV-00041991

**Attachment B**

Income-Driven Repayment Plans - 2012 Requirements

**Income-Driven Repayment Plans - 2012 Requirements**

The following worksheets contain the requirements for income-driven repayment plans, that will go into effect the later of: *November 1, 2012 OR the date the regulations are published as final in the Federal Register.*

*The possible contract requirements discussed in this document are based on proposed rules included in a Notice of Proposed Rulemaking published by the Department of Education on July 17, 2012. The Department has invited public comment on these proposed rules and will consider changes to the proposed rules based on any comments it receives. Therefore these requirements are preliminary and may be modified to be consistent with the final regulations that the Department will publish after consideration of the public comments. The contractor will be required to comply with the terms of the final regulations issued by the Department and with the terms of the contract.*

**Contents:**

**IBR** - Requirements for Income-Based Repayment Plan
**PAYE** - Requirements for Pay-As-You-Earn
**ICR** - Requirements for Income-Contingent Repayment

**Version Control:**
Date: August 1, 2012 - V1.0
Date: August 27, 2012 - V2.0
Date: August 28, 2012 - V2.5

Page 1 of 33  ED-FSA-09-D-0015/0054

Confidential Pursuant to Protective Order

NAV-00041992

# Attachment B

## Income-Driven Repayment Plans - 2012 Requirements

### IBR Requirements

The IBR requirements listed in the below chart are based on current regulations. If the servicer is in compliance with current regulations, it will continue to comply with the requirement. If the servicer is not compliant, the servicer will provide statement of commitment confirming the date when the servicer will become compliant with the requirement. (Requirements based on proposed regulations are indicated by "Nsk.")

| CB Requirements # | SFP Requirements # | Topic | Subtopic | Requirement | Revised Requirement | Artifacts | Compliant? | Current procedure, if not compliant? |
|---|---|---|---|---|---|---|---|---|
| 2.6.5.100-IBR | | Definitions | Definitions | The servicer shall be told to understand the following definitions for the purpose of these requirements. | The servicer shall be told to understand the following definitions for the purpose of these requirements. | Procedures | | |
| 2.6.5.100.a-IBR | | Definitions | Definitions | | | | | |
| 2.6.5.100.b-IBR | | Definitions | Definitions | | | | | |
| 2.6.5.100.c-IBR | | Definitions | Definitions | | | | | |
| 2.6.5.100.d-IBR | | Definitions | Definitions | | | | | |
| 2.6.5.100.e-IBR | | Definitions | Definitions | | | | | |
| 2.6.5.100.f-IBR | | Definitions | Definitions | | | | | |
| 2.6.5.100.g-IBR | | Definitions | Definitions | | | | | |
| 2.6.5.100.h-IBR | | Definitions | Definitions | | | | | |
| 2.6.5.200-IBR | | Eligible Loans | Eligible Loans | The servicer shall provide the Income Based Repayment plan to borrowers with eligible loans. | The servicer shall provide the Income Based Repayment plan to borrowers with eligible loans. | Procedures | | |
| 2.6.5.200.a-IBR | | Eligible Loans | Eligible Loans | | | | | |
| 2.6.5.200.b-IBR | | Eligible Loans | Eligible Loans | | | | | |
| 2.6.5.200.c-IBR | | Eligible Loans | Eligible Loans | | | | | |
| 2.6.5.200.d-IBR | | Eligible Loans | Eligible Loans | | | | | |
| 2.6.5.300-IBR | | Eligible Borrowers | Eligible Borrowers | The servicer shall provide the Income Based Repayment plan to eligible borrowers. | The servicer shall provide the Income Based Repayment plan to eligible borrowers. | Procedures | | |
| 2.6.5.300.a-IBR | | Eligible Borrowers | Eligible Borrowers | | | | | |
| 2.6.5.300.b-IBR | | Eligible Borrowers | Eligible Borrowers | | | | | |
| 2.6.5.300.c-IBR | | Eligible Borrowers | Married Borrowers | | | | | |
| 2.6.5.300.d-IBR | | Eligible Borrowers | Married Borrowers | | | | | |
| 2.6.5.400-IBR | | Eligibility and Application Processing | Eligibility and Application Processing | | | Procedures, Screenshots | | |
| 2.6.5.400.a-IBR | | Eligibility and Application Processing | Eligibility and Application Processing | | | | | |
| 2.6.5.400.b-IBR | | Eligibility and Application Processing | Eligibility and Application Processing | | | | | |
| 2.6.5.400.c-IBR | | Eligibility and Application Processing | Eligibility and Application Processing | | | | | |
| 2.6.5.400.d-IBR | | Eligibility and Application Processing | Eligibility and Application Processing | | | | | |
| 2.6.5.400.e-IBR | | Eligibility and Application Processing | Eligibility and Application Processing | | | | | |
| 2.6.6.100-IBR | CFR 674.xx | IBR/ICR Interface | Application Processing | | | Screenshots, Website Link | | |

Confidential Pursuant to Protective Order

NAV-00041993

## Attachment B

## Income-Driven Repayment Plans – 2012 Requirements

| | IBRPSC Interface | Apps Label Presentation | IBRPSC Interface | | Procedures/Correspondence |
|---|---|---|---|---|---|
| 2.5.5.004-IBR | CFR # 1704 | Notification | CFR # 1704 | | |
| 2.5.5.014-IBR | CFR # 1704 | Application Processing | CFR # 1704 | | |
| 2.5.5.022-IBR | CFR # 1704 | Application Processing | CFR # 1704 | IBRPSC Interface | Application Processing | | |
| 2.5.5.xxx-IBR | | Income Processing | Income Report | | Procedures, Correspondence |
| 2.5.5.xxx-IBR | | Income Processing | Default Point in Date | | |
| 2.5.5.xxx-IBR | | Payment Amount | Calculating the Payment | | Procedures, Correspondence & Sample Calculations, Sample Amortization Schedules |
| 2.5.5.100-IBR | | Payment Amount | Calculating the Payment | | |
| 2.5.5.200-IBR | | Payment Amount | Maximum Payment | | |
| 2.5.5.200-IBR | | Payment Amount | Other Limits | | |
| 2.5.5.200-IBR | | Payment Amount | Minimum IBR and PAYE | | |
| 2.5.5.300-IBR | | Payment Amount | Minimum Payment | | |
| 2.5.5.005-IBR | | Payment Amount | Minimum Payment | | |
| 2.5.5.004-IBR | | Payment Amount | Minimum Payment | | Procedures |
| 2.5.5.734-IBR | | Payment Amount | Recalculation | | Procedures, Screenshots |
| 2.5.5.xxx-IBR | | Payment Amount | Payments Posting Calculations | | |
| 2.5.5.xxx-IBR | | Payment Amount | Payments Posting Calculations | | |
| 2.5.5.xxx-IBR | | Payment Amount | Payments Posting Calculations | | |

Confidential Pursuant to Protective Order

**Attachment B**

**Income-Driven Repayment Plans – 2012 Requirements**

| ID | Payment Request | | Requirement | Artifact |
|---|---|---|---|---|
| 2.5.6.7(b).14BR | Payment Amount | Payment Pending Calculations | | |
| 2.5.6.7(c).4BR | Payment Amount | Payment Pending Calculations | | |
| 2.5.6.9a.6BR | Payment Amount | No PFH or No Income Doc't Received | The servicer shall, for a borrower who no longer exhibits a partial financial hardship or fails to submit updated income documentation by the fixed deadline provided in the renewal notice, allow the borrower to continue to make a monthly payment in the Permanent deadline to pay the Permanent-deadline payment amount on the borrower's anniversary date. | Procedure, Correspondence, Sample Calculations, Sample Amortization Schedules |
| 2.5.6.10a.6BR | Payment Amount | Income Doc't Received Late | If a servicer submits income documentation after the fixed deadline, and after the servicer has calculated the borrower's new payment amount, and the borrower still has a partial financial hardship, the servicer shall treat the later-received updated income documentation as if it were received on or before the fixed deadline and use it to calculate reduction of partial financial hardship and apply proper forbearance as described in requirement 2.5.6.9(b).2 if applicable. | Procedure, Correspondence, Sample Calculations, Sample Amortization Schedules |
| 2.5.6.10.14BR | Payment Amount | Income Doc's Received Late | The servicer shall recalculate payments made at the prior planned level under IBR. | |
| 2.5.6.7a.6BR | Payment Amount | Exiting IBR | The servicer shall consider payments made at the prior planned level under the plan that the servicer shall recalculate. | Procedure, Correspondence |
| 2.5.6.7b.6BR (6027.1A = REPLACED) | Payment Amount | Exiting IBR | The servicer shall allow the borrower to exit IBR if there is both a making on the plan that the servicer has chosen to exit IBR, or their monthly payment to the Expedited-standard payment amount, based on. | Procedure, Correspondence, Sample Amortization Schedules |
| 2.5.6.7.c4eBR | Payment Amount | Exiting IBR | | |
| 2.5.6.7.c.5a.8BR | Payment Amount | Exiting IBR | For a borrower who chooses to exit IBR, or their monthly payment to the Expedited-standard payment amount based on. | |
| 2.5.6.7.c.5b.p.6BR | Payment Amount | Exiting IBR | For a consolidation loan, the number of months remaining in the original repayment period. | |
| 2.5.6.7(p)BR | Payment Amount | Exiting IBR | For a borrower who no longer wishes to repay under IBR and who is required to enter the Expedited-standard amount or a different repayment plan after making one full monthly payment of the reduced forbearance payment. | Procedure |
| 2.5.6.7(p).14BR | Payment Amount | Exiting IBR | | |
| 2.5.6.4a.6BR | Repayment | | If the borrower is required to begin the consolidation loan under the IBR plan. The borrower shall make the consolidation payments or payments received from the borrower. | Procedure, Screenshots, Sample Payment and Account Transactions |
| 2.5.6.4.b.6BR | Repayment | | The servicer shall allow the borrower to prepay the loan without penalty. | Procedure, Screenshots, Sample Payment and Account Transactions |
| 2.5.6.4c.4BR | Prepayment/Lump Sum | | The servicer shall apply the excess payment to collection costs and late charges, then interest and then principal as a prepayment of the amount applied. | |
| 2.5.6.4.c.7.4BR | Repayment/Lump Sum | | The servicer shall apply the excess payment as a prepayment of the amount applied. | |
| 2.5.6.4.c.7.4BR | Repayment/Lump Sum | | No borrower shall apply the excess payment as a prepayment to interest then collection costs and late charges. | |
| 2.5.6.4.4BR | Payment Return | | The servicer shall return to the sender any payment received on a loan after loan forgiveness has been granted. | Sample Payment and Account Transactions |

Confidential Pursuant to Protective Order

NAV-00041995

## Attachment B

## Income-Driven Repayment Plans - 2012 Requirements

Confidential Pursuant to Protective Order

NAV-00041996

**Attachment B**

**Income-Driven Repayment Plans – 2012 Requirements**

Confidential Pursuant to Protective Order

NAV-00041997

## Attachment B

## Income-Driven Repayment Plans - 2012 Requirements

| | | Income Request | | Procedures, Correspondence, Sample Correspondence, History | |
|---|---|---|---|---|---|
| 2.5.6.1(2)(a)BR | Notifications | Income Request | For borrowers not on Permanent disability, the servicer shall send the borrower and the borrower's spouse if applicable, a written request if applicable, a written request for IDR or other documentation of income and certification of family size. The servicer shall send the written request no later than 60 days before the anticipated deadline. The written request must include: | | |
| 2.5.5.1(2)(a)BR | Notifications | | The calculations: | | :-: |
| 2.5.5.1(2)(a)(i)BR | Notifications | Income Request | The consequences if the borrower does not submit updated information by the deadline, including explanation that the monthly payment amount will increase - that the borrower's monthly payment amount will no longer be based upon income and that any unpaid interest will be capitalized at the end of the current annual payment period. | | :-: |
| 2.5.5.1(1)(a)BR | Notifications | Forgiveness Prep | The servicer shall, no later than 6 months prior to the anticipated date that the borrower will meet the forgiveness requirements, send the borrower a written notice including: | | |
| 2.5.5.1(2)(a)BR | Notifications | Forgiveness Prep | An explanation that the borrower is approaching the date that he or she is expected to meet the forgiveness requirements. | | n/a |
| 2.5.5.1(2)(a)(ii)BR | Notifications | Forgiveness Prep | A reminder that the borrower must continue to meet the amount is included monthly payments to screen repayment; and | | :-: |
| 7.5.5.17(2)(a)BR | Notifications | Forgiveness Prior | General information on the current treatment of the forgiveness amount for tax purposes, including information on the borrower's potential for the borrower to contact the Internal Revenue Service for more information. | | |
| 2.6.6.1(2)BR | Notifications | Forgiveness Notification | The servicer shall, upon determining that the borrower has satisfied the loan forgiveness requirements, notify the borrower in writing of forgiveness, including: | | Procedures, Correspondence, Sample Correspondence, History |
| 2.5.5.1(2)(a)BR | Notifications | Forgiveness Notification | Notice that the borrower's obligation on the loans is satisfied. | | |
| 2.6.5.1(2)(a)BR | Notifications | Forgiveness Notification | General information on the current treatment of the forgiveness amount for tax purposes, including information on the option for the borrower to contact the Internal Revenue Service for more information. | | |
| 2.6.5.1(1)(a)BR | Reporting | Repayment Plans | The servicer shall uniquely identify all income-driven repayment plans as NSLDS reporting. | | Procedures, Sample Data Plans |

Confidential Pursuant to Protective Order

NAV-00041998

**Attachment B**

**Income-Driven Repayment Plans - 2012 Requirements**

## PAYE Requirements

| CR Requirements # | NFP Requirements # | Topic | Subtopic | Requirement | Revised Requirement | Artifacts |
|---|---|---|---|---|---|---|
| 2.5.5.100-PAYE | | Definitions | Definitions | The servicer shall be held to understand the following definitions for the purpose of these requirements. | The servicer shall be held to understand the following definitions for the purpose of these requirements. | Procedures |
| 2.5.5.100-A-PAYE | | Definitions | Definitions | Standard-Standard: The 10-year standard payment amount calculated using the loan balance on eligible loans that was outstanding when the borrower initially entered repayment on the loan or requested PAYE, whichever is greater. | | |
| 2.5.5.100-B-PAYE | | Definitions | Definitions | Permanent-Standard: The 10-year standard payment amount calculated using the loan balance that was outstanding on the borrower's eligible loans when the borrower began repayment on the loan under PAYE. For consolidation loans, the Permanent-Standard payment amount is a 10-year standard payment amount regardless of whether the borrower's consolidation loan qualified for a repayment term longer than 10 years under the Consolidation Standard Repayment Plan. | Permanent-Standard: The 10-year standard payment amount calculated using the loan balance that was outstanding on the borrower's eligible loans when the borrower began repayment on the loan under PAYE. For consolidation loans, the Permanent-Standard payment amount is a 10-year standard payment amount regardless of whether the borrower's consolidation loan qualified for a repayment term longer than 10 years under the Consolidation Standard Repayment Plan. | |
| 2.5.5.100-C-PAYE | | Definitions | Definitions | Partial Financial Hardship: A circumstance in which the Standard-Standard payment amount exceeds the payment amount under PAYE. | | |
| 2.5.5.100-D-PAYE | | Definitions | Definitions | Anniversary Date: The Month and day on which the borrower entered PAYE, e.g. July 1. | Anniversary Date: the Month and day on which the borrower entered PAYE, e.g. July 1. | Procedures |
| 2.5.5.100-E-PAYE | | Definitions | Definitions | Annual Payment Period: The period of one year for which a borrower's payment is effective, based on the anniversary date, e.g. July 1, 2012 - June 30, 2013. | Annual Payment Period: the period of one year for which a borrower's payment is effective, based on the anniversary date, e.g. July 1, 2012 - June 30, 2013. | |
| 2.5.5.100-F-PAYE | | Definitions | Definitions | Soft Deadline: the date by which the borrower should submit updated income documentation as part of the annual recertification process, 35 days prior to the borrower's anniversary date, e.g. for an anniversary date of July 1, May 27. | Soft Deadline: the date by which the borrower should submit updated income documentation as part of the annual recertification process, 35 days prior to the borrower's anniversary date, e.g. for an anniversary date of July 1, May 27. | |
| 2.5.5.100-G-PAYE | | Definitions | Definitions | Hard Deadline: 10 days after the soft deadline, e.g. for an anniversary date of July 1, June 6. | Hard Deadline: 10 days after the soft deadline, e.g. for an anniversary date of July 1, June 6. | |
| 2.5.5.100-H-PAYE | | Definitions | Definitions | New Borrower: a borrower who (1) has no outstanding balance on a FFEL or DL Program loan as of October 1, 2007 or has no outstanding balance on such a loan on the date that the borrower obtains a FFEL or DL Program loan after October 1, 2007 and (2)(a) receives a disbursement of a Direct Subsidized Direct Unsubsidized or student Direct PLUS loan on or after October 1, 2011; OR (2)(b) receives a Direct Consolidation Loan based on an application received on or after October 1, 2011 except that the borrower is not a new borrower if the Direct Consolidation Loan repays a loan that has an outstanding balance as of October 1, 2007. | New Borrower: a borrower who (1) has no outstanding balance on a FFEL or DL Program loan as of October 1, 2007 or has no outstanding balance on such a loan on the date that the borrower obtains a FFEL or DL Program loan after October 1, 2007 and (2)(a) receives a disbursement of a Direct Subsidized Direct Unsubsidized or student Direct PLUS loan on or after October 1, 2011; OR (2)(b) receives a Direct Consolidation Loan based on an application received on or after October 1, 2011 except that the borrower is not a new borrower if the Direct Consolidation Loan repays a loan that has an outstanding balance as of October 1, 2007. | Procedures |
| 2.5.5.200-PAYE | | Eligible Loans | Eligible Loans | Eligible Loans: FFEL and DL Program loans, except for loans that are in default, a Parent PLUS Loan, or a Consolidation Loan that repaid a Parent PLUS Loan. | Eligible Loans: FFEL and DL Program loans, except for loans that are in default, a Parent PLUS Loan, or a Consolidation Loan that repaid a Parent PLUS Loan. | |
| 2.5.5.200-A-PAYE | | Eligible Loans | Eligible Loans | **The servicer shall provide the PAYE plan to borrowers with eligible Direct Loans.** | **The servicer shall provide the PAYE plan to borrowers with eligible Direct Loans.** | Procedures |
| 2.5.5.201-PAYE | | Eligible Loans | Eligible Loans | The servicer shall allow all eligible loans that are DL Program loans to be repaid under PAYE. | The servicer shall allow all eligible loans that are DL Program loans to be repaid under PAYE. | |
| 2.5.5.202-PAYE | | Eligible Loans | Eligible Loans | The servicer shall NOT allow Parent PLUS loans, defaulted loans, or consolidation Loans that repaid Parent PLUS or defaulted loans or any other loan type that is not a DL Program loan to be repaid under PAYE. | | |
| 2.5.5.203-PAYE | | Eligible Loans | Eligible Loans | The servicer shall require borrowers who request PAYE to repay all eligible Direct Loans under that plan. | The servicer shall require borrowers who request PAYE to repay all eligible Direct Loans under that plan. | |
| 2.5.5.204-PAYE | | Eligible Loans | Eligible Loans | The servicer shall allow borrowers with eligible loans to repay those loans separately so that eligible loan(s) can be repaid under PAYE. | The servicer shall allow borrowers with ineligible loans to repay those loans separately so that eligible loan(s) can be repaid under PAYE. | |
| 2.5.5.300-PAYE | | Eligible Borrowers | Eligible Borrowers | **The servicer shall provide the PAYE plan to eligible borrowers.** | **The servicer shall provide the PAYE plan to borrowers with eligible borrowers.** | Procedures |
| 2.5.5.301-PAYE | | Eligible Borrowers | Eligible Borrowers | The servicer shall determine whether only eligible new borrowers to enter the PAYE plan. | The servicer shall determine whether only eligible new borrowers to enter the PAYE plan. | Procedures |
| 2.5.5.302-PAYE | | Eligible Borrowers | Eligible Borrowers | The servicer shall determine whether the borrower has a partial financial hardship prior to applying the PAYE plan. | The servicer shall determine whether the borrower has a partial financial hardship prior to applying the PAYE plan. | |

Confidential Pursuant to Protective Order

NAV-00041999

## Attachment B

### Income-Driven Repayment Plans – 2012 Requirements

| | | | | | |
|---|---|---|---|---|---|
| 2.5.5.300.3-PAYE | | Eligible Borrowers | Eligible Borrowers | The servicer shall only allow borrowers who have a partial financial hardship to enter PAYE. | |
| 2.5.5.300.4-PAYE | | Eligible Borrowers | Married Borrowers | For purpose of determining eligibility and payment amounts for married borrowers, if the borrower files a joint federal tax return, the servicer shall use both incomes and both eligible loan debts to calculate payment. If the borrower is married filing separately, the servicer shall use only this borrower's income and borrower's eligible loan debt. | |
| 2.5.5.300.5-PAYE | | Eligible Borrowers | Married Borrowers | For joint consolidation loans, the servicer shall us both borrowers' incomes and both borrowers' eligible loan debts to calculate payment, regardless of tax return filing status. | |
| 2.5.5.400-PAYE | | Eligibility and Application Processing | Eligibility and Application Processing | The servicer shall process PAYE applications and documentation received from the borrower and determine eligibility. | Procedures, Screenshots |
| 2.5.5.400.1-PAYE | | Eligibility and Application Processing | Eligibility and Application Processing | The servicer shall provide OMB forms required to capture borrower data for income-driven repayment plans. | |
| 2.5.5.400.2-PAYE | | Eligibility and Application Processing | Eligibility and Application Processing | The servicer shall determine whether the borrower has a partial financial hardship prior to applying the PAYE plan. | |
| 2.5.5.400.3-PAYE | | Eligibility and Application Processing | Eligibility and Application Processing | The servicer shall determine eligibility for PAYE upon receipt of the borrowers AGI or Alternative Documentation of Income. | |
| 2.5.5.400.4-PAYE | | Eligibility and Application Processing | Eligibility and Application Processing | The servicer shall calculate and store the Standard-Standard payment amount. | |
| 2.5.5.400.5-PAYE | | Eligibility and Application Processing | Eligibility and Application Processing | The servicer shall calculate and store the Permanent-Standard payment amount. | |
| 2.5.5.500-PAYE | | Application Processing | Application Processing | Federal Servicer shall provide the link to the electronic income-driven repayment plan application (hereinafter referred to as 'eApp') to their borrowers (e.g. provide link in repayment plan information on the website). | Screenshots, Website Link |
| 2.5.5.500.1-PAYE | CR # 1744 | IBR/IRS Interface | Application Processing | Federal Servicer shall process all eApps received from COD | Procedures, Correspondence |
| 2.5.5.501-PAYE | CR # 1744 | IBR/IRS Interface | Notification | Federal Servicers shall notify applicant of eApp status within 7 days of receipt from COD | |
| 2.5.5.502-PAYE | CR # 1744 | IBR/IRS Interface | Application Processing | Federal Servicer shall receive eApp data through a new schema in xml format through the LDE interface starting on the agreed upon implementation date. | |
| 2.5.5.502.1-PAYE | CR # 1744 | IBR/IRS Interface | Application Processing | Federal Servicers shall receive the new eApp schema in SAIG. | |
| 2.5.5.502.2-PAYE | CR # 1744 | IBR/IRS Interface | Application Processing | If the federal servicer is a commercial-side that wants to participate, the federal servicer shall provide its commercial FFEL servicer loan ID(s) to COD for mapping purposes by August 1, 2013. | |
| 2.5.5.600-PAYE | | Income Processing | Income Request | For borrowers not on Permanent-Standard, the servicer shall require that the borrower certify family size and submit updated income documentation to the servicer by the fixed deadline. | Procedures, Correspondence |
| 2.5.5.600.1-PAYE | | Income Processing | Default Family Size | For borrowers who fail to certify family size, the servicer shall assume a family size of one. | |
| 2.5.5.700-PAYE | | Payment Amount | Calculating the Payment | The servicer shall calculate the monthly payment amount for borrowers being placed on PAYE and shall annually recalculate the monthly payment amount based on the borrower's updated AGI, family size and loan balance, as well as updated HHS poverty guidelines and variable interest rates. | Procedures, Correspondence, Sample Calculations, Sample Amortization Schedules |
| 2.5.5.700.1-PAYE | | Payment Amount | Calculating the Payment | The servicer shall calculate a borrower's monthly payment amount under PAYE as 10 percent of the amount by which the borrower's AGI exceeds 150 percent of the most recent poverty guideline for their family size and state, divided by 12. | Procedures, Correspondence, Sample Calculations, Sample Amortization Schedules |

Confidential Pursuant to Protective Order

NAV-00042000

## Attachment B

## Income-Driven Repayment Plans – 2012 Requirements

| Code | Type | Category | Requirement | Procedures |
|---|---|---|---|---|
| 2.5.5.700.2-PAYE | Payment Amount | Married Borrowers | For married borrowers that both have eligible loans and filed a joint Federal tax return, the servicer shall determine— (A) Each borrower's percentage of the couple's total eligible loan debt. (B) The adjusted monthly payment for the borrower that applied for PAYE by multiplying the calculated payment by the appropriate percentage. | For married borrowers that both have eligible loans and filed a joint Federal tax return, the servicer shall determine— (A) Each borrower's percentage of the couple's total eligible loan debt. (B) The adjusted monthly payment for the borrower that applied for PAYE by multiplying the calculated payment by the appropriate percentage. |
| 2.5.5.700.3-PAYE | Payment Amount | Other Loans | The servicer shall determine, if a borrower has eligible loans held by another loan holder or are serviced by another servicer and adjust the monthly payment by multiplying the calculated payment by the percentage of total outstanding principal amount of eligible loans that are held by the loan holder. NSLDS may be used to verify loans held by another loan holder for this purpose. | The servicer shall determine, if a borrower has eligible loans held by another loan holder or are serviced by another servicer and adjust the monthly payment by multiplying the calculated payment by the percentage of total outstanding principal amount of eligible loans that are held by the loan holder. NSLDS may be used to verify loans held by another loan holder for this purpose. |
| 2.5.5.700.4-PAYE | | Mixed IBR and PAYE | | |
| 2.5.5.700.5-PAYE | Payment Amount | Minimum Payment | The servicer shall adjust the borrower's PAYE fixed payment amount to $0.00 if the calculated payment is less than $5.00. | The servicer shall adjust the borrower's PAYE fixed payment amount to $0.00 if the calculated payment is less than $5.00. |
| 2.5.5.700.6-PAYE | Payment Amount | Minimum Payment | The servicer shall adjust the borrowers PAYE fixed payment amount to $10.00 if the calculated payment is greater than or equal to $5.00, but less than $10.00 | The servicer shall adjust the borrowers PAYE fixed payment amount to $10.00 if the calculated payment is greater than or equal to $5.00, but less than $10.00 |
| 2.5.5.701-PAYE | Payment Amount | Recalculation | The servicer shall accommodate a borrower's request to have his or her PAYE monthly payment amount recalculated because the borrower's financial circumstances have changed since the payment amount was last calculated and the servicer shall reset the borrower's anniversary date to the date the servicer made its last determination of partial financial hardship. | Procedures |
| 2.5.5.702-PAYE | Payment Amount | Payments Pending Calculations | If the servicer cannot process documentation prior to the expiration of any anniversary period, the servicer shall maintain the borrower's payment amount at the PAYE payment amount for the previous anniversary period until the servicer can determine the new scheduled payment amount, provided that the servicer receives updated income documentation by the hard deadline. | If the servicer cannot process documentation prior to the expiration of any anniversary period, the servicer shall maintain the borrower's payment amount at the PAYE payment amount for the previous anniversary period until the servicer can determine the new scheduled payment amount, provided that the servicer receives updated income documentation by the hard deadline. |
| 2.5.5.702.1-PAYE | Payment Amount | Payments Pending Calculations | If the servicer cannot process the documentation that was submitted by the hard deadline prior to the anniversary date, the servicer maintains the borrower's anniversary date notwithstanding the delay. | If the servicer cannot process the documentation that was submitted by the hard deadline prior to the anniversary date, the servicer maintains the borrower's anniversary date notwithstanding the delay. |
| 2.5.5.702.2-PAYE | Payment Amount | Payments Pending Calculations | Regardless of whether the eventual evaluation results in the borrower being placed on Permanent-Standard, the servicer shall hold the borrower harmless for all purposes for payments made at the prior payment amount, e.g. PSLF, PAYE forgiveness, delinquency, etc. | Regardless of whether the eventual evaluation results in the borrower being placed on Permanent-Standard, the servicer shall hold the borrower harmless for all purposes for payments made at the prior payment amount, e.g. PSLF, PAYE forgiveness, delinquency, etc. EXAMPLE: For example, a borrower's anniversary period runs from July 1, 2012-June 30, 2013 (2012-2013 PFH period). The borrower submits income documentation by the hard deadline, June 6, 2013, but the servicer cannot process that documentation prior to the borrower's anniversary date. The servicer calculates a new PFH payment amount of $320. The servicer calculates the new PFH payment amount from 2013-2013 until the servicer calculates a new PFH payment amount. The payments of $100 made during the 2012-2013 PFH payment period, and while the servicer was calculating the new PFH payment period, will qualify for PAYE/PSLF forgiveness and the servicer must not consider these payment delinquent or otherwise treat the payments as contributing to delinquency. |

Procedures, Screenshots

Confidential Pursuant to Protective Order

NAV-00042001

**Attachment B**

Income-Driven Repayment Plans - 2012 Requirements

| Requirement | Category | Sub-category | Description | Deliverables |
|---|---|---|---|---|
| 2.5.5.702.3-PAVE | Payment Amount | Payments Pending Calculations | | |
| 2.5.5.702.4-PAVE | Payment Amount | Payments Pending Calculations | | |
| 2.5.5.703-PAVE | Payment Amount | No PFH or No Income Docs Received | The servicer shall, for a borrower who no longer exhibits a partial financial hardship or fails to submit updated income documentation by the hard deadline (and the servicer cannot process the income documentation prior to the borrower's anniversary date), set their monthly payment to the Permanent-Standard payment amount on the borrower's anniversary date. | Procedures, Correspondence, Sample Calculations, Sample Amortization Schedules |
| 2.5.5.704-PAVE | Payment Amount | Income Docs Received Late | If a borrower submits income documentation after the hard deadline, and after the servicer sets the Permanent-Standard payment amount, and the borrower still has a partial financial hardship, the servicer shall reset the borrower's anniversary date to the date the servicer made its last determination of partial financial hardship and apply forbearance as described in requirement 2.5.5.902.2, if applicable. | Procedures, Correspondence, Sample Calculations, Sample Amortization Schedules |
| 2.5.5.704.3-PAVE | Payment Amount | Income Docs Received Late | The servicer shall consider payments made at the prior payment amount to be qualifying payments for Public Service Loan Forgiveness, as long as they otherwise qualify. | |
| 2.5.5.704.4-PAVE | Payment Amount | | The servicer shall allow borrowers to immediately exit PAYE if there is term remaining on the plan that they wish to repay their loans under. | |
| 2.5.5.705-PAVE | Payment Amount | Exiting PAYE | If the borrower is required to repay the consolidation loan under the PAVE ("forced PAYE"), the borrower must make three consecutive on-time monthly payments of a payment amount based on income (not interest only payments) before changing to another plan. If the borrower's scheduled payment is $0.00, the borrower is required to make 3 consecutive monthly payments of at least $5.00 prior to changing to another plan. Note: Forced PAYE is only for consolidation loans that will be transferred to the servicer. Servicer's will never place a borrower onto the forced PAYE plan unless correcting an error. | Procedures, Correspondence, Sample Calculations, Sample Amortization Schedules |
| 2.5.5.706-PAVE | Payment Amount | Exiting Forced PAYE | If the borrower is required to repay the consolidation loan under the PAVE ("forced PAVE"), the borrower must make three consecutive on-time monthly payments of a payment amount based on income (not interest only payments) before changing to another plan. If the borrower's scheduled payment is $0.00, the borrower is required to make 3 consecutive monthly payments of at least $5.00 prior to changing to another plan. Note: Forced PAYE is only for consolidation loans that will be transferred to the servicer. Servicer's will never place a borrower onto the forced PAYE plan unless correcting an error. | Procedures, Correspondence, Sample Calculations, Sample Amortization Schedules |
| 2.5.5.800-PAVE | Repayment | Payment Application | The servicer will apply all payments received from borrowers who are repaying under PAYE first to accrued interest, then to collection costs, late charges and finally to outstanding loan principal. | Procedures, Screenshots, Sample Payment and Account Transactions |
| 2.5.5.801-PAVE | Repayment | Prepayment/Lump Sum | The servicer shall allow the borrower to prepay the loan without penalty. | Procedures, Screenshots, Sample Payment and Account Transactions |
| 2.5.5.801.1-PAVE | Repayment | Prepayment/Lump Sum | The servicer shall apply the excess payment to collection costs and late charges then interest and then principal as a prepayment if the prepayment amount equals or exceeds a monthly payment amount of $10.00 or more. | |

Confidential Pursuant to Protective Order

NAV-00042002

**Attachment B**

**Income-Driven Repayment Plans - 2012 Requirements**

| | | | | Requirement | Artifacts |
|---|---|---|---|---|---|
| 2.5.5.801.2-PAYE | | Repayment | Prepayment/Lump Sum | The servicer shall apply the excess payment as a prepayment to interest, then collection costs and late charges, and then principal, if the repayment amount is greater than $0.00 but less than $10.00. | Procedures, Screenshots, Sample Payment and Account Transactions |
| 2.5.5.802-PAYE | | Repayment | Payment Return | For borrowers who failed to submit income documentation by the hard deadline, if a borrower submits income documentation after the payment amount has been recalculated to the Permanent | Procedures, Screenshots, Sample Payment and Account Transactions |
| 2.5.5.803-PAYE | NFP-5066.00-MODIFIED | Repayment | Capitalization | The servicer shall only capitalize unpaid, accrued interest for borrowers on the PAYE Plan when the borrower is placed on the permanent-standard repayment plan or exiting PAYE. | Procedures, Screenshots, Sample Payment and Account Transactions |
| 2.5.5.801.1-PAYE | NFP-5066.01-MODIFIED | Repayment | Capitalization | This requirement overrides any other capitalization requirement. | |
| 2.5.5.802.2-PAYE | NFP-5066.02-MODIFIED | Repayment | Capitalization | The servicer shall capitalize unpaid interest on the day after the borrower leaves the PAYE / PAYE plan or no longer has a PFH, except as provided in a requirement 5066.04. When the borrower no longer has a PFH, the servicer shall capitalize interest up to an aggregate cap of 10% of OPB when entering PAYE. After the outstanding principal amount is ten percent greater than the original principal amount, interest continues to accrue but is not capitalized while the borrower remains on the PAYE Plan. When aggregating capitalized interest to apply the 10% cap, the servicer shall not include interest capitalized while the borrower paid under the ICR3/ICR-B plan. | Procedures, Screenshots, Sample Payment and Account Transactions |
| 2.5.5.803.3-PAYE | NFP-5066.03-MODIFIED | Repayment | Capitalization | For a borrower who is repaying under PAYE and receives a deferment or forbearance and still has a PFH when the deferment period ends, unpaid interest is not capitalized at the end of the deferment or forbearance. | |
| 2.5.5.803.4-PAYE | NFP-5066.04-MODIFIED | Repayment | Capitalization | For a borrower who is repaying under PAYE, receives a deferment or forbearance, and loses PFH status while the deferment or forbearance is coming, unpaid interest is not capitalized until the end of the deferment or forbearance. | Procedures, Screenshots, Sample Payment and Account Transactions |
| 2.5.5.900-PAYE | | Forbearance | Eligibility and Application Processing | The servicer may apply an administrative forbearance to cover payments of principal and interest that are overdue or would be due while the servicer is collecting and processing income documentation, eligibility and payment amount. The servicer may begin the administrative forbearance when the borrower indicates intention to submit income documentation, via means such as a phone call or receipt of an eApp. | Procedures, Screenshots, Sample Payment and Account Transactions |
| 2.5.5.901-PAYE | | Forbearance | Income Docs - Received Late | If a borrower submits income documentation after the hard deadline, and after the servicer sets the Permanent-Standard payment amount, and the borrower still has a partial financial hardship, the servicer shall apply an administrative forbearance to cover payments that were overdue at the time the borrower was determined to have a PFH. The servicer shall not capitalize interest that accrued during the period of the administrative forbearance and after the servicer set the Permanent-Standard payment amount. | Procedures, Screenshots, Sample Payment and Account Transactions |
| 2.5.5.1000-PAYE | | Forgiveness | Forgiveness | The servicer shall process the loan forgiveness after the borrower has satisfied 20 years of repayment on PAYE. | Procedures, Screenshots, Sample Payment and Account Transactions |
| 2.5.5.1000.1-PAYE | | Forgiveness | Forgiveness | To qualify for loan forgiveness after 20 years of repayment, the servicer shall require that the borrower must have made at least 240 payments by satisfying at least one of the following conditions: | Procedures, Screenshots, Sample Payment and Account Transactions |

Confidential Pursuant to Protective Order

NAV-00042003

## Attachment B

### Income-Driven Repayment Plans - 2012 Requirements

| ID | NFP | Category | Description | Procedures, Screenshots, Sample Payment and Account Transactions |
|---|---|---|---|---|
| 2.5.5.1000.1-a-PAVE | | Forgiveness | Made monthly loan payments, equal to or greater than $0 dollars, based on a partial financial hardship. | |
| 2.5.5.1000.1-b-PAVE | | Forgiveness | Made monthly loan payments under the 10-year standard repayment plan or any other repayment plan that were equal to or greater than the 10-year standard payment plan. | |
| 2.5.5.1000.1-c-PAVE | | Forgiveness | Made monthly loan payments for the amount of the Permanent Standard payment, after the borrower no longer had a partial financial hardship or after the borrower stopped making income-based payments. | |
| 2.5.5.1000.1-d-PAVE | | Forgiveness | Received an economic hardship deferment on eligible loans. | |
| 2.5.5.1000.1-e-PAVE | | Forgiveness | Made monthly loan payments under ICR1CR8. | |
| 2.5.5.1001-PAVE | | Forgiveness | The servicer shall begin the loan forgiveness period of 20 years of payments on the date the borrower makes a qualifying payment or receives an economic hardship deferment on an eligible loan. | Procedure |
| 2.5.5.1001.1-PAVE | | Forgiveness Period | If the borrower made payments under ICR, the servicer shall begin the forgiveness period on the date the borrower made a payment on the loan under ICR any time after July 1, 1994. | |
| 2.5.5.1001*.1-PAVE | | Forgiveness Period | If the borrower did not make payments under ICR, the servicer shall not begin the forgiveness period under the later than July 1, 2005. | |
| 2.5.5.1001*.2-PAVE | | Forgiveness Period | The servicer shall allow for beginning the loan forgiveness period on different dates for different loans. | |
| 2.5.5.1002-PAVE | | Automatic Forgiveness | The servicer shall not require the borrower to request forgiveness; the servicer shall process forgiveness of eligible loans automatically. | |
| 2.5.5.1002-PAVE | NFP - 5033 | IRS Reporting | The servicer shall provide 1098 and 1099 Reporting | |
| 2.5.5.1003.1-PAVE | NFP - 5033.01 | IRS Reporting | Services will file a 1098-C with the IRS and send a copy to the borrower who (1) death, (2) TPD, and (3) ICR/IBR maximum term. 1099-C are filed for borrowers with total discharged amounts of $600.00 or more. | Procedures, Screenshots, Sample Payment and Account Transactions |
| 2.5.5.1100-PAVE | | Neg Am | The servicer shall process interest subsidy if a subsidized loan is negatively amortized under PAVE, or IBR, to cover the amount of the negative amortization, for up to three consecutive years from the repayment start date under PAVE, or IBR, excluding periods of economic hardship deferment, and, for a Consolidation Loan, including any periods of interest subsidy on an underlying loan, (e.g., A borrower enters IBR and makes payments under IBR for a year. The borrower then enters economic hardship deferment for a year. The borrower resumes payment under IBR and has a PFH. When the borrower resumes payment under IBR, the borrower has two years of interest subsidy remaining.) | |
| 2.5.5.1100.1-PAVE | | Interest Subsidy | Other deferments under PAVE. - If the borrower receives other deferments under PAVE, the servicer shall process subsidy during the deferment period, but the deferment period is not excluded from the three consecutive years of interest subsidy for negative amortization under PAVE. (e.g., A borrower enters IBR and makes payments under IBR for a year. The borrower then enters unemployment deferment for a year. The borrower resumes payment and/or deferment under IBR and has a PFH. The borrower has one year of interest subsidy remaining.) | Procedures, Screenshots, Sample Payment and Account Transactions |
| 2.5.5.1100.2-PAVE | | Interest Subsidy | Forbearance under PAVE. - The servicer shall not process subsidy for negative amortization under PAVE during the forbearance period. Also, the servicer shall reduce the three consecutive years of interest subsidy for negative amortization by the time in forbearance. (e.g., A borrower enters IBR and makes payments under IBR for a year. The borrower then enters a general forbearance for a year. The borrower resumes payment under IBR and has a PFH. The borrower has one year of interest subsidy remaining.) | |

Confidential Pursuant to Protective Order

**Attachment B**

Income-Driven Repayment Plans – 2012 Requirements

| | | | | Description | Documentation |
|---|---|---|---|---|---|
| 2.5.5.1100.3-PAYE | Interest Subsidy | Payment Amount Charges | Economic Hardship Deferment | Interest subsidy when borrower receives economic hardship deferment under PAYE – The servicer shall process subsidy for all accrued interest on a subsidized loan during the deferment period and shall exclude the deferment period from the three consecutive years of interest subsidy for negative amortization under PAYE. | Procedures, Screenshots, Sample Payment and Account Transactions |
| 2.5.5.1101-PAYE | Interest Subsidy | FMS Reporting | | The servicer will report the amount of interest that accrued on a subsidized loan that is greater than the borrower's monthly payment amount to FMS. | |
| 2.5.5.1102-PAYE | Interest Subsidy | Annual | | After placing the borrower on PAYE, and for each subsequent year that the borrower remains on PAYE, the servicer shall send an annual notification of terms and conditions to the borrower indicating that the borrower is on PAYE and explaining the terms and conditions of the plan, including: | Procedures, Correspondence, Sample Correspondence History |
| 2.5.5.1200-PAYE | Notifications | Annual | | The borrower's monthly payment amount and the time period for which it will be effective (annual payment period). | |
| 2.5.5.1200-a-PAYE | Notifications | Annual | | Information about the requirement that the borrower provide updated AGI or other income documentation annually and explanation that the servicer will notify the borrower of this requirement in advance of the due date | |
| 2.5.5.1200-b-PAYE | Notifications | Annual | | Explanation of the consequences if the borrower does not submit updated information within (10) days of the soft deadline (i.e. by the hard deadline), including explanation that the monthly payment amount will increase and that any unpaid interest will be capitalized at the end of the current annual payment period up to the 10% limit | Procedures, Correspondence, Sample Correspondence History |
| 2.5.5.1200-c-PAYE | Notifications | Annual | | Information about the borrower's option to request, at any time during the borrower's current annual payment period, that the servicer recalculate the borrower's monthly payment amount if the borrower's financial circumstances have changed and the income amount that was used to calculate the borrower's current monthly payment no longer reflects the borrower's current income. | Procedures, Correspondence, Sample Correspondence History |

Page 14 of 33  ED-FSA-09-D-0015/0054

Confidential Pursuant to Protective Order

## Attachment B

### Income-Driven Repayment Plans – 2012 Requirements

| | | | | |
|---|---|---|---|---|
| 2.5.5.1201-xPAYE | Notifications | Recalculation | If the federal servicer recalculates the borrower's monthly payment amount based on the borrower's request, the federal servicer must send the borrower a new annual notification of terms and conditions. | Procedures, Correspondence, Sample Correspondence History |
| 2.5.5.1202-PAYE | Notifications | Income Request | For borrowers not on Permanent-Standard, the servicer shall send the borrower, and the borrower's spouse if applicable, a written request for AGI or other documentation of income and certification of family size. The servicer shall send the notice 60 days before the soft deadline. The written request must include: | Procedures, Correspondence, Sample Correspondence History |
| 2.5.5.1202-a-PAYE | Notifications | Income Request | The soft deadline. | |
| 2.5.5.1202-b-PAYE | Notifications | Income Request | The consequences if the borrower does not submit updated information by the hard deadline, including explanation that the monthly payment amount will increase, what the new monthly payment amount will be, and that any unpaid interest will be capitalized at the end of the current annual payment period. | |
| 2.5.5.1203-PAYE | Notifications | Forgiveness Prep | The servicer shall, no later than 6 months prior to the anticipated date that the borrower will meet the forgiveness requirements, send the borrower a written notice including: | Procedures, Correspondence, Sample Correspondence History |
| 2.5.5.1203-a-PAYE | Notifications | Forgiveness Prep | An explanation that the borrower is approaching the date that he or she is expected to meet the requirements to receive loan forgiveness. | |
| 2.5.5.1203-b-PAYE | Notifications | Forgiveness Prep | A reminder that the borrower must continue to make the borrower's scheduled monthly payments to receive forgiveness; and | |
| 2.5.5.1203-c-PAYE | Notifications | Forgiveness Prep | General information on the current treatment of the forgiveness amount for tax purposes, including information on the 1099-C, and instructions for the borrower to contact the Internal Revenue Service for more information. | |
| 2.5.5.1204-PAYE | Notifications | Forgiveness Notification | The servicer shall, upon determining that the borrower has satisfied the loan forgiveness requirements, notify the borrower in writing of forgiveness, including: | Procedures, Correspondence, Sample Correspondence History |
| 2.5.5.1204-a-PAYE | Notifications | Forgiveness Notification | Notice that the borrower's obligation on the loans is satisfied | |
| 2.5.5.1204-b-PAYE | Notifications | Forgiveness Notification | General information on the current treatment of the forgiveness amount for tax purposes, including information on the 1099-C, and instructions for the borrower to contact the Internal Revenue Service for more information. | |
| 2.5.5.1300-PAYE | Reporting | Repayment Plans | The servicer shall uniquely identify all income-driven repayment plans in NSLDS reporting. | Procedures, Sample Data Files |
| 2.5.5.1301-PAYE | Reporting | Transfer/EA27 | | |

Page 15 of 33   ED-FSA-09-D-0015/0054

NAV-00042006

**Attachment B**

Income-Driven Repayment Plans - 2012 Requirements

## ICR Requirements

| CR Requirements # | NFP Requirements # | Topic | Subject | Requirement | Revised Requirement | Artifacts |
|---|---|---|---|---|---|---|
| 2.5.5.100-ICR | | Definitions | Definitions | The servicer shall be held to understand the following definitions for the purpose of these requirements. | The servicer shall be held to understand the following definitions for the purpose of these requirements. | Procedures |
| 2.5.5.100-a-ICR | | Definitions | Definitions | Permanent-Standard: The 10-year standard payment amount calculated using the loan balance that was outstanding when the borrower began repayment on the loan under ICR. For consolidation loans, the Permanent-Standard payment amount is a 10-year standard payment amount regardless of whether not the borrower's consolidation loan qualified for a repayment term beyond 10 years | Permanent-Standard: The 10-year standard payment amount calculated using the loan balance that was outstanding when the borrower began repayment on the loan under ICR. For consolidation loans, the Permanent-Standard payment amount is a 10-year standard payment amount regardless of whether not the borrower's consolidation loan qualified for a repayment term beyond 10 years | |
| 2.5.5.100-b-ICR | | Definitions | Definitions | Anniversary Date: the Month and day on which the borrower entered ICR. e.g. July | Anniversary Date: the Month and day on which the borrower entered ICR. e.g. July | |
| 2.5.5.100-c-ICR | | Definitions | Definitions | Annual Payment Period: the period of one year for which a borrower's payment is effective, based on the anniversary date. e.g. July 1, 2012 - June 30, 2013. | Annual Payment Period: the period of one year for which a borrower's payment is effective, based on the anniversary date. e.g. July 1, 2012 - June 30, 2013. | |
| 2.5.5.100-d-ICR | | Definitions | Definitions | Soft Deadline: the date by which the borrower should submit updated income documentation as part of the annual reevaluation process. 35 days prior to the borrower's anniversary date. e.g. for an anniversary date of July 1, May 27 | Soft Deadline: the date by which the borrower should submit updated income documentation as part of the annual reevaluation process. 35 days prior to the borrower's anniversary date. e.g. for an anniversary date of July 1, May 27 | |
| 2.5.5.100-e-ICR | | Definitions | Definitions | Hard Deadline: 10 days after the soft deadline. e.g. for an anniversary date of July 1, June 6 | Hard Deadline: 10 days after the soft deadline. e.g. for an anniversary date of July 1, June 6 | |
| 2.5.5.200-ICR | | Eligible Loans | Eligible Loans | The servicer shall provide the Income Contingent-B Repayment plan to borrowers with eligible loans. | The servicer shall provide the Income Contingent-B Repayment plan to borrowers with eligible loans. | Procedures |
| 2.5.5.200.1-ICR | 5027.05.1-REPY-AGED | Eligible Loans | Eligible Loans | The servicer shall allow all DL Program loans except defaulted loans, Parent PLUS, and PLUS Consolidation, loans to be repaid under ICR. | The servicer shall allow all DL Program loans except defaulted loans, Parent PLUS, and PLUS Consolidation, loans to be repaid under ICR. | |
| 2.5.5.200.2-ICR | | Eligible Loans | Eligible Loans | The servicer shall require borrowers who request ICR to repay all eligible loans under that plan. | The servicer shall require borrowers who request ICR to repay all eligible loans under that plan. | |
| 2.5.5.200.3-ICR | | Eligible Loans | Eligible Loans | The servicer shall allow borrowers with multiple loans to repay those loans separately so that eligible loans can be repaid under ICR | The servicer shall allow borrowers with multiple loans to repay those loans separately so that eligible loans can be repaid under ICR | |
| 2.5.5.300-ICR | | Eligible Borrowers | Eligible Borrowers | The servicer shall provide a "Pre 7/1/06" Income Contingent repayment plan options (ICR1 & ICR2) for borrowers eligible for this plan. Only borrowers with loans currently on this plan are eligible for this repayment option. | The servicer shall provide a "Pre 7/1/06" Income Contingent repayment plan options (ICR1 & ICR2) for borrowers eligible for this plan. Only borrowers with loans currently on this plan are eligible for this repayment option. | Example (such as screen shots/correspondence) of borrowers on the ICR1 and ICR2 plans. Must show term and payment amount. |
| 2.5.5.301-ICR | 5019.00 | Eligible Borrowers | Married Borrowers | | | |
| 2.5.5.302-ICR | | Eligible Borrowers | Eligible Borrowers | For joint consolidation loans, the servicer shall use both borrowers' incomes and both borrowers' eligible loan debts to calculate payment, regardless of tax return filing status. | For joint consolidation loans, the servicer shall use both borrowers' incomes and both borrowers' eligible loan debts to calculate payment, regardless of tax return filing status. | Procedures. Examples (such as screen shots/correspondence) of borrowers on the ICR plan. Artifact must show term and payment amount as well as additional information such as pay date, original first due date, income information, and time spent in deferrals to validate payment term/amount calculations. |
| 2.5.5.400-ICR | | Application Processing | Application Processing | The servicer shall process ICR applications and documentation received from the borrower and determine payment amount. | The servicer shall process ICR applications and documentation received from the borrower and determine payment amount. | Procedures, Screenshots |
| 2.5.5.400.1-ICR | | Application Processing | Application Processing | The servicer shall provide OMB forms required to capture borrower data for income-driven repayment plans. | The servicer shall provide OMB forms required to capture borrower data for income-driven repayment plans. | |
| 2.5.5.400.2-ICR | | Application Processing | Application Processing | The servicer shall determine eligibility for ICR upon receipt of the borrowers AGI or Alternative Documentation of Income | The servicer shall determine eligibility for ICR upon receipt of the borrowers AGI or Alternative Documentation of Income | |
| 2.5.5.400.3-ICR | | Application Processing | Application Processing | The servicer shall calculate and store the Permanent-Standard payment amount. | The servicer shall calculate and store the Permanent-Standard payment amount. | |
| 2.5.5.500-ICR | | ICR Requests | ICR Requests | | | Procedures, Correspondence |
| 2.5.5.600-ICR | | Income Processing | Income Request | The servicer shall require that the borrower certify family size and submit updated income documentation to the servicer by the hard deadline. | The servicer shall require that the borrower certify family size and submit updated income documentation to the servicer by the hard deadline. | Procedures, Correspondence |

Confidential Pursuant to Protective Order

**Attachment B**

**Income-Driven Repayment Plans - 2012 Requirements**

| ID | Amount | Category | Subcategory | Requirement | Artifact |
|---|---|---|---|---|---|
| 2.5.6.600.1-ICR | | | Default Family Size | For borrowers who fail to certify family size, the servicer shall assume a family size of one or the family size last certified by the borrower, whichever is greater. | |
| 2.5.6.600.2-ICR | | Income Processing | Alternative Documentation of Income | Federal servicers shall use other documentation of income provided by the borrower to calculate the borrower's monthly payment amount if a borrower's AGI is not available or if, in the federal servicer's opinion, the borrower's reported AGI does not reasonably reflect the borrower's current income. (Federal servicers are no longer limited to using alternative documentation only in the first or second year of repayment.) | |
| 2.6.5.700-ICR | 5022.00 | Payment Amount | Calculating the Payment | The servicer shall calculate borrower payments based on borrower income, once available, for the ICR plan. | Servicer should provide artifacts (such as screen shots/disclosure notices) Provide examples of borrowers on the ICR plan. Artifact must show term and payment amount as well as additional information such as sep date, original first due date, income information, and time spent in deferment to validate payment borrow/mount calculations. |
| 2.5.5.701-ICR | | Payment Amount | Calculating the Payment | The servicer shall calculate the monthly payment amount for borrowers being placed on ICR and shall annually recalculate the monthly payment amount based on the borrower's updated AGI, family size and loan balance, as well as updated HHS poverty guidelines, FSA's income percentage factors, and variable interest rates. | Servicer should provide artifacts (such as screen shots/disclosure notices) Provide examples of borrowers on the ICRplan. Artifact must show term and payment amount as well as additional information such as sep date, original first due date, income information, and time spent in deferment to validate payment borrow/mount calculations. |
| 2.5.5.701.1-ICR | | Payment Amount | Calculating the Payment | The servicer shall calculate monthly payment as lesser of a) Amount repaid annually over 12 years under standard amortization multiplied by income percentage factor corresponding to AGI, divided by 12, or b) 20% of difference between AGI and 100% of poverty line amount, divided by 12. | Procedures, Correspondence, Sample Calculations, Sample Amortization Schedules |
| 2.5.5.701.2-ICR | | Payment Amount | Calculating the Payment | When calculating the amount repaid annually over 12 years, the servicer shall use the Direct Loan balance that existed on the borrower's Direct Loans when the borrower's first Direct Loan entered repayment. | |
| 2.5.5.701.3-ICR | | Payment Amount | Calculating the Payment | The servicer shall calculate the monthly payment based on a Direct Loan balance other than the balance when the Direct Loans entered repayment, under certain conditions: as follows: a.) if the borrower subsequently obtains another Direct Loan. The servicer shall use the balance outstanding at the time the most recent loan entered repayment. b.) if the borrower subsequently chooses to repay loans jointly with his or her spouse, the servicer shall use the Direct Loan balance outstanding at the time the borrowers choose joint repayment. c.) if the borrower's payments are less than accrued interest, the servicer shall use the sum of unpaid accrued interest and the highest outstanding principal loan amount (including amount capitalized) for that borrower while paying under the ICR plan. | |
| 2.5.5.701.4-ICR | 5020.00 | Payment Amount | Calculating the Payment | 2012 poverty guidelines and income percentage factors available in ... Servicers are required to update yearly its current guidelines factors. | |
| 2.5.5.701.5-ICR | | Payment Amount | Calculating the Payment | The servicer shall apply the poverty guidelines for the relevant family size for the 48 contiguous States if the borrower is not a resident of a State identified in the poverty guidelines. | Servicer should provide artifacts (such as screen shots/disclosure notices) Provide examples of borrowers on the ICR plan. Artifact must show term and payment amount as well as additional information such as sep date, income information, and time spent in deferment to validate payment borrow/mount calculations. |

Confidential Pursuant to Protective Order

NAV-00042008

## Attachment B

### Income-Driven Repayment Plans – 2012 Requirements

| Req ID | Amount | Section | Subsection | Requirement | Artifacts |
|---|---|---|---|---|---|
| 2.6.5.701-5-iCR | | Payment Amount | Calculating the Payment | For exact incomes not shown in the income percentage factor table, the servicer shall calculate an income percentage factor based on the intervals between the incomes and income percentage factors in the table by linear interpolation. | Servicer should provide artifacts (such as screen shots/disclosure notices) Provide examples of borrowers on the ICR plan. Artifact must show item and payment amount as well as additional information such as sep state, original first due date, income information and time spent in defined to validate payment term/amount calculations. |
| 2.6.5.701-6-iCR | | Payment Amount | Married Borrowers | For married borrowers filing a joint federal tax return. The servicer shall use the combined income of both spouses to calculate the payment amount. For married borrowers filing separately, the servicer shall use only the borrower's income and the borrower's income and borrower's ICR payment amount to calculate the payment amount unless the borrower's choose to repay their loans jointly under the ICR plan. | Servicer should provide artifacts (such as screen shot), showing examples of an ICR borrower on interest only payment. Artifact must show item and payment amount as well as additional information such as sep state, original first due date, and time spent in defined to validate payment term/amount calculations. |
| 2.6.5.701-7-iCR | | Payment Amount | Married Borrowers | For married borrowers that choose to repay jointly under the ICR plan, the servicer shall determine – (A) Each borrower's percentage of the couple's total eligible loan debt (B) The required monthly payment for each borrower by multiplying the calculated payment by the appropriate percentage. (Married borrowers choosing to repay their loans jointly must provide documentation of both incomes, regardless of their filing status) | Procedures |
| 2.6.5.701-8-iCR | | Payment Amount | Minimum Payment | The servicer shall adjust the borrower's ICR fixed payment amount to $5.00 if the calculated payment is greater than $0.00 but less than or equal to $5.00 | |
| 2.6.5.702 iiCR | | Payment Amount | Recalculation | The servicer may adjust the payment amount due to changes in the borrower's financial circumstances since the payment amount was last calculated and the servicer shall reset the borrower's anniversary date to the date the servicer last calculated the borrower's ICR payment | |
| 2.6.5.703-iiCR | $921.00 | Payment Amount | Payments Pending Initial Income | The servicer shall place a borrower requesting ICR on interest only payments until income information has been received and a payment based on income has been calculated. | |
| 2.6.5.703-1-iCR | | Payment Amount | Payments Pending Initial Income | | |
| 2.6.5.704iCR | | Payment Amount | Payments Pending Calculations | If the servicer cannot process documentation prior to the expiration of any anniversary period, the servicer shall maintain the borrower's payment amount at the ICR payment amount for the previous anniversary period until the servicer can determine the new scheduled payment amount, provided that the servicer receives updated income documentation within 10 days of the soft deadline (by the hard deadline) | Procedures, Screenshots |
| 2.6.5.704-1-iCR | | Payment Amount | Payments Pending Calculations | If the servicer cannot process the documentation that was submitted by the hard deadline prior to the anniversary date, the servicer maintains the borrower's anniversary date notwithstanding the delay. | |
| 2.6.5.704-2-iCR | | Payment Amount | Payments Pending Calculations | Regardless of whether the eventual payment amount changes, the servicer shall hold the borrower harmless for all purposes for payments made at the prior payment amount, e.g. PSLF, delinquency, etc. | |

Confidential Pursuant to Protective Order

NAV-00042009

## Attachment B

### Income-Driven Repayment Plans – 2012 Requirements

| ID | Code | Category | Sub-item | Requirement | Procedures |
|---|---|---|---|---|---|
| 2.5.5.704-14CR | | Payment Amount | Payments Pending Calculations | If the hard deadline is less than the old payment amount, the servicer shall apply the excess as a lump sum payment unless the borrower otherwise. | |
| 2.6.5.704-6CR | 5031 - REPLACED | Payment Amount | No Income Docs Received | The servicer shall, for borrowers who fail to submit updated income documentation by the hard deadline, set their monthly payment to the Permanent-Standard payment amount. | Procedures, Correspondence, Sample Calculations, Sample Amortization Schedules |
| 2.5.5.704-14CR | 5027.03 | Payment Amount | No Income Docs Received | Borrowers who are removed from a Pre-HERA plan per their request do NOT have the option of going back on a Pre-HERA plan EXCLUDES: • The borrower is being removed from ICR due to lack of required documentation. • The borrower is on the Consolidated Standard Plan with a term > 10 years and is requesting a Standard 10 year term for purposes of Public Service Loan Forgiveness. | |
| 2.5.5.704-16CR | 5027.02 - MODIFIED | Payment Amount | Income Docs Received Late | If a borrower submits income documentation after the hard deadline, and after the servicer sets the Permanent-Standard payment amount, and the borrower still has a partial financial hardship, the servicer shall recalculate the borrower's monthly payment amount and apply forbearance as described in requirement 2.5.5.900.2, if applicable. | Procedures, Correspondence, Sample Calculations, Sample Amortization Schedules |
| 2.5.5.706-14CR | | Payment Amount | Income Docs Received Late | The servicer shall consider payments made at the prior payment amount to be qualifying payments for Public Service Loan Forgiveness, as long as they otherwise qualify. | |
| 2.5.5.707-6CR | | Payment Amount | Existing ICR | The servicer shall allow borrowers to exit ICR if there is term remaining. | Procedures, Correspondence |
| 2.5.5.708-6CR | 7 and 5027.04 - REPLACE | Payment Amount | Existing ICR | Except for borrowers repaying under forced ICR, the servicer shall allow borrowers exiting ICR to immediately enter another repayment plan. | Procedures, Correspondence, Sample Calculations, Sample Amortization Schedules |
| 2.5.5.708-1nCR | | Payment Amount | Neg Am | If the borrower is required to repay the consolidation loan under the ICR / forced ICR: the borrower must make three consecutive on-time monthly payments of a payment amount based on income (not interest only payments), before changing to another plan. If the borrower's scheduled payment is $0.00, the borrower is required to make 3 consecutive monthly payments of at least $5.00 prior to changing to another plan. Note: Forced ICR is only for consolidation loans that will be transferred to the servicer. Servicers will never place a borrower onto the forced ICR plan unless correcting an error. | |
| 2.5.5.709-6CR | | Payment Amount | Married Borrowers | If the borrower's payments are less than interest accrued on the loan, the servicer shall recalculate the payment based on unpaid accrued interest and the highest outstanding principal loan amount (including amount capitalized) for that borrower while paying under the ICR plan. | |
| 2.5.5.800-6CR | | Repayment | Married Borrowers | If married borrowers are paying jointly, the servicer shall apportion the payment to each borrower's debt so that the proportion of the payment applied to the total payment is the same as proportion of the borrower's debt to the total outstanding balance, EXCEPT that the servicer shall credit the payment to outstanding interest on any loan before crediting the payment to principal on any loan. | |
| 2.5.5.801-6CR | | Repayment | Multiple Loans | Servicers shall calculate and apply a separate repayment period, that begins when that loan enters repayment, if a borrower repays more than one loan under the ICR plan. | |
| 2.5.5.802-6CR | | Repayment | Prepayment Lump Sum | The servicer shall allow the borrower to prepay the loan without penalty. | Procedures, Screenshots, Sample Payment and Account Transactions |
| 2.5.5.803-6CR | | Repayment | Payment Return | The servicer shall return to the sender any payment received on a loan after loan forgiveness has been granted. | Procedures, Screenshots, Sample Payment and Account Transactions |

Confidential Pursuant to Protective Order

NAV-00042010

**Attachment B**

Income-Driven Repayment Plans - 2012 Requirements

| ID | Category | Sub-category | Requirement | Procedures |
|---|---|---|---|---|
| 2.5.5.804.XICR | Repayment | | This servicer shall capitalize interest that accrues due to a negatively amortizing ICR Plan or a negatively amortizing Alternative Repayment Plan. | Provide Procedure & screen shots and disclosures for borrowers in various negative amortization scenarios (see attachment 5023_CapEx testing for test scenarios) |
| 5023.00 | Repayment | | | |
| 5023.01 | Repayment | Capitalization | The servicer shall capitalize the negatively amortizes interest that accrues through June 30 annually, with an effective date of July 31 | |
| 5023.02 | Repayment | Capitalization | negatively amortized interest is capitalized up to 10 percent of the loan balance that accrued at the time the loan entered repayment | |
| 5023.03 | Repayment | Capitalization | For loans that are in a deferment or forbearance at the time of the annual capitalization, the servicer will daily capitalization until the end of the deferment or forbearance | |
| 5023.04 | Repayment | Capitalization | Interest is deemed "negative amortization interest" or negatively amortized interest if it accrues because the borrower's repayment plan naturally causes more interest to accrue than the borrower pays. Interest accrued during a deferment or forbearance is NOT considered negative amortization interest. | |
| 2.5.5.900.XICR | Forbearance | Eligibility and Application Processing | The servicer may apply an administrative forbearance to cover payments of principal and interest that are overdue or would be due while the servicer is collecting and processing income documentation, eligibility and payment amount. The servicer may begin the administrative forbearance when the borrower indicates intention to submit income documentation, via means such as a phone call or receipt of an edge. | Procedures, Screenshots, Sample Payment and Account Transactions |
| 2.5.5.901.XICR | Forbearance | Income Docs Received Late | If the borrowers who failed to submit documentation by the hard deadline and, as a result, were converted to Permanent-Standard documentation is subsequently submitted the servicer shall grant a non-capitalizing administrative forbearance for payments that were overdue than the new ICR payment is less than the previous ICR payment. | Procedures, Screenshots, Sample Payment and Account Transactions |
| 2.5.5.1000.ICR | Forgiveness | | The servicer shall process the loan forgiveness after the borrower has satisfied 25 years of repayment on ICR. | The servicer shall process the loan forgiveness after the borrower has satisfied 25 years of repayment on ICR. |
| 2.5.5.1000.1-a-ICR | Forgiveness | | To qualify for loan forgiveness after 25 years of repayment, the servicer shall require that the borrower must have made at least 300 payments by satisfying at least one of the following conditions: | To qualify for loan forgiveness after 25 years of repayment, the servicer shall require that the borrower must have made at least 300 payments by satisfying at least one of the following conditions: |
| 2.5.5.1000.1-b-ICR | Forgiveness | | Made monthly loan payments under ICR including Permanent-Standard payments | Made monthly loan payments under ICR including Permanent-Standard payments |
| 2.5.5.1000.1-c-ICR | Forgiveness | | Made monthly loan payments, equal to or greater than $50 dollars, based on a partial financial hardship under IBR or PAYE including Permanent-Standard payments | Made monthly loan payments, equal to or greater than $50 dollars, based on a partial financial hardship under IBR or PAYE including Permanent-Standard payments |
| 2.5.5.1000.1-d-ICR | Forgiveness | | Made monthly loan payments under the 10-year standard repayment plan | Made monthly loan payments under the 10-year standard repayment plan |
| 2.5.5.1000.1-e-ICR | Forgiveness | | For borrowers who entered repayment before October 1, 2007 and if the repayments period is not more than 12 years, made monthly loan payments under an excepted or prescribed standard repayment plan | For borrowers who entered repayment before October 1, 2007 and if the repayments period is not more than 12 years, made monthly loan payments under an excepted or prescribed standard repayment plan |
| 2.5.5.1000.1-f-ICR | Forgiveness | | For borrowers who entered repayment after October 1, 2007, made monthly loan payments under the 10-year standard repayment plan or any other repayment plan that was equal to or greater than the 10-year standard repayment plan | For borrowers who entered repayment after October 1, 2007, made monthly loan payments under the 10-year standard repayment plan or any other repayment plan that was equal to or greater than the 10-year standard repayment plan |
| 2.5.5.1002.ICR | Automatic Forgiveness | | The servicer shall not require the borrower to request forgiveness; the servicer shall process forgiveness of eligible loans automatically. | Reduced at income-hardship handling deferment on eligible loans. The servicer shall not require the borrower to request forgiveness; the servicer shall process forgiveness of eligible loans automatically. |
| NFP - 5033 | IRS Reporting | | The servicer shall provide 1098 and 1099 Reporting | Procedures, Screenshots, Sample Payment and Account Transactions |

Confidential Pursuant to Protective Order

NAV-00042011

# Attachment B

## Income-Driven Repayment Plans - 2012 Requirements

| | | | | 2012 Requirements | | |
|---|---|---|---|---|---|---|
| 2.5.5.1203.01 | NFP-1033.01 | Forgiveness | IRS Reporting | Servicers will file a 1099-C with the IRS and send a copy to the borrower who received discharges for the following reasons: (1) death; (2) TPD; and (3) ACR/ADR maximum term. 1099-C are filed for borrowers with total discharged amounts of $600.00 or more. | Servicers will file a 1099-C with the IRS and send a copy to the borrower who received discharges for the following reasons: (1) death; (2) TPD; and (3) ACR/ADR maximum term. 1099-C are filed for borrowers with total discharged amounts of $600.00 or more. | Procedures, Correspondence, Sample Correspondence History |
| 2.5.5.1200-a-CR | | Notifications | Annual | After placing the borrower on ICR, and for each subsequent year that the borrower remains on ICR, the servicer shall send an annual notification of terms and conditions to the borrower indicating that the borrower is on ICR and explaining the terms and conditions of the plan, including: | After placing the borrower on ICR, and for each subsequent year that the borrower remains on ICR, the servicer shall send an annual notification of terms and conditions to the borrower indicating that the borrower is on ICR and explaining the terms and conditions of the plan, including: | |
| 2.5.5.1200-a1-CR | | Notifications | Annual | The borrower's monthly payment amount and the time period for which it will be effective. | The borrower's monthly payment amount and the time period for which it will be effective annual payment period. | |
| 2.5.5.1200-a2-CR | | Notifications | Annual | Information about the requirement that the borrower provide updated AGI or other income documentation annually and explanation that the servicer will notify the borrower of the requirement on an annual basis. | Information about the requirement that the borrower provide updated AGI or other income documentation annually and explanation that the servicer will notify the borrower of the requirement on an annual basis. | |
| 2.5.5.1200-a3-CR | | Notifications | Annual | Explanation of the consequences if the borrower does not submit updated information within (10) days of the soft deadline (i.e., the hard deadline), including explanation that the monthly payment amount will likely increase, based on the borrower's repayment plan selection, and that any unpaid interest will be capitalized at the end of the current annual payment period, up to the 10% limit. | Explanation of the consequences if the borrower does not submit updated information within (10) days of the soft deadline (i.e., the hard deadline), including explanation that the monthly payment amount will likely increase, based on the borrower's repayment plan selection, and that any unpaid interest will be capitalized at the end of the current annual payment period, up to the 10% limit. | Procedures, Correspondence, Sample Correspondence History |
| 2.5.5.1200-a4-CR | | Notifications | Annual | Information about the borrower's option to request, at any time during the borrower's current annual payment period, that the servicer recalculate the borrower's monthly payment amount if the borrower's financial circumstances have changed and the income amount that was used to calculate the borrower's current monthly payment no longer reflects the borrower's current income. | Information about the borrower's option to request, at any time during the borrower's current annual payment period, that the servicer recalculate the borrower's monthly payment amount if the borrower's financial circumstances have changed and the income amount that was used to calculate the borrower's current monthly payment no longer reflects the borrower's current income. | |
| 2.5.5.1201-a-CR | | Notifications | Recalculation | If the federal servicer recalculates the borrower's monthly payment amount based on the borrower's request, the federal servicer must send the borrower a new annual notification of terms and conditions and the servicer shall reset the borrower's anniversary date to the date the servicer made the last determination of partial financial hardship. | | Procedures, Correspondence, Sample Correspondence History |
| 2.5.5.1202-a-CR | | Notifications | Income Request | For borrowers not on Permanent-Standard, the servicer shall send the borrower, and the servicer shall annually notify the borrower with updated AGI or other documentation of income and certification of family size. The servicer shall send the notice no later than 90 days before, and no earlier than 125 days before, the borrower's anniversary date (60 days before the soft deadline). The written request must include: | | Procedures, Correspondence, Sample Correspondence History |
| 2.5.5.1202-a1-CR | | Notifications | Income Request | The soft deadline, the date by which the borrower should submit updated income documentation as part of the annual recertification process, 30 days prior to the borrower's anniversary date (e.g. for an anniversary date of July 1, May 27). | | |
| 2.5.5.1202-a2-CR | | Notifications | Income Request | The consequences if the borrower does not submit updated information within (10) days of the soft deadline, i.e. by the hard deadline, including explanation that the borrower's monthly payment amount will continue to make the borrower's scheduled amount until the end of any unpaid interest and be capitalized at the end of the current annual payment period. | | |
| 2.5.5.1203-a-CR | | Notifications | Forgiveness Prep | The servicer shall no later than 6 months prior to the anticipated date that the borrower will meet the forgiveness requirements, send the borrower a written notice including: | The servicer shall no later than 6 months prior to the anticipated date that the borrower will meet the forgiveness requirements, send the borrower a written notice including: | Procedures, Correspondence, Sample Correspondence History |
| 2.5.5.1203-a1-CR | | Notifications | Forgiveness Prep | An explanation that the borrower is approaching the date that he or she is expected to meet the requirements to receive loan forgiveness. | An explanation that the borrower is approaching the date that he or she is expected to meet the requirements to receive loan forgiveness. | |
| 2.5.5.1203-b-CR | | Notifications | Forgiveness Prep | A reminder that the borrower must continue to make the borrower's scheduled monthly payments; and | A reminder that the borrower must continue to make the borrower's scheduled monthly payments; and | |
| 2.5.5.1203-c-CR | | Notifications | Forgiveness Prep | General information on the current treatment of the forgiveness amount for tax purposes, including information on the 1099-C, and instructions for the borrower to contact the Internal Revenue Service for more information. | General information on the current treatment of the forgiveness amount for tax purposes, including information on the 1099-C, and instructions for the borrower to contact the Internal Revenue Service for more information. | |
| 2.5.5.1204-CR | | Notifications | Forgiveness Notification | The servicer shall, upon determining that the borrower has satisfied the loan forgiveness requirements, notify the borrower in writing of forgiveness, including: | The servicer shall, upon determining that the borrower has satisfied the loan forgiveness requirements, notify the borrower in writing of forgiveness, including: | Procedures, Correspondence, Sample Correspondence History |
| 2.5.5.1204-a-CR | | Notifications | Forgiveness Notification | Notice that the borrower satisfied the loan forgiveness requirements. | Notice that the borrower satisfied the loan forgiveness requirements. | |
| 2.5.5.1204-b-CR | | Notifications | Forgiveness Notification | General information on the current treatment of the forgiveness amount for tax purposes, including information on the 1099-C, and instructions for the borrower to contact the Internal Revenue Service for more information. | General information on the current treatment of the forgiveness amount for tax purposes, including information on the 1099-C, and instructions for the borrower to contact the Internal Revenue Service for more information. | |
| 2.5.5.1300-CR | | Reporting | Repayment Plans | The servicer shall uniquely identify all income-driven repayment plans in NSLDS reporting. | The servicer shall uniquely identify all income-driven repayment plans in NSLDS reporting. | |

Confidential Pursuant to Protective Order

**Attachment B**

**Income-Driven Repayment Plans - 2012 Requirements**

| No. | Servicer | Question | Proposed Servicer Response / Recommendation | FSA Response Date | Status | Notes |
|---|---|---|---|---|---|---|
| | | **General Requirement Questions. All questions that IMPACT assessments - in YELLOW** | | | | |
| 1 | All | Eligible Borrower Definition: In determining if a borrower is an eligible new borrower for PAYE, does the servicer look only at the borrower's Direct Loans, or at both FFELP and Direct Loans? | The inclusion of eligible new borrower expressly requires us to look at both FFEL and Direct Loans. | No change needed. | Updated on 8/26/2012 |
| 2 | All | PAYE Eligible Loans and Eligible New Borrower Definitions: If a borrower and his/her spouse file a joint tax return, do we capture their income factor into a PAYE calculation? Also do both spouses have to be eligible borrowers due borrower to request PAYE? | As long as the spousal has eligible loans, as that item in a PAYE in our regulation, we do not care whether the spouse is an eligible new borrower. | Amended 2.5.5.900-PAYE and 2.5.5.300.4-PAYE. | |
| 3 | All | PAYE – Eligible Loans to be Repaid under PAYE: The proposed FFELP rule for IBR requires all eligible loans owed by the borrower to that intends to be repaid under the IBR plan. In the PAYE program, there is an equivalent rule if the Direct Loan regulations that a borrower should be paying all his/her Direct Loans under the same repayment plan, unless the borrower meets certain authorized exceptions, such as having a loan that does not qualify for IBR or ICR. | The ED-owned FFELP loans should be placed on PAYE if the borrower requests it; the Direct Loans should be placed on PAYE. | Amended 2.5.5.300.3-IBR | |
| 4 | All | PAYE – Eligible Loans to be Repaid under PAYE: What if a borrower has Direct Loans that qualify for PAYE plan and also has ED-covered FFELP loans that qualify for IBR? Loans are under an IBR plan based on the proposed FFELP IBR rule, or place the Direct Loans on PAYE and the ED-owned FFELP loans on IBR because they are different Title IV loan programs? | In a case where the borrower has ED-held FFELP loans and Direct Loans, and the borrower requests PAYE, the Direct Loans and IBR for the FFELP loans. The servicer must prorate the PAYE and IBR payment but as would if this borrower paid different loan holders. For example, say a borrower has $30,000 in PAYE-eligible Direct Loans, $20,000 in IBR-PAYE-eligible FFELP Loans, and Adjusted Gross Income of $30,000 and a family size of 1 (state of residence Maryland). Using the 2012 guidelines, the borrower's calculated IBR payment would be $185.56 and the borrower would have $110.33 for PAYE. Prorated after proration, the total payment against the FFELP loans would be $66.23 at 40% proration, and the total payment against the Direct Loans would be $66.23 (at 60% proration), for a combined total monthly payment of $192.45. | Added new requirements 2.5.5.700.4-IBR and 2.5.5.700.4-PAYE | |
| 5 | All | ICR – Interest Rate Cap: For the PAYE and ICR plans does the 10% cap apply only to the interest that accrued while the borrower was in the PAYE/ICR plan? | Yes. The 10% limits are separate. For example, if a borrower is on ICR and has had reset capitalized up to the 10% limit, but then moves to PAYE, the 10% limit is refreshed and more interest may capitalize up to the new 10% limit. | No change needed. | |
| 6 | All | ICR – Interest Rate Cap: The PAYE regulations say the 10% is calculated off of the original principal at the time the borrower enters PAYE, but for ICR it is based on 10% when borrower originally entered equipment and not just the most recent entries into ICR. We want to verify that the 10% is to be calculated on the principal balance at the time at the time the borrower enters the PAYE plan. | Your assumption is accurate. You use the balance outstanding at the time that borrower enters the PAYE plan. | No change needed. | |
| 7 | All | Loan Forgiveness under IBR and ICR: As currently written, the proposed regulations indicate that qualifying PPI payments/standard payments made under PAYE do not count as qualifying payments under ICR. | The payment counters carry forward if a borrower switches plans. In other words, PAYE payments will count toward ICR forgiveness. However, if a borrower moves from PAYE to ICR (or borrower becomes subject to a 25-year forgiveness period instead of 20). For borrowers who leave the PAYE Plan for IBR or ICR, this also means that they will not be eligible for forgiveness in 20 years unless they switch back to the PAYE plan. | Amended 2.5.5.1000.1b-ICR | |
| 8 | All | PSLF Eligible Payments: Do payments under all the income-driven plans count for PSLF? | Yes. | No change needed. | |
| 9 | All | PAYE – marketing the plan: Are you expecting the servicers to market the new PAYE plan to borrowers currently repaying under the current IBR plan when their renewal comes up? | FSA writers we can come up with a systematic way to help you identify which borrowers will likely meet the cost-benefit. Also note that the Department will use officially rolling out as we make a PSR on the NPRM ICR Plan, and what was called PAYE in the NPRM "Pay As You Earn Plan". We will not use the abbreviation "PAYE" in external communications but it may be used internally. | No change needed. | |
| 10 | All | Income-driven plans - Terms: Are the terms of the income-driven plans to be viewed as separate and distinct or do they cross programs? For example, does the 3-year interest subsidy counter reset when a borrower switches between income-driven programs? | The 3-year interest subsidy will be a maximum cap that will only count if a borrower who is on PAYE to IBR or vice versa. For example, a borrower who is on PAYE for one year before switching to IBR, the borrower would have two years of subsidy remaining on IBR. This is the only time where terms of one plan will cross over to another. | Amended 2.5.5.310-IBR and 2.5.5.310-PAYE | Updated on 8/27/2012 |
| 11 | All | Readiness: Are all the changes in the CR to be implemented by 11/1/12 or just the PAYE changes? | We prefer full implementation of all changes on November 1 however, we give priority to PAYE implementation. Therefore, we can stagger implementation if necessary, such that PAYE will be implemented by November 1 with the remainder of the changes being implemented by the end of 2012. | No change needed. | |

Confidential Pursuant to Protective Order

NAV-00042013

**Attachment B**

Income-Driven Repayment Plans – 2012 Requirements

| | | Requirement | Response | |
|---|---|---|---|---|
| 12 | All | Interest Subsidy: How do the Soft and Hard repayment maps the three-year interest subsidy period? For example a borrower (with only a subsidized loan), meets the hard deadline but the servicer doesn't get the application processed in time.<br><br>The borrower was staying $20.00 as their FFH payment amount and had monthly interest accrual of $40.00, giving them a subsidy of $20.00 a month in either this year or PAYE. Since the servicer didn't process the application timely, they maintain the $20.00 payment. When the application is processed the borrower now, in year two, has a FFH payment of $10.00. When the servicer retroactively indexes the appropriate adjustments to count the $20.00 payment as was $10.00 qualifying payments does the borrower now receive interest subsidy of $30.00 for the month they were billed at the prior year's FFH amount? | PJ agrees with the proposed treatment, based on the servicer's feedback in the 8/24/12 meeting and examination of the IsFRM discussion in the FRI. | Adopted requirements 2.5.5.1101.3-IBR and 2.5.5.1100.3-PAYE |
| 13 | NN | Could you please provide examples for the monthly payment amount calculations for ICR and the PAYE? | For GR-ih38 - see examples 1, 3, 4, and 'interpolation' in Attachment 3 to the Income Percentage Factor Federal Register notice here https://federalregister.gov/a/2012-12420. See also attached spreadsheet for a 'calculation'. | No change needed. |
| 14 | NN | Could you please provide an example of requirements under 2.5.5.702 (2.5.5.702.1, 2.5.5.702.2 and 2.5.5.702.3) within the IBR requirements? The same requirements are noted within ICR and PAYE | For example, say a borrower's anniversary period runs from July 1, 2012 - June 30, 2013, 2012/2013 FFH payment. The borrower's hard deadline for the 2013-2014 FFH payment is June 6, 2013. If the borrower's 2012-2013 FFH payment is $100, and the borrower submits documentation by this last deadline, but the servicer cannot process that documentation prior to the borrower's anniversary date, the servicer will be required to maintain the $100 FFH payment from 2012-2013. In the event if the calculation for 2013-2014 would otherwise cause the borrower's FFH payment to increase. Should this occur, the borrower's anniversary date will remain as July 1 and for the 2014-2015 FFH payment period. As July 1, 2014. Payments made at the 2012-2013 payment amount during the 2013-2014 caused by the servicer having maintained the borrower's payment amount at the 2012-2013 payment amount shall will not result in delinquency, and all of those payment will also qualify for IBR/PSLF forgiveness. | Updated 2.5.5.702.2-IBR and 2.5.5.702.3-PAYE and 2.5.5.704.2-ICR |
| 15 | NN | PAYE Requirement 2.5.5.602. Could you please clarify this requirement? It appears that part of the requirement was cut off. | | Amended 2.5.5.602-PAYE |
| 16 | NN | In our review of the the changes required for GR1827, out team was wondering if a separate GR would be issued to account for the changes needed for the GR2 in order to transfer these borrowers? | | |
| 17 | GL/FHEAA | | | |

Confidential Pursuant to Protective Order

NAV-00042014

**Attachment B**

**Income-Driven Repayment Plans - 2012 Requirements**

| No. | Servicer | Question | Proposed Servicer Response/ Recommendation | FSA Response Date | Status |
|---|---|---|---|---|---|
| **IBR Questions:** | | | | | |
| 18 | FedLoan | **2.5.5.100-a-IBR** - We recommend a change to the definition of Standard-Standard in conjunction with a change to the definition of Partial Financial Hardship (2.5.5.104-a). This change is needed to accurately describe the terminology as used by servicers today. The "traditional" definition of Standard-Standard needs to remain to track qualifying payments. One of the criteria of a qualifying payment is that it is at least, an eligible in the Standard-Standard payment amount. See proposed changes in next column. | Standard-Standard: The 10-year standard payment amount calculated using the loan balance on eligible loans that was outstanding when the borrower initially entered repayment on the loan... | Accept. | Amended 2.5.5.100-a-IBR and 2.5.5.100-b-PAYE |
| 19 | FedLoan | **2.5.5.100c-IBR** states that the expected balance is calculated based on a 10-year repayment period for all loans. It should be the remaining repayment period (up to 10 years). 685.221(d)(2)(ii)(A). See proposed changes in next column. | Expected-Standard: If the borrower chooses to completely leave IBR. The payment amount calculated using the loan balance outstanding when the borrower exits IBR and a ... for Stafford, SLS, and eligible PLUS loans, or the applicable remaining repayment period (10-30 years for consolidation loans. | Accept. | Amended |
| 20 | FedLoan | **2.5.5.100-d-IBR** We recommend a change to the definition of Partial Financial Hardship in conjunction with a change to the definition of Standard-Standard (2.5.5.100-a). This change more accurately describes the regulatory definition of Partial Financial Hardship. | Partial Financial Hardship: A circumstance in which the Standard-Standard payment amount ... exceeds the payment amount under IBR. | Accept. | Amended 2.5.5.100-d-IBR and 2.5.5.200-2-PAYE |
| 21 | FedLoan | **2.5.5.200-2-IBR** There are some inaccuracies in this requirement. Please see proposed changes in next column. | The servicer shall NOT allow Parent PLUS loans, defaulted loans, consolidation loans that repaid Parent PLUS or any other loan type that is not a FFEL or DL Program loan to be repaid under IBR. | Accept. | Amended 2.5.5.200-2-IBR and 2.5.5.200-2-PAYE |
| 22 | FedLoan | **2.5.5.200-3-IBR** states that the servicer shall require borrowers who repaid IBR to pay all eligible loans under the plan. Please confirm that this requirement is just loan program - ie., if an eligible borrower has Direct Loans and federally owned FFEL Loans, the borrower can choose PAYE on the Direct Loans, and IBR on the FFEL Loans. | | See Question 3. | |
| 23 | FedLoan | **2.5.5.700-IBR** states that the servicer shall annually recalculate the monthly payment amount based on the borrower's updated AGI family size and loan balance. Other than for purposes of prorating the payment amount, we do not believe the loan balance has any bearing on the annual recalculation of the annual PFH payment amount. Nor do we use the interest rate (variable or fixed) to determine the annual PFH payment amount. Please see proposed changes in next column. | The servicer shall calculate the monthly payment amount for borrowers being placed on IBR and shall annually recalculate the monthly payment amount based on the borrower's updated AGI family size and ... updated PFH poverty guidelines. | Accept. | Amended 2.5.5.700-IBR and 2.5.5.700-PAYE |
| 24 | FedLoan | **2.5.5.701-IBR** We recommend requirement consistent language to 2.5.5.701-PAYE, with a minor modification to clarify that the anniversary is reset to a new date. For example a borrower's anniversary date is 03/01/13. He requests that we recalculate his payment amount on 09/01/12. We believe the new anniversary date is reset to 09/01/13. Please see suggested changes in next column. | The servicer shall accommodate a borrower's request to reset his or her IBR monthly payment amount recalculated because the borrower's financial circumstances have changed since the payment amount was last calculated ... | Accept. | Amended 2.5.5.701-IBR and 2.5.5.701-PAYE |
| 25 | FedLoan | **2.5.5.702-IBR** If the borrower returns the documentation prior to the hold deadline, but the servicer cannot process it prior to the expiration of the anniversary prior to the anniversary date, does the servicer maintain the borrower as receiving? Example: Payment amount is $10, interest accrual is $30, borrower receiving $20 in subsidy. Servicer maintains $10 payment for one month after expiration of the anniversary. New payment amount is $30 so there is no subsidy. Does borrower need the $20 subsidy for the one month after the expiration of the anniversary? | | See Question 12. | |
| 26 | FedLoan | **2.5.5.702-IBR** We believe an additional requirement (2.5.5.702 4) is needed to bridge the regulatory gap between IFEL IBR and Direct IBR. Proposed regulation 682.215(e)(6)(ii) describes the ramifications of an incorrect payment amount when the servicer receives income documentation by the hard deadline but does not process it timely. Direct Loan regulations do not contain this language. See proposed new requirement in the next column. | ... | Accept. | |
| 27 | FedLoan | **2.5.5.704-IBR** We believe clarification is needed to the description of resetting the anniversary date. In addition we believe the reference to 2.5.5.900.2 should be a 2.5.901. Please see suggested changes in next column. | If a borrower submits income documentation after the hard deadline, and after the servicer sets the Permanent-Standard payment amount, and the borrower still has a partial financial hardship, the servicer shall reset the borrower's anniversary date to the date the servicer ... determination of partial financial hardship/forbearance as described in requirement ... if applicable. | Accept. | Amended 2.5.5.704-IBR and 2.5.5.704-PAYE |

Page 24 of 33  ED-FSA-09-D-0015/0054

**Attachment B**

**Income-Driven Repayment Plans - 2012 Requirements**

| # | | Requirement | Response | Amended |
|---|---|---|---|---|
| 28 | FedLoan | 2.5.5.601.1-IBR states that "The servicer shall apply the excess payment to collection costs and late charges then interest and then." However, based on federal regulations §682.215(c)(1.1) and §685.221(c)(1), the payment should be applied to accrued interest, collection costs, late charges, principal. Prepayment application doesn't specify the order. The prepayment application §682.215(c)(3) points to §685.211(a)(3), not (a)(1). The intent of §685.221(c)(3) and (4), and (4), is to clarify that if a borrower's scheduled payment is $0.00, any payments are made and not applied as prepayments. Please see suggested changes in next column. | Accept | Amended 2.5.5.601.1-IBR and 2.5.5.601.1-PAYE |
| 29 | FedLoan | 2.5.5.900-IBR allows for the use of an administrative forbearance which the servicer is collecting and processing income documentation. Please clarify whether this forbearance is permitted even though borrower provides other attention to submit income documentation. Please clarify whether this is a category or non-capping forbearance. | 34 CFR 685.205(a)(5) states that the administrative forbearance must be used only for non-capping | Amended 2.5.5.900-IBR and 2.5.5.900-PAYE and 2.5.5.900-ICR |
| 30 | FedLoan | 2.5.5.901-IBR requires the servicer to grant an administrative forbearance to cover past-due payments if a borrower submits income documentation after the hard deadline. Please clarify if there is a time period after the hard deadline. For example, a borrower may not submit before the hard deadline. Should an administrative forbearance be used to cover all delinquent payments if a borrower submits income documentation a day after the hard deadline and continues to have a PFH? See example in next question. | The administrative forbearance should be used to cover the entire delinquency, but may only be used in cases where the new payment is less than the old payment. | Amended 2.5.5.901-IBR and 2.5.5.901-PAYE and 2.5.5.901-ICR |
| 31 | FedLoan | 2.5.5.901-IBR also states that the servicer shall not capitalize interest during this administrative forbearance and after the servicer sets the Permanent-Standard payment amount. Please clarify "and after the servicer sets the Permanent-Standard payment amount." Example 1. Borrower is delinquent for 2 PFH payments. The servicer has not received income documentation by the hard deadline. At the anniversary date the servicer converts the payment amount to the Permanent-Standard and capitalizes the outstanding unpaid interest that accrued during the period for PFH. The borrower is still delinquent for the 2 PFH payments. The servicer still has a PFH. Should the forbearance cover the 2 PFH payments and is Permanent-Standard payments? Does the capitalization that was performed at conversion to Permanent-Standard need to be reversed? | The administrative forbearance should cover the two missed PFH payments and the two months after being converted to permanent-standard. The interest that is attributable to the missed PFH payments may capitalize, which actually occurs when the borrower was converted to permanent-standard. The interest that is attributable to the missed permanent-standard payments may not be capitalized. | Amended 2.5.5.901-IBR and 2.5.5.901-PAYE and 2.5.5.901-ICR |
| 32 | FedLoan | 2.5.5.1000.1-IBR states that monthly loan payments under ICR are qualifying payments for loan forgiveness. Per federal regulation 685.221(f)(1)(iv), this should be revised as recommended in the next column. | Made monthly loan payments under a Direct Loan income-contingent repayment plan ICR. | Reject. The requirement will be reworded to say "Made monthly loan payments under a Direct Loan ICR or PAYE Plan. | Amended 2.5.5.1000.1e-IBR |
| 33 | FedLoan | 2.5.5.1000-IBR Please clarify if there is a new requirement related to 1098-E (interest) reporting. Or, if this requirement should only be referencing 1098-E cancellation of debt reporting. | | This requirement has been amended to reference 1098-C reporting only. | |
| 34 | FedLoan | 2.5.5.1201-IBR This change is in conjunction with changes made to 2.5.5.701-IBR and 2.5.5.704-IBR. See suggested changes in next column. | If the federal servicer recalculates the borrower's monthly payment amount based on the borrower's request, the federal servicer must send the borrower a new annual notification of terms and conditions and the servicer must read the borrower's anniversary date to this date the servicer determination of partial financial hardship. | Accept | Amended 2.5.5.1201-IBR and 2.5.5.1201-PAYE |
| 35 | FedLoan | 2.5.5.801.2-IBR – We recommend changes to more accurately align the requirement with the regulations. The federal servicer should require the advancement of the due date if the borrower's scheduled payment amount is $0.00, but the borrower makes payments. See proposed changes in next column. | The servicer shall apply the excess payment to the [...] then interest, then collection costs and late charges, and then principal, if the borrower's monthly payment amount under the plan is $0.00 [...] | Accept. Further modifications will be made to the requirement to make it even more clear: "The servicer shall apply the excess payment as a lump sum payment to interest, then collection costs and late charges, and then to principal, if the borrower's monthly payment amount is greater than $0, but less than $10, and not advance the due date. | Amended 2.5.5.801.1-IBR and 2.5.5.801.1-PAYE. |

Confidential Pursuant to Protective Order

NAV-00042016

**Attachment B**

Income-Driven Repayment Plans – 2012 Requirements

| # | Loan | | | Status |
|---|---|---|---|---|
| 36 | Fed.Loan | 2.5.5&03.2.4BR states "For a borrower who is repaying under IBR and receives a deferment or forbearance and still has a PFH when the deferment period ends, unpaid interest is not capitalized at the end of the deferment or forbearance."<br><br>Please confirm the following example:<br>Borrower enters IBR 03/01/12 with PFH payment amount of $30. "Anniversary date" is 03/01.<br>06/01/12 borrower needs a 9-month forbearance 06/01/12 - 12/31/12. Interest is not capped at end of forbearance because borrower is still in PFH period<br>01/01/13 PFH payment amount of $30 resumes.<br>Based on new notification requirements, no earlier than 2/20/2013 (give or take a few days – doesn't count exactly 90 days) we notify borrower that the anniversary date is 03/01/13 and give him his "soft" deadline.<br><br>a. Borrower returns documentation by deadline and he still has a PFH; therefore, forbearance interest is still not capped.<br><br>b. Borrower returns documentation by deadline; deadline and he does not have a PFH; therefore, forbearance interest and other unpaid interest is capped. | | | Pending |
| 37 | Fed.Loan | 2.5.5&03.4.4BR states "For a borrower who is repaying under IBR, redeems a deferment or forbearance, and loses PFH status while the deferment or forbearance is in owing, unpaid interest is not capitalized until the end of the deferment or forbearance. " Please clarify whether the new notification requirements still apply during a deferment or forbearance, and if so, clarify the timing. We believe three separate scenarios labeled A, B, and C in the following three rows. We believe C offers the best solution for borrowers. | See Question 36. | | Pending |
| 38 | Fed.Loan | Example A – Borrower enters IBR 03/01/12 with PFH payment amount of $30 plan. "Anniversary date" is 03/01. 06/01/12 borrower needs a 12-month forbearance 06/01/12 - 08/31/13. The anniversary date falls within the forbearance period.<br><br>The anniversary date remains 03/01 and annual notification is required. In this case the borrower must certify income at the middle of a forbearance. The servicer determines whether he continues to have a PFH during the forbearance<br><br>1) If he still has a PFH, the new payment amount starts immediately after the forbearance and interest is not capped.<br><br>2) If he did not have a PFH, he exits the forbearance on permanent-standard and interest (forbearance interest and any other unpaid interest) is capped.<br><br>(Borrowers would probably not respond to requests for income documentation while on a deferment of forbearance. Another concern is that this is a time may be different from their circumstances when they exit the deferment/forbearance.) | See Question 36. | | Pending |
| 39 | Fed.Loan | Example B – Borrower enters IBR 03/01/12 with PFH payment amount of $30 due. "Anniversary date" is 03/01. 09/01/12 borrower needs a 12-month forbearance 09/01/12 - 08/31/13. The anniversary date falls within the forbearance period<br><br>The anniversary date remains 03/01, but annual notification is not required because the borrower is on forbearance. When the forbearance ends interest is capped and payments begin on the permanent-standard amount. At the borrower does not need income documentation. His anniversary date remains 03/01 and for each subsequent year the servicer sends a notification as required by proposed 685.221(e)(5).<br><br>(This solution may create customer service problems because a borrower would not be reminded to send income documentation.) | See Question 36. | | Pending |

Confidential Pursuant to Protective Order

**Attachment B**

## Income-Driven Repayment Plans - 2012 Requirements

| | | | See Question 36 | Pending |
|---|---|---|---|---|
| 40 | FedLoan | Example C - Borrower enters IBR 03/01/12 with PFH payment amount of $30/uuh.  Anniversary date  is 03/01. 09/01/12 borrower needs a 12 month forbearance 03/01/12 - 08/31/13.  The anniversary date falls within the forbearance period.<br><br>This anniversary date is reset to coincide with the day following the forbearance. In this example the new anniversary date is 09/01/13. The annual recalculation requirement resumes 60 to 90 days before 09/01/13.<br><br>1) If the borrower submits documentation and again has a PFH, the new PFH payment amount starts on 09/13 with no capitalization.<br><br>2) If the borrower does not continue to have a PFH, or does not send income documentation, the permanent-standard payment amount starts on 09/13 and forbearance interest and any other unpaid interest is capped.  The borrower's new anniversary date is 09/01 and annual notifications are sent as required.<br><br>[We believe this option is best for borrowers because it provides for an annual reminder at the appropriate time - when the borrower is exiting the deferment/forbearance.] | | |
| 41 | GLHE/AA | | | |

Confidential Pursuant to Protective Order

NAV-00042018

**Attachment B**

**Income-Driven Repayment Plans - 2012 Requirements**

| No. | Servicer | Question | Proposed Servicer Response/Recommendation | FSA Response Date |
|---|---|---|---|---|
| **PAYE (PAYE) Questions** | | | | |
| 42 | FedLoan | 2.5.5.100-a-PAYE - We recommend a change to the definition of Standard-Standard in conjunction with a change to the definition of Partial Financial Hardship (2.5.5.100.c). This change is needed to accurately describe the terminology as used by servicers today for IBR since PAYE mirrors IBR. The "Traditional" definition of Standard-Standard needs to remain to track qualifying payments. One of the criteria of a qualifying payment is that it is at least as great as the Standard-Standard payment amount. See proposed changes in next column. | Standard-Standard: The "10-year standard payment amount calculated using the loan balance on eligible loans that was outstanding when the borrower initially entered repayment on the loan or requested PAYE, whichever is greater. | See Question 17-18 |
| 43 | FedLoan | 2.5.5.100-c-PAYE We recommend a change to the definition of Partial Financial Hardship in conjunction with a change to the definition of Standard-Standard (2.5.5.100.a). This change more accurately describes the regulatory definition of Partial Financial Hardship. | Partial Financial Hardship: A circumstance in which the Standard-Standard payment amount on loans under PAYE or amount, whichever is greater, exceeds the payment amount under PAYE. | See Question 19. |
| 44 | FedLoan | 2.5.5.100-b-PAYE provides the definition of a new borrower. Regarding the requirement to obtain a new Direct Loan disbursement on/after October 1, 2011 - if a borrower meets the eligibility criteria, goes on PAYE, and then there is a change to the post-10/01/11 disbursement such that the borrower no longer qualifies for PAYE, does the borrower need to be removed from PAYE? We routinely see downward adjustments of disbursements to $0.00 or changes from COD from many years after the disbursement was originally made. | | Pending |
| 45 | FedLoan | 2.5.5.100-b-PAYE specifies that if the qualifying post-10/01/11 disbursement is a Direct Consolidation Loan, it is based on the date the Consolidation Loan Application is received. The Federal servicers do not receive this date from the Direct Loan Consolidation Servicer. | | Pending |
| 46 | FedLoan | 2.5.5.200.2-PAYE There are some inaccuracies in this requirement. Please see proposed changes at next column. | | Reject |
| 47 | FedLoan | 2.5.5.300.5-PAYE references joint consolidation loans. The ability for borrowers to obtain joint consolidation loans ended as of July 1, 2006; therefore, joint consolidation loans will not be eligible for PAYE. This requirement should be deleted. | | Accept |
| 48 | FedLoan | 2.5.5.400.1-PAYE requests the servicer to provide the OMB forms required to capture borrower data. Do you anticipate that the new form will be through the clearance process by November 1, 2012? | | Pending |
| 49 | FedLoan | 2.5.5.500 series-PAYE references the IBR/IRS interface and CR #1744. ICR requirements are not currently in CR #1744. Will you modify 1744 or issue a new ICR for an ICR/IRS interface? | | FSA will issue a new ICR for an ICR/IRS interface. |
| 50 | FedLoan | 2.5.5.700-PAYE states that the servicer shall annually recalculate the monthly payment amount for borrowers being placed on PAYE and shall annually recalculate the monthly payment amount based on the borrower's updated AGI family size and loan balance. Other than for purposes of providing the payment amount, we do not believe the loan balance has any bearing on the annual recalculation of the annual PFH payment amount. Since the loan balance cannot be fixed to determine the annual PFH payment amount. Please see proposed changes at next column. | The servicer shall calculate the monthly payment amount for borrowers being placed on PAYE and shall annually recalculate the monthly payment amount based on the borrower's updated AGI family size and loan balance, as well as updated HHS poverty guidelines and variable interest rates. | See Question 22. |
| 51 | FedLoan | 2.5.5.701-PAYE. We recommend clarification that the anniversary in reset to a new date. For example: a borrower's anniversary date is 01/01/13. He requests that we recalculate his payment amount on 09/01/12. We believe his new anniversary date is reset to 09/01/13. Please see suggested changes at next column. | The servicer shall accommodate a borrower's request to have his or her PAYE monthly payment amount recalculated because the borrower's financial circumstances have changed since the payment amount was last calculated and the servicer shall reset the borrower's anniversary date to the date the servicer makes the recalculation of partial financial hardship. | See Question 20. |
| 52 | FedLoan | 2.5.5.702-PAYE. If the borrower returns the documentation prior to the anniversary but the servicer cannot process it prior to the expiration of the anniversary period, the servicer maintains the PFH payment amount. Does this include any interest subsidy the borrower is receiving? Example: Payment amount is $10, interest accrual is $30. Borrower receiving $20 in subsidy. Servicer maintains $10 payment for one month after expiration of the anniversary. New payment amount is $30 but there is no subsidy. Does borrower keep the $20 subsidy for the one month after the expiration of the anniversary? | | See Question 12. |

Updated on 8/27/2012;

Amend 2.5.5.500-PAYE series

Confidential Pursuant to Protective Order

**Attachment B**

Income-Driven Repayment Plans – 2012 Requirements

| # | | Comment | Response | Reference |
|---|---|---|---|---|
| 53 | FedLoan | 2.5.5.700-PAYE - We believe an additional requirement (2.5.5.700.4) is needed to bridge the regulatory gap between FFEL IBR, Direct IBR, and PAYE. Proposed regulation §92.219(e)(9)(ii) describes the ramifications of an increased payment amount when the borrower receives income documentation but does not process it timely. Don't see regulation do not contain this language. See proposed new requirement text in next column. | | |
| 54 | FedLoan | 2.5.5.704-PAYE - We believe clarification is required to the PAYE. In addition we believe the reference to 2.5.600.2 should be 2.5.5.901. Please see suggested changes in next column. | If a borrower submits income documentation after the hard deadline, and after the servicer sets the Permanent-Standard payment amount, and the borrower still has a partial financial hardship, the servicer shall reset the borrower's anniversary date to the date the servicer makes a determination of partial financial hardship and apply for forbearance as described in requirement ... if applicable. | See Question 26 |
| 55 | FedLoan | 2.5.5.801-1-PAYE states that. The servicer shall apply the excess payment to collection costs and late charges, then interest then the... However based on proposed regulation 685.209.(a)(3) the payment should be applied to accrued interest, collection costs, late charges, principal. Prepayment application doesn't affect actual allocation of payment to internal, collection costs, etc. | The servicer shall apply the excess payment to ... collection costs and late charges, ... and then principal as a prepayment if the prepayment amount equals or exceeds a monthly payment amount of $10.00 or more. | See Question 27 |
| 56 | FedLoan | 2.5.5.802-PAYE. The requirement appears to be incomplete. | | See Question 15 |
| 57 | FedLoan | 2.5.5.802-PAYE allows for the use of an administrative forbearance while the servicer is collecting and processing income documentation. Please clarify whether this is a capping of non-capping forbearance. | | See Question 28 |
| 58 | FedLoan | 2.5.5.901-PAYE requires the servicer to grant an administrative forbearance to cover past due payments if a borrower submits income documentation after the hard deadline but is again determined to have a partial financial hardship. Please clarify if there is a time period after the hard deadline. For example, a borrower may be 6 months delinquent... Should an administrative forbearance be used to cover all delinquent payments if a borrower submits income documentation any time after the hard deadline and continues to have a PFH? See example in next question. | | See Question 29 |
| 59 | FedLoan | 2.5.5.901-PAYE also states that the servicer shall not capitalize interest during the administrative forbearance period after the servicer sets the Permanent-Standard payment amount. Please clarify "and after the servicer sets the Permanent-Standard payment amount." Example 1: Borrower is delinquent for 2 PFH payments. The servicer has not received income documentation by the hard deadline. At the anniversary date the servicer converts the payment amount to the Permanent-Standard and capitalizes the outstanding unpaid interest that accrued during the period for PFH. The borrower is still delinquent for the 2 PFH payments. The borrower waits six months to submit income documentation and has ceases to payments. The borrower still has a PFH. Should the forbearance cover the 2 PFH payments and 6 Permanent-Standard payments? Does the capitalization that was performed at conversion to Permanent-Standard need to be reversed? | | See Question 30 |
| 60 | FedLoan | 2.5.5.1003-PAYE. Please clarify if there is a new requirement (related to 1098-E interest reporting). Or if this requirement should also use referencing 1098-C (cancellation of debt reporting). | | See Question 32 |
| 61 | FedLoan | 2.5.5.1004-PAYE. This change in capitalization with changes made to 2.5.5.701-PAYE and 2.5.704-PAYE. See ... suggested changes in next column. | If the federal servicer recalculates the borrower's monthly payment amount based on the borrower's request, the federal servicer must send the borrower a annual notification of terms and conditions ... | See Question 23 |
| 62 | FedLoan | 2.5.5.901-2-PAYE - We recommend changes to more accurately align the requirement with the proposed regulation. Treatment of the regulation is not that requiring the advancement of the due date if the borrower's scheduled payment amount is $0.00, but the borrower makes payments. See proposed changes in next column. | The servicer shall apply the excess payment as a ... ... to interest, then collection costs and late charges, and then principal. If the ... ... payment amount is $0.00 ... | See Question 34 |

Confidential Pursuant to Protective Order

NAV-00042020

**Attachment B**

Income-Driven Repayment Plans - 2012 Requirements

| 63 | FedLoan | 2.5.5.B03.3-PAYE states "For a borrower who is repaying under PAYE and incurs a deferment or forbearance and still has a PFH when the deferment period ends, unpaid interest is not capitalized at the end of the deferment or forbearance." Please confirm the following example: Borrower enters PAYE (03/01/12) with PFH payment amount of $50. Anniversary date is 03/01. 06/01/12 borrower needs a 6 month forbearance 06/01/12 - 12/31/12. Interest is not capped at end of forbearance because borrower is still in PFH period. 01/01/13 PFH payment amount of $50 resumes. [Based on new notification requirements, no earlier than 12/01/12 (give or take a few days-it didn't count exactly 90 days) we notify borrower that his anniversary date is 03/01/13 and given his "job" resubmit. a. Borrower returns documentation by deadline and he does not have a PFH. Therefore, forbearance interest is still not capped. b. Borrower returns documentation by deadline and he does have a PFH. Therefore, forbearance interest and other unpaid interest (subject to the 10% limit) is capped" | See Question 35. |
| 64 | FedLoan | 2.5.5.B03.4-PAYE states "For a borrower who is repaying under PAYE, receives a deferment or forbearance, and loses PFH status while the deferment or forbearance is running, unpaid interest is not capitalized until the end of the deferment or forbearance." Please clarify whether the new notification requirements still apply during a deferment or forbearance, and if so, clarify the timing. We outline three separate scenarios labeled A, B, and C in the following three rows. We believe it offers the best solution for borrowers. | See Question 36. |
| 65 | FedLoan | Example A: Borrower enters PAYE 03/01/12 with PFH payment amount of $30. Anniversary date at 03/01 09/01/12 borrower needs a 12 month forbearance 09/01/12 - 08/31/13. The anniversary date falls within the forbearance period. The anniversary date remains 03/01 and annual notification is required. In this case the borrower must certify income in the middle of a forbearance. The servicer determines whether he continues to have a PFH during the forbearance. 1.) If he still has a PFH, the new payment amount starts immediately after the forbearance and interest is not capped. 2.) If he did not have a PFH, be extra the forbearance on permanent-standard and forbearance interest and any other unpaid interest (subject to the 10% limit) is capped. [Borrowers would probably not respond to requests for income documentation while on a deferment or forbearance. And their circumstance at this time may be different from their circumstance when they exit the deferment/forbearance.] | See Question 37. |
| 66 | FedLoan | Example B: Borrower enters PAYE 03/01/12 with PFH payment amount of $30 due. Anniversary date at 03/01 09/01/12 borrower needs a 12 month forbearance 09/01/12 - 08/31/13. The anniversary date falls within the forbearance period. The anniversary date remains 03/01, but annual notification is not required because the borrower is on forbearance. When the forbearance ends interest is capped (reg am interest is limited to the 10% cap) and payments begin at the permanent-standard amount. If the borrower does not return income documentation, the anniversary date remains 03/01 and for each subsequent year the servicer sends a notification as required by proposed 685.209(a)(5)(v). [This solution may create customer service problems because a borrower would not be reminded to send income documentation] | See Question 38. |

Confidential Pursuant to Protective Order

NAV-00042021

**Attachment B**

**Income-Driven Repayment Plans - 2012 Requirements**

| # | | | | | |
|---|---|---|---|---|---|
| 67 | FedLoan | Example C: Borrower enters PAYE 09/01/12 with PFH payment amount of $30 due. 09/01/12 borrower needs a 12 month forbearance 09/01/12 - 08/31/13. The anniversary date falls within the forbearance period. The anniversary date is reset to coincide with the day following the forbearance. In this example the new anniversary date is 09/01/13. The annual notification requirement requires 60 to 90 days before 09/01/13. 1.) If the borrower submits documentation and continues to have a PFH, the new PFH payment amount starts in 09/13 with no capitalization. 2.) If the borrower does not continue to have a PFH, or does not send income documentation, the permanent standard payment amount starts in 09/13 and forbearance interest and any other unpaid interest (subject to the 10% limit is capped. The borrower's new anniversary date is 09/01 and annual notifications are sent (as required when the borrower is exiting the deferment/forbearance.) [We believe this option is best for borrowers because it provides for an annual reminder at the appropriate time - when the borrower is exiting the deferment/forbearance.] | See Question 36 | | |
| 68 | FedLoan | 2.5.5.1100.1-PAYE We believe the two references to "IBR" in this requirement should be "ICR". Please clarify. | | Accept | Amended using "PAYE/ICR/IBR rather than "ICR" |
| 69 | OL/FedLoan | We don't understand requirement 2.5.5.702.3-PAYE. Why would we not apply the payments as of the dates they were received? Please clarify. | | | |
| 70 | OL/FedLoan | | | | |
| 70-bis | SM | PAYE 2.5.5.803.2 says "The servicer shall capitalize interest on the day after the borrower leaves the PAYE / PAYE plan or no longer has a PFH. Except as provided in requirement 0061.04. When the borrower no longer has a PFH, the servicer shall capitalize interest up to an aggregate cap of 10% of OPB when entering PAYE. After the outstanding principal amount is ten percent greater than the original principal amount, interest continues to accrue but is not capitalized while the borrower remains on the PAYE Plan." 1. Please confirm whether the capitalized interest after a borrower leaves PFH concerning the aggregate cap of 10% is interest that is associated solely for monthly PFH payment amounts that are less than accrued interest, that is, negative amortization interest, as is the case for ICR-3829? 2. Please confirm that the phrase: interest continues to accrue but is not capitalized while the borrower remains on the PAYE Plan pertains to negative amortization interest during a PFH and does not pertain to interest during a deferment/forbearance that for example may occur after a PFH such as during a permanent/extended payment period while the borrower remains on the PAYE plan? | | | Updated on 8/29/2012 |

Confidential Pursuant to Protective Order

NAV-00042022

**Attachment B**

**Income-Driven Repayment Plans - 2012 Requirements**

| ICR 3 ICR Questions | | Requirement after 2.5.5.701.2.8CR is not labeled | | Pending | Amended |
|---|---|---|---|---|---|
| 71 | | Requirement after 2.5.5.701.2.8CR is not labeled | | Pending | Amended |
| 72 | FedLoan | 2.5.5.702>CR We recommend clarification at the anniversary as related to a new date. For example - a borrower's anniversary date is on 06/10/13. We request that we recalculate the repayment amount on 06/10/12. We believe this new anniversary date is reset to 06/01/13. Please see suggested changes in next column. | The servicer may adjust the payment amount due to changes in the borrower's financial circumstances since the new payment amount was last calculated and the servicer shall reset the borrower's anniversary date to the same as the serviced last reset recently calculated the borrower's ICR payment. | See Question 23 | |
| 73 | FedLoan | 2.5.5.704>CR We believe an additional requirement (2.5.5.704.4) is needed to bridge the regulatory gap between FFEL, IBR, PAYE IBR, and ICR. Proposed regulation 685.221(a)(4)(iii) describes the ramifications of an increased payment amount when the servicer receives income documentation by the hard deadline but does not process it timely. Direct Loan regulations do not contain this language. See proposed new requirement in the next column. | | See Question 25. | |
| 74 | FedLoan | 2.5.5.705>CR We believe clarification is needed to align with the similar requirements in the IBR and PAYE rules. In addition, we believe the reference to 2.5.5.900.2 should be 2.5.5.901. Please see suggested changes in next column. | If a borrower submits income documentation after the hard deadline, and then the servicer sets the Permanent Standard payment amount... the servicer shall... amount will apply forbearance as described in requirement... if applicable. | See Question 26 | |
| 75 | FedLoan | 2.5.5.802.1>CR There are no special payment application and prepayment rules for ICR. However, we agree they should be consistent with IBR and PAYE. Suggested changes are made in the next column to align this requirement with proposed changes to 2.5.5.801.1/ABR and 2.5.5.801.1/PAYE. | The servicer shall apply the excess payment to collection costs and late charges... and then principal as a prepayment if the prepayment amount equals or exceeds a monthly payment amount of $10.00 or more. | They cannot be consistent. Delete requirement. | Deleted |
| 76 | FedLoan | 2.5.5.802.2>CR There are no special payment application and prepayment rules for ICR. However, we agree this should be consistent with IBR and PAYE. Suggested changes are made in the next column to align this requirement with ICR payment amounts. | The servicer shall apply the excess payment... to interest, their collection costs and late charges, and then principal if the ... amount ... exceeds a monthly payment amount of ... | They cannot be consistent. Delete requirement. | Deleted |
| 77 | FedLoan | 2.5.5.804>CR This requirement includes a reference to negatively amortizing interest on an Alternative Repayment Plan. We believe this reference was not intended to have these requirements. Please clarify. | | | No change needed. |
| 78 | FedLoan | 2.5.5.804.1>CR This requirement indicates that the annual capitalization of negatively amortized interest should occur with an effective date of July 31. This is contrary to the requirement FedLoan Servicing received when we were implementing ICR. Our business rules for ICR state "The servicer will automatically capitalize negative amortization interest annually on July 31st with an effective date of June 30, unless the loan is in an enrollment period that covers July 1st." Please clarify if we are now being required to capitalize interest through June 30th with an effective date of July 31st. If so, we will have additional questions. | | We believe the relevant capitalization requirements from the capitalization ICR in this requirements document for completeness. The requirement will remain, so I think the text referencing the alternative repayment plan must stop. | No change needed. |
| 79 | FedLoan | 2.5.5.804.2>CR This requirement states that the 10% limit on the capitalization of negatively amortized interest is based on 10% of the loan balance that existed at the time the loan entered repayment. Regulations define this limit as based on 10% of the original principal balance. The regulations do not mean that we 10% was based on the original principal balance (minus any adjustments/reductions), not the principal balance when the loan entered repayment. Do these requirements mean that we should use the balance at repayment, which may include capitalized interest? | The regulations require that it be the loan balance when the borrower enters repayment. | | |
| 80 | FedLoan | 2.5.5.805>CR It allows for the use of an administrative forbearance while the servicer is collecting and processing income documentation. The use of this forbearance is permitted when the borrower requests it to submit income documentation. However, 2.5.5.701>CR (and proposed regulation 685.209(a)(6)(iv)) requires the servicer to use a forbearance only when required to bridge the gap when the ICR payment amount is calculated. Can this forbearance (absent the requirement for interest only payments)? If so, please clarify whether this is a capping or non-capping forbearance. | Because interest-only ICR payments qualify for PSLF, interest-only payments must be used. However, if the borrower requests it, a forbearance could be granted instead. | Added 2.5.5.703.1>CR and amended 2.5.5.805>CR | Updated on 8/29/2012 |
| 81 | FedLoan | 2.5.5.805>CR What new studentloans.gov's page be available for ICR? If so, will CR 3744 be amended or will we receive a new CR? | | See Question 47. | |

Confidential Pursuant to Protective Order

NAV-00042023

**Attachment B**

Income-Driven Repayment Plans - 2012 Requirements

| # | | | | |
|---|---|---|---|---|
| 82 | FedLoan | 2.5.5.901-ACR requires the Servicer to grant an administrative forbearance to cover past due payments if a borrower submits income documentation after the hard deadline, if the new ICR payment amount is higher than the previous ICR payment amount. Please clarify, if there is a time period after the hard deadline. For example, a borrower may wait months before sending income documentation. Should an administrative forbearance be used to cover all delinquent payments if a borrower submits income documentation any time after the hard deadline and is determined to qualify for a lower ICR payment amount? Is there a limit to the number of delinquent payments that this forbearance may cover? | See Question 30. | |
| 83 | FedLoan | 2.5.5.1003-ACR "Please clarify if there is a prior requirement related to 1098-E, interest, reporting. Or if this requirement should only be referencing 1099-C cancellation of debt reporting | See Question 33 | |
| 84 | FedLoan | 2.5.5.1001-ACR This change is in conjunction with changes made to 2.5.5.702 and 2.5.5.706. See suggested changes in next column. In addition, there is no partial financial hardship in ICR. | If the federal servicer recalculates the borrower's monthly payment amount based on the borrower's request, the federal servicer must send the borrower a new annual notification of terms and conditions and the servicer shall reset the borrower's anniversary date to the date the servicer recalculated the borrower's determination. Accept | Amended |
| 85 | FedLoan | 2.5.5.1005-ACR States "The servicer shall, if a borrower defaults and is required to go in ICR, but fails to comply, notify the borrower in writing of the borrower's new repayment schedule." We do not believe this requirement applies to the federal servicers. It concerns FundedICR and a borrower who is consolidating to get out of default. It is our understanding that the Direct Loan Servicing Center must now collect the borrower's income information prior to consolidation. If the borrower does not comply, we don't believe the consolidation proceeds. Please clarify. | Accept. Delete the requirement | Deleted |
| 86 | GUP/HEAA | | | |

Confidential Pursuant to Protective Order

NAV-00042024