# EXHIBIT 184

**From:** Seneway, Debbie <​███████████████████████​>
**To:** Carson, Leanne
**CC:** Seneway, Debbie
**Sent:** 8/3/2012 7:28:47 AM
**Subject:** RE: Not so new Guaranteed loan reporting

Hi Leanne,
Sorry for the delay in responding – I needed to consult with the rest of the task force on responses.

Based on this new information, we'd like to propose the following reporting guideline:
- When you receive notice of petition, report the applicable Consumer Information Indicator (A through D), but don't report the loan as transferred to the guarantor.
- If the student loan is deemed non-dischargeable, report CII 'Q' to remove the petition indicator. Continue ongoing reporting.
- If the student loan is discharged through the Bankruptcy, then report the applicable discharged CII (E through G). Also report the loan as transferred to the guarantor by using Account Status 05 and Special Comment AL.

For student loans that are not dischargeable, this reporting method would result in one tradeline on the consumer's file, which would be preferable to the consumer.

Regarding your question - *Can you advise what the proper reporting of the bankruptcy would be for this process for chapter 13. Should salliemae be reporting the CII at all in this scenario? If so do we have an obligation to remove the CII D on the intital trade once we know the bk is complete (aka CII Q)? Or would the bk reporting (petition- discharge) all be handled by the guarantee agency?*

The task force cannot advise you regarding your reporting obligations after the account has been transferred to the guarantor. Please consult with your internal Legal or Compliance department for guidance.

Hope this helps!

Debbie Seneway, CPT
Educational Consultant, Experian
███████████████████

Attend a Metro 2® Format Workshop and receive a copy of the newly updated Credit Reporting Resource Guide®. The Metro 2® Format Workshops will be offered in Baltimore, MD September 11-12 or Phoenix, AZ October 23-24. To register or find out more about the workshops, go to http://www.cdiaonline.org/Metro2/content.cfm?ItemNumber=853&pnItemNumber=506.

---

**From:** Carson, Leanne [mailto:███████████████████]
**Sent:** Tuesday, July 17, 2012 1:48 PM
**To:** Seneway, Debbie; ███████████████
**Cc:** Carson, Leanne
**Subject:** RE: Not so new Guaranteed loan reporting

Thanks Debbie!!

Well, it turns out after internal discussions we have a question to answer your question. FAQ's 27 and 28 says for "accounts included in bankruptcy". *Can you clarify what is meant by 'Included in'? Do you mean included on the court petition, or actually resolved as a result of the bankruptcy (loan discharged in the bk)*

Your question below- yes in most cases (but there are some where they are), student loans are not discharged through the bankruptcy, but they are mostly always on the petition document from the courts, until after the bankruptcy is done at which point the student loan is noted as non-dischargeable in the bankruptcy.

RESPONSE: The guideline you are referencing (Credit Reporting Resource Guide® page 1-3) is intended to be used for student loans that default and are paid by the government. If an account is considered to be in default because the consumer filed Bankruptcy, you should follow the standard reporting guidelines for accounts included in Bankruptcy. Refer to Frequently Asked Questions 27 & 28.

*It is our understanding that student loans may not be discharged through Bankruptcy. Is that true?*

Additionally, our internal process has loans transferring to the guarantor agency once we receive claim payment upon bankruptcy notification. The loan is then at the guarantee agency during the bankruptcy petition. Once the bankruptcy is discharged (and loan deemed not-dischargable, therefore customer still responsible for debt), SallieMae gets the loan back.

Currently we report the petition CII, and 88 claim paid once the guarantee agency pays us for the loan. The guarantee agency reports the loan until the bankruptcy is complete- at which point they Delete the loan. Therefore the petition CII is still on the original loan we transferred to them.

*Can you advise what the proper reporting of the bankruptcy would be for this process for chapter 13. Should salliemae be reporting the CII at all in this scenario? If so do we have an obligation to remove the CII D on the intital trade once we know the bk is complete (aka CII Q)? Or would the bk reporting (petition- discharge) all be handled by the guarantee agency?*

- SLM-As the original loan holder that is transferring to the guarantee agency-
- As the guarantee agency while in petition through the time bk is complete
- SLM- As the repurchaser of the original loan- once the bk is complete

Thank you so much!!!

**From:** Seneway, Debbie [mailto:]
**Sent:** Wednesday, July 11, 2012 9:44 AM
**To:** Carson, Leanne
**Cc:** Pagonakis, Michael; Seneway, Debbie
**Subject:** RE: Not so new Guaranteed loan reporting

Hi LeAnne,

The CDIA Metro 2 Format Task Force's responses to your questions are in your 2 messages below. Please let me know if you need additional information.

Debbie Seneway, CPT
Educational Consultant, Experian

**From:** Carson, Leanne [mailto]
**Sent:** Monday, July 02, 2012 4:37 PM
**To:** Seneway, Debbie
**Cc:** Pagonakis, Michael
**Subject:** RE: Not so new Guaranteed loan reporting

Thanks Debbie,

In addition, my follow up question would be in regards to the rehab process. If our delinquency defaults are reported now with an 05/AL combination, if and when we receive notification that an account was successfully rehabbed, how and what would we remove or change as the record of default with the new reporting rules on this original trade. What would be considered the "record of default" for us as the original lender to remove. Or would nothing need to be updated since the 05/AL doesn't necessarily reflect 'default' status like the 88 or AB did?

RESPONSE: No action would be needed since the combination of Status 05 and Special Comment AL does not specify "default".

Thanks so much, we appreciate your help.



**LeAnne Carson**
Reporting and Analytics Manager, Credit Bureau Management

---

**From:** Seneway, Debbie [mailto: ▇▇▇▇▇▇▇▇▇▇▇▇▇ ]
**Sent:** Monday, July 02, 2012 4:29 PM
**To:** Carson, Leanne
**Cc:** Pagonakis, Michael
**Subject:** RE: Not so new Guaranteed loan reporting

Hi Leanne,
I'm going to share this question with the CDIA Metro 2 Task Force so the response represents input from all the CRAs. We'll get back to you ASAP.

Debbie Seneway, CPT
Educational Consultant, Experian

---

**From:** Carson, Leanne [mailto: ▇▇▇▇▇▇▇▇▇▇▇▇▇ ]
**Sent:** Friday, June 29, 2012 4:08 PM
**To:** Seneway, Debbie
**Cc:** Pagonakis, Michael; Carson, Leanne
**Subject:** Not so new Guaranteed loan reporting

Hi Debbie,

Sorry to bother you directly, but Donna has left the company, and a question has been raised about the new reporting guidelines for student loans that are guaranteed and claim accepted/paid by the guarantor.

Is this reporting guideline (05/AL combination) supposed to be used in any and ALL claim paid scenario, including Bankruptcy claims or was the intention of this change to be primarily for delinquency default claims?

RESPONSE: The guideline you are referencing (Credit Reporting Resource Guide® page 11-3) is intended to be used for student loans that default and are paid by the government. If an account is considered to be in default because the consumer filed Bankruptcy, you should follow the standard reporting guidelines for accounts included in Bankruptcy. Refer to Frequently Asked Questions 27 & 28.

It is our understanding that student loans may not be discharged through Bankruptcy. Is that true?

We have a project going in, and I just want to ensure that we are doing the correct thing.



**LeAnne Carson**
Reporting and Analytics Manager, Credit Bureau Management

---

Confidential Pursuant to Protective Order            NAV-00003409

This E-Mail has been scanned for viruses.

This E-Mail has been scanned for viruses.

This E-Mail has been scanned for viruses.

Confidential Pursuant to Protective Order
NAV-00003410