# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Consumer Financial Protection Bureau, | ) | |
| | ) | |
| *Plaintiff*, | ) | Civil Action No. 3:CV-17-00101 |
| | ) | (Hon. Robert D. Mariani) |
| v. | ) | |
| | ) | |
| Navient Corporation, *et al.*, | ) | **Oral Argument Requested** |
| | ) | |
| *Defendants*. | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

On June 29, 2020, the U.S. Supreme Court determined that the Consumer Financial Protection Bureau ("CFPB") has been, from its inception, a constitutionally unlawful agency because it was not properly accountable to the President. *See Seila Law LLC v. CFPB,* 591 U.S. \_\_\_, No. 19-7 (June 29, 2020) (Slip opinion attached as Exhibit 1). It is now established law that the CFPB never had constitutional authority to bring this action and that the filing of this lawsuit was unauthorized and unlawful.

The *Seila Law* decision compels the immediate dismissal of the CFPB's suit. Although *Seila Law* allowed the CFPB to survive and remanded the issue of whether the CFPB's prior unlawful actions could be "ratified" by a properly constituted agency, there has been no such ratification here. Nor could there be: binding Supreme Court and Third Circuit law dictates that any such ratification could *not* enable this suit to proceed because the statute of limitations has long since expired on the Bureau's claims, and a post-hoc effort of "ratification" by a properly constituted agency cannot revive the statute of limitations period. *See Fed. Election Comm'n v. NRA Political Victory Fund*, 513 U.S. 88, 98 (1994). Thus, even if the CFPB were to attempt to ratify this action today, all of the Bureau's claims are out of time.[1] The action must be dismissed in its entirety.

---

[1] Counts I-VIII of the CFPB's Complaint are governed by the Consumer Financial Protection Act's statute of limitations, which provides that "no action may be

## BACKGROUND

At the outset of this lawsuit, Defendants moved to dismiss the Complaint based on the same constitutional defect recognized in *Seila Law*. *See* Doc. 28 at 2. This Court denied the motion, ruling that the CFPB's structure was constitutional, and that even if it was not, severing any "problematic provisions" from the Consumer Financial Protection Act ("CFPA") "would not affect the CFPB's ability to maintain the present suit" because any "past acts" of the CFPB's Director could be "accord[ed] '*de facto* validity.'" Doc. 57 at 43 (quoting *Buckley v. Valeo*, 424 U.S. 1, 142 (1976)).

*Seila Law* represents a significant and material change in controlling law since this Court issued its decision in 2017. In brief, the Supreme Court held that the CFPB's structure, and in particular the "for cause" limitation on the President's power to remove the Director, "violates the [Constitution's] separation of powers." Slip op. at 3. Although the Court held that the provision was "severable" from the statute and the CFPB could "continue to operate," *id.*, the Court recognized that its decision called into question the validity of any actions taken by the CFPB when it

---

brought . . . more than 3 years after the date of discovery of the violation to which an action relates." 12 U.S.C. § 5564(g)(1). Counts IX and X of the CFPB's Complaint are governed by the one-year limitations period under the Fair Debt Collection Practices Act ("FDCPA"). *See* 15 U.S.C. § 1692k. And Count XI of the Complaint is governed by the two-year statute of limitations provided in the Fair Credit Reporting Act ("FCRA"). *See* 15 U.S.C. § 1681p.

was unlawfully constituted, *id.* at 36 (Roberts, C.J.).  The Court thus vacated the Ninth Circuit's decision and "remand[ed] for the Court of Appeals to consider whether [that action] was validly ratified" by a Director appropriately accountable to the President such that the suit against Seila Law might proceed.  *Id.*

## ARGUMENT

In light of the Supreme Court's newly-issued decision, Defendants respectfully renew their motion to dismiss the CFPB's claims pursuant to Federal Rule of Civil Procedure 12(c).[2]  The Court's prior ruling on the motion to dismiss conflicts with new controlling law from the Supreme Court.  It is now the law of the land that the CFPB's claims were brought unlawfully, by an agency action beyond proper Presidential control in violation of the Constitution.  Nor can this unconstitutional action be accorded "*de facto* validity" merely because the for-cause removal provision is severable from the rest of the CFPA.  *See* Doc. 57 at 43.[3]  Rather, the Supreme Court's remand in *Seila Law* demonstrates that the

---

[2] To the extent the Court believes it is necessary to consider materials outside the pleadings, Defendants' motion alternatively may be converted to a motion under Rule 56.  *See McLaughlin v. Forty Fort Borough*, 64 F. Supp. 3d 631, 638 (M.D. Pa. 2014) (Mariani, J.) ("If the Court considers evidence outside of the pleadings, it may convert the motion to dismiss into a motion for summary judgment.").

[3] Notably, the CFPB requested that the Supreme Court vacate the Ninth Circuit's decision so it could pursue "ratification arguments that it preserved below but [were] not properly presented." Reply Brief for Respondent at 22, *Seila Law LLC v. CFPB*, 591 U.S. __ (2020) (No. 19-7), 2020 WL 774433, at *22.  The CFPB did not even

3

"constitutional defect[s]" in the CFPB's past acts are curable—if at all—only via "ratification" by a Director "accountable to the President."  Slip op. at 35–36 (Roberts, C.J.).[4]  Absent a "legally sufficient" ratification, *id*, the CFPB's prior actions must be "dismissed," because an unconstitutionally structured agency "'lacks authority to bring [an] enforcement action'" in the first place.  *CFPB v. RD Legal Funding, LLC*, 332 F. Supp. 3d 729, 785 (S.D.N.Y. 2018) (dismissing action after finding the CFPB's structure unconstitutional) (quoting *Fed. Election Comm'n v. NRA Political Victory Fund*, 6 F.3d 821, 822 (D.C. Cir. 1993) (reversing judgment in enforcement action because agency's structure "violat[ed] the] separation of powers"); *see also Ryder v. United States*, 515 U.S. 177, 182-83 (1995) ("[O]ne who makes a timely challenge to the constitutional validity of" a government official's authority "is entitled to a decision on the merits of the question and whatever relief may be appropriate.").

---

argue that its prior acts should be accorded *de facto* validity—an argument that, if accepted by the Court, would have rendered any remand unnecessary.

[4] The Court declined to decide whether ratification could rescue previous unconstitutional actions.  Three justices recognized that this issue fell "outside the questions presented" and turned on "case-specific factual and legal questions" that were "best resolved by the lower courts in the first instance."  Slip op. at 31 & n.12 (Roberts, C.J.).  Two justices would have simply dismissed the action because subsequent ratification *could not* remedy the "constitutional injury" caused by the prior acts of an "unconstitutionally insulated Director."  Slip op. at 18 (Thomas, J., concurring in part and dissenting in part).

Because the CFPB has not—and cannot—ratify its lawsuit against Defendants, its claims must be dismissed. Under binding Supreme Court and Third Circuit precedent, ratification is governed by principles of agency law, which hold that "it is essential that the party ratifying should be able not merely to do the act ratified at the time the act was done, *but also at the time the ratification was made*." *Advanced Disposal Servs. E., Inc. v. N.L.R.B.*, 820 F.3d 592, 603 (3d Cir. 2016) (quoting *NRA Political Victory Fund*, 513 U.S. at 98) (emphasis in original). Thus, if the authority to bring an action "has been terminated by lapse of time" then "[t]he bringing of an action . . . can not be ratified." *NRA Political Victory Fund*, 513 U.S. at 98-99 (quoting Restatement (Second) of Agency § 90 cmt. a (Am. Law Inst. 1958)).

In *NRA Political Victory Fund*, the Supreme Court applied this principle in rejecting the Solicitor General's attempt to "ratify" a petition for certiorari filed by the Federal Election Commission ("FEC"). The FEC had filed the petition within the prescribed time, but faced the problem that it "lack[ed] statutory authority" to "independently file a petition." *Id.* at 98. The Solicitor General later sought to ratify the FEC's filing with an "after-the-fact authorization." *Id.* at 99. Adhering to "principles of agency law" from which the doctrine of ratification arises, the Court held that the Solicitor General's purported authorization—which came after the deadline to file a petition had passed—"does not relate back to the date of the

5

FEC's unauthorized filing so as to make it timely." *Id.* Because the Solicitor General "could not himself have filed a petition for certiorari" on the date of ratification, the attempted ratification was "too late in the day to be effective," and the Supreme Court dismissed the FEC's petition. *Id.* at 98. In so doing, the Court expressly relied on a decision in which a court refused "to uphold [a] town board's ratification of [a] private attorney's unauthorized commencement of" litigation "after the statute of limitations had run." *Id.* at 99 (citing *Town of Nasewaupee v. City of Sturgeon Bay*, 251 N.W.2d 845, 848-49 (Wis. 1977)).

Consistent with the Supreme Court's decision in *NRA Political Victory Fund*, the Third Circuit and other lower courts have frequently invalidated as "untimely" ratifications that occur "beyond the statues of limitations" governing a party's claims. *See, e.g.*, *Benjamin v. V.I. Port Auth.*, 684 F. App'x 207, 212 (3d Cir. 2017); *see also First Telebanc Corp. v. First Union Corp.*, 2007 WL 9702557, at *10 (S.D. Fla. Aug. 6, 2007) ("[R]atification attempted after the statute of limitations has run on a cause of action is ineffective."); *Miernicki v. Duluth Curling Club*, 699 N.W.2d 787, 789 (Minn. Ct. App. 2005) (same); *see also* Restatement (Second) of Agency § 90 cmt. c (Am. Law Inst. 1958) (recognizing that ratification is valid only "if the affirmance comes before a statute of limitations has run on a claim"). And even where ratification has been permitted, the Third Circuit and other courts have done so only *after* confirming that nothing

6

would have prevented the agency from taking the action at the time of ratification. *See, e.g.*, *Advanced Disposal Servs.*, 820 F.3d at 604 ("There is no statutory or administrative limitation preventing" the governmental officer's action "at the time he ratified it; thus the *NRA* 'timing issue' is not implicated here."); *Doolin Sec. Sav. Bank, F.S.B. v. OTS*, 139 F.3d 203, 213 (D.C. Cir. 1998) (allowing ratification because "[t]he timing problem posed in *NRA* is not present here," as "[n]o statute of limitations would have barred" the validly appointed officer "from reissuing the Notice of Charges himself").

Here, the CFPB has not ratified its action against Defendants and *cannot* validly ratify it because the statutes of limitations governing its claims have expired. Under the CFPA (which has the longest limitations period of the relevant statutes), the CFPB may not bring an action "more than 3 years after the date of discovery of the violation to which an action relates." 12 U.S.C. § 5564(g)(1).[5] Even assuming (counterfactually) that the CFPB did not "discover" the conduct alleged in its Complaint until the day the Complaint was filed, the CFPA's statute

---

[5] *See* Doc. 471 Ex. 209 at *4-*6 (arguing that "the date on which the CFPB first had knowledge" of Defendants' alleged conduct "is irrelevant" because the CFPB is "only asserting claims for violations that *occurred* . . . within three years of the filing of the Complaint") (emphasis added). The CFPB's filings show that its claims in this case concern conduct dating as far back as 2010, *see, e.g.*, Compl. ¶¶ 50-53, 60-62, which the CFPB purportedly uncovered through an investigation it launched in 2013, *see* Doc. 36 at 12; Doc. 459 at 8. And as this Court has ruled (and the CFPB has acknowledged), these claims extend no later than "the date that this lawsuit was filed, January 18, 2017." Doc. 392 at 1 (quoting Doc. 88 at 21).

of limitations with respect to *all* of the conduct at issue in Counts I-VIII of the Complaint expired on January 18, 2020—more than six months before the earliest date on which the CFPB's current Director could ratify this action.[6] And its claims under the FDCPA and FCRA expired even earlier.[7]

Dismissal is not only required by controlling law; it is also the appropriate remedy here. When a party "raise[s a] constitutional challenge as a defense to an enforcement action," there is "no theory that would permit [a court] to declare the [agency]'s structure unconstitutional without providing relief to the [regulated party]." *NRA Political Victory Fund*, 6 F.3d at 828; *see also Lucia v. S.E.C.*, 138 S. Ct. 2044, 2055 & n.5 (2018) (relief for structural violation must "cure the constitutional error" by "design[ing]" a "remed[y]" that not only "advance[s] th[e] purposes" of the Constitution, but also creates "incentives to raise [constitutional] challenges" (quoting *Ryder*, 515 U.S. at 183). To permit the CFPB's unlawful suit

---

[6] The CFPB's Director cannot ratify the agency's prior unconstitutional actions before the Court issues its formal mandate in *Seila Law*, expected on July 25, 2020. *See Texas v. United States*, 798 F.3d 1108, 1118 (D.C. Cir. 2015) ("Supreme Court judgments on review of a federal court decision do not take effect until at least 25 days after they are announced, when the Court issues a certified copy of its opinion and judgment in lieu of a formal mandate.") (citing Sup. Ct. R. 45).

[7] As shown in Defendants' Motion for Summary Judgment, the CFPB's claims under the FDCPA (Counts IX and X) were already out-of-time when the CFPB originally filed this lawsuit, *see* Doc. 470 at 65-66. And because the CFPB concedes its FCRA claim (Count XI) concerns conduct occurring no later than May 2014, *see* Doc. 482 at 75, a July 2020 ratification of this lawsuit would come well outside the FCRA's two-year limitations period, *see* 15 U.S.C. § 1681p.

to proceed would be to grant Defendants no relief at all, despite their timely challenge to the agency's constitutionality.

## **CONCLUSION**

The Complaint should be dismissed with prejudice.

Dated:  July 10, 2020	Respectfully submitted,

/s/ Jonathan E. Paikin
Jonathan E. Paikin (DC 466445) (*pro hac vice*)
Daniel P. Kearney (DC 977148) (*pro hac vice*)
Karin Dryhurst (DC 1034290) (*pro hac vice*)
Gary R. Dyal (DC 176830) (*pro hac vice*)
Wilmer Cutler Pickering
  Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
jonathan.paikin@wilmerhale.com
daniel.kearney@wilmerhale.com
karin.dryhurst@wilmerhale.com
gary.dyal@wilmerhale.com
Tel: 202-663-6000
Fax: 202-663-6363

Daniel T. Brier (PA 52348)
Myers Brier & Kelly, LLP
425 Spruce Street, Suite 200
Scranton, PA 18503
dbrier@mbklaw.com
Tel: 570-342-6100
Fax: 570-342-6147

*Counsel for Navient Corporation, Navient Solutions, LLC, and Pioneer Credit Recovery, Inc.*

## CERTIFICATE OF WORD COUNT

I hereby certify in accordance with Local Rule 7.8(b)(2) that the foregoing document is 2,258 words.

/s/ Karin Dryhurst
Karin Dryhurst (DC 1034290) (*pro hac vice*)
Wilmer Cutler Pickering
  Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
karin.dryhurst@wilmerhale.com
Tel: 202-663-6000
Fax: 202-663-6363

Dated:  July 10, 2020

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2020, I filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record who are deemed to have consented to electronic service:

/s/ Karin Dryhurst
Karin Dryhurst (DC 1034290) (*pro hac vice*)
Wilmer Cutler Pickering
  Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
karin.dryhurst@wilmerhale.com
Tel: 202-663-6000
Fax: 202-663-6363