# EXHIBIT 1

```
                                                              1
             IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CONSUMER FINANCIAL          )
PROTECTION BUREAU,          )
                            )
            Plaintiff       )
                            )
      vs                    )      17cv00101
                            )
NAVIENT CORPORATION, Et.Al.,)
                            )
            Defendants      )
_____)

                  TRANSCRIPT OF PROCEEDINGS
                 TELEPHONIC STATUS CONFERENCE
           BEFORE SPECIAL MASTER THOMAS I. VANASKIE
               TUESDAY, MAY 14, 2019; 11:00 A.M.
                    SCRANTON, PENNSYLVANIA

FOR THE PLAINTIFF:
    Consumer Financial Protection Bureau
    By: Nicholas K. Jabbour, Esq.
        Ebony S. Johnson, Esq.
        1700 G Street, N.W.
        Washington, DC 20552

FOR THE DEFENDANTS:
    Wilmer Cutler Pickering Hale and Dorr
    By: Karin Dryhurst, Esq.
        Daniel P. Kearney, Esq.
        1875 Pennsylvania Avenue, N.W.
        Washington, DC 20006

        Myers, Brier & Kelly, LLP
        By: Daniel T. Brier, Esq.
        425 Spruce Street
        Scranton, Pennsylvania 18503


    Proceedings recorded by machine shorthand, transcript
produced by computer-aided transcription.
_____
             KRISTIN L. YEAGER, RMR, CRR
             CERTIFIED REALTIME REPORTER
               235 N. WASHINGTON AVENUE
             SCRANTON, PENNSYLVANIA  18503
```

1  Nothing further to report. We remain where we were last week.
2  We had advised the FDIC in Utah that we would be moving forward
3  with preparing the documents for production starting tomorrow,
4  and it didn't indicate that that was a problem.
5      If we don't hear from them today, we will reach out to
6  them, just to see where they are and to advise them that we're
7  getting ready to produce the documents. But nothing further to
8  report.
9      SPECIAL MASTER: All right, well, the order is in place, so
10 we'll be guided by that, if they're not going to respond at
11 all.
12     All right, production of call records is Item No. 3 on the
13 agenda.
14     MS. DRYHURST: Yes, Your Honor. This is Karin Dryhurst, on
15 behalf of Defendants. We will make our second interim
16 production of call recordings today, as scheduled, and we
17 remain on pace to meet the final deadline of May 24.
18     SPECIAL MASTER: Great. Any reply from the Bureau on this
19 issue?
20     MS. JOHNSON: This is Ebony Johnson, Your Honor. Nothing
21 further from the Bureau.
22     SPECIAL MASTER: Great.
23     MS. DRYHURST: Your Honor, we do have -- my apologies.
24     SPECIAL MASTER: Go ahead.
25     MS. DRYHURST: We do have one additional item we wanted to

1   discuss today. We would like to renew our request for the
2   CFPB's methodology, understanding we covered this previously.
3   But as we close out our response to the CFPB's request, we are
4   in a position where, given how long it takes to pull and
5   produce call recordings, we would like to get started on
6   pulling a sample for production in rebuttal. But, of course,
7   you know, we can't do that, without knowing what the
8   methodology is.
9         SPECIAL MASTER: Are you going to respond to this, Ms.
10  Johnson?
11        MS. JOHNSON: Yes, Your Honor. As we have had this
12  discussion several times now with you on these calls, quite
13  frankly, it's not an appropriate stage in discovery for us to
14  be required to make that sampling strategy known. According to
15  what Ms. Dryhurst is saying, it doesn't appear that they need
16  this information, for purposes of producing the sample that we
17  have requested, and that's borne out by the fact that they will
18  and are on schedule to complete the sample production on time.
19        To the extent that they are looking for information about
20  that strategy, the appropriate course of action is to direct
21  that particular point during expert discovery. As we mentioned,
22  that strategy will be outlined in our expert's report, and it's
23  at that time that it's appropriate for them to have that
24  information and respond to that information, as they see fit.
25        To require us to provide that information now is,

6

1  essentially, requiring us to preview our expert report, which
2  we would argue is not appropriate.
3      SPECIAL MASTER: All right. Ms. Dryhurst?
4      MS. DRYHURST: Yes, Your Honor. We understand the CFPB's
5  continued position, and we will -- I think we will just have to
6  plan to produce calls in rebuttal to the CFPB's expert reports.
7      SPECIAL MASTER: Let me ask, Ms. Johnson, how are you
8  prejudiced, if you disclose now what you're going to disclose
9  several months from now?
10     MS. JOHNSON: Well, Your Honor, I'd say we're prejudiced in
11 a few ways. First and foremost, we would be prejudiced because
12 we would be forced to put into writing and subject to rebuttal
13 assets of our expert's work that are not due yet and it's not
14 appropriate to reveal yet.
15     To the extent that that information was important to fact
16 discovery, which it is not, then, of course, we would be in a
17 position to have to do that now. But, you know, the Bureau
18 would argue that any requirement that makes the Bureau
19 singularly responsible for revealing aspects of its expert's
20 report, in advance of the schedule outlined by Judge Mariani,
21 is, by default, prejudicing our position and our case.
22     SPECIAL MASTER: Anything else, Ms. Dryhurst?
23     MS. DRYHURST: No, Your Honor. We can proceed in that
24 fashion. We just want it to be clear that we will need to
25 engage in call production, in response to their expert's