IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Consumer Financial Protection Bureau, | |
| Plaintiff, | Case No. 3:17-CV-00101-RDM (Hon. Robert D. Mariani) |
| v. | |
| Navient Corporation, *et al.*, | Electronically Filed |
| Defendants. | |

**PLAINTIFF'S NOTICE OF RECENT AUTHORITY**

Plaintiff Consumer Financial Protection Bureau ("Bureau") submits this Notice to inform the Court of recent authority relevant to the Court's adjudication of Defendants' pending Motion for Judgment on the Pleadings (Doc. 504).

Two courts have now considered the Bureau's ratification of pending enforcement actions in the wake of the Supreme Court's decision in *Seila Law LLC v. CFPB*, 140 S. Ct. 2183 (2020). Both have held that those ratifications are valid, and both have concluded that those ratifications resolve any problem relating to the statutory removal restriction that the Supreme Court held invalid, but severable, in *Seila Law*.

In *BCFP v. Chou Team Realty LLC*, No. 8:20-cv-00043 (C.D. Cal. Order Regarding Motion to Dismiss, Aug. 21, 2020) (attached as Exhibit 1), the court rejected an argument by one of the defendants that the Bureau's ongoing

enforcement action could not be ratified but must instead be dismissed. The court held that "[a]ny constitutional deficiency regarding the removability issue at the time the Complaint was filed was cured by the Supreme Court severing the removal provision from the rest of the organic statute, coupled with the Director's July 9 ratification of the action." Exhibit 1, at 4.

And in *BCFP v. Law Offices of Crystal Moroney, P.C.*, No. 7:20-cv-03240 (S.D.N.Y. Aug. 19, 2020), the court, ruling from the bench, granted the Bureau's petition to enforce a civil investigative demand (CID). (A copy of the transcript of that ruling is attached as Exhibit 2.) The Bureau had filed that action before the Supreme Court issued its decision in *Seila Law*, but the Bureau's Director ratified the action after *Seila Law* confirmed that she is removable at will by the President. That ratification, the court held, cured any defect in the initial filing of the case. Exhibit 2 at 69:25-70:3. The court ordered the CID to be enforced, rejecting the respondent's arguments that the Director's ratification was invalid. *Id.* at 78:18-19; 71:25-72:6.

Dated: September 4, 2020

Respectfully submitted,

Thomas G. Ward
*Enforcement Director*

David Rubenstein
*Deputy Enforcement Director*

Thomas Kim
*Assistant Deputy Enforcement Director*

   /s/ Andrea Matthews
Andrea Matthews, MA 694538
(Andrea.Matthews@cfpb.gov; 202-435-7591)
Nicholas Jabbour, DC 500626
(Nicholas.Jabbour@cfpb.gov; 202-435-7508)
Ebony Sunala Johnson, VA 76890
(Ebony.Johnson@cfpb.gov; 202-435-7245)
Nicholas Lee, DC 1004186
(Nicholas.Lee@cfpb.gov; 202-435-7059)
Carl Moore, MD 0912160268
(carl.moore@cfpb.gov; 202-435-9107)
Tracee Plowell, NY 2994457
(tracee.plowell@cfpb.gov; 202-435-9861)
*Enforcement Attorneys*

1700 G Street NW
Washington, DC 20552
Fax: 202-435-9346

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I certify that on September 4, 2020, I filed the foregoing document with the Court's ECF system, which will send notification of such filing to counsel for Defendants.

    /s/ Andrea Matthews
Andrea Matthews, MA 694538
Andrea.Matthews@cfpb.gov
1700 G Street NW
Washington, DC 20552
Phone: 202-435-7591
Fax: 202-435-9346

*Attorney for Plaintiff*