IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Consumer Financial Protection Bureau, | )<br>)<br>) |
| *Plaintiff*, | )  Civil Action No. 3:CV-17-00101<br>)  (Hon. Robert D. Mariani) |
| v. | )<br>) |
| Navient Corporation, *et al.*, | )<br>) |
| *Defendants*. | ) |

### DEFENDANTS' RESPONSE TO CFPB'S
### <u>NOTICE OF RECENT AUTHORITY</u>

Defendants' write to respond to the CFPB's Notice of Recent Authority regarding Defendants' Motion for Judgment on the Pleadings. *See* Doc. 535. Neither decision cited in the CFPB's Notice supports the argument that the Director validly ratified this lawsuit, because neither case even considered the issue presented here—namely, whether the Director can ratify a prior unconstitutional action after the statute of limitations for initiating the action has expired.

In *BCFP v. Chou Team Realty LLC*, the CFPB originally filed suit on January 9, 2020, and its Director ratified the action on July 9, 2020. Doc. 535 Ex. 1 at 1-4. The defendant's motion to dismiss did not raise—and the court did not

1

address—any argument that the Director's ratification was untimely due to the statute of limitations governing the CFPB's claims. *Id.*

As for *BCFP v. Law Offices of Crystal Moroney, P.C.*, to the extent the case is relevant at all, its analysis supports *Defendants'* Motion for Judgment. *See* Doc. 535 Ex. 2. Addressing the issue of ratification, the court recognized the requirement, derived from "principles of agency law," that "the ratifier must, at time of ratification, still have the authority to take the action to be ratified." *Id.* at 63:7, 20-21 (quoting *Advanced Disposal Servs. E., Inc. v. N.L.R.B.*, 820 F.3d 592, 603 (3d Cir. 2016)). However, because the court found "no limitation that would prevent Director Kraninger from bringing an enforcement action against respondent at the time [of ratification]," it ruled that her ratification was valid. *Id.* at 65:2-4. The same analysis requires judgment for the Defendants here, because at the time of ratification Director Kraninger lacked authority "to take the action to be ratified" (*i.e.*, file this suit), due to the expiration of the statutes of limitations governing the CFPB's claims. *Id.* at 63:20-21.

Dated:  September 9, 2020

Respectfully submitted,

/s/ Jonathan E. Paikin
Jonathan E. Paikin (DC 466445) (*pro hac vice*)
Daniel P. Kearney (DC 977148) (*pro hac vice*)
Karin Dryhurst (DC 1034290) (*pro hac vice*)
Gary R. Dyal (DC 176830) (*pro hac vice*)
Wilmer Cutler Pickering
  Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
jonathan.paikin@wilmerhale.com
daniel.kearney@wilmerhale.com
karin.dryhurst@wilmerhale.com
gary.dyal@wilmerhale.com
Tel: 202-663-6000
Fax: 202-663-6363

Daniel T. Brier (PA 52348)
Myers Brier & Kelly, LLP
425 Spruce Street, Suite 200
Scranton, PA 18503
dbrier@mbklaw.com
Tel: 570-342-6100
Fax: 570-342-6147

*Counsel for Navient Corporation, Navient Solutions, LLC, and Pioneer Credit Recovery, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2020, I filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record who are deemed to have consented to electronic service:

/s/ Karin Dryhurst
Karin Dryhurst (DC 1034290) (*pro hac vice*)
Wilmer Cutler Pickering
 Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
karin.dryhurst@wilmerhale.com
Tel: 202-663-6000
Fax: 202-663-6363