

1700 G Street NW,
Washington, DC 20552

September 23, 2020

**Via ECF**

The Honorable Robert D. Mariani
U.S. District Court for the Middle District of Pennsylvania
William J. Nealon Federal Bldg. & U.S. Courthouse
235 N. Washington Avenue
Scranton, PA 18503

    Re:    *CFPB v. Navient Corp., et al.*, Case No. 3:17-CV-00101-RDM

Dear Judge Mariani:

    The Bureau writes in response to Defendants' September 18, 2020 letter (ECF #540).

    As noted in the Bureau's April 24, 2020 letter discussing the issue of Special Master involvement (ECF #466), the Court's January 16, 2019 Order (ECF #158) ("Appointment Order") sets forth the Special Master's duties – i.e., "to decide all current and future discovery disputes in this action." In addition, as the Special Master indicated during an April 14, 2020 hearing, if all the parties consent to some additional matters beyond discovery disputes being heard by the Special Master, the parties can so inform the Special Master at the time that they reach such agreement. See 4/14 Hearing Transcript at 24:22-25:5. ("[S]o if there are any issues that you believe that you could agree that could be presented to relieve Judge Mariani of some of that burden . . . and you think that I can be playing a role, like I've played before, then I would just let you know that I am available.").

    The Bureau does not consent to the Special Master deciding any of the motions that are the subject of Defendants' September 18, 2020 letter.[1] While the Bureau is deeply grateful for the role that the Special Master played in this case, given that this case involves matters of great public importance and could potentially impact millions of student loan borrowers, the Bureau believes dispositive motions and evidentiary issues are best decided by an Article III judge. This position is consistent with the parties' decision at the outset of the case to not consent to the involvement of a magistrate judge. In addition, though the Bureau agreed to waive the Special Master's potential conflict of interest that arose late in fact discovery when he joined a law firm that represents a student loan servicer adverse to the Bureau in litigation,

---

[1] As discussed in the Bureau's privilege dispute letter (ECF #519), the privilege dispute arose from summary judgment and is therefore not a discovery dispute.

that waiver was provided based on the understanding that fact discovery was near completion and therefore the Special Master's duties as delineated under the existing Appointment Order would end soon. There was no discussion at the time of the Special Master's role expanding to cover all pretrial issues. The Bureau does not consent to extending the scope of its waiver to cover new tasks.

Further, referring these motions to the Special Master would be unlikely to increase judicial efficiency as Defendants suggest. Given that the motions concern the disposition of claims and important evidentiary issues, the losing party is more likely to object to the Special Master's rulings, which would result in these motions coming before the Court for resolution.

In accordance with the January 16, 2019 Order and the discussion with the Special Master during the April 14, 2020 hearing, the Bureau believes that no further action is necessary when taking account of the Bureau's decision not to consent. To the extent that the Court is considering an amendment to the Appointment Order, the Bureau would request a hearing on the issue pursuant to Federal Rules of Civil Procedure 53(b)(1) and 53(b)(4).

Respectfully submitted,

/s/ Ebony Sunala Johnson


cc: The Honorable Thomas I. Vanaskie (Ret.) (via ECF and Email)