IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Consumer Financial Protection Bureau, | |
| Plaintiff, | Case No. 3:17-CV-00101-RDM (Hon. Robert D. Mariani) |
| v. | |
| Navient Corporation, *et al.*, | Electronically Filed |
| Defendants. | |

**[PROPOSED] ORDER**

IT IS HEREBY ORDERED as follows:

1.  Beginning on the date that this Order is entered, any document filed with the Court that constitutes a judicial record[1] and that cites to, references, reveals, or discloses any "Protected Material" (as that term is used in the Protective Order entered in this case (Doc. 66-1)), including any brief, motion, or any other pleading that cites to, references, reveals, or discloses "Protected Material" under the Protective Order, and any exhibits to any such filings, should initially be filed completely under seal, regardless of who the filing party is and/or who designated the material as "Confidential." Thus, for example, if a party's brief cites to, references, reveals, or discloses both documents designated as "Confidential" and documents not designated as "Confidential," the entirety of the brief and any exhibits to the brief

---

[1] *See In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 924 F.3d 662, 672-73 (3d Cir. 2019). This Order does not apply to discovery motions and documents filed in support of discovery motions. *See Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993).

must initially be filed completely under seal, regardless of who designated the material as "Confidential."

2. After the filing of any document under seal pursuant to paragraph 1, the parties must comply with the following provisions:

(a) <u>Filing Party's Identification of Information Sought to be Shielded from Public View</u>: After filing any document under seal pursuant to paragraph 1, the filing party must, within three business days of the filing of the document, serve on the non-filing party or parties a proposed redacted version of the document or inform the non-filing party or parties via email that it believes the entire document should be shielded from public view. Any information that the filing party claims should be redacted based on governing case law concerning the public right of access to judicial records, shall be marked in yellow highlighting, with the text to be redacted visible through the highlighting. Service of the document containing the proposed redactions shall occur by email; however, where the files are too large to transmit by email, service can occur instead through an FTP site. If the filing party does not believe any redactions are necessary, it can so indicate via email, without having to transmit the document.

(b) <u>Non-filing Party's Identification of Information Sought to be Shielded from Public View</u>: If a non-filing party seeks to include additional redactions of information to shield such information from public view, based on governing case law concerning the public right of access to judicial records, the non-filing party must

incorporate its additional proposed redactions on the version of the document received from the filing party and serve the resulting version of the document on the filing party within six business days of the filing of the document. If the filing party has indicated that it does not believe any redactions are necessary, the non-filing party must indicate any redactions it proposes in the version of the document that was initially served on the non-filing party, and it must serve the document containing its proposed redactions on the filing party within six business days of the filing of the document. Any redactions proposed by the non-filing party should be in green highlighting, with the text to be redacted visible through the highlighting. Service of the version of the document containing the non-filing party's proposed redactions shall occur by email; however, where the files are too large to transmit by email, service can occur instead through an FTP site. If the non-filing party does not believe any redactions are necessary, it can so indicate via email without having to transmit the document. If the non-filing party believes the entire document should be shielded from public view, it can so indicate via email without having to transmit the document, but must send the email within six business days of the filing of the document.

(c) <u>Notification to Third Parties</u>: If a document filed under seal pursuant to paragraph 1 cites to, references, reveals, or discloses any material designated as "Confidential" by a third party, and that was procured from that third party in response to a subpoena in this litigation, the filing party must ensure that the third

party is notified of its rights under this order, which includes at a minimum that the third party receives the document or portion of thereof containing the material that the third party designated as "Confidential" as well as a copy of this order by email within three business days of the filing of the document. If the third party has any redactions it would like to make or believes the entire document should be shielded from public view, based on governing case law concerning the public right of access to judicial records, it must inform the filing party of its proposed redactions or its position that the entire document should be shielded from public view, within six business days of the filing of the document.

(d) <u>Public Version</u>: Unless any party has indicated that it believes the entire document should be shielded from public view or all parties have indicated that they do not believe any redactions are necessary, within nine business days of the filing of the document, the filing party must file publicly via ECF a redacted version of the document clearly marked "Redacted Version" in the upper right-hand corner of the first page. This publicly redacted version shall include all of the redactions proposed by any party or third party, with the redactions implemented in black so that the underlying text will not be visible to the public. If all parties (including any third party) have indicated that they do not believe any redactions are necessary, within nine business days of the filing of the document, the filing party must file publicly via ECF an unredacted version of the document. If any party (including any third party) has indicated that it believes an entire document should be shielded from public view,

the filing party shall file via ECF a notice to that effect within nine business days of the filing of the document.

3.   Within ten business days of expiration of the ECF filing period described in paragraph 2(d) above, each party or third party that seeks to shield any document or portion of any document from public view must file a brief demonstrating why the presumption in favor of public access should be overcome. Such brief must explain, individually for each portion of the brief, motion, or other pleading for which redactions have been proposed, as well as individually for each exhibit for which redactions have been proposed, why the presumption in favor of public access should be overcome. Any party opposing the request to shield any document or portion of any document from public view then has ten business days after the filing of this brief to file a response brief. There shall be no replies. Such briefs may be filed under seal and need not comply with the provisions of paragraph 2. The party seeking to overcome the presumption of public access bears the burden of showing that the interest in secrecy outweighs the presumption. If the Court rules that the presumption in favor of public access has not been overcome for any document or portion thereof that a party sought to be shielded from public view, a new public version of the document that is consistent with the Court's ruling should be filed by the original filing party within five business days of the Court's ruling.

4.   To the extent audio or video files constitute "Protected Material" under the Protective Order, they may be maintained under seal, without the need for filing a

public version of the audio or video files. However, a party may elect to file under seal a transcribed version of an audio or video file, in which case the provisions in paragraph 2-3 above are applicable.

5. The provisions in paragraphs 2-3 above do not apply to Excel documents filed in native format. To the extent Excel documents filed in native format constitute "Protected Material" under the Protective Order, they may be maintained under seal, without the need to file a public version of the natively-filed Excel documents.

6. With respect to any borrowers whose information appears in Protected Material, the names, email and mail addresses, phone numbers, social security numbers, dates of birth, and financial account numbers of the borrowers must be redacted, even if the borrower has not designated such information as "Confidential," unless the borrower provides written consent to the public filing of such information and such filing conforms with the requirements of Federal Rule of Civil Procedure 5.2.

7. The provisions in paragraphs 2-6 above shall also apply to any documents filed on or after May 19, 2020 and before the date on which this Order is entered, except that for any such documents, the time periods set forth in paragraph 2 shall begin on the date that this Order is entered, rather than the filing date of the document, and shall be enlarged as follows:

- In paragraph 2(a), the three-business-days period shall be enlarged to five business days.

- In paragraph 2(b) the six-business-days period shall be enlarged to ten business days.

- In paragraph 2(c), the three-business-days period shall be enlarged to five business days and the six-business-days period shall be enlarged to ten business days.

- In paragraph 2(d), the nine-business-days period shall be enlarged to seventeen business days.

8. To the extent there is any conflict between a provision of this Order, and a provision of the previously-entered Protective Order (Doc. 66-1), this Order shall govern.


Dated: _____, 2020          _____
                                    HONORABLE ROBERT D. MARIANI
                                    UNITED STATES DISTRICT JUDGE