# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Consumer Financial Protection Bureau,

    Plaintiff,

    v.

Navient Corporation, *et al.*,

    Defendants.

Case No. 3:17-CV-00101-RDM
(Hon. Robert D. Mariani)

ELECTRONICALLY FILED

## PLAINTIFF'S BRIEF IN SUPPORT OF ITS MOTION
## FOR ENTRY OF AN ORDER ESTABLISHING ADDITIONAL
## PROTECTIVE ORDER PROCEDURES

Thomas G. Ward
*Enforcement Director*

David Rubenstein
*Deputy Enforcement Director*

Thomas Kim
*Assistant Deputy Enforcement Director*

Ebony Sunala Johnson, VA 76890
Nicholas Lee, DC 1004186
Andrea Matthews, MA 694538
Carl Moore, MD 0912160268
Tracee Plowell, NY 2994457
*Enforcement Attorneys*

*Attorneys for Plaintiff*

# **TABLE OF CONTENTS**

INTRODUCTION ...................................................................................1

FACTUAL BACKGROUND AND PROCEDURAL HISTORY .........................3

STATEMENT OF QUESTION INVOLVED ..................................................6

ARGUMENT.........................................................................................7

CONCLUSION ................................................................................... 16

# TABLE OF AUTHORITIES

**Cases**                                                                          **Page(s)**

*Bank of America National Trust & Savings Association v. Hotel Rittenhouse Associates*,
  800 F.2d 339 (3d Cir. 1986) ..................................................................................7

*Black Bear Energy Servs., Inc. v. Youngstown Pipe & Steel, LLC*,
  2019 WL 1296654 (W.D. Pa. Mar. 21, 2019) ...................................................11

*BP Exploration & Production, Inc. v. Claimant ID 100246928*,
  920 F.3d 209 (5th Cir. 2019) ..........................................................................11

*Consumer Financial Protection Bureau v. Ocwen*,
  No. 9:17-cv-80495, slip. op. at 2, (S.D. Fl. June 9, 2020) ................................8

*Cutsforth, Inc. v. Lemm Liquidating Co., LLC*,
  2020 WL 772442 (W.D. Pa. Feb. 18, 2020) .....................................................8

*Ebert v. C.R. Bard, Inc.*,
  2020 WL 429771 (E.D. Pa. Jan. 28, 2020) ......................................................10

*Foltz v. State Farm Mutual Automobile Insurance Company*,
  331 F.3d 1122 (9th Cir.2003) ...........................................................................8

*In re Application of Storag Etzel GmbH for an Order, Pursuant to 28 U.S.C. § 1782, to Obtain Discovery for Use in a Foreign Proceeding*,
  2020 WL 2949742 (D. Del. Mar. 25, 2020)......................................................10

*In re Avandia Mktg., Sales Practices & Products Liability Litigation*,
  924 F.3d 662 (3d Cir. 2019).......................................................................*passim*

*Leucadia, Inc. v. Applied Extrusion Technologies, Inc.*,
  998 F.2d 157 (3d Cir. 1993)..........................................................................7, 8

*Lugosch v. Pyramid Company of Onondaga*,
  435 F.3d 110 (2d Cir. 2006).............................................................................11

*Mine Safety Appliances Company v. North River Insurance Company*,
  73 F. Supp. 3d 544 (W.D. Pa. 2014)..................................................................8

*North Jersey Media Group Inc. v. United States*,
   836 F.3d 421 (3d Cir. 2016) ........................................................................7

*Pansy v. Borough of Stroudsburg*,
   23 F.3d 772 (3d Cir. 1994) ..........................................................................4

*Republic of Philippines v. Westinghouse*,
   949 F.2d 653 (3d Cir. 1991) .........................................................................8

## <u>Rules</u>

Fed. R. Civ. P. 26(c) ......................................................................... 4, 7, 8, 10

Plaintiff Consumer Financial Protection Bureau ("Bureau") respectfully files this brief in support of its Motion for Entry of an Order Establishing Additional Protective Order Procedures. Specifically, the Bureau requests that the Court enter an Order that supplements the November 3, 2017 Confidentiality Agreement and Protective Order (Stipulated Order) with additional procedures to ensure that all judicial records filed in this case on or after May 19, 2020 (the date of the parties' summary judgment motions and accompanying materials), are accessible to the public absent a compelling reason that overcomes the presumption in favor of public access applicable to judicial records.

## **INTRODUCTION**

The Stipulated Order was an agreement expressly designed to facilitate the exchange of information during discovery in this case. Discovery in this case is over, and on August 18, 2020, the parties completed summary judgment briefing. Substantial portions of the parties' summary judgment filings—including the entirety of the Bureau's briefs, its statement of undisputed material facts, its response to Defendants' statement of undisputed material facts, and its exhibits— are currently hidden from the public because paragraph 11 of the Stipulated Order requires that "[a]ny document that is filed with the Court that reveals or discloses any Protected Material, unless the Parties otherwise agree in writing or the Court otherwise orders, shall be filed under seal" (Doc. 66-1 ¶ 11), and most of the

Bureau's exhibits were documents produced by Defendants that they designated as Protected Material. Beyond summary judgment, the parties have filed, and will likely continue to file, additional judicial records, such as motions, briefs, and supporting exhibits between the close of discovery and the conclusion of this litigation. However, as a result of paragraph 11 of the Stipulated Order, many of these materials would have to be filed under seal.

The filing of the Bureau's summary judgment papers and other judicial records under seal, while required by paragraph 11 of the Stipulated Order, is contrary to the presumptive right of public access applicable to judicial records. While the Stipulated Order was appropriate to facilitate the exchange of materials in discovery, additional procedures are necessary to protect the public's right of access to judicial records filed after the close of discovery. In an opinion issued after this Court accepted the Stipulated Order in this matter, the Third Circuit held that "when discovery materials are filed as court documents," a "more rigorous common law right of access" applies, and that for such documents, there is a "presumption in favor of public access." *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 924 F.3d 662, 670 (3d Cir. 2019). The Third Circuit explained that this presumption applies "to pretrial motions of a nondiscovery nature, whether preliminary or dispositive, and the material filed in connection therewith."

*Id.* at 672. Consistent with *Avandia*, the Bureau seeks an order that establishes procedures to ensure that filings that constitute judicial records, including the parties' summary judgment filings and other documents filed in this litigation, are accessible to the public absent specific findings articulating compelling reasons to overcome the presumption in favor of public access. These proposed new procedures would apply to all judicial records filed with the Court on or after May 19, 2020—the date of the parties' summary judgment motions were filed.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On November 2, 2017, to facilitate discovery, the parties filed a joint motion for entry of a stipulated confidentiality agreement and protective order, attaching their proposed stipulated protective order. Doc. 66. The motion stated: "The parties have negotiated the attached protective order *so as to facilitate the exchange of confidential information in discovery* while protecting sensitive personal and commercial information." *Id.* (emphasis added). The proposed protective order stated that "discovery in this matter is expected to include the production of documents and information that are commercially-sensitive, proprietary, confidential and/or constitute protected trade secrets as well as documents that contain private information and personal identifiers relating to non-party borrowers" and that the order was "intended to establish a procedure to maintain

3

the confidentiality of such records and information." Doc. 66-1 at 1-2. Describing

the grounds for its entry, the proposed protective order quoted the following

language from Federal Rule of Civil Procedure 26(c)(1): "The court may, for good

cause, issue an order to protect a party or person from annoyance, embarrassment,

oppression, or undue burden or expense." *Id.* at 2. As additional supporting

authority, the motion and proposed order also cited *Pansy v. Borough of*

*Stroudsburg*, 23 F.3d 772 (3d Cir. 1994), a case in which the Third Circuit

described the factors to be considered by courts in determining whether to enter

protective orders applicable to documents that are not judicial records, such as

discovery materials not filed with the court or certain settlement agreements. *Id.* at

783, 787-88. The proposed protective order listed the *Pansy* factors,[1] and stated

that "the balance of the factors in this case supports the issuance of this Order."

Doc. 66-1 at 2.

On November 3, 2017, the Court entered an Order accepting the parties'

---

[1] As stated in the Stipulated Order, the *Pansy* factors are: "(1) whether disclosure will violate privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public." Doc. 66-1 at 2. *See also Pansy*, 23 F.3d at 787-91.

proposed protective order, as well as their proposed agreement governing technical specifications for discovery. In doing so, the Court stated that it "recognize[d] the documents as agreements between the parties," and "express[ed] no opinion as to the merits of the agreements and neither approves nor disapproves their content." Doc. 67. The Stipulated Order provides that the terms of the agreement "may be amended ... by order of the Court, on noticed motion, for good cause shown." Doc. 66-1 ¶ 13.2.

The Stipulated Order defines "Protected Material" as "Any Discovery Material that is designated as 'Confidential.'" Doc. 66-1 ¶ 2.12. With regard to filings that reveal or disclose Protected Material, the Stipulated Order provides: "Any document that is filed with the Court that reveals or discloses any Protected Material, unless the Parties otherwise agree in writing or the Court otherwise orders, shall be filed under seal, in accordance with the procedures set forth in Local Rule 5.8."

Fact and expert discovery in this case closed on June 7, 2019 and March 11, 2020, respectively. On May 19, 2020, the Bureau and Defendants each filed a summary judgment motion, including supporting briefs, statement of undisputed material facts, and exhibits. On July 16, 2020, the parties filed their opposition briefs, responses to the other side's statement of undisputed material facts, and

exhibits. On August 18, 2020, the parties filed their reply briefs and exhibits. In addition, there have been various other filings related to the summary judgment motions, including two motions to strike from Defendants and a letter from the Bureau concerning Defendants' attempt to recall an exhibit that the Bureau relied upon in its summary judgment brief. To comply with paragraph 11 of the Stipulated Order, the Bureau filed all of its documents, except for the summary judgment motion itself, under seal because most of the Bureau's exhibits were documents produced by Defendants that they designated as Protected Material. Defendants, however, filed public redacted versions of their filings, including documents they had designated as "Confidential" during discovery. Defendants' public filing of Protected Material with its summary judgment papers demonstrates that they do not believe that material should be shielded from the public.

## STATEMENT OF QUESTION INVOLVED

1.      Should the Court enter an order supplementing the parties' stipulated protective order with additional procedures to ensure that all judicial records filed in this case on or after May 19, 2020 (the date of the parties' summary judgment motions and accompanying materials) are accessible to the public absent a compelling reason that overcomes the presumption in favor of public access applicable to judicial records?

6

**Suggested answer:** Yes.

## <u>ARGUMENT</u>

In *Avandia*, the Third Circuit explained the significant difference between the standard for protection of materials merely exchanged in discovery and the standard for protection of judicial records, which includes discovery materials filed with a court. The Third Circuit stated that protective orders covering materials merely exchanged in discovery are based on Federal Rule of Civil Procedure 26(c), and that in evaluating the confidential nature of such materials, courts should apply the factors articulated in *Pansy*. *Avandia*, 924 F.3d at 670-71.

In contrast, a "more rigorous" and "exacting common law right of access standard," rather than the *Pansy* factors, applies to "judicial records," which are documents that "ha[ve] been filed with the court ... or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings." *Id.* at 670, 672, 675 (internal quotation marks omitted).[2] The common law right of access

---

[2] *See also Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 345 (3d Cir. 1986) ("Once a [document] is filed ... it becomes a judicial record, and subject to the access accorded such records"); *North Jersey Media Group Inc. v. United States*, 836 F.3d 421, 434–35 ("The act of filing, in fact, seems to be the most significant consideration, as is evident in situations in which we have previously granted the right of access."); *Leucadia, Inc. v. Applied Extrusion Techs., Inc.,* 998 F.2d 157, 162 (3d Cir. 1993) ("Once documents are filed with the court, they lose their private nature and become part of the court file

standard applies to "documents filed in connection with a motion for summary judgment"[3] and "pretrial motions of a nondiscovery nature, whether preliminary or dispositive, and the material filed in connection therewith." *Id.* at 672 (internal quotation marks omitted). *See Leucadia v. Applied Extrusion Technologies, Inc.*, 998 F.2d 157, 165 (3d Cir. 1993) (same); *Republic of Philippines v. Westinghouse*, 949 F.2d 653, 661 (3d Cir. 1991) (common law right of access applies to materials filed in connection with a motion for summary judgment); *Consumer Financial Protection Bureau v. Ocwen*, No. 9:17-cv-80495, slip. op. at 2, (S.D. Fl. June 9, 2020) (holding that "[m]aterial filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access." (internal citations omitted)); *Cutsforth, Inc. v. Lemm Liquidating Co., LLC,* 2020 WL 772442, at *1 (W.D. Pa. Feb. 18, 2020) (unsealing and redacting documents after ordering parties to show cause as to why materials previously sealed or redacted should not be unsealed or un-redacted pursuant to *Avandia*).

In *Avandia*, the Third Circuit explained that the common law right of access

_____

and 'public components' of the judicial proceeding to which the right of access attaches.") (internal quotation marks and citation omitted).

[3] The presumption in favor of public access "applies with particular force to judicial records relating to summary judgment" because those proceedings "adjudicate the substantive rights of parties and often serve as a substitute for trial." *Mine Safety Appliances Co. v. N. River Ins. Co.*, 73 F. Supp. 3d 544, 559 (W.D. Pa. 2014) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

standard is "[a]nalytically distinct from the District Court's ability to protect discovery materials under Rule 26(c)" because it "presumes that the public has a right of access to judicial materials." 924 F.3d at 672. Recognizing that the public has the right to "inspect and copy public records and documents, including judicial records and documents," the common law right of access standard "promotes public confidence in the judicial system" and "provide[s] the public with a more complete understanding of the judicial system and a better perception of its fairness." *Id.* at 672, 677 (internal quotations marks and citation omitted). The Third Circuit stated that "the *Pansy* factors are not sufficiently robust for assessing the public's right to access judicial records" and "some of the *Pansy* factors are incompatible with our case law on the common law right of access." *Id.* at 676.

To overcome the presumption in favor of public access with respect to a judicial record, a court must articulate "the compelling, countervailing interests to be protected," make "specific findings on the record concerning the effects of disclosure," and "provide[ ] an opportunity for interested third parties to be heard." *Id.* at 672–73 (internal quotation marks and citation omitted). "Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *Id*. A party seeking to overcome the presumption, must detail the specific injury that will be caused by the disclosure of each individual document. *Id.* at 673.

9

In *Avandia*, the Third Circuit held that the district court erred by failing to "apply the exacting common law right of access standard, including the 'strong presumption' of access" to the judicial records at issue, and by "not conducting a document-by-document review, instead analyzing sixty-five disputed documents in a single paragraph contained in a footnote"—a "collective evaluation [that] falls short of the exacting analysis our precedent requires." *Id.* at 675, 677. Courts must conduct such a document-by-document review for each document that a party seeks to shield from public view. *In re Application of Storag Etzel GmbH for an Order, Pursuant to 28 U.S.C. § 1782, to Obtain Discovery for Use in a Foreign Proceeding*, 2020 WL 2949742, at *12 (D. Del. Mar. 25, 2020), report and recommendation adopted in part *sub nom. In re Storag Etzel GmbH*, 2020 WL 2915781 (D. Del. June 3, 2020) ("The Third Circuit's *Avandia* opinion mandates a 'document-by-document' review of the claimed propriety of sealing."); *Ebert v. C.R. Bard, Inc.*, 2020 WL 429771, at *2 (E.D. Pa. Jan. 28, 2020) ("The Court must conduct a 'document-by-document review' of the contents of the materials sought to be sealed.") (citing *Avandia*).

As discussed above, the express purpose of the Stipulated Order was to facilitate the exchange of materials in discovery. The Stipulated Order cites the *Pansy* factors and the standard set forth in Rule 26(c). However, while the

Stipulated Order remains appropriate to protect materials that were exchanged in discovery but not filed with the Court and materials filed in connection with discovery motions, it lacks procedures to determine whether documents filed after discovery has concluded, including pretrial motions of a nondiscovery nature and materials filed in support of such motions, should be disclosed to the public under the common law right of access standard. In particular, paragraph 11 of the Stipulated Order allows "Confidentiality" designations for materials exchanged in discovery to dictate whether filings of a nondiscovery nature that reveal or disclose such materials should remain under seal.[4] Because those "Confidentiality" designations would have been guided by the less rigorous *Pansy* factors, they are necessarily overbroad and thus inappropriate for determining whether judicial records should be disclosed to the public under the exacting common law right of access standard articulated in *Avandia*.

---

[4] Parties cannot by agreement vitiate the public's right to access judicial records. *See*, *e.g.*, *Black Bear Energy Servs., Inc. v. Youngstown Pipe & Steel, LLC*, 2019 WL 1296654, at *4 (W.D. Pa. Mar. 21, 2019) (courts must "closely scrutinize the materials filed in the case to determine whether the public right of access has been overcome in order 'to protect the legitimate public interest in filed materials from overly broad and unjustifiable protective orders agreed to by the parties for their self-interests.'"); *BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209, 211–12 (5th Cir. 2019) (private litigants cannot contract away the public's right of access); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006) (reliance on a discovery confidentiality order is "insufficient to outweigh the strong presumption in favor of public access.").

Moreover, paragraph 11 includes no mechanism for the Court to conduct a document-by-document analysis under the common law right of access standard before determining that filed materials should remain under seal, as required by *Avandia*. While a party could initiate a document-by-document analysis by invoking the procedures under section 6 of the Stipulated Order to assert a challenge to all of the confidentiality designations implicated in the judicial records at issue, relying on this process going forward would be highly problematic for at least four reasons.

First, the Court's document-by-document analysis is required by *Avandia*, and thus, does not depend on whether a party decides to assert a challenge under section 6 of the Stipulated Order. Second, because the confidentiality designations would have been guided by the *Pansy* factors rather than the more stringent common law right of access standard, the challenging party would likely have to assert a challenge to far more documents than necessary, creating an undue and potentially massive burden for the parties and the Court.[5] Third, paragraph 6.4 of the Stipulated Order requires the challenging party (the Receiving Party) to file a

---

[5] For example, to challenge Defendants' confidentiality designations on the exhibits filed in support of the Bureau's summary judgment motion or in response to Defendants' summary judgment motion, the Bureau would have to explain why hundreds of documents are not entitled to protection from disclosure under the common law right of access standard, and the Court would have to make a ruling on each of those documents.

motion "that identifies the challenged material [and] sets forth the basis for the challenge." While that procedure made sense for materials that were merely exchanged in discovery because it would deter the Receiving Party from broadly and without basis challenging confidentiality designations on vast quantities of discovery materials, it does not make sense as a procedure to determine whether judicial records should be publicly accessible. "The party seeking to overcome the presumption of access bears the burden of showing that the interest in secrecy outweighs the presumption," including stating how "disclosure will work a clearly defined and serious injury to the party." *Avandia*, 924 F.3d at 672, 678 (internal citations and quotation marks omitted). For judicial records, requiring the opposing party to file an initial brief stating *its understanding* of that party's alleged interest in secrecy and clearly defined and serious injury fails to comply with *Avandia* and would be highly inefficient and risk significant confusion. The party that claims the interest in secrecy due to an alleged serious injury that will result from disclosure must specifically describe the interest and injury first, so that the Court may make the necessary findings. Fourth, the party seeking to keep judicial records shielded from the public should be required to articulate the precise interest in secrecy and the clearly defined and serious injury it claims meets its burden with respect to each such record. And if a party indiscriminately claims that too many materials

should be kept under seal, without articulating the specific and concrete harms that will flow from the public disclosure of each of those materials, thereby forcing the Court to expend undue resources in doing the document-by-document analysis, the Court is in the best position to rein in that type of inappropriate conduct.

The Bureau's proposed order provides new procedures for determining whether judicial records filed with the Court on or after May 19, 2020—the date of the parties' summary judgment motions were filed—should be accessible to the public, making clear that the analysis should be conducted under the common law right of access standard described in *Avandia*. The proposed order would require any such document filed with the Court that cites to, references, reveals, or discloses any Protected Material, and any exhibits thereto, to be initially filed completely under seal to allow time for the parties to exchange their proposals regarding whether each such document should be shielded in whole or in part from public view, applying the common law right of access standard. Because the parties would no longer be applying the *Pansy* factors that applied to their "Confidentiality" designations during discovery, this process would substantially decrease the volume of materials sought to be shielded from public view. For any document that no party seeks to keep entirely shielded from public view but that at least one party proposes to redact, the filing party would be required to file a

publicly-redacted version that includes all of the redactions proposed by any party. If all parties agree that no redactions are necessary, the filing party would be required to file publicly an unredacted version of the document. If any party has indicated that it believes the entire document should be shielded from public view, the filing party shall file a notice to that effect. Each party that seeks to keep a document shielded in whole or in part from public view would then be required to file a brief demonstrating why the presumption in favor of public access should be overcome. Such brief must explain, individually for each portion of the brief, motion, or other pleading for which redactions have been proposed, as well as individually for each exhibit for which redactions have been proposed, why the presumption of public access should be overcome. The opposing party would be permitted to file a response brief. If the Court rules that the presumption in favor of public access has not been overcome for any judicial record or portion thereof that a party sought to be shielded from public view, a new public version of the judicial record that is consistent with the Court's ruling should be filed by the original filing party. [6]

---

[6] The Stipulated Order provides that disclosure of Protected Material beyond the limits set forth in the Stipulated Order would be permissible "by such orders as may be issued by the Court during the course of this litigation." Doc. 66-1 ¶ 2.12.

## **CONCLUSION**

For the foregoing reasons, the Bureau requests that its Motion for Entry of an Order Establishing Additional Protective Order Procedures be granted.

Dated: October 9, 2020                 Respectfully submitted,

                                                        Thomas G. Ward
                                                        *Enforcement Director*

                                                        David Rubenstein
                                                        *Deputy Enforcement Director*

                                                        Thomas Kim
                                                        *Assistant Deputy Enforcement Director*

                                                            /s/ Tracee Plowell
                                                        Tracee Plowell, NY 2994457
                                                        (Tracee.Plowell@cfpb.gov; 202-435-9861)
                                                        Ebony Sunala Johnson, VA 76890
                                                        (Ebony.Johnson@cfpb.gov; 202-435-7245)
                                                        Nicholas Lee, DC 1004186
                                                        (Nicholas.Lee@cfpb.gov; 202-435-7059)
                                                        Andrea Matthews, MA 694538
                                                        (Andrea.Matthews@cfpb.gov; 202-435-7591)
                                                        Carl Moore, MD 0912160268
                                                        (Carl.Moore@cfpb.gov; 202-435-9107)
                                                        *Enforcement Attorneys*

                                                        1700 G Street NW
                                                        Washington, DC 20552
                                                        Fax: 202-435-9346

                                                        *Attorneys for Plaintiff*

16

## **CERTIFICATE OF WORD COUNT**

Pursuant to Local Rule 7.8(b)(2), I hereby certify that the foregoing brief contains 3672 words.

    /s/ Tracee Plowell
Tracee Plowell, NY 2994457
Tracee.Plowell@cfpb.gov
1700 G Street NW
Washington, DC 20552
Phone: 202-435-9861
Fax: 202-435-9346

*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

I certify that on October 9, 2020, I filed the foregoing document with the Court's ECF system, which will send notification of such filing to counsel for Defendants.

/s/ Tracee Plowell
Tracee Plowell, NY 2994457
Tracee.Plowell@cfpb.gov
1700 G Street NW
Washington, DC 20552
Phone: 202-435-9861
Fax: 202-435-9346

*Attorney for Plaintiff*