# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Consumer Financial Protection Bureau, | ) | |
| | ) | |
| *Plaintiff*, | ) | Civil Action No. 3:CV-17-00101 |
| | ) | (Hon. Robert D. Mariani) |
| v. | ) | |
| | ) | |
| Navient Corporation, *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |

## MEMORANDUM OF LAW IN OPPOSITION TO
## PLAINTIFF'S MOTION FOR ENTRY OF AN ORDER
## <u>ESTABLISHING ADDITIONAL PROTECTIVE ORDER PROCEDURES</u>

## **INTRODUCTION**

No one disputes that the standard set forth in *In re Avandia Marketing., Sales Practices & Products Liability Litigation*, 924 F.3d 662 (3d Cir. 2019), applies to non-discovery filings in this case. The only issue is the *process* for managing the filing of confidential material.

The parties' existing *Stipulated* Confidentiality Agreement and Protective Order (Doc. 66-1) fully complies with *Avandia,* is consistent with the Local Rules, and provides an agreed-upon process for managing the confidentiality of materials filed with the Court. To the extent any clarification is necessary, Defendants have proposed a simple revision (included in Exhibit 1 to this filing). There is no basis to adopt the CFPB's cumbersome proposal, which would presumptively seal large amounts of non-confidential material, contrary to *Avandia*, and would impose unnecessary burdens on the parties and the Court.

## **ARGUMENT**

The CFPB's motion should be denied for two reasons. *First*, the CFPB's proposal undermines the right of public access described in *Avandia*, 924 F.3d at 672–73, because it would require the sealing of material where no party has any confidentiality interest. *Second*, the proposed process would unnecessarily burden the parties and the Court.

## I.   THE CFPB'S PROPOSED PROCESS IS INCONSISTENT WITH THE RIGHT OF PUBLIC ACCESS

Under *Avandia*, "[t]here is a presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive, and the material filed in connection therewith." 924 F.3d at 672 (quoting *In re Cendant Corp.*, 260 F.3d 183, 192-93 (3d Cir. 2001)). That presumption may be rebutted, and "[t]he party seeking to overcome the presumption of access bears the burden" to show "that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Id.* (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)). The presumption "does not permit the routine closing of judicial records to the public." *Id.*[1]

Yet the CFPB's proposed process would do just that. The proposed order provides: "[A]ny document," other than discovery motions, "filed with the Court … that cites to, references, reveals, or discloses any Protected Material, … and any exhibits to such filings, should initially be filed completely under seal." Doc. 543-1 ¶ 1 (quotation marks omitted). The CFPB's process would thus require the parties to make an entire filing under seal, even if only a single exhibit is

---

[1] Although *Avandia* was decided after entry of the current Order, the "presumptive right of public access to pretrial motions of a nondiscovery nature" is nothing new. 924 F.3d at 672 (quoting *In re Cendant Corp.*, 260 F.3d at 192–93 (3d Cir. 2001)).

confidential. That approach cannot be squared with *Avandia*. Instead, the parties should make a good-faith effort to minimize the filing of sealed material, including by identifying documents that do not need to remain confidential and filing those exhibits publicly. This approach is consistent with the existing Protective Order and with Defendants' handling of their summary judgment filings.

## II.  THE CFPB'S PROPOSED PROCESS WOULD UNNECESSARILY BURDEN THE COURT AND THE PARTIES

The CFPB's proposal is unnecessary and requires a cumbersome multi-step process that would burden the parties and the Court.

The existing Protective Order already provides an adequate process for managing confidential material in non-discovery filings. The Protective Order provides that the parties may agree that particular documents filed with the Court may be filed publicly, Doc 66-1 ¶ 11, and also permits a receiving party to challenge a confidentiality designation "at any time," *id.* ¶ 6.1, with 20 days to attempt to resolve the challenge without the involvement of the Court, *id.* ¶ 6.3. If the parties cannot agree, the receiving party may submit the challenge to the Court, and consistent with *Avandia*, "the Designating Party shall have the burden to establish that the information has been appropriately designated," *id.* ¶ 6.4. The CFPB did not take advantage of any of those avenues during summary judgment briefing and instead submitted its filings entirely under seal.

3

In contrast to the straightforward process in the existing Protective Order, the CFPB's proposal would burden the Court by requiring it to conduct a document-by-document review of all sealed materials, even where no party has challenged the confidentiality of a document.[2] *Avandia* itself explained that such a review is required only where there is a challenge to confidentiality:

> in cases involving large-scale discovery, the court may construct a broad umbrella protective order upon a threshold showing by the movant of good cause. . . . Once a party challenges the protective order, however, the party seeking to maintain the seal must justify the continued sealing of those documents. *At that point*, the district court must conduct a document-by-document review.

924 F.3d at 671 n.5 (quoting *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 n.17 (3d Cir. 1994) (emphasis added and quotation marks and citations omitted)). *See also Miller*, 16 F.3d at 551–52 ("Even if the initial sealing was justified, *when there is a subsequent motion* to remove such a seal, the district court should closely examine whether circumstances have changed sufficiently to allow the presumption allowing access to court records to prevail.") (emphasis added).

The CFPB's process also imposes unnecessary burdens on the parties. The proposed order replaces an existing 20-day meet-and-confer requirement with an unwieldy redaction and briefing process that occupies four pages of the CFPB's

---

[2] The CFPB's proposal also needlessly burdens the Clerk's Office, which would have to handle each exhibit under seal even if there is no confidentiality interest whatsoever in the document (*e.g.*, public websites).

proposal.  *Compare* Doc. 66-1 ¶ 6.3, *with* Doc. 543-1 at 2–5.  The CFPB's process proceeds in three-day increments for the nine days following any non-discovery filing, Doc. 543-1 ¶ 2(a)-(d), then requires each party (or non-party) seeking to maintain confidentiality to file a brief ten days after that, *id.* ¶ 3, and then provides another ten days for briefing in response, *id.*  There is no reason to require the parties to undertake such an extensive process at the same time they are simultaneously preparing briefs in opposition and reply for the underlying motion.

Defendants believe that the existing process is sufficient and that the CFPB's motion should be denied.  In the alternative, Defendants have proposed minor, clarifying, revisions to the current Protective Order.  *See* Ex. 1.  Defendants' proposal explicitly adopts the process set forth in the Local Rules, which require any sealing motion to be accompanied by "a statement of the legal and factual justification for the sealing order that is being sought."  *See* LR 5.8; LCrR 49.  The revision clarifies that the default requirement is for the parties to file as much as possible on the public docket in the first instance.  Ex. 1 ¶ 11.1.  And the burden would then fall on the party seeking to maintain confidentiality to come forward with reasons to overcome the presumption of public access.  If the designating party agrees to public disclosure, no briefs would need to be filed.

## **CONCLUSION**

Defendants respectfully request that the CFPB's motion be denied.

Dated:  October 23, 2020                     Respectfully submitted,

/s/ Jonathan E. Paikin
Jonathan E. Paikin (DC 466445) (*pro hac vice*)
Daniel P. Kearney (DC 977148) (*pro hac vice*)
Karin Dryhurst (DC 1034290) (*pro hac vice*)
Wilmer Cutler Pickering
   Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
jonathan.paikin@wilmerhale.com
daniel.kearney@wilmerhale.com
karin.dryhurst@wilmerhale.com
Tel: 202-663-6000
Fax: 202-663-6363

Daniel T. Brier (PA 52348)
Myers Brier & Kelly, LLP
425 Spruce Street, Suite 200
Scranton, PA 18503
dbrier@mbklaw.com
Tel: 570-342-6100
Fax: 570-342-6147

*Counsel for Navient Corporation, Navient Solutions, LLC, and Pioneer Credit Recovery, Inc.*

## CERTIFICATE OF WORD COUNT

I hereby certify in accordance with Local Rule 7.8(b)(2) that the foregoing document is 1,167 words.

/s/ Karin Dryhurst
Karin Dryhurst (DC 1034290) (*pro hac vice*)
Wilmer Cutler Pickering
  Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
karin.dryhurst@wilmerhale.com
Tel: 202-663-6000
Fax: 202-663-6363

Dated:  October 23, 2020

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2020, I filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record who are deemed to have consented to electronic service.

/s/ Karin Dryhurst
Karin Dryhurst (DC 1034290) (*pro hac vice*)
Wilmer Cutler Pickering
  Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
karin.dryhurst@wilmerhale.com
Tel: 202-663-6000
Fax: 202-663-6363