# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Consumer Financial Protection Bureau,

     Plaintiff,

     v.

Navient Corporation, *et al.*,

     Defendants.

Case No. 3:17-CV-00101-RDM
(Hon. Robert D. Mariani)

ELECTRONICALLY FILED

## PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION
## FOR ENTRY OF AN ORDER ESTABLISHING ADDITIONAL
## PROTECTIVE ORDER PROCEDURES

Thomas G. Ward
*Enforcement Director*

David Rubenstein
*Deputy Enforcement Director*

Thomas Kim
*Assistant Deputy Enforcement Director*

Ebony Sunala Johnson, VA 76890
Nicholas Lee, DC 1004186
Andrea Matthews, MA 694538
Carl Moore, MD 0912160268
Tracee Plowell, NY 2994457
*Enforcement Attorneys*

*Attorneys for Plaintiff*

# **TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................1

ARGUMENT.........................................................................................................4

I.  The Existing Stipulated Order Lacks Procedures Sufficient to Ensure
    Compliance with Avandia.....................................................................4

II. The Bureau's Proposed Procedures Are Clearer, Simpler, and Easier to
    Administer Than Defendants' Proposed Procedures, and Avoids
    Multiple Problems That Will Occur Under Defendants' Proposed
    Procedures......................................................................................... 10

    A.  Defendants' proposed procedures will result in disparities in the
        extent of public disclosure depending on which party designated
        the material as Protected Material.............................................11

    B.  Defendants' proposed procedures will result in differences in the
        applicable procedures and the parties' rights depending on which
        party designated the material as Protected Material..................12

    C.  Defendants' proposed procedures condition the permissibility of
        filing a public redacted version on the document revealing or
        disclosing Protected Material designated by the non-filing
        party..............................................................................15

    D.  Defendants' proposed procedures will place a significant burden
        on the Court......................................................................16

III. Defendants' Arguments About Purported Deficiencies in the Bureau's
     Proposed Procedures Are Meritless............................................17

    A.  Requiring that filings consisting of multiple documents be initially
        filed entirely under seal if one of the documents has been
        designated as Protected Material does not contravene *Avandia*.......17

    B.  Both sides' proposals will require the parties to identify proposed
        redactions and submit briefs to the Court justifying their
        redactions while they are briefing the underlying motion ............20

CONCLUSION ............................................................................................ 21

# TABLE OF AUTHORITIES

**Cases**                                                                                                      **Page(s)**

*Dandong v. Pinnacle Performance Ltd.*,
    2012 WL 6217646 (S.D.N.Y. Dec. 3, 2012)......................................................7

*Dobson v. Milton Hershey School*,
    434 F. Supp. 3d 224 (M.D. Pa. 2020)........................................................6

*In re Avandia Marketing, Sales Practices & Products Liability Litigation*,
    924 F.3d 662 (3d Cir. 2019)..........................................................*passim*

*In re Pressure Sensitive Labeldstock Antitrust Litigation*,
    2006 WL 433891 (M.D. Pa. Feb. 21, 2006)..................................16

*Lipocine Inc. v. Clarus Therapeutics, Inc.*,
    2020 WL 4569473 (D. Del. Aug. 7, 2020)......................................7

*Midwest Athletics & Sports All. LLC v. Ricoh USA, Inc.*,
    332 F.R.D. 159 (E.D. Pa. 2019)....................................................7

*Mine Safety Appliances Co. v. N. River Ins. Co.*,
    73 F. Supp. 3d 544 (W.D. Pa. 2014)..............................................8

*Pansy v. Borough of Stroudsburg*,
    23 F.3d 772 (3d Cir. 1994)...........................................................1

*Paresky v. United States*,
    2019 WL 4888689 (S.D. Fla. Aug. 30, 2019)................................19

*Reyes v. Freebery*,
    192 F. App'x 120 (3d Cir. 2006).................................................8, 19

*Scranton Products, Inc., v. Bobrick Washroom Equipment, Inc.*,
　2016 WL 7330581 (M.D. Pa. Dec. 16, 2016)......................................................16

*Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*,
　825 F.3d 299 (6th Cir. 2016)…..............................................................................7

*Wilmington Savings Fund Society, FSB v. Houston Casualty Company*,
　2018 WL 3768531 (D. Del. Aug. 8, 2018)…..........................................................7

The Bureau respectfully submits this reply brief in support of its motion for entry of an order supplementing the November 3, 2017 Confidentiality Agreement and Protective Order (Stipulated Order) with additional procedures to ensure that all judicial records filed in this case on or after May 19, 2020, are accessible to the public absent a compelling reason that overcomes the presumption in favor of public access applicable to judicial records.

## INTRODUCTION

Claiming there is no need for any additional procedures, Defendants assert that the Stipulated Order already provides an "adequate process for managing confidential material in non-discovery filings" that complies with the Third Circuit's decision in *In re Avandia Marketing, Sales Practices & Products Liability Litigation*, 924 F.3d 662, 670 (3d Cir. 2019). Def. Br. at 3. Defendants are wrong. In fact, the Stipulated Order was expressly intended to govern the handling of confidential discovery materials under the factors set forth in *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994), and is insufficient to ensure compliance with *Avandia* because it allows judicial records to be permanently filed under seal by the agreement of the parties. The public's right to access judicial records is essential to the justice system and does not turn on whether a party elects to challenge another party's filing of a judicial record under seal.

As an alternative to relying on the existing Stipulated Order, Defendants present their own proposed additional procedures, through what they call "simple revisions" to paragraph 11 of the Stipulated Order. Br. at 1; Def. Mot. Ex. A. They contend that the Bureau's proposed additional procedures are cumbersome for the parties and would burden the Court. In fact, as discussed below, the Bureau's proposed procedures are clearer, simpler, and easier to administer than Defendants' proposed procedures, and would avoid multiple significant problems for the parties and the Court that will occur under Defendants' proposed procedures. These problems include substantial unjustified disparities in the extent of public disclosure and substantial differences in the applicable procedures and the parties' rights, depending solely on whether the Protected Material revealed or disclosed in the filed document was designated by the filing party or by a non-filing party. Moreover, while Defendants assert that it is "cumbersome" for the parties to have to identify the documents and portions of documents they believe should be shielded from public view and to prepare briefs justifying their requests to keep those materials under seal, at the same time that they are preparing briefing on the underlying motion, those tasks must be completed in an event to comply with *Avandia*, and Defendants' proposed procedures would likewise require the parties to complete those tasks while preparing briefing on the underlying motion. The

2

Bureau's proposed procedures would also minimize the burden on the Court by ensuring that the parties work together to jointly identify the specific materials each party wants to shield from public access and to expeditiously prepare and file public versions of documents that were initially filed under seal *before* any motion to seal is filed. This will eliminate unnecessary docket entries and minimize the volume of material the Court has to review.

Finally, there is no merit to Defendants' argument that the Bureau's proposed procedures requiring the parties to initially file certain non-Confidential documents under seal when they are part of a filing that consists of multiple documents contravenes *Avandia*. *Avandia* does not prevent a court from temporarily limiting the public's access to judicial records. Indeed, both sides' proposed procedures would temporarily limit the public's access to judicial records for which no party has asserted that the presumption of access has been overcome. The Bureau's proposed procedures comply with *Avandia* because it provides a mechanism for the Court to ultimately determine, for any judicial record that a party seeks to keep under seal, whether the presumption of public access has been overcome such that it should be permanently filed under seal.

In sum, the Stipulated Order must be supplemented with additional procedures to ensure that the filing of judicial records under seal complies with

*Avandia*, and the Bureau's proposed procedures comply with *Avandia* and are superior to Defendants' proposed procedures for multiple reasons. Accordingly, the Court should grant the Bureau's motion.

## **ARGUMENT**

### I.    **The Existing Stipulated Order Lacks Procedures Sufficient to Ensure Compliance with** *Avandia*

As the Bureau explained in its initial brief, the existing Stipulated Order lacks sufficient procedures to ensure that judicial records filed in this case are accessible to the public absent a compelling reason that overcomes the presumption in favor of public access. Under paragraph 11 of the Stipulated Order, the parties must file judicial records under seal merely because they were designated as Protected Material based on the *Pansy* factors, without any requirement that the party seeking to overcome the presumption of public access show that the interest in secrecy outweighs the presumption. For judicial records, this procedure does not comply with *Avandia*.

Nonetheless, Defendants contend that the Stipulated Order "fully complies with *Avandia*." Def. Br. at 2. They base their contention on the following statement in footnote 5 of the Third Circuit's decision in *Avandia*: "[I]n cases involving large-scale discovery, the court may construct a broad umbrella protective order upon a threshold showing by the movant of good cause…. Once a party challenges

4

the protective order, however, the party seeking to maintain the seal must justify the continued sealing of those documents. At that point, the district court must conduct a document-by-document review." 924 F.3d at 671 n.5. Defendants assert that the provisions of the Stipulated Order that allow the parties to "agree that particular documents filed with the Court may be filed publicly" and, in the event of a disagreement, "permit[] a receiving party to challenge a confidentiality designation" are consistent with footnote 5 of *Avandia*. Defendants also contend, based on footnote 5, that a court has no obligation to conduct a "document-by-document" review of judicial records sought to be protected from public disclosure unless and until a party indicates its disagreement by initiating a challenge to the filing of the document under seal. Defendants are incorrect.

First, footnote 5 does not apply to judicial records. That footnote appears in the Third Circuit's discussion of Rule 26(c) protective orders. As the Third Circuit explained, a Rule 26(c) protective order "may apply to *all litigation materials—not just those filed in court*—because '[c]ourts have inherent power to grant orders of confidentiality over materials not in the court file.'" 924 F.3d at 671 (internal quotation marks and citations omitted) (emphasis added). In a different paragraph, the Third Circuit explained that the common law presumption of public access, which applies to judicial records, is "*analytically distinct* from the District Court's

ability to protect discovery materials under Rule 26(c)." *Id.* (emphasis added). Thus, footnote 5 of *Avandia* applies only to materials exchanged in discovery and designated as confidential under an umbrella Rule 26(c) protective order, but not filed with the court and subject to the "analytically distinct" presumption of public access. For example, if a party wishes to challenge the appropriateness of a confidentiality designation made under such an umbrella protective order for a document that is not a judicial record, it would have to initiate a challenge to the protective order to get the court to review the document and resolve the disagreement, consistent with footnote 5 of *Avandia*.

Second, accepting Defendants' interpretation of footnote 5 would allow parties to file judicial records under seal by agreement. When a party files a judicial record under seal pursuant to paragraph 11 of the Stipulated Order, another party's decision not to challenge the filing of the document under seal constitutes that party's agreement to the filing under seal. Indeed, as the Court has recognized, the Stipulated Order pursuant to which the document was filed under seal is simply "an agreement between the parties." (Doc. 67) For judicial records, this procedure is not consistent with the law. As one court has explained, "*Avandia* signals that the Court's formerly routine practice of sealing materials by agreement is no longer acceptable." *Dobson v. Milton Hershey Sch.,* 434 F. Supp. 3d 224, 236–37

(M.D. Pa. 2020). *See also Wilmington Sav. Fund Socy., FSB v. Houston Cas. Co.*,
2018 WL 3768531, at *3 (D. Del. Aug. 8, 2018) ("BB&T also argues we should
grant the motion because all parties agree to the seal. It misses the point– our
obligation is to the process and not to the parties' agreements. Parties cannot seal
public records by agreement."); *Midwest Athletics & Sports All. LLC v. Ricoh
USA, Inc.*, 332 F.R.D. 159, 161 (E.D. Pa. 2019) (discovery agreements cannot
override the public's right of access to judicial records); *Dandong v. Pinnacle
Performance Ltd.,* 2012 WL 6217646, at *2 (S.D.N.Y. Dec. 3, 2012) ("[T]he
presumption of public access would become virtually meaningless if it could be
overcome by the mutual interest of the parties."); *Lipocine Inc. v. Clarus
Therapeutics, Inc.*, 2020 WL 4569473, at *7 (D. Del. Aug. 7, 2020) (explaining
that "courts have disregarded agreements between the parties with respect to
sealing or redacting judicial records" because parties often use the sealing
mechanism excessively and opposing parties do not object because they do not
want resistance when they choose to use the sealing mechanism) (citing cases);
*Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 307 (6th
Cir. 2016) ("A court's obligation to keep its records open for public inspection is
not conditioned on an objection from anybody."). Thus, there is no basis to
interpret *Avandia* as allowing the obligation to conduct a "document-by-document"

7

review of judicial records sought to be protected from public disclosure to be conditioned on a disagreement between the parties, expressed through a challenge mounted by the non-designating party.[1]

Third, Defendants' interpretation of footnote 5 would lead to an illogical and untenable outcome: *Avandia* would apply differently depending on whether the case is deemed to involve "large-scale discovery" or not. Under their interpretation, for cases not deemed to involve "large-scale discovery," the court's obligation to conduct a document-by-document review would apply to all judicial records, regardless of whether the non-designating party initiates a challenge. In contrast, for cases deemed to involve "large-scale discovery" such that an umbrella Rule 26(c) protective order is warranted, the court's obligation to conduct a document-by-document review would depend on whether the non-designating

---

[1] This is particularly true for materials filed in connection with summary judgment proceedings. Summary judgment proceedings "adjudicate the substantive rights of parties and often serve as a substitute for trial," and thus, there is a strong presumptive right of public access to the materials. *Mine Safety Appliances Co. v. N. River Ins. Co.*, 73 F. Supp. 3d 544, 559 (W.D. Pa. 2014) (internal citations omitted). The fact that the summary judgment documents were filed under seal in accordance with agreed-upon procedures is no impediment, as courts have an ongoing responsibility to revisit the need for sealing. *See Reyes v. Freebery*, 192 F. App'x 120, 125 (3d Cir. 2006) (a district court must ask "whether there is *continuing justification* for the summary judgment record to be sealed") (emphasis added). The parties' Rule 26(c) agreement is not a sufficient justification to keep those filings under seal, without any document-by-document review by the Court.

party initiates a challenge. If the non-designating party does not, the materials would likely remain under seal without any review by the court. In such cases, materials could be filed under seal simply by agreement of the parties. Setting aside the fact that in no case should parties be permitted to file judicial records under seal by agreement, there is no basis to condition the extent of the public's access to judicial records on something as arbitrary as whether discovery in a case is deemed sufficiently "large-scale" such that an umbrella Rule 26(c) protective order is warranted.

In any event, even if Defendants were correct that footnote 5 of *Avandia* could apply to judicial records, it would not apply in this case, such that a challenge to confidentiality must be asserted before the Court is obligated to conduct the document-by-document review described in *Avandia*. First the Court did not "construct a broad umbrella protective order upon a threshold showing by the movant of good cause." Rather, the Court merely accepted the parties' proposed protective order. In doing so, the Court stated that it "recognize[d] the document[] as [an] agreement between the parties," and "express[ed] no opinion as to the merits of the agreement[] and neither approves nor disapproves [its] content." (Doc. 67) Second, even if the Stipulated Order were an umbrella protective order constructed by the Court upon a showing of good cause and

9

footnote 5 of *Avandia* were applicable to judicial records, footnote 5 merely states that a party must "challenge[] the protective order" to trigger the obligation to conduct a document-by-document review. That condition has been met: through this motion, the Bureau has challenged the Stipulated Order as insufficient to address the sealing of judicial records.

## II.    The Bureau's Proposed Procedures Are Clearer, Simpler, and Easier to Administer Than Defendants' Proposed Procedures, and Avoids Multiple Problems That Will Occur Under Defendants' Proposed Procedures.

Defendants' contend that their proposed revisions to paragraph 11 of the Stipulated Order are "simple" and that the Bureau's proposed procedures are "cumbersome" and "unwieldy." Def. Br. at 1, 4. As explained below, Defendants' proposed procedures are far from simple; rather, they are highly illogical and will result in significant complications that would be avoided under the Bureau's proposed procedures. Moreover, unlike Defendants' proposed procedures, the Bureau's proposed procedures provide clear requirements and timeframes to ensure that the parties are treated equitably and that they work together to expeditiously prepare public versions of documents initially filed under seal. The Bureau's proposed procedures will also minimize the administrative burden on the Court.

### A.    Defendants' proposed procedures will result in disparities in the extent of public disclosure depending on which party designated the material as Protected Material.

Defendants' proposed procedures would result in substantial unjustified disparities in the extent of public disclosure, depending solely on whether the Protected Material revealed or disclosed in the filed document was designated by the filing party or by a non-filing party. The vast majority of materials exchanged in discovery are documents produced by Defendants and designated as Protected Material by Defendants. Under Defendants' proposed procedures, because these materials are Defendants' own documents, Defendants can unilaterally de-designate them when they file them with the Court. In contrast, when the Bureau files such materials, the Bureau would be obligated to file them under seal.[2] As a result, Defendants' filings will be largely accessible to the public, whereas the Bureau's filings will be largely hidden from the public, until the Court rules on the propriety of any request to keep materials under seal.[3] In contrast, the Bureau's

---

[2] Defendants assert that "the parties should make a good-faith effort to minimize the filing of sealed material, including by identifying documents that do not need to remain confidential and filing those exhibits publicly," Def. Br. at 3, but they appear to be referring only to the ability of a party to de-designate and publicly disclose *its own* materials. Defendants' proposed procedures includes no cooperative process that allows for a de-designation of Protected Materials designated by another party.

[3] This is not merely a theoretical concern. Defendants de-designated and publicly disclosed the vast majority of Protected Materials described or attached as exhibits

11

proposed procedures treat the parties fairly and equitably by not permitting such a one-sided outcome. Under the Bureau's proposed procedures, during the process of exchanging proposed redactions to prepare the public versions, *both* parties will always be afforded an equal opportunity to publicly release materials they previously designated as Protected Material.

**B.    Defendants' proposed procedures will result in differences in the applicable procedures and the parties' rights depending on which party designated the material as Protected Material.**

Under Defendants' proposal, the applicable procedures and the parties' rights would differ substantially, depending solely on whether the Protected Material revealed or disclosed in the filed document was designated by the filing party or by a non-filing party. Defendants' proposal incorporates the following two different procedures:

- <u>Procedure No. 1</u>: When a party files a document that reveals or discloses only Protected Material *that the filing party designated* and that it wishes to keep under seal, it would be required to file a motion to file that document under seal. Def. Mot. Ex. A ¶ 11.1. That motion

---

to their summary judgment briefs, because most of those materials were its own. In contrast, the Bureau had to file its summary judgment briefs and exhibits entirely under seal because most of the Protected Materials therein was designated by Defendants.

would contain the filing party's substantive arguments justifying the sealing of the document. If the non-filing party opposed the request, it would be permitted to file a response to the motion, setting forth its arguments in opposition. The filing party would then have an opportunity to file a reply brief. This would occur on the briefing cycle set forth in Local Rule 7.5, 7.6, and 7.7.

- Procedure No. 2: When a party files a document that reveals or discloses only Protected Material *that another party designated*, the filing party's motion to file the document under seal will be purely ministerial; it will simply state that the document reveals or discloses information designated as Protected Material by another party, without any substantive justification. Def. Mot. Ex. A ¶ 11.1. The designating party would then have 10 business days to file a "supplemental statement of the legal and factual justification for the sealing order that is being sought." The non-designating party would have no opportunity to respond. Def. Mot. Ex. A ¶ 11.2(b).

It makes no sense to have two different procedures, with different rights and timeframes, depending on whether the filing party or the non-filing party designated the material as Protected Material. Nor is there any reason to predicate

13

the non-designating party's ability to oppose the designating party's request to keep materials under seal on which party designated those materials as Protected Material. The Bureau's proposal does not suffer from this glaring problem. Rather, the Bureau proposes a single set of procedures that apply regardless of whether the Protected Material revealed or disclosed in the filed document was designated by the filing party or by a non-filing party.

Under Defendants' proposal, because the vast majority of relevant materials exchanged in discovery are documents produced and designated as Protected Material by Defendants, it is likely that in most cases, documents filed by Defendants will be governed by Procedure No. 1, and documents filed by the Bureau will be governed by Procedure No. 2. As a result, for most documents filed by Defendants, Defendants will have two opportunities to argue their justification (their initial motion and their reply). For documents filed by the Bureau, the Bureau will have no opportunity to respond to Defendants' justification.

This process will be especially problematic when a party files a set of documents, such as a brief with multiple exhibits, some of which contain Protected Material designated by the filing party and some of which contain Protected Material designated by a non-filing party. In that scenario, certain documents would be governed by one set of procedures and certain documents would be

14

governed by another set of procedures. The process will be even more chaotic when a *single* document contains both Protected Material designated by the filing party and Protected Material designated by the non-filing party. In that scenario, different procedures and rights would apply to different portions of the *same* document. And with respect to the portions of the document that reveal or disclose Protected Material designated by another party, if the designating party chooses not to file a "supplemental statement of the legal and factual justification for the sealing order that is being sought," the filing party's motion would be "deemed withdrawn" under paragraph 11.2(a) – even though the filing party has Protected Material it seeks to maintain under seal.

### C. Defendants' proposed procedures condition the permissibility of filing a public redacted version on the document revealing or disclosing Protected Material designated by the non-filing party.

Defendants' proposed procedures do not require the parties to jointly prepare and file a public redacted version, nor do they provide a process or timeframe for doing so. Paragraph 11.2 of Defendants' proposal merely provides that, "*[i]f applicable*, a redacted version of the document *may be* filed on the public docket." Def. Mot. Ex. A ¶ 11.2 (emphasis added). Moreover, this provision would only be effective when "a Party files a document that reveals or discloses Protected Material that was designated by another Party." *Id.* There is no equivalent

15

provision allowing the filing of a public redacted version of documents that reveal or disclose only Protected Material that was designated by the filing party. It makes no sense to provide for the possibility of a public redacted version *only if* the document contains Protected Material designated by another party.[4]

### D.    Defendants' proposed procedures will place a significant burden on the Court.

Defendant's proposed procedures include dissolving motions – motions that are automatically "deemed withdrawn if the Designating Party does not file a supplemental statement in support of the motion within ten (10) business days." Def. Mot. Ex. A ¶ 11.2(a). This will place a significant burden on the Court to monitor the docket, track whether such a supplemental statement was filed for each such motion, and if not, indicate that motion was withdrawn. This task will be particularly burdensome in light of the complexities discussed in section II.B

---

[4] Requiring parties to file a public redacted version of a document initially filed under seal is a standard practice in federal courts, including in this District. *See e.g., Scranton Prods., Inc., v. Bobrick Washroom Equip., Inc.,* 2016 WL 7330581 (M.D. Pa. Dec. 16, 2016) (directing defendant to file sealed unredacted version along with public redacted version); *In re Pressure Sensitive Labeldstock Antitrust Litig.,* 2006 WL 433891 (M.D. Pa. Feb. 21, 2006) (ordering parties to file an agreed redacted version within 10 days of order). Additionally, the Bureau's proposal to require the parties to engage with each other to prepare a public version is similar to the standard form for Protective Orders in Procurement Protest Cases used in the United States Court of Federal Claims. *See* https://www.uscfc.uscourts.gov/sites/default/files/Form%208_2.pdf (last retrieved on October 31, 2020).

above. Moreover, this proposal is inconsistent with the Local Cr. R. 49(e), which puts the onus on the party obtaining the order to file a document under seal to move to unseal the document as soon as the basis for the sealing order has ended. Defendant's proposal places this burden on the Court.

In contrast, the Bureau's proposed procedures seek to minimize the burden on the Court by ensuring that the parties work together to jointly identify the specific materials each party wants to shield from public access and to expeditiously prepare and prepare and file public versions of documents that were initially filed under seal, *before* any motion or brief is filed with the Court. This will eliminate unnecessary docket entries and reduce the materials the Court must review.

### III.    Defendants' Arguments About Purported Deficiencies in the Bureau's Proposed Procedures Are Meritless.

#### A.    Requiring that filings consisting of multiple documents be initially filed entirely under seal if one of the documents has been designated as Protected Material does not contravene *Avandia*

Defendants are correct that, for filings consisting of multiple documents (such a brief with exhibits), the Bureau's proposed procedures would require the parties to initially file all of the documents completely under seal, if at least one

exhibit is designated as Protected Material. Def. Br. at 2. But Defendants are wrong to assert that this is inconsistent with *Avandia*. *Id.* at 3.

First, this aspect of the Bureau's proposal concerns only the *initial* filing of judicial records, for which the filing under seal is merely provisional. Provisionally filing the entire set of documents under seal gives the parties time to expeditiously prepare and file public versions that reflects all parties' proposed redactions on a document-by-document basis. For filings consisting of multiple documents (such as a brief with exhibits), adopting Defendants' document-by-document approach to the initial filing, rather than making a collective determination for the whole set, would create unnecessary clutter on the docket in light of the public versions that will soon follow. The docket would have two copies many documents, one included in the initial filing and one included in the public version. Alternatively, filings consisting of multiple documents would be split between two docket entries, with certain documents appearing the first entry, certain documents appearing in the second entry, and potentially certain documents appearing in both entries with different redactions. The Bureau's proposal avoids such unnecessary clutter.

Allowing provisionally sealed filings does not offend *Avandia* or undermine the right of public access. *Avandia* does not prevent a court from temporarily

limiting the public's access to judicial records. Indeed, courts routinely allow documents to be provisionally filed under seal. *See*, *e.g.*, *Reyes v. Freebery*, 192 F. App'x 120, 125 (3d Cir. 2006) (describing "temporary sealing order"); *Paresky v. United States*, 2019 WL 4888689, at *1 (S.D. Fla. Aug. 30, 2019) (describing order allowing document to be filed "under seal 'as a provisional matter'"). The Bureau's proposed procedures comply with *Avandia* because it provides a mechanism for the court to ultimately apply the presumption of public access to each judicial record to determine whether it should be *permanently* filed under seal.

Second, Defendants' proposal will also require the parties to initially file under seal documents for which no party has asserted, much less established, that the presumption of public access has been overcome. Specifically, paragraph 11.2 of Defendants' proposal requires documents to be filed under seal merely because they have been designated by another party as Protected Material under the *Pansy* factors. Moreover, under paragraph 11.1 of Defendants' proposal, when a party files a document that it designated as Protected Material under the *Pansy* factors and that it wishes to keep under seal, the *entire* document must be initially filed under seal, even if that party believes that only single line in that document should

19

be shielded from public view.[5] Because Defendant's proposal does not contemplate that the initial filings under seal will be consistent with the presumption of public access articulated in *Avandia*, there is no reason to favor Defendants' proposal over the Bureau's.

### B. Both sides' proposals will require the parties to identify proposed redactions and submit briefs to the Court justifying their redactions while they are briefing the underlying motion.

Defendants state: "There is no reason to require the parties to undertake such an extensive [redaction and briefing] process at the same time they are simultaneously preparing briefs in opposition and reply for the underlying motion." Def. Br. at 5. But Defendants' proposal also requires the parties to identify proposed redactions and submit briefs or statements to the Court justifying those redactions while they are preparing briefs for the underlying motion.[6]

---

[5] These materials will remain under seal for a longer period of time under Defendants' proposal than under the Bureau's proposal, because Defendants' proposal does not require the parties to expeditiously prepare and file a public redacted version before the Court makes its ultimate determination.

[6] To the extent any party believes it needs more time to complete these tasks for any particular filing because the Protected Materials involved are voluminous or especially complex, they can ask the Court for more time. But the Bureau believes the default timeframes in the Bureau's proposal are reasonable for most briefs and motions.

## **CONCLUSION**

For the foregoing reasons, the Bureau requests that its Motion for Entry of

an Order Establishing Additional Protective Order Procedures be granted.

Dated: November 6, 2020          Respectfully submitted,

Thomas G. Ward
*Enforcement Director*

David Rubenstein
*Deputy Enforcement Director*

Thomas Kim
*Assistant Deputy Enforcement Director*

   /s/ Tracee Plowell
Tracee Plowell, NY 2994457
(Tracee.Plowell@cfpb.gov; 202-435-9861)
Ebony Sunala Johnson, VA 76890
(Ebony.Johnson@cfpb.gov; 202-435-7245)
Nicholas Lee, DC 1004186
(Nicholas.Lee@cfpb.gov; 202-435-7059)
Andrea Matthews, MA 694538
(Andrea.Matthews@cfpb.gov; 202-435-7591)
Carl Moore, MD 0912160268
(Carl.Moore@cfpb.gov; 202-435-9107)
*Enforcement Attorneys*

1700 G Street NW
Washington, DC 20552
Fax: 202-435-9346

*Attorneys for Plaintiff*

21

## **CERTIFICATE OF WORD COUNT**

Pursuant to Local Rule 7.8(b)(2), I hereby certify that the foregoing brief contains 4625 words.


    /s/ Tracee Plowell
Tracee Plowell, NY 2994457
Tracee.Plowell@cfpb.gov
1700 G Street NW
Washington, DC 20552
Phone: 202-435-9861
Fax: 202-435-9346

*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

I certify that on November 6, 2020, I filed the foregoing document with the

Court's ECF system, which will send notification of such filing to counsel for

Defendants.

                                           /s/ Tracee Plowell
Tracee Plowell, NY 2994457
Tracee.Plowell@cfpb.gov
1700 G Street NW
Washington, DC 20552
Phone: 202-435-9861
Fax: 202-435-9346

*Attorney for Plaintiff*