IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, | : |
| Plaintiff, | : |
| v. | : 3:17-CV-101 |
| | : (JUDGE MARIANI) |
| NAVIENT CORPORATION, et al., | : |
| Defendants. | : |

## ORDER

The background of this Order is as follows:

On July 10, 2020, Defendants ("Navient") filed a Motion for Judgment on the Pleadings (Doc. 504) following the Supreme Court's decision in *Seila Law LLC v. Consumer Financial Protection Bureau*, 140 S.Ct. 2183 (2020). Plaintiff CFPB thereafter filed a "Notice Regarding *Seila Law LLC v. CFPB* and Ratification" (Doc. 506), explaining that "in the wake of the decision in *Seila Law* rendering [the CFPB Director] removable at will, the Bureau's Director has considered the basis for the decision to file the complaint in this proceeding, and has ratified that decision," and attaching thereto the Declaration of Kathleen L. Kraninger, Director of Plaintiff Consumer Financial Protection Bureau, Regarding Ratification (Doc. 506-1).

In its motion for judgment on the pleadings, Navient asserts that, in light of the Supreme Court's recent decision in *Seila*, "[i]t is now established law that the CFPB never had constitutional authority to bring this action and that the filing of this lawsuit was unauthorized and unlawful." (Doc. 505, at 1). According to Navient, because the statute of limitations ran on

all of the CFPB's claims prior to the decision in *Seila*, any ratification now by a properly appointed Director of the CFPB would be improper in that it "cannot revive the statute of limitations period." (*Id.*).

In *Seila*, the Supreme Court, having found that 12 U.S.C. § 5491(c)(3), the provision addressing the CFPB Director's removal protection, was severable from the other provisions of the Dodd-Frank Act, remanded the case to the Court of Appeals for the Ninth Circuit "to consider whether the civil investigative demand was validly ratified." *Seila*, 140 S.Ct. at 2211. On remand, the Ninth Circuit, following receipt of the parties' briefs addressing the ratification of the civil investigative demand, ordered oral argument to be held on November 19, 2020. The Ninth Circuit's order directed the parties to be prepared to address the following issues:

1. "[W]hether the three-year limitations period in 12 U.S.C. § 5564(g)(1) renders Director Kraninger's ratification untimely"; and

2. "[W]hether the unconstitutional for-cause removal provision applied to Acting Director Mulvaney when he ratified the Civil Investigative Demand."

*See Consumer Financial Protection Bureau v. Seila*, No. 17-56324 (Doc. 67)(9th Cir., Oct. 16, 2020).

Due to the recentness of the Supreme Court's decision finding 12 U.S.C. § 5491(c)(3) unconstitutional, but severable from the remainder of the Dodd-Frank Act, no Court has addressed the issue presently before this Court: whether the Supreme Court's decision in *Seila* requires dismissal of an action where the CFPB timely initiated suit, but where that action was only ratified by a CFPB Director who was subject to summary removal by the President of

the United States outside of the applicable statute of limitations. Although the parties have submitted briefs in support and opposition of their respective positions, no case law directly addresses the issue herein. However, upon review of the parties' briefs submitted to the Ninth Circuit Court of Appeals addressing whether the civil investigative demand was validly ratified, and the issues specifically identified by the Ninth Circuit for oral argument, it appears the issue now before this Court may be addressed, at least in large part, by the Ninth Circuit in the near future. While this Court recognizes that it is not bound by the Ninth Circuit's decision, that Circuit's opinion may nonetheless provide persuasive authority for the parties and this Court to consider.

**ACCORDINGLY, THIS 17TH DAY OF NOVEMBER, 2020, IT IS HEREBY ORDERED THAT** on or before **November 30, 2020**, each party shall file a letter to the Court, **not to exceed two pages**, setting forth its respective position as to whether proceedings in this action should be stayed pending a decision by the Court of Appeals for the Ninth Circuit in *Consumer Financial Protection Bureau v. Seila Law LLC*, No. 17-56324 on the appeal presently before that Court.

Robert D. Mariani
United States District Judge