WILMERHALE

November 30, 2020

**Daniel P. Kearney**

+1 202 663 6285 (t)
+1 202 663 6363 (f)
daniel.kearney@wilmerhale.com

<u>Via ECF</u>

The Honorable Robert D. Mariani
U.S. District Court, Middle District of Pennsylvania
William J. Nealon Federal Building & U.S. Courthouse
235 North Washington Avenue
Scranton, PA 18503

Re:  *Consumer Financial Protection Bureau v. Navient Corp., et al.*,
     Case No. 3:17-cv-00101-RDM (M.D. Pa.)

Dear Judge Mariani:

      Defendants respectfully submit this response to the Court's order requesting letters addressing whether to stay these proceedings pending a decision by the Ninth Circuit in *Consumer Financial Protection Bureau v. Seila Law LLC*.  "[A] stay is an extraordinary measure that is only justified in 'exceptional circumstances.'"  *Miller v. Trans Union, LLC*, 2015 WL 13649106, at *1 (M.D. Pa. Aug. 3, 2015) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976)).  A stay is not warranted here for three reasons.

      *First*, the effect of the Supreme Court's decision in *Seila Law* presents a critical issue in this case, and is already squarely controlled by binding Supreme Court and Third Circuit precedent.  For the CFPB's ratification to be valid, the CFPB must "be able not merely to do the act ratified at the time the act was done, *but also at the time the ratification was made*."  *Fed. Elec. Comm'n v. NRA Political Victory Fund*, 513 U.S. 88, 98 (1994).  Because the authority to bring this action "has been terminated by lapse of time," it "can not [*sic*] be ratified."  *Id.* at 98-99 (quoting Restatement (Second) of Agency § 90 cmt. a (1958)); *see also Advanced Disposal Servs. E., v. N.L.R.B.*, 820 F.3d 592, 603 (3d Cir. 2016).  That legal principle is dispositive on the facts here, and the CFPB has offered no persuasive rationale for not applying it.

      *Second*, the Ninth Circuit is unlikely to address the precise ratification issue presented here because *Seila Law* concerns a petition to enforce a civil investigative demand ("CID"), not an enforcement lawsuit to which statutes of limitations clearly apply.  During oral argument on remand in *Seila Law*, the panel expressed skepticism whether any statute of limitations applies to a petition to enforce a CID and thus whether the timing of ratification mattered at all.  Oral Argument at 12:45-13:20, 14:00-14:33, *Consumer Fin. Prot. Bureau*, 17-56324 (9th Cir. Nov. 19, 2020), available at https://www.ca9.uscourts.gov/media/view_video.php?pk_vid=0000018334 (last accessed Nov. 30, 2020).  A stay here is therefore unwarranted because the Ninth Circuit's decision will likely not "be dispositive of the issues" in this case.  *Bechtel Corp. v. Local 215, Laborers' Int'l Union of N. Am., AFL-CIO*, 544 F.2d 1207, 1215 (3d Cir. 1976).

Wilmer Cutler Pickering Hale and Dorr LLP, 1875 Pennsylvania Avenue NW, Washington, DC 20006

Beijing    Berlin    Boston    Brussels    Denver    Frankfurt    London    Los Angeles    New York    Palo Alto    San Francisco    Washington

WILMERHALE

The Honorable Robert D. Mariani
November 30, 2020
Page 2

  *Third*, Navient "ha[s] a right to have [its] day in court, and … that day [should be] sooner rather than later." *Brass Smith, LLC v. RPI Indus., Inc.*, 2010 WL 4444717, at *2 (D.N.J. Nov. 1, 2010); *see also CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc.*, 381 F.3d 131, 139 (3d Cir. 2004) (reversing stay where any harm from denying stay was outweighed by injury to opposing party's right to litigate).  This case was filed nearly four years ago, and binding precedent compels dismissal of this action.  That threshold issue is fully briefed, and its resolution will eliminate the need for the parties and the Court to expend further resources on other time-intensive summary judgment matters and related filings.  Moreover, the Court's decision on the ratification issue is likely to be appealed to the Third Circuit, which should have an opportunity to expeditiously weigh in on the issue.

  For these reasons, Defendants respectfully request that the Court decide the ratification issue and not stay this action.  A stay would not "simplify[] the issues [or] promot[e] judicial economy," but would prejudice Navient's interest in the timely resolution of the claims against it.  *See Miller*, 2015 WL 13649106, at *1 (factors relevant to stay include whether stay would "simplify[] the issues and promot[e] judicial economy," the length of the stay, the hardship to the parties if stay not granted, and any injury resulting from stay).

            Respectfully,

            /s/ *Daniel P. Kearney*
            Daniel P. Kearney