1700 G Street NW,
Washington, DC 20552



November 30, 2020

**Via ECF**

The Honorable Robert D. Mariani
U.S. District Court for the Middle District of Pennsylvania
William J. Nealon Federal Bldg. & U.S. Courthouse
235 N. Washington Avenue
Scranton, PA 18503

  Re: *CFPB v. Navient Corp., et al.*, Case No. 3:17-CV-00101-RDM

Dear Judge Mariani:

  Undersigned counsel for plaintiff, the Consumer Financial Protection Bureau (Bureau), respectfully writes in response to this Court's November 17 Order (ECF No. 548). That Order states that this Court is considering a stay so that it may obtain guidance from the Ninth Circuit's resolution of *Seila Law, LLC v. CFPB*, No. 17-56324 (9th Cir. argued Nov. 18, 2020), regarding the resolution of an issue raised by Defendants. In particular, Defendants have challenged the Bureau Director's ratification of the Complaint that the Bureau timely filed in this case. That ratification responded to, and occurred shortly after, the Supreme Court's decision in *Seila Law, LLC v. CFPB*, 140 U.S. 2183 (2020). Defendants argue that the ratification was invalid because, if the Bureau had attempted to file its complaint in the first instance on the date of the ratification, that complaint would not have been timely. The Ninth Circuit's decision in *Seila Law* is not likely to address the issue raised by Defendants, however, and therefore may not provide this Court with guidance. Moreover, although there are other cases in the Ninth Circuit and elsewhere that may address the issue, it is uncertain when that will occur, and of course those cases will not be binding in this Circuit.

  As noted, the issue raised by Defendants is not likely to be resolved by the Ninth Circuit's decision in *Seila Law*. Unlike this case, *Seila Law* is not a law enforcement action. It is, instead, an action brought by the Bureau to enforce a civil investigative demand (CID) – investigative compulsory process akin to a subpoena – that the Bureau issued in February 2017 to Seila Law seeking to determine whether Seila Law had violated statutes enforced by the Bureau. There is a statute of limitations that applies to most Bureau law enforcement actions, 12 U.S.C. § 5564(g)(1) (three years from the date that the Bureau discovers a violation), but there is no statute of limitations for Bureau CIDs. What Seila Law has argued is that

the CID should not be enforced because the Bureau issued the CID more than three years ago and, as a result, there is no longer any timely cause of action that the Bureau could bring against it. Supplemental Brief of Appellant at 11-13, *Seila Law*, ECF 64 (filed Sept. 30, 2020). At argument, the Bureau explained that the statute of limitations issue will only be ripe if the Bureau brings an enforcement action against Seila Law. Here, of course, the situation is different. The Bureau timely filed its Complaint against Defendants. And as it explained in its Opposition to Defendants' Motion for Judgment on the Pleadings (ECF 518) at 8-11, there are multiple reasons why the statute of limitations should have no impact on the validity of the Director's ratification. Accordingly, the statute of limitations issue that has been raised in *Seila Law* is different from the issue that has been raised in this case.

Although *Seila Law* may not be directly relevant to this case, the Bureau notes that there are other cases that raise issues similar to the statute of limitations challenge raised in this case. *See CFPB v. Nationwide Biweekly Admin., Inc.*, No. 18-15431 (9th Cir. order issued Nov. 18, 2020 (ECF 97)) (vacating submission pending decision in *Seila Law*, which, pursuant to Ninth Circuit rules has precedence); *CFPB v. RD Legal Funding, LLC*, No. 18-2743, 2020 WL 6372988 (2d Cir. Oct. 30, 2020) (remanding to the district court to consider the validity of the Bureau Director's ratification); *CFPB v. All American Check Cashing, Inc.*, No. 18-60302 (5th Cir. directive issued Sept. 8, 2020) (holding case in abeyance pending the Supreme Court's resolution of *Collins v. Mnuchin*, Nos. 19- 422 and 19-563 (U.S.); *BCFP v. Citizens Bank, N.A.*, No. 1:20-CV-00044 (D.R.I. argued Oct. 20, 2020). Any or all of these cases may address the statute of limitations issue currently before this Court, but it is impossible to know when.

For the reasons above, the Bureau respectfully requests that the Court not stay this matter pending a decision in *Seila Law*. However, the Bureau recognizes that a stay is well within the Court's discretion to control its own docket and that a stay is unlikely to have a significant impact on the progress of this litigation in light of the unique procedural posture of this case, including that fact discovery is closed, summary judgment has been briefed, and the Court's operating restrictions make it unlikely that a trial date will be set in the next several months.

                                              Respectfully submitted,

                                              *Lawrence DeMille-Wagman*
                                              Lawence DeMille-Wagman
                                              Consumer Financial Protection Bureau