THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Consumer Financial Protection Bureau, ) ) ) *Plaintiff*, ) ) v. ) ) Navient Corporation, *et al.*, ) ) *Defendants*. ) | Civil Action No. 3:17-CV-00101 (Hon. Robert D. Mariani) |

**DEFENDANTS' RESPONSE TO
PLAINTIFF'S NOTICE OF RECENT AUTHORITY**

Defendants submit this response to the Consumer Financial Protection Bureau's ("CFPB") Notice of Recent Authority (Dkt. No. 553).

Of the three cases the CFPB identifies, only one—*Bureau of Consumer Financial Protection v. Citizens Bank, N.A.*, 2020 WL 7042251 (D.R.I. Dec. 1, 2020)—even touches on the dispositive issue raised in Defendants' Motion for Judgment on the Pleadings (Dkt. No. 504), namely, whether the CFPB can validly ratify this lawsuit *after* the expiration of the applicable statutes of limitations. And that case lends additional support for dismissal of this action.

Following the clear and binding precedents established by *Federal Election Commission v. NRA Political Victory Fund*, 513 U.S. 88 (1994), and *Advanced Disposal Services East, Inc. v. National Labor Relations Board*, 820 F.3d 592 (3d

Cir. 2016), the court explained that "the survival of th[e] case turn[ed] on whether" the CFPB's ratification came before the statutory period had run. 2020 WL 7042251 at *7, 11. The court correctly noted that "absent the tolling agreements, the statute of limitations would have expired years ago," and the CFPB's "[r]atification of the civil action [was] therefore predicated on the validity of those agreements." *Id.* at *11. The court ultimately held the tolling agreements valid, and thus denied the bank's motion to dismiss because "*with the tolling agreements in the mix*, the lawsuit was filed *and ratified* before the expiration of the three-year [statutory] period." *Id.* at *6 (emphasis added). Here, where the statutes of limitations have run even with the tolling agreements, *Citizens Bank* supports dismissal.

The other two cases cited by the CFPB—*Bureau of Consumer Financial Protection v. Fair Collections & Outsourcing, Inc.*, 2020 WL 7043847 (D. Md. Nov. 30, 2020), and *Consumer Financial Protection Bureau v. RD Legal Funding, LLC*, 828 F. App'x 68 (2d Cir. 2020)—are irrelevant to the ratification timing issue here. In *Fair Collections & Outsourcing*, the court again correctly identified the controlling rule: "In order for a ratification to be valid, the principal, here, the CFPB, must have had the ability to do the act both at the time it was done and at the time of ratification." *Id.* at *5. But because the defendant there challenged the timing of ratification only on the ground that it came before the Supreme Court's

2

judgment in *Seila Law* had issued, the court had no reason to address the dispositive issue here: whether the ratification is invalid because it came after the relevant statutes of limitations had expired. And in *RD Legal Funding*, the Second Circuit simply "remand[ed] for the district court to consider in the first instance the validity of Director Kraninger's ratification," 828 F. App'x at 69; it expressed no opinion on the merits of that question.

Dated: December 9, 2020                    Respectfully submitted,

/s/ *Jonathan E. Paikin*
Jonathan E. Paikin (DC 466445) (*pro hac vice*)
Karin Dryhurst (DC 1034290) (*pro hac vice*)
Wilmer Cutler Pickering
  Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
jonathan.paikin@wilmerhale.com
karin.dryhurst@wilmerhale.com
Tel: 202-663-6000
Fax: 202-663-6363

Daniel P. Kearney (DC 977148) (*pro hac vice*)
Kirkland & Ellis LLP
1301 Pennsylvania Avenue, NW
Washington, DC 20004
dan.kearney@kirkland.com
Tel: 202-389-3160

Daniel T. Brier (PA 52348)
Myers Brier & Kelly, LLP
425 Spruce Street, Suite 200
Scranton, PA 18503
dbrier@mbklaw.com

Tel: 570-342-6100
Fax: 570-342-6147

*Counsel for Navient Corporation, Navient Solutions, LLC, and Pioneer Credit Recovery, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2020, I filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record who are deemed to have consented to electronic service:

/s/ *Karin Dryhurst*
Karin Dryhurst (DC 1034290) (*pro hac vice*)
Wilmer Cutler Pickering
  Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
karin.dryhurst@wilmerhale.com
Tel: 202-663-6000
Fax: 202-663-6363