# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Consumer Financial Protection Bureau, | |
| Plaintiff, | Case No. 3:17-CV-00101-RDM (Hon. Robert D. Mariani) |
| v. | |
| Navient Corporation, *et al.*, | Electronically Filed |
| Defendants. | |

## PLAINTIFF'S NOTICE OF RECENT AUTHORITY

Plaintiff Consumer Financial Protection Bureau ("Bureau") submits this Notice to inform the Court of a recent decision relevant to the Court's adjudication of Defendants' pending Motion for Judgment on the Pleadings (Doc. 504)—specifically, the argument that the Bureau's complaint must be dismissed despite Director Kraninger's ratification of this action on behalf of the Bureau following the Supreme Court's decision in *Seila Law LLC v. CFPB*, 140 S. Ct. 2183 (2020).

On remand from the Supreme Court, the Ninth Circuit held in *CFPB v. Seila Law*, No. 17-56324 (Dec. 29, 2020), that the Bureau's ratification in that matter "remedies any constitutional injury that Seila Law may have suffered due to the manner in which the CFPB was originally structured." Slip op. at 6 (attached as Exhibit 1). The court explained that "Seila Law's only cognizable injury arose from the fact that the agency [initiated the action] while headed by a Director who

was improperly insulated from the President's removal authority." *Id.* That concern, however, was "resolved" when Director Kraninger—"well aware that she may be removed by the President at will"—ratified her predecessors' earlier decisions. *Id.* Accordingly, any injury that Defendants may have previously suffered due to the invalid removal restriction in the Bureau's organic statute has now been remedied and cannot support dismissal of the Bureau's claims.

The Ninth Circuit's decision in *Seila Law* also fatally undermines a basic premise of Defendants' statute of limitations challenge to the Director's ratification. Defendants contend that the Bureau "never had constitutional authority to bring this action and that the filing of this lawsuit was unauthorized and unlawful." (Doc. 505 at 1.) The Ninth Circuit, however, rejected the argument that "until the Supreme Court invalidated the for-cause removal provision, the CFPB was exercising executive power unlawfully, which in turn rendered all of the agency's prior actions void at the time they were taken . . . ." Slip op. at 6. Because "the constitutional infirmity" the Supreme Court identified in *Seila Law* "relates to the Director alone, not to the legality of the agency itself[,]" the Ninth Circuit concluded that this defect did not "render[] all of the agency's prior actions void." *Id.* at 7.

Dated: January 5, 2021          Respectfully submitted,

Thomas G. Ward
*Enforcement Director*

David Rubenstein
*Deputy Enforcement Director*

Thomas Kim
*Assistant Deputy Enforcement Director*

   /s/ Andrea Matthews
Andrea Matthews, MA 694538
(Andrea.Matthews@cfpb.gov; 202-435-7591)
Ebony Sunala Johnson, VA 76890
(Ebony.Johnson@cfpb.gov; 202-435-7245)
Nicholas Lee, DC 1004186
(Nicholas.Lee@cfpb.gov; 202-435-7059)
Carl Moore, MD 0912160268
(Carl.Moore@cfpb.gov; 202-435-9107)
Tracee Plowell, NY 2994457
(Tracee.Plowell@cfpb.gov; 202-435-9861)
*Enforcement Attorneys*

1700 G Street NW
Washington, DC 20552
Fax: 202-435-9346

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I certify that on January 5, 2021, I filed the foregoing document with the Court's ECF system, which will send notification of such filing to counsel for Defendants.

    /s/ Andrea Matthews
Andrea Matthews, MA 694538
Andrea.Matthews@cfpb.gov
1700 G Street NW
Washington, DC 20552
Phone: 202-435-7591
Fax: 202-435-9346

*Attorney for Plaintiff*