**THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Consumer Financial Protection Bureau, | ) | |
| | ) | |
| | ) | |
| *Plaintiff*, | ) | Civil Action No. 3:CV-17-00101 |
| | ) | (Hon. Robert D. Mariani) |
| v. | ) | |
| | ) | |
| Navient Corporation, *et al.,* | ) | |
| | ) | |
| *Defendants*. | ) | |

**CORRECTED MEMORANDUM OF LAW IN SUPPORT OF
<u>DEFENDANTS' MOTION FOR CERTIFICATION AND STAY</u>**

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ...............................................................................1

QUESTION PRESENTED ......................................................................................3

ARGUMENT .........................................................................................................3

    I.      The Order Involves A Controlling Question Of Law ...........................3

    II.     There Is A Substantial Ground For Difference Of Opinion.................5

    III.    An Appeal May Materially Advance The Ultimate Termination
            Of The Litigation....................................................................................7

    IV.    The Court Should Exercise Its Discretion To Certify The Order
            And Stay Proceedings In The Case.......................................................8

CONCLUSION .....................................................................................................10

# <u>TABLE OF AUTHORITIES</u>

Page(s)

## CASES

*A.S. ex rel. Miller v. SmithKline Beecham Corp.*,
No. 1:13-CV-2382, 2013 WL 6506570 (M.D. Pa. Dec. 12, 2013) ......................7

*Advanced Disposal Servs. E., Inc. v. N.L.R.B.*,
820 F.3d 592 (3d Cir. 2016) .................................................................................7

*CFPB v. All American Check Cashing, Inc.*,
No. 18-60302 (5th Cir.) ........................................................................................6

*CFPB v. Nationwide Biweekly Admin., Inc.*,
Nos. 18-15431, 18-15887 (9th Cir.) .....................................................................6

*Chao v. Va. Dep't of Transp.*,
291 F.3d 276 (4th Cir. 2002) ................................................................................5

*Courtney v. La Salle Univ.*,
No. CIV. A. 92-3838, 1996 WL 363910 (E.D. Pa. June 28, 1996) .....................9

*FEC v. NRA Political Victory Fund*,
513 U.S. 88 (1994)............................................................................................2, 7

*F.T.C. v. Wyndham Worldwide Corp.*,
10 F. Supp. 3d 602 (D.N.J. 2014)........................................................................5

*G.L. v. Ligonier Valley Sch. Dist. Auth.*,
No. 2:13-CV-00034, 2013 WL 6858963 (W.D. Pa. Dec. 30, 2013)....................5

*Granger v. Aaron's, Inc.*,
636 F.3d 708 (5th Cir. 2011) ................................................................................5

*In re Cargill Meat Sols. Wage & Hour Litig.*,
No. 3:06-CV-00513, 2008 WL 11366373 (M.D. Pa. July 11, 2008)...........3, 4, 8

*Jones v. Henry*,
No. 2:05CV1067GEBGGH-P, 2007 WL 512422 (E.D. Cal. Feb. 12, 2007) ......5

*Katz v. Carte Blanche Corp.*,
496 F.2d 747 (3d Cir. 1974) ...........................................................................1, 4

*Lucia v. S.E.C.*,
    138 S. Ct. 2044 (2018) ......................................................................6, 7

*Lupian v. Joseph Cory Holdings, LLC*,
    No. CV 2:16-05172, 2017 WL 1483313 (D.N.J. Apr. 24, 2017)..................9, 10

*Pace v. Vaughn*,
    No. CIV.A. 99-6568, 2002 WL 485689 (E.D. Pa. Mar. 29, 2002) .................4, 5

*Pennsylvania v. Navient Corp.*,
    No. 3:17-CV-1814, 2019 WL 1052014 (M.D. Pa. Mar. 5, 2019)...........1, 6, 7, 8

*Pub. Interest Research Grp. of N.J., Inc. v. Hercules, Inc.*,
    830 F. Supp. 1549 (D.N.J. 1993) ........................................................10

*Ryder v. United States*,
    515 U.S. 177 (1995)...........................................................................6

*S.R. v. United States*,
    555 F. Supp. 2d 1350 (S.D. Fla. 2008) .................................................5

*Sayles v. Allstate Ins. Co.*,
    No. 3:16-CV-01534, 2017 WL 2985402 (M.D. Pa. July 13, 2017)....................3

*Seila Law LLC v. CFPB*,
    140 S. Ct. 2183 (2020)......................................................................1, 2

*Steven I. v. Cent. Bucks Sch. Dist.*,
    No. CIV.A. 08-571, 2009 WL 839055 (E.D. Pa. Mar. 27, 2009) ......................8

*Tenn. Gas Pipeline Co., L.L.C. v. Permanent Easement for 7.053 Acres*,
    No. 3:12-CV-01477, 2017 WL 4954093 (M.D. Pa. Nov. 1, 2017)................7, 8

*United States ex rel. Brown v. Pfizer, Inc.*,
    No. CV 05-6795, 2017 WL 2691927 (E.D. Pa. June 22, 2017).........................9

*Valenzuela v. Kraft, Inc.*,
    801 F.2d 1170 (9th Cir. 1986) ............................................................5

## STATUTES

28 U.S.C. § 1292 .............................................................................*passim*

## OTHER AUTHORITIES

16 Fed. Prac. & Proc. Juris. § 3930 (3d ed. Oct. 2020 update) .................................4

## PRELIMINARY STATEMENT

Defendants respectfully request that the Court certify for appeal its January 13, 2021 order denying judgment on the pleadings, Doc. 558, and stay proceedings in this case pending resolution of the appeal.  In the wake of the Supreme Court's *Seila Law* decision, the pure issue of law decided by this Court is a novel one and is pending before other Courts of Appeals.  The Third Circuit should resolve this potentially dispositive issue now, so as to avoid the substantial burdens on the Court and parties of proceeding with an action that the CFPB may have no legal basis to maintain.  *See Pennsylvania v. Navient Corp.*, No. 3:17-CV-1814, 2019 WL 1052014, at *1 (M.D. Pa. Mar. 5, 2019) (Mariani, J.) ("The purpose of Section 1292(b) is to avoid … 'cases in which a long trial results from a pretrial order erroneously overruling a defense going to the right to maintain the action.'" (quoting *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974)).

In June 2020, the Supreme Court—agreeing with an argument pressed by Defendants in this Court in March 2017, Doc. 28—ruled that "[t]he CFPB Director's insulation from removal by an accountable President is enough to render the agency's structure unconstitutional," a problem compounded by "other features of the CFPB."  *Seila Law LLC v. CFPB*, 140 S. Ct. 2183, 2204 (2020).  The Supreme Court thus remanded the case to the Ninth Circuit to address "case-specific factual and legal questions" regarding whether "ratification in fact

occurred and whether, if so, it is legally sufficient to cure the constitutional defect in the original demand." *Id.* at 2208. Following the Supreme Court's decision, Defendants promptly moved for judgment on the pleadings, and this Court considered whether the now-removable Director's purported ratification of this action was valid. The Supreme Court has held that, for ratification to be valid, the party ratifying must have the power to do the act ratified at the time of the original act and "*at the time the ratification was made.*" *FEC v. NRA Political Victory Fund*, 513 U.S. 88, 98 (1994) (emphasis in original). As this Court recognized—absent the application of equitable tolling—the CFPB Director would not have had the power to bring this action on the date she attempted to ratify it, July 9, 2020, Doc. 506-1, because the statute of limitations had expired, Doc. 557 at 23.

The Court's application of equitable tolling to cure the untimely ratification meets all the requirements for certification under 28 U.S.C. § 1292(b), and merits prompt appellate review. It involves a novel application of equitable tolling: to Defendants' knowledge, no court has previously found that an agency's constitutional defect warrants equitable tolling. Moreover, the order involves a controlling question of law, and an appeal may materially advance the ultimate termination of the litigation. As the Court recognized, "a decision on this motion may be dispositive of the entire action." Doc. 557 at 3.

Accordingly, Defendants respectfully move this Court to certify its order denying their motion for judgment on the pleadings, Doc. 558, for interlocutory appeal under 28 U.S.C. § 1292(b) and to stay proceedings pending resolution of the appeal.

## QUESTION PRESENTED

Whether the Court should certify its order on Defendants' motion for judgment on the pleadings, Doc. 558, for interlocutory appeal under 28 U.S.C. § 1292(b) and stay proceedings pending resolution of the appeal.

## ARGUMENT

The Court may certify an order for immediate appeal if (1) "such order involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The Court's order easily meets these requirements, and the Court should exercise its discretion to certify the order for immediate review and stay proceedings pending resolution of the appeal.

## I.   THE ORDER INVOLVES A CONTROLLING QUESTION OF LAW

"A question of law is controlling if: (1) an incorrect disposition would constitute reversible error; or (2) it is serious to the conduct of the litigation, either practically or legally." *Sayles v. Allstate Ins. Co.*, No. 3:16-CV-01534, 2017 WL 2985402, at *2 (M.D. Pa. July 13, 2017); *see also In re Cargill Meat Sols. Wage &*

3

*Hour Litig.*, No. 3:06-CV-00513, 2008 WL 11366373, at *5 (M.D. Pa. July 11, 2008) ("An issue involving a dispositive defense is controlling."); 16 Fed. Prac. & Proc. Juris. § 3930 (3d ed. Oct. 2020 update) ("There is no doubt that a question is 'controlling' if its incorrect disposition would require reversal of a final judgment … for a dismissal that might have been ordered without the ensuing district-court proceedings.").

The question at issue is clearly controlling.  If the Third Circuit were to reverse the Court's determination that equitable tolling applies, this action is time-barred; the decision would require dismissal of the entire case.  Doc. 557 at 3 ("[A] decision on this motion may be dispositive of the entire action.").  And practically, if an immediate appeal resulted in a different decision, this would have the effect of "saving of time of the district court and of expense to the litigants."  *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974).

Further, as evident from the Court's order, the question does not hinge on the resolution of any disputed factual questions.  Nor would it require the appellate court to wade into a voluminous factual record.  Whether an agency's unconstitutional structure justifies equitable tolling is precisely the type of controlling legal issue where interlocutory review is warranted.  *See, e.g.*, *Pace v. Vaughn*, No. CIV.A. 99-6568, 2002 WL 485689, at *15 (E.D. Pa. Mar. 29, 2002) (certifying question whether certain enumerated "factors constitute 'extraordinary

4

circumstances' for purposes of equitably tolling AEDPA's one year statute of

limitations"); *see also Granger v. Aaron's, Inc.*, 636 F.3d 708, 711–13 (5th Cir.

2011) (considering district court's application of equitable tolling in order certified

under § 1292(b)); *Chao v. Va. Dep't of Transp.*, 291 F.3d 276, 279, 283–84 (4th

Cir. 2002) (same); *Valenzuela v. Kraft, Inc.*, 801 F.2d 1170, 1172–75 (9th Cir.

1986) (same), *opinion amended on denial of reh'g*, 815 F.2d 570 (9th Cir. 1987);

*S.R. v. United States*, 555 F. Supp. 2d 1350, 1360–61 (S.D. Fla. 2008) (certifying

order on whether limitations period is subject to equitable tolling); *Jones v. Henry*,

No. 2:05CV1067GEBGGH-P, 2007 WL 512422, at *3–4 (E.D. Cal. Feb. 12, 2007)

(same).

## II.   THERE IS A SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION

The Court's decision involved a novel application of equitable tolling.[1]

Neither the CFPB nor the Court has cited a case holding that a government

agency's constitutional defect constitutes an extraordinary circumstance to support

equitable tolling, thereby removing the remedy for a constitutional injury, Doc.

---

[1] *See F.T.C. v. Wyndham Worldwide Corp.*, 10 F. Supp. 3d 602, 634 (D.N.J. 2014) ("[G]iven the novelty of liability issues …, the Court finds that reasonable jurists may differ over the Court's resolution of the two legal issues in question."), *aff'd*, 799 F.3d 236 (3d Cir. 2015); *G.L. v. Ligonier Valley Sch. Dist. Auth.*, No. 2:13-CV-00034, 2013 WL 6858963, at *6 (W.D. Pa. Dec. 30, 2013) (holding substantial ground for disagreement existed where the "Third Circuit ha[d] never ruled on this specific question, and only one district court opinion" directly addressed the issue), *aff'd and remanded*, 802 F.3d 601 (3d Cir. 2015).

518 at 10–11; Doc. 557 at 23–32, and Defendants are aware of no such decision.[2]

Cases addressing the same question are currently pending before multiple Courts

of Appeals.  *See CFPB v. Nationwide Biweekly Admin., Inc.*, Nos. 18-15431, 18-

15887 (9th Cir.); *CFPB v. All American Check Cashing, Inc.*, No. 18-60302 (5th

Cir.),[3] and the Third Circuit should have the opportunity to address this question

before this Court and the parties expend additional substantial resources.  The

potential complexity and novelty of the question is also evidenced by the scope of

the analysis in the Court's decision.  *See Navient Corp.*, 2019 WL 1052014, at *4.

Moreover, the Court's order also presents substantial grounds for difference

of opinion, as the order's holding denies relief to parties who timely have pressed a

meritorious challenge to an agency's constitutionality.  This approach is

inconsistent with the Supreme Court's directive that courts are to provide "relief"

to parties who successfully challenge the constitutionality of government actions.

*See Ryder v. United States*, 515 U.S. 177, 182–86 (1995) (recognizing need to

provide "suitable incentive to make [constitutional] challenges"); *see also Lucia v.*

---

[2] Although other cases decided in the wake of *Seila Law* have considered the effectiveness of ratifications by the CFPB Director, none have considered whether equitable tolling may apply to a statute of limitations period that expired prior to the attempted ratification.

[3] In these cases, the Courts of Appeals took jurisdiction before the Supreme Court's *Seila Law* decision.  Accordingly, the CFPB is urging the application of equitable tolling for the first time before the Courts of Appeals.

*S.E.C.*, 138 S. Ct. 2044, 2055 & n.5 (2018).  The order also runs counter to prior

Supreme Court and Third Circuit decisions, which did not suggest that equitable

tolling could be used to excuse the requirement that a ratifying agent must have the

power to do the act ratified at the time of ratification, *NRA Political Victory Fund*,

513 U.S. at 88; *Advanced Disposal Servs. E., Inc. v. N.L.R.B.*, 820 F.3d 592 (3d

Cir. 2016).

### III.   AN APPEAL MAY MATERIALLY ADVANCE THE ULTIMATE TERMINATION OF THE LITIGATION

It is also clear that an appeal may materially advance the ultimate

termination of the litigation.  "[A] § 1292(b) certification 'materially advances the

ultimate termination of the litigation' where the interlocutory appeal eliminates …

the need for trial."  *Navient Corp.*, 2019 WL 1052014, at *2.  Section 1292(b)

"requires the court to analyze whether an immediate appeal *may* materially

advance the termination of the litigation, not whether an immediate appeal

definitively *will* advance the termination of the litigation."  *A.S. ex rel. Miller v.*

*SmithKline Beecham Corp.*, No. 1:13-CV-2382, 2013 WL 6506570, at *3 (M.D.

Pa. Dec. 12, 2013) (holding requirement met where an immediate appeal "may

materially advance the ultimate termination of this litigation *if plaintiffs are*

*successful on appeal*" (emphasis added)).

Here, a reversal on appeal would be "dispositive of the entire action," Doc.

557 at 3, thus eliminating the need for trial.  *See Tenn. Gas Pipeline Co., L.L.C. v.*

*Permanent Easement for 7.053 Acres*, No. 3:12-CV-01477, 2017 WL 4954093, at
*3 (M.D. Pa. Nov. 1, 2017) (requirement met where an appeal might "alleviat[e]
the potential need for a second trial and the costs, particularly the multiple,
duplicative expert witness fees that would accompany same"); *Steven I. v. Cent.
Bucks Sch. Dist.*, No. CIVA. 08-571, 2009 WL 839055, at *3 (E.D. Pa. Mar. 27,
2009) (holding requirement met because, "if the Third Circuit finds that the statute
of limitations applies …, this action will be terminated").

## IV. THE COURT SHOULD EXERCISE ITS DISCRETION TO CERTIFY THE ORDER AND STAY PROCEEDINGS IN THE CASE

This court should exercise its discretion to certify the order for immediate
appeal and stay proceedings pending resolution of Defendants' interlocutory
appeal.

Numerous factors weigh in favor of certification.  The order, which
determines the remedy available for a constitutional injury, is of extraordinary
importance.  *See In re Cargill Meat Sols. Wage & Hour Litig.*, No. 3:06-CV-
00513, 2008 WL 11366373, at *4 (M.D. Pa. July 11, 2008) (considering the
"uniqueness, exceptionality, or extraordinary importance of the question of law
involved, and the magnitude of [the] case itself" (alteration in original)).  The
issues are also of "nationwide significance." *Navient Corp.*, 2019 WL 1052014, at
*2.  As the Court recognized in its ruling, a contrary decision may "necessitate the
dismissal of a number of actions that the CFPB has brought and continues to

pursue in other courts," Doc. 557 at 32, and, as noted, multiple Courts of Appeals are presently considering this precise issue.  Moreover, because this issue is "sufficiently distinct from the merits" of the case—even from other statute of limitations questions[4]—certifying this order for appeal will not result in "'piecemeal' appellate review."  *Courtney v. La Salle Univ.*, No. CIV. A. 92-3838, 1996 WL 363910, at *2 (E.D. Pa. June 28, 1996).

The Court should also grant a stay pending resolution of the interlocutory appeal, as courts in this circuit routinely do when certifying orders under § 1292(b).  *See United States ex rel. Brown v. Pfizer, Inc.*, No. CV 05-6795, 2017 WL 2691927, at *5 (E.D. Pa. June 22, 2017) ("Each court has the inherent power to control its own docket to promote fair and efficient adjudication.").  Because a contrary decision will end this action, not staying proceedings could result in a wasteful and unnecessary use of the Court's time in deciding the numerous pending motions.  *See Lupian v. Joseph Cory Holdings, LLC*, No. CV 2:16-05172, 2017 WL 1483313, at *3 (D.N.J. Apr. 24, 2017) ("In light of § 1292(b)'s purpose to avoid 'wasted trial time and litigation expense,' … the Court finds that a stay of the district court proceedings pending the outcome of Defendant's petition for an

---

[4] Indeed, the Court noted that its opinion addressed only "whether a statute of limitations issue exists as a result of *Seila* and should not be interpreted by any party as an adjudication of Defendants' summary judgment argument."  Doc. 557 at 11 n.6.

interlocutory appeal is warranted."); *Pub. Interest Research Grp. of N.J., Inc. v. Hercules, Inc.*, 830 F. Supp. 1549, 1551 (D.N.J. 1993) (certifying question under § 1292(b) and "stay[ing] this litigation, which is otherwise trial-ready upon the remaining claims").  Moreover, staying proceedings will not interrupt pretrial work by the parties or delay an impending trial, the date of which has not yet been set.

## <u>CONCLUSION</u>

Defendants respectfully request that this Court certify its January 13, 2021 order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and stay proceedings in this case pending resolution of the appeal.

Dated:  January 21, 2021                    Respectfully submitted,


                                            /s/ Jonathan E. Paikin
                                            Jonathan E. Paikin (DC 466445) (*pro hac vice*)
                                            Karin Dryhurst (DC 1034290) (*pro hac vice*)
                                            Wilmer Cutler Pickering
                                              Hale and Dorr LLP
                                            1875 Pennsylvania Avenue, NW
                                            Washington, DC 20006
                                            jonathan.paikin@wilmerhale.com
                                            karin.dryhurst@wilmerhale.com
                                            Tel: 202-663-6000
                                            Fax: 202-663-6363

                                            Daniel P. Kearney (DC 977148) (*pro hac vice*)
                                            Kirkland & Ellis LLP
                                            1301 Pennsylvania Avenue, NW
                                            Washington, DC 20004
                                            daniel.kearney@kirkland.com
                                            Tel: 202-389-5000

                                            Daniel T. Brier (PA 52348)
                                            Myers Brier & Kelly, LLP
                                            425 Spruce Street, Suite 200
                                            Scranton, PA 18503
                                            dbrier@mbklaw.com
                                            Tel: 570-342-6100
                                            Fax: 570-342-6147

                                            *Counsel for Navient Corporation, Navient
                                            Solutions, LLC, and Pioneer Credit
                                            Recovery, Inc.*

11

## CERTIFICATE OF WORD COUNT

I hereby certify in accordance with Local Rule 7.8(b)(2) that the foregoing document is 2,317 words.

/s/ Karin Dryhurst
Karin Dryhurst (DC 1034290) (*pro hac vice*)
Wilmer Cutler Pickering
  Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
karin.dryhurst@wilmerhale.com
Tel: 202-663-6000
Fax: 202-663-6363

Dated:  January 21, 2021

## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2021, I filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record who are deemed to have consented to electronic service.

/s/ Karin Dryhurst
Karin Dryhurst (DC 1034290) (*pro hac vice*)
Wilmer Cutler Pickering
  Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
karin.dryhurst@wilmerhale.com
Tel: 202-663-6000
Fax: 202-663-6363