# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Consumer Financial Protection Bureau,<br><br>             Plaintiff,<br><br>        v.<br><br>Navient Corporation, *et al.*,<br><br>             Defendants. | Case No. 3:17-CV-00101-RDM<br>(Hon. Robert D. Mariani)<br><br>Electronically Filed |

## PLAINTIFF CONSUMER FINANCIAL PROTECTION BUREAU'S OPPOSITION TO DEFENDANTS' MOTION FOR CERTIFICATION AND STAY

Plaintiff Consumer Financial Protection Bureau (Bureau or CFPB) opposes Defendants' Motion for Certification and Stay. Defendants argue that interlocutory review is appropriate with respect to this Court's January 13, 2021, Order denying their Motion for Judgment on the Pleadings. But as this Court has recognized, the authority to permit interlocutory review of an order that is not otherwise appealable is to be "sparingly applied … only in exceptional cases." *Pennsylvania v. Navient Corp.*, No. 3:17-cv-1814, 2019 WL 1052014, at *1 (M.D. Pa. Mar. 5, 2019), quoting *Milbert v. Bison Labs., Inc.*, 260 F.3d 431, 433 (3d Cir. 1958). Defendants have failed to satisfy the criteria for such extraordinary relief.

## BACKGROUND

On June 29, 2020, the Supreme Court held that the for-cause removal

provision in the Consumer Financial Protection Act (CFPA), which purported to

prevent the President from removing the Bureau's Director at will, was

unconstitutional but was severable from the remainder of the CFPA. *Seila Law,*

*LLC v. CFPB*, 140 S. Ct. 2183 (2020). Ten days after that decision, the Bureau's

then-Director, Kathleen Kraninger,[1] who, as a result of *Seila Law*, was fully

accountable to the President, ratified the Bureau's decision to file its lawsuit in this

case against Defendants. Doc. 506-1. On July 10, 2020, Defendants filed their

Motion for Judgment on the Pleadings, arguing that, as a result of *Seila Law*, they

were entitled to dismissal of the Complaint as an "incentive" for having previously

challenged the constitutionality of the for-cause removal provision. Docs. 504,

505. They also argued that the Bureau could not, post-*Seila Law*, ratify its 2017

decision to issue the Complaint because, by the time the Court issued its decision

in *Seila Law*, the applicable statute of limitations had expired.

On January 13, 2021, this Court denied Defendants' Motion. Doc. 558. In its

accompanying Memorandum Opinion, it explained that the Court's decision in

---

[1] On January 20, 2021, Director Kraninger resigned. On the same day, President
Biden designated David Uejio to serve as the Bureau's Acting Director.
https://www. whitehouse.gov/briefing-room/statements-releases/2021/01/20/
president-joe-biden-announces-acting-federal-agency-leadership/.

*Seila Law* "was not intended to invalidate past actions by the CFPB." Doc. 557 at

11. This Court also held that Director Kraninger's ratification of the decision to

initiate this case was valid because the statute of limitations had been equitably

tolled. *Id.* at 31.

On January 21, 2021, Defendants filed their Motion seeking certification of

this Court's Order and a stay of further proceedings. Doc. 559. In their

accompanying Corrected Memorandum of Law (Doc. 561), Defendants focus on

the portion of this Court's Memorandum Opinion that holds that Director

Kraninger's ratification was valid because the applicable statute of limitations had

been equitably tolled.

## ARGUMENT

Pursuant to 28 U.S.C. § 1292(b), this Court may certify its Order of January

13, 2021, for interlocutory review if it finds 1) that the Order involves a controlling

question of law, 2) as to which there is a substantial ground for difference of

opinion, and 3) an immediate appeal may materially advance the ultimate

termination of the litigation. All three of these criteria must be satisfied, but

Defendants' motion satisfies none of them.

1. To satisfy the first criterion, Defendants must show that this Court's Order

involves a controlling question of law. "A controlling question of law must

encompass at the very least every order which, if erroneous, would be reversible

3

error on final appeal." *Pennsylvania v. Navient*, 2019 WL 1052014, at *2, quoting

*Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974). Defendants seek

interlocutory review of this Court's denial of their Motion for Judgment on the

Pleadings. They focus their challenge on this Court's conclusion that the CFPA's

statute of limitations was equitably tolled when, in July 2020, the Bureau's

Director ratified the decision to initiate this case. *See* Doc. 561 at 2. But reversal of

this Court's holding regarding equitable tolling would not require dismissal.

Although this Court based its holding on equitable tolling, it also concluded

that under *Seila Law* "the CFPB always had the authority to act" and that "the

CFPB's action was properly brought and timely filed in 2017." Doc. 557 at 10, 11.[2]

Doc. 557 at 11. This Court further held that "the CFPB's actions in 2017 and

throughout this action were valid and lawfully taken pursuant to the agency's

statutory authority." *Id.* at 21 n.9. If the Third Circuit were to agree with these

---

[2] *FEC v. NRA Political Victory Fund*, 513 U.S. 88 (1994), *see* Doc. 561 at 7, is not to the contrary. As this Court recognized, there are "significant procedural and factual differences" between that case and this one, Doc. 577 at 21 n.9. In *NRA Political Victory Fund*, the action at issue, the filing of a petition for a writ of certiorari, was originally taken by the FEC, which had no authority to do so. 513 U.S. at 98. Here, the action at issue, the filing of the Complaint in this case, was taken by the Bureau, and, as this Court recognized, *Seila Law* "does not vitiate the CFPB's decision to do so at that time." Doc. 557 at 21 n.9.

holdings, then it could conclude that the statute of limitations presents no obstacle

to Director Kraninger's ratification even without equitable tolling.[3]

Moreover, ratification is an "equitable remedy" that "has been applied

flexibly and has often been adapted to deal with unique and unusual

circumstances." *Id.* at 23, quoting *Advanced Disposal Servs. E., Inc. v. NLRB*, 820

F.3d 592, 603 (3rd Cir. 2016). The Third Circuit might therefore conclude that

Director Kraninger's ratification provides Defendants with a remedy that

"adequately addressed the prejudice" from the CFPA's unconstitutional removal

provision without regard to whether the statute of limitations would have barred

the Bureau from filing suit at the time of the ratification. *See FEC v. Legi-Tech,*

*Inc.*, 75 F.3d 704, 708 (D.C. Cir. 1996).

Because there are other grounds on which the Third Circuit could affirm this

Court's Order, the issue that is the focus of Defendants' Motion, equitable tolling,

is not a controlling question of law.

2. The second criterion for certification, substantial ground for difference of

opinion, may be satisfied where there is "doubt as to the correct legal standard,

---

[3] Indeed, as this Court recognized, decisions such as *CFPB v. Gordon*, 819 F.3d
1179 (9th Cir. 2016), and *CFPB v. Seila Law LLC*, 984 F. 3d 715 (9th Cir. 2020),
hold that a constitutional infirmity that relates to the Bureau's Director does not
affect the legality of actions taken by the Bureau itself. Doc. 557 at 11-16.

such as conflicting precedent, the absence of controlling law, or complex statutory interpretation." *Pennsylvania v. Navient*, 2019 WL 1052014, at *2. However, this criterion is not satisfied where the decision that has been challenged involves "the application of settled law to a particular set of facts." *Id.*

Although Defendants dispute this Court's application of equitable tolling, they do not dispute the two-part standard that this Court applied: Equitable tolling is appropriate if 1) the party has been pursuing its rights diligently, and 2) some extraordinary circumstance stood in its way and prevented filing. Doc. 557 at 24, citing *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755 (2016). Nor do Defendants dispute this Court's conclusion that the Bureau was diligent in pursuing this case. Their only dispute is that, to the extent the CFPA's for-cause removal provision precluded the Bureau from satisfying the statute of limitations in January 2017, this was not an "extraordinary circumstance." Doc. 561 at 5-7. But Defendants do not identify any conflicting precedent, do not argue the absence of controlling law, and do not contend that any complex statutory interpretation is involved. Instead, they seek interlocutory review where interlocutory review is not justified: the application of settled law to a particular set of facts.

Extraordinary circumstances justifying the application of equitable tolling are those that are beyond a party's control. *Menominee Indian Tribe*, 136 S. Ct. at

756. Plainly, the for-cause removal provision of the CFPA was beyond the Bureau's control, and Defendants do not dispute this. Nor do they dispute that the circumstance was extraordinary. "Extraordinary" is defined as "[b]eyond what is usual, customary, regular, or common." *Black's Law Dictionary* (11th ed. 2019). Defendants' concession that they are aware of no other case applying equitable tolling to similar facts does nothing to demonstrate that the circumstances here were other than extraordinary. *See* Doc. 561 at 6.

Defendants cite *FEC v. NRA Political Victory Fund*, *supra*, and *Advanced Disposal Services East, Inc. v. NLRB*, 820 F.3d 592 (3d Cir. 2016), *see* Doc. 561 at 7, but neither case advances their cause. In *NRA Political Victory Fund*, the Court never discussed equitable tolling. Indeed, equitable tolling would not have been appropriate because the applicable statute of limitations at issue was jurisdictional, and the Court lacked statutory authority to make any change to the limitations period. 513 U.S. at 99. And in *Advanced Disposal*, the court held that when NLRB ratified its previous actions, it did not face the "timing problem" that confronted the FEC in *NRA Political Victory Fund*, namely, a jurisdictional statute of limitations. 820 F.3d at 604. But the statute of limitations in the CFPA is not jurisdictional. To the contrary, as this Court noted, "'whether equitable tolling is available is fundamentally a question of statutory intent.'" Doc. 557 at 24, quoting *Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014). As this Court further

7

recognized, because the CFPA's statute of limitations specifically provides that it applies "[e]xcept as otherwise permitted by law *or equity*," this establishes the presumption that equitable tolling is available.[4] Doc. 557 at 25-26 (emphasis in original). Accordingly, Defendants fail to show that there is substantial ground for a difference of opinion as to this Court's application of the doctrine of equitable tolling, and they thus fail to satisfy the second criterion for certification.[5]

---

[4] The CFPA's statute of limitations provides that: "Except as otherwise permitted by law or equity, no action may be brought under [the CFPA] more than 3 years after the date of discovery of the violation to which an action relates." 12 U.S.C. § 5564(g)(1)

[5] In the midst of their challenge to equitable tolling, Defendants take a sidetrack and suggest that ratification does not provide them with the "relief" to which they contend they are entitled. Doc. 561 at 6-7, citing *Ryder v. United States*, 515 U.S. 177 (1995), and *Lucia v. SEC*, 138 S. Ct. 2044 (2018). But neither case supports the relief Defendants presumably want: dismissal. Both *Ryder* and *Lucia* involved adjudicative proceedings that were conducted by officials who were not properly appointed. In both cases, the Court held that the proper remedy was a new proceeding before a properly appointed official, not dismissal. *Ryder*, 515 U.S. at 188; *Lucia*, 138 S. Ct. at 2055. Here, of course, this case has been heard by this Court, not by an improperly appointed official. Accordingly, the issue is a different one: whether the continued prosecution of this case is the will of the President, since at the time the Complaint was issued, the Bureau's Director was not fully accountable to the President. As this Court recognized (Doc. 557 at 11-16), cases such as *CFPB v. Gordon*, 819 F.3d 1179 (9th Cir. 2016); *FEC v. Legi-Tech*, *supra*; and *CFPB v. Seila Law LLC*, *supra*, all show that ratification provides Defendants with the remedy to which they are entitled.

Defendants contend that this Court's decision "runs counter" to prior decisions. Doc. 561 at 7. In fact, one recent appellate decision, and four recent district court decisions, all of which the Bureau attached to notices submitted to this Court, reached the same decision as this Court – ratification is the appropriate remedy for a defendant in an action initially brought by the Bureau at a time when

3.  The third criterion assesses whether certification would materially advance the termination of the litigation. This Court should consider whether an immediate appeal would eliminate "(1) the need for a trial, (2) complex issues that would complicate the trial; or (3) issues that would make discovery more costly or burdensome." *Pennsylvania v. Navient*, 2019 WL 1052014, at *2. Defendants' Motion fails to satisfy this criterion.

It is far from clear that a trial is even necessary in this case: Both the Bureau and the Defendants have filed motions for summary judgment (Docs. 468, 469), and both those motions have been fully briefed. If Defendants' motion is granted in its entirety, there will be no trial, and if the Bureau's motion is granted its entirety, the trial would be limited to damages.

Nor would certification eliminate any issue that would complicate a trial (assuming a trial is necessary) or burden discovery. This Court's application of

---

its Director was not fully accountable to the President. *See* Doc. 555 (attaching *CFPB v. Seila Law LLC*, *supra*); Doc. 553 (attaching *BCFP v. Citizens Bank, N.A.*, No. 1:20-cv-0044, 2020 WL 7042251 (D.R.I. Dec. 1, 2020); *BCFP v. Fair Collections & Outsourcing, Inc.*, No. 8:19-cv-02817, 2020 WL 7043847 (D. Md. Nov. 30, 2020)); Doc. 535 (attaching *BCFP v. Chou Team Realty LLC*, No. 8:20-cv-00043, 2020 WL 5540179 (C.D. Cal. Order Regarding Motion to Dismiss, Aug. 21, 2020); *BCFP v. Law Offices of Crystal Moroney, P.C.*, No. 7:20-cv-03240) (S.D.N.Y. Transcript of Hearing Aug. 19, 2020)). Since the Supreme Court's decision in *Seila Law*, no court has gone the other way.

equitable tolling has nothing to do with the conduct of a trial, and discovery has been completed. Accordingly, Defendants cannot satisfy the third criterion.

As this Court noted, in addition to the three criteria discussed above, a court may also consider whether certification has been requested with respect to an issue of nationwide significance. *Pennsylvania v. Navient*, 2019 WL 1052014, at *2. Defendants contend that equitable tolling is such an issue. Doc. 561 at 8. But equitable tolling is only relevant in ongoing Bureau law enforcement actions that were initiated sufficiently long ago so that the relevant statute of limitations would have expired by the time the Bureau's Director ratified the initiation of the action. There is only one other case brought within the Third Circuit that satisfies these conditions. *See CFPB v. Nat'l Collegiate Master Student Loan Tr.*, No. 17-cv-1323 (D. Del. Complaint filed Sept. 18, 2017).[6] And in that case, one of the defendants has argued that this Court's application of equitable tolling is distinguishable as a matter of fact: It contends that, unlike here, the Bureau did not prosecute its case

---

[6] There are five other law enforcement actions brought by the Bureau where the timing of the Director's ratification has been challenged, none in the Third Circuit. *See CFPB v. All American Check Cashing, Inc.*, No. 18-60302 (5th Cir.); *CFPB v. CashCall, Inc.*, Nos. 18-55407, 18-55479 (9th Cir.); *CFPB v. Nationwide Biweekly, Inc.*, Nos. 18-15431, *et al.* (9th Cir.); *CFPB v. RD Legal Funding, LLC*, Nos. 18-2743, *et al.* (2d Cir); *CFPB v. Access Funding, LLC*, No. 1-16-cv-03759 (D. Md. Complaint filed Nov. 21, 2016).

diligently. *Id.* at ECF No. 336 (Letter dated Jan. 15, 2021). Accordingly, a decision by the Third Circuit would not result in an opinion of nationwide significance.

4. Finally, even if this court were to grant Defendants' Motion and certify its Order of January 13, 2021, for interlocutory review, it should not stay this matter pending further proceedings by the Third Circuit. Proceedings before the district court are not stayed pending an interlocutory appeal unless a stay is specifically granted. *See* 28 U.S.C. § 1292(b). When evaluating a motion for a stay pending appeal, the court must consider:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Nken v. Holder*, 556 U.S. 418, 434 (2009). Defendants have not made a strong showing that they are likely to succeed on the merits of an interlocutory appeal because, as explained above, they have not identified any conflicting precedent or law. They have not made any showing that they will be injured, let alone irreparably injured. *See Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974) ("[m]ere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury"). And, although they express concern for this Court's use of its time, *see* Doc. 561 at 9, they simply ignore the impact that delay would have on providing redress to consumers injured by the conduct alleged in

the Complaint. Because Defendants are unable to satisfy even one of the criteria

for a stay, this Court should deny their request, even if it chooses to certify its

Order for interlocutory review.

Dated: February 4, 2021                    Respectfully submitted,

                                           Thomas G. Ward
                                           Enforcement Director

                                           David Rubenstein
                                           Deputy Enforcement Director

                                           Thomas Kim
                                           Assistant Deputy Enforcement Director

                                           /s/ Lawrence DeMille-Wagman
                                           Lawrence DeMille-Wagman, DC 929950
                                           (Lawrence.Wagman@cfpb.gov; 202-435-7957
                                           Andrea Matthews, MA 694538
                                           (Andrea.Matthews@cfpb.gov; 202-435-7591)
                                           Ebony Sunala Johnson, VA 76890
                                           (Ebony.Johnson@cfpb.gov; 202-435-7245)
                                           Nicholas Lee, DC 1004186
                                           (Nicholas.Lee@cfpb.gov; 202-435-7059)
                                           Carl Moore, MD 0912160268
                                           (Carl.Moore@cfpb.gov; 202-435-9107)
                                           Tracee Plowell, NY 2994457
                                           (Tracee.Plowell@cfpb.gov; 202-435-9861)
                                           Enforcement Attorneys
                                           1700 G Street NW
                                           Washington, DC 20552
                                           Fax: 202-435-9346
                                           Attorneys for Plaintiff