# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| Consumer Financial Protection Bureau, | ) |
| *Plaintiff*, | ) Civil Action No. 3:CV-17-00101 |
| v. | ) (Hon. Robert D. Mariani) |
| Navient Corporation, *et al.*, | ) |
| *Defendants*. | ) |

**REPLY IN SUPPORT OF DEFENDANTS'**
**MOTION FOR CERTIFICATION AND STAY**

## TABLE OF CONTENTS

Page

ARGUMENT ..................................................................................................................1

I.   THE ORDER INVOLVES A CONTROLLING QUESTION OF LAW ............................2

II.  THERE IS A SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION..................4

III. AN APPEAL MAY MATERIALLY ADVANCE THE ULTIMATE
     TERMINATION OF THE LITIGATION................................................................5

IV.  THE COURT SHOULD EXERCISE ITS DISCRETION TO CERTIFY THE
     ORDER AND STAY PROCEEDINGS IN THE CASE ................................................6

CONCLUSION ...............................................................................................................8

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Am. Hotel & Lodging Ass'n v. City of Los Angeles*, No. CV 14-09603-AB (SSX), 2015 WL 10791930 (C.D. Cal. Nov. 5, 2015) ............................. 7

*DIRECTV Inc. v. Seijas*, 508 F.3d 123 (3d Cir. 2007) .............................................. 3

*FEC v. NRA Political Victory Fund*, 513 U.S. 88 (1994) ............................................. 4

*Forsyth v. Kleindienst*, 599 F.2d 1203 (3d Cir. 1979) .................................................. 7

*FTC v. Wyndham*, 10 F. Supp. 3d 602 (D.N.J. 2014) .................................................. 5

*Henriquez-Disla v. Allstate Prop. & Cas. Ins. Co.*, No. CIV.A. 13-284, 2014 WL 3887750 (E.D. Pa. Aug. 7, 2014) ........................................ 7-8

*In re Cargill Meat Sols. Wage & Hour Litig.*, No. 3:06-CV-00513, 2008 WL 11366373 (M.D. Pa. July 11, 2008) ................................................. 2

*Katz v. Carte Blanche Corp.*, 496 F.2d 747 (3d Cir. 1974) ......................................... 5

*McMaster v. E. Armored Servs., Inc.*, 780 F.3d 167 (3d Cir. 2015) .......................... 3

*Nken v. Holder*, 556 U.S. 418 (2009) ....................................................................... 7

*Pennsylvania v. Navient Corp.*, No. 3:17-CV-1814, 2019 WL 1052014 (M.D. Pa. Mar. 5, 2019) .............................................................. 4-5

*Weitzner v. Sanofi Pasteur, Inc.*, No. 3:11-CV-2198, 2014 WL 1786500 (M.D. Pa. May 5, 2014) ................................................................ 8

## STATUTES, RULES, AND REGULATIONS

28 U.S.C. § 1292(b) ................................................................................... *passim*

## OTHER AUTHORITIES

16 Wright & Miller, Fed. Prac. & Proc. Juris. § 3930 (3d ed.) ................................. 1

## **ARGUMENT**

The only question at issue is whether Director Kraninger validly ratified this lawsuit—in particular, whether the ratification was valid based on this Court's finding that the applicable statute of limitations had been equitably tolled. As this Court recognized, this issue "may be dispositive of the entire action," Doc. 557 at 3—if Defendants are correct, the ratification was invalid, and the CFPB's lawsuit cannot proceed. The question is therefore clearly controlling, and its resolution on appeal "may materially advance the ultimate termination of the litigation," 28 U.S.C. § 1292(b); *see* 16 Wright & Miller, Fed. Prac. & Proc. Juris. § 3930 (3d ed.) ("There is no doubt that a question is 'controlling' if its incorrect disposition would require reversal of a final judgment").

There is no existing authority as to whether equitable tolling can rescue an otherwise time-barred ratification, and "there is substantial ground for difference of opinion," 28 U.S.C. § 1292(b), on this novel question. The criteria under 28 U.S.C. § 1292(b) are clearly met, and this pure issue of law, which is also pending before other Courts of Appeals, should be resolved promptly by the Third Circuit before the Court and the parties expend significant efforts on further proceedings that may turn out to have been unnecessary.

### I. THE ORDER INVOLVES A CONTROLLING QUESTION OF LAW

The CFPB argues there is no controlling question of law because "reversal of this Court's holding regarding equitable tolling would not require dismissal." Doc. 562 at 4. This argument is incorrect for three separate reasons.

*First*, in focusing exclusively on equitable tolling, the CFPB misses the essential issue—that is, whether Director Kraninger validly ratified the action and thus "save[d] the CFPB's case from dismissal." Doc. 557 at 23. As this Court explained, "*in the absence of an equitable remedy*, the Court is bound by the application of a basic principle of ratification, despite its potentially draconian result: that Director Kraninger's ratification came outside of the statute of limitations for the CFPB's claims and she was thus without the ability to act in this action at the time the ratification was made in July of 2020." *Id.* (emphasis added). Thus, the Court's holding on equitable tolling rendered valid Director Kraninger's otherwise time-barred ratification and allowed the CFPB's action to proceed. Reversal of that holding would indeed require dismissal. There should be no dispute that this issue is controlling. *See In re Cargill Meat Sols. Wage & Hour Litig.*, No. 3:06-CV-00513, 2008 WL 11366373, at *5 (M.D. Pa. July 11, 2008) ("An issue involving a dispositive defense is controlling.").[1]

---

[1] The CFPB does not dispute that an appeal from the Court's order would not require the Third Circuit to resolve disputed factual questions or wade into a

2

*Second*, to the extent the Bureau is now arguing that no ratification was required at all, that argument is clearly waived and the Bureau should be estopped from materially reversing its litigation position.  *See McMaster v. E. Armored Servs., Inc.*, 780 F.3d 167, 169 n.1 (3d Cir. 2015) (holding, on interlocutory appeal under § 1292(b), that a party's "alternative argument … was not presented to the District Court and is therefore deemed waived"); *DIRECTV Inc. v. Seijas*, 508 F.3d 123, 125 n.1 (3d Cir. 2007) ("It is well established that arguments not raised before the District Court are waived on appeal.").  This Court itself recognized that "the CFPB … *conceded* the necessity of ratification," Doc. 557 at 7 n.4 (emphasis added), and for that reason focused on whether Director Kraninger's ratification was valid.  This critical concession is consistent with the Bureau's reliance on ratification to try to save other cases from dismissal after *Seila Law*.  *See, e.g.*, *CFPB v. All Am. Check Cashing, Inc.*, Case No. 18-60302, Doc. 00515546446 (5th Cir. Aug. 31, 2020) (arguing ratification was valid and provided sufficient remedy); *CFPB v. Nationwide Biweekly Admin., Inc.*, Case Nos. 18-15431, 18-15887, Doc. 84 (9th Cir. Sept. 28, 2020) (same).

*Third*, the CFPB's argument that ratification is an "equitable remedy" has no bearing on the § 1292(b) criteria.  The controlling issue here is whether Director

---

voluminous factual record, or that the question at issue is the type for which interlocutory review is warranted.  Doc. 562 at 3-5; Doc. 561 at 4-5.

3

Kraninger's ratification was valid and thus saved the CFPB's lawsuit from dismissal; characterizing ratification as an "equitable remedy" does not make that issue any less novel or controlling. And regardless of whether ratification is an "equitable remedy," it must satisfy certain requirements in order to be valid. As this Court explained, controlling precedent requires that "the party ratifying should be able … to do the act ratified" *both* (1) "at the time the act was done," and (2) "at the time the ratification was made." Doc. 557 at 6 (quoting *FEC v. NRA Political Victory Fund*, 513 U.S. 88, 98 (1994)).

## II.     THERE IS A SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION

The CFPB claims there is no "substantial ground for difference of opinion," presenting the issue as a routine "application of equitable tolling." Doc. 562 at 5-6. But the actual question at issue—whether the time-barred claims of an unconstitutional federal agency are revived by a post-hoc ratification—is hardly a settled one. This Court thoroughly analyzed that issue in a thirty-two-page order that drew on various authorities—none of them involving a straightforward application of equitable tolling to save an otherwise invalid ratification. The CFPB itself cites no case applying equitable tolling under similar circumstances. *See* Doc. 562 at 7-8. The novelty of this question presents substantial grounds for difference of opinion, and this question is presently pending before other Courts of Appeals, Doc. 561 at 6; Doc. 562 at 10 n.6. *See Pennsylvania v. Navient Corp.*,

4

No. 3:17-CV-1814, 2019 WL 1052014, at *4 (M.D. Pa. Mar. 5, 2019) (Mariani, J.) ("[W]hen novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent." (quoting *FTC v. Wyndham*, 10 F. Supp. 3d 602, 634-35 (D.N.J. 2014) (alteration in original) (internal quotation marks omitted)).

### III. AN APPEAL MAY MATERIALLY ADVANCE THE ULTIMATE TERMINATION OF THE LITIGATION

Unable to contest that an appeal may "materially advance the ultimate termination of the litigation" by eliminating the need for the Court to rule on the Parties' pending motions, *see* infra at 8, the need for further expert discovery, *id.*, and, most critically, the need for trial, the CFPB argues that trial may not be necessary because the Court may grant Defendants' pending summary judgment motion, Doc. 562 at 9.  To be sure, Defendants believe their summary judgment motion should be granted, but as evident from the CFPB's failure to cite any case law supporting this argument, whether some intervening decision might otherwise result in the termination of the litigation has no bearing on whether a successful appeal would itself eliminate the need for trial.  Were that the standard, no order could be certified except on the eve of trial.  *See Katz v. Carte Blanche Corp.*, 496 F.2d 747, 756 (3d Cir. 1974) (policies behind § 1292(b) include "avoidance of possibly wasted trial time and litigation expense").

## IV. THE COURT SHOULD EXERCISE ITS DISCRETION TO CERTIFY THE ORDER AND STAY PROCEEDINGS IN THE CASE

The CFPB argues that the Court should not certify its order because the question at issue is not of "nationwide significance," Doc. 562 at 10-11. But by its own admission, a Third Circuit decision would provide guidance for six pending cases across five circuits, including another case pending in the Third Circuit. *Id.* at 10 & n.6. Indeed, the Court has already recognized the nationwide significance of this question. *See* Doc. 557 at 32 (a contrary decision may "necessitate the dismissal of a number of actions that the CFPB has brought and continues to pursue in other courts"). Moreover, the Third Circuit's decision may impact future CFPB cases, as the Bureau has argued that the statutes of limitations did not begin to run *at all* until the remedy in the Supreme Court's *Seila Law* decision rendered the agency's structure constitutional, *see* Doc. 518 at 8-10. This argument, if accepted, could toll various statutes of limitations for the nine years the CFPB was in operation before *Seila Law*. And the question is one of extraordinary importance generally, not only for other CFPB actions.[2] Whether a government agency's unconstitutionality is an "extraordinary circumstance" supporting

---

[2] The CFPB does not dispute that the Court should consider the importance of the question in deciding whether to certify, nor does it contest the extraordinary importance of the question involved here.

equitable tolling may have broad application beyond this case and this government agency.

Finally, the CFPB argues that the Court should apply the factors from *Nken v. Holder*, 556 U.S. 418 (2009), to decide whether to stay proceedings pending interlocutory appeal, Doc. 562 at 11. But the *Nken* factors apply when staying an order or final judgment, not a pending action. *See Am. Hotel & Lodging Ass'n v. City of Los Angeles*, No. CV 14-09603-AB (SSX), 2015 WL 10791930, at *2–3 (C.D. Cal. Nov. 5, 2015) (holding that "*Nken* applies specifically to stays of the enforcement of an order or judgment" and that, when considering stays under § 1292(b), courts consider whether appellate review "could materially affect this case and advance the ultimate termination of litigation" and "whether a stay will 'promote[] economy of time and effort for the Court and the parties'" (alteration in original)).

To promote efficiency and avoid unnecessary efforts, the Court should follow the routine practice in this circuit and stay the action pending resolution of the interlocutory appeal. *See* Doc. 561 at 9-10; *see also Forsyth v. Kleindienst*, 599 F.2d 1203, 1208 (3d Cir. 1979) ("[I]nstitutional efficiency is a major purpose of the certification provision."); *Henriquez-Disla v. Allstate Prop. & Cas. Ins. Co.*, No. CIV.A. 13-284, 2014 WL 3887750, at *6 (E.D. Pa. Aug. 7, 2014) (staying case because it would be "counterproductive to proceed without resolution of this

7

underlying issue"); *Weitzner v. Sanofi Pasteur, Inc.*, No. 3:11-CV-2198, 2014 WL 1786500, at *3 (M.D. Pa. May 5, 2014) (staying case to avoid "wasteful and unnecessary" efforts).  Currently pending before the Court are the following:

- CFPB's Motion in Limine to Preclude Evidence from Outside the Relevant Time Period, Doc. 391.

- CFPB's Objections to Special Master's Order Denying Request to Disqualify Dr. Ang, Doc. 459.  Further expert discovery related to Dr. Ang is currently on hold pending resolution of the CFPB's objections.

- The parties' cross-motions for summary judgment, which involve hundreds of pages of briefing and statements of facts and responses, Docs. 468, 469.

- Defendants' Motion to Strike Declarations of Ebony Johnson and Christopher Albanese, Doc. 507.

- Defendants' Motion to Strike Plaintiff's Response to Defendants' Statement of Undisputed Material Facts, Doc. 524.

If the Third Circuit were to reverse this Court's order, any intervening rulings on these motions will be mooted, and any further depositions or trial preparation would be unnecessary.  And although the CFPB contends that the appeal would delay potential redress, no trial date has been set, and there is no indication that appeal will in fact delay the completion of this litigation.

## **CONCLUSION**

Defendants respectfully request that this Court certify its January 13, 2021 order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and stay proceedings in this case pending resolution of the appeal.

8

Dated:  February 18, 2021

Respectfully submitted,

/s/ Jonathan E. Paikin
Jonathan E. Paikin (DC 466445) (*pro hac vice*)
Karin Dryhurst (DC 1034290) (*pro hac vice*)
Wilmer Cutler Pickering
  Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
jonathan.paikin@wilmerhale.com
karin.dryhurst@wilmerhale.com
Tel: 202-663-6000
Fax: 202-663-6363

Daniel P. Kearney (DC 977148) (*pro hac vice*)
Kirkland & Ellis LLP
1301 Pennsylvania Avenue, NW
Washington, DC 20004
daniel.kearney@kirkland.com
Tel: 202-389-5000

Daniel T. Brier (PA 52348)
Myers Brier & Kelly, LLP
425 Spruce Street, Suite 200
Scranton, PA 18503
dbrier@mbklaw.com
Tel: 570-342-6100
Fax: 570-342-6147

*Counsel for Navient Corporation, Navient Solutions, LLC, and Pioneer Credit Recovery, Inc.*

## CERTIFICATE OF WORD COUNT

I hereby certify in accordance with Local Rule 7.8(b)(2) that the foregoing document is 1,899 words.

/s/ Karin Dryhurst
Karin Dryhurst (DC 1034290) (*pro hac vice*)
Wilmer Cutler Pickering
  Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
karin.dryhurst@wilmerhale.com
Tel: 202-663-6000
Fax: 202-663-6363

Dated:  February 18, 2021

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2021, I filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record who are deemed to have consented to electronic service.

/s/ Karin Dryhurst
Karin Dryhurst (DC 1034290) (*pro hac vice*)
Wilmer Cutler Pickering
  Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
karin.dryhurst@wilmerhale.com
Tel: 202-663-6000
Fax: 202-663-6363